SBCF
NOV 27 2019
LEGAL MAIL
PRIVILEDGED MAIL

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern |
|---|---|

| Name (under which you were convicted): **ROBERT KLECKLEY** | Docket or Case No.: **99-15141-CF10A** |
|---|---|

| Place of Confinement: South Bay Correctional Facility P.O. Box 7171; South Bay, FL 33493 | Prisoner No.: D.C. # 976678 |
|---|---|

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

**ROBERT KLECKLEY**     v.     **STATE OF FLORIDA,**

The Attorney General of the State of: Florida, **A. MOODY**

FILED BY ____ D.C.
DEC 03 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    In The Circuit Court of the Seventeenth Judicial Circuit, In and for Broward County, Florida.

   (b) Criminal docket or case number (if you know) 99-15141-CF10A

2. (a) Date of the judgment of conviction (if you know): May 19, 2000.

   (b) Date of sentencing: June 12, 2000.

3. Length of sentence: Count I Life, Count II, 30 years.

4. In this case, were you convicted more than one count or of more than one crime? [XX] Yes [ ] No

5. Identify all crimes of which you were convicted and sentenced in this case: Count I: Attempted Murder First Degree with Firearm/Great Bodily Harm; Count II: Shooting into Occupied Vehicle/Great Bodily Harm

6. What was your plea?

   [XX] (1) Not guilty         [ ] (3) Nolo Contendere (no contest)

   [ ] (2) Guilty              [ ] (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you pled guilty to and what did you plea not guilty too? N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)

      [XX] Jury     Judge only [ ]

7. Did you testify at trial?

   Yes [ ] No [XX]

8. Did you appeal from the judgment of conviction?

   Yes [XX] No [ ]

9. If you did appeal, answer the following:

    (a) Name of court: Fourth District Court of Appeal

    (b) Docket or case number (if you know): 4D00-2061

    (c) Result: Per Curiam Affirmed

    (d) Date of result and citation, if known: May 16, 2001.

    (e) Citation to the case (if you know) Kleckley v. State, 787 So.2d 868 (Fla. 4th DCA 2001)

    (f) Grounds raised: **(1) Improper Closing Argument By The Trial Prosecutor (2) Failure To Give Defense Requested Jury Instruction On Possession.**

    (g) Did you seek further review by a higher state court?   [ ] Yes   [XX] No

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following? Yes [ ] No [XX]

    (h) Did you file a petition for certiorari in the United States Supreme Court? [] Yes No [XX]

        If yes, answer the following: N/A
        (1) Docket or case number (if you know): N/A
        (2) Result: N/A
        (3) Date of the case (if you know) N/A
        (4) Citation to the case (If you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes [XX] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: Seventeenth Judicial Circuit, In and for Broward County, Florida.

        (2) Docket or case number (if you know): L. T.: 99-15141-CF10A.

        (3) Date of filing (if you know): May 20, 2002.

        (4) Nature of proceeding: 3.850 Motion For Post Conviction Relief.

(5) Grounds raised: (1) **Defense Counsel Was Ineffective For Failing To File A Pre-Trial Motion To Suppress Photo Line-Up; (2) Defense Counsel Was Ineffective For Failing To Object To Misleading Jury Instructions; (3) Counsel Was Ineffective For Failing To Subpoena Hair Analyst: (4) Lack Of Probable Cause To Arrest Due To Chain Of Custody Violation.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [] No [XX]

        (7) Result: N/A

        (8) Date of result (if you know): N/A

    (b) If you filed any second petition, application, or motion give the same information:

    (1) Name of court: Fourth District Court of Appeal.

        (2) Docket or case number (if you remember): 99-15141-CF10A

        (3) Date of filing (if you know): November 19, 2001.

(4) Nature of proceeding: <u>Petition for Writ of Habeas Corpus (Ineffective Assistance Of Petitioner Counsel pursuant to rule 9.141(c))</u>.

(5) Ground(s) raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ]  No [XX]

(7) Result: <u>Granted In Part Denied In Part</u>.

(8) Date of result (if you know): <u>March 20, 2002</u>.

(c) If you filed any third petition, application, or motion give the same information:

(1) Name of court: <u>Seventeenth Judicial Circuit, In and for Broward County, Florida</u>.

(2) Docket or case number (if you remember): <u>99-15141-CF10A</u>.

(3) Date of filing (if you know): <u>May 1, 2007</u>.

(4) Nature of the proceeding: <u>Motion To Correct Illegal Sentence Pursuant to 3.800(a)</u>.

(5) Ground(s) raised: **(1) Trial Court Erred In Opposing Habitual Felony Offender Sentence By Introducing Prior Drug Possession Convictions In Clear Violation Of F.s. 775.084(1)(a)3 For Purpose Of Habitualization; (2) The Trial Court Erred In Opposing A Sentence In Count I Alternatively Under Both The 10-20-Life Bill And As A Habitual Felony Offender For An Equal Term For A Single Criminal Act Where 10-20-Life Was Not Greater Than The Habitual Felony Offender Sentence; (3) Trial Court Erred In Reclassifying And Enhancing Defendant's First Degree Attempted Murder In Count I By Aggravating Factors And Elements From The Underlying Felony**.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ]  No [XX]

(7) Result: <u>Denied</u>.

(8) Date of result (if you know): <u>December 12, 2007</u>.

(c) If you filed any Fourth petition, application, or motion give the same information:

(1) Name of court: <u>Seventeenth Judicial Circuit, In and for Broward County, Florida</u>.

(2) Docket or case number (if you remember): <u>99-15141-CF10A</u>.

(3) Date of filing (if you know): <u>May 27, 2008</u>.

(4) Nature of the proceeding: <u>Motion To Correct Illegal Sentence Pursuant to 3.800(a)</u>.

(5) Ground(s) raised: **(1) Trial Court Erred In Reclassification And Enhancement Of Defendant's First Degree Attempted Murder In Court I By Precluding From The Verdict Form The Option To Find The Defendant Guilty Of The Crime Charged Attempted Murder Or Any Lesser Offense Without The Enhancement Provision In §775.087, Fla. Stat. (1999); (2) The Trial Court Erred By Imposing An Habitual Felony Offender (HFO) Sentence Where Defendant Did Not Have The Required Two Prior Felony Convictions.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [XX]  No [ ]

(7) Result: <u>Reversed for Resentencing</u>.

(8) Date of result (if you know): <u>February 26, 2010</u>.

(c) If you filed any Fifth petition, application, or motion give the same information:

(1) Name of court: <u>Seventeenth Judicial Circuit, In and for Broward County, Florida</u>.

(2) Docket or case number (if you remember): <u>99-15141-CF10A</u>

(3) Date of filing (if you know): <u>October 1, 2012</u>.

3

(4) Nature of the proceeding: <u>Motion For Post Conviction Relief.</u>

(5) Ground(s) raised: <u>**(1) Counsel Was Ineffective For Not Advising Trial Court Of Conflict Of Interest At Resentencing, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel, Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution; (2) Counsel Was Ineffective For Failing To Cross-Examine State Witness, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution; (3) Counsel Was Ineffective For Failure To Call Witness Dorothy Jones, Which Resulted In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution; (4) Counsel Was Ineffective For Failure To Object To The Defective Verdict Form, Depriving The Jury Of It's Pardoning Power Which Resulted In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution; (5) Counsel Provided Ineffective Assistance For Failure To Renew Objection To Strike Tainted Jury Panel And Added To The Error When Counsel Bolstered The Prejudicial Statements And Admitted Petitioner's Guilt, Which Was Structural Error And Resulted In A Manifest Injustice Under Ineffective Assistance Of Counsel Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution; (6) Trial Court Erred In Reclassification And Enhancement Of Petitioner's First Degree Attempted Murder In Count One By Precluding From The Verdict Form The Option To Find The Petitioner Guilty Of The Crime Charged Attempted Murder Or Any Lesser Offense Without The Enhancement Provisions In §775.087; (7) Trial Court Erred In Enhancing And Reclassifying Petitioner's Attempted First-Degree Murder From A First Degree Felony To A Life Felony Do To The Use Of The Firearm And Great Bodily Harm, When The Petitioner Had Already Been Punished For The Firearm's Use And The Bodily Harm In Shooting Into The Occupied Vehicle, Making Petitioner's Enhanced And Reclassified Sentence Illegal And An Violation Of The 5th Amendment Rights Under Double Jeopardy Prohibition; (8) Counsel Was Ineffective For Failing To Subpoena Hair Analyst To Examine The Substance Of Hair To Prove Petitioner's Innocence Which Was Prejudice Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Which Guarantee Due Process And The Effective Assistance Of Counsel, And Constitutional Protections Guaranteed In The State Constitution Article 1, Section 9 Of The Florida Constitution; (9) Counsel Was Ineffective For Failing To Subpoena Hair Analyst To Examine The Substance Of Hair To Prove Petitioner's Innocence Which Was Prejudice Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Which Guarantee Due Process And The Effective Assistance Of Counsel, And Constitutional Protections Guaranteed In The State Constitution Article 1, Section 9 Of The Florida Constitution; (10) Lack Of Cause To Arrest Due To Chain Of Custody Violation, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution.</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] <u>No [XX]</u>

(7) Result: <u>denied.</u>

(8) Date of result (if you know): <u>January 20, 2016</u>. Appealed and denied <u>July 14, 2016</u>.

(c) If you filed any Sixth petition, application, or motion give the same information:

(1) Name of court: <u>Seventeenth Judicial Circuit, In and for Broward County, Florida.</u>

(2) Docket or case number (if you remember): <u>99-15141-CF10A.</u>

(3) Date of filing (if you know): <u>December 23, 2016.</u>

(4) Nature of the proceeding: <u>Motion To Correct Illegal Sentence Pursuant to 3.800(a).</u>

(5) Ground(s) raised: <u>**Trial Court Erred In Sentencing The Defendant To An Enhance Sentence Under 775.084 (HFO) Using A Conviction For Delivery Of Cannabis Under Florida Statute 893.13—A Drug Charge "*Relating* To Purchase And Possession Of A Control Substance"—Thereby Breaching The Legislative Intent**</u>

4

**Under Florida Statute 775.084(1)(A)(3), Resulting In An Illegal Sentence, And Violating The Defendant's Right To Due Process**.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ]   No [XX]

(7) Result: Denied.

(8) Date of result (if you know): April 1, 2019 denied after rehearing November 26, 2019

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion.

(1) First petition:      Yes [XX] No [ ]
(2) Second petition:  Yes [XX] No [ ]
(3) Third petition:    Yes [XX] No [ ]
(4) Fourth petition:  Yes [XX] No [ ]
(5) Fifth petition:    Yes [XX] No [ ]
(6) Sixth petition    Yes [XX] No [ ]

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE Counsel Was Ineffective For Not Advising Trial Court Of Conflict Of Interest At Resentencing, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution.**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner avers that a conflict of interest existed when Petitioner was forced to go to court being represented by (Mr. Chloupek) during resentencing.

The bases for such conflict in said case had arisen with regard to a Habeas corpus Petitioner filed on or about November 29, 2001, alleging ineffective assistance of Appellant Counsel on Mr. Chloupek, who represented Petitioner during direct appeal. The Petitioner's Petition for Writ of Habeas corpus was granted "in part" dealing with Petitioner's sentence.

Petitioner asserts counsel should have known of the prejudicial conflict and advised the Court. Petitioner contends that defense counsel has an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of a proceeding.

Counsel for Petitioner explained in-part the discussions he and Petitioner had during lawyer-client visit(s).The record reflects that Petitioner was not given the option to be represented by other counsel, but if the

Petitioner wanted to litigate the case himself he would have had to discharge counsel and represent himself pro se (See R.- T.T. 12, lines 7-13). Petitioner stated during resentencing that he did not want to fire his counsel (R.-T.T. 13, lines 17-20). Petitioner asserts the reason he did not want to fire counsel was because he did not want to represent himself and Petitioner believed that was his only option.

Petitioner had more witnesses that would have testified on his behalf during the resentencing, but counsel failed to call them, stating he had enough witnesses, which was error. Witness Dorothy Jones now known as Dorothy Kleckley, located at 20433 N.W. 19th Avenue, Miami Gardens, Florida 33493, was available and willing to testify (See R.-T.T. 11 lines 13-20). Petitioner asserts he was also prejudiced do to counsel's lack of representation by disagreeing with Petitioner as to legal issues that should have been raised. Counsel also failed to cross-examine state witness Miguel Rodriguez.

Petitioner asserts this actual conflict of interest adversely affected the performance of counsel. Counsel's incompetent performance was in fact prejudicial to Petitioner, because counsel limited Petitioner's ability to bring evidence to obtain a lesser sentence. Petitioner asserts resentencing is an entirely new proceeding in which the Petitioner should be afforded an opportunity to bring forth evidence to obtain a lesser sentence.

Petitioner asserts he has a constitutional right to conflict-free representation during resentencing. Petitioner further avers that an evidentiary hearing is to be held to determine if counsel provided ineffective assistance due to an actual conflict of interest.

**THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AN EVIDENTIARY HEARING IS REQUESTED**

> **GROUND TWO:** Counsel Was Ineffective For Failing To Cross Examine State Witness, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution.

Supporting facts: (Do not argue or cite law. Just state the specific facts that support your claim.):

On April 9, 2010, the day of resentencing State Attorney (Ms. Smith) questioned Miguel Rodriguez, a state witness during direct examination, who is also the victim in the case at bar (See R.-T.T. 26-27). After direct examination, trial court asked whether defense counsel wanted to cross examine the State's witness, and counsel stated no, which went as follows:

> *THE COURT: So you want to ask him anything?*
> *MR. CHLOUPEK: No Judge.* (See R.-T.T. 26-27)

Petitioner asserts that counsel was ineffective for failing to conduct a proper cross-examination of state witness Miguel Rodriguez, failing to present mitigating evidence and impeach through cross examination. Petitioner contends that counsel's performance was deficient, because state's witness, Miguel Rodriguez, was the victim in the case and there was testimony that should have been ascertained through cross-examination by counsel.

Petitioner contends counsel should have asked the following questions: "What was your description of the culprit that committed this crime the first time you talked to the detective?" "Were you (state witness) influenced in

any way to pick the Petitioner out of the picture photo lineup?" "Was the Petitioner the only person in the photo lineup with a breaded hair style?" "Is there a possibility that you've mistaken that the Petitioner is the person that shot you? What is your (state witness) reason for wanting the Petitioner to remain in prison for his natural life? Does he (the victim) feel the Petitioner has shown signs of rehabilitation? Do you feel the Petitioner will be able to function in society?

Petitioner contends these questions would have shown that Mr. Rodriguez described someone totally different from the Petitioner, "*a person with a low haircut that the African Americans wear*." Proper cross-examination would have shown that the detective influenced the state's witness to pick the Petitioner out of the picture photo lineup, "*are you sure his (the culprit in the allege crime offense) didn't have braids or dreads*." The Detective asked the victim this question several times after the victim had described someone totally different from the Petitioner. Such cross-examination would have proven Petitioner was the only person in the photo line with a braided hair style, and the victim was influenced to pick Petitioner out of photo lineup.

Petitioner avers that during direct examination by state prosecutor, Ms. Smith, Mr. Rodriguez opined and speculated that during the time of the offense the Petitioner was *cold hearted*, *disregarded life*, and had *no value for life*. These questions and statements opened the door for the defense counsel to ask the above questions.

Therefore, counsel was prejudicially ineffective for failing to adequately cross-examine Miguel Rodriguez state witness during the penalty phase at resentencing, which was constitutional error of the first magnitude.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED.*

> **GROUND THREE**: Counsel Was Ineffective For Failure To Call Witness Dorothy Jones, Which Resulted In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On April 9, 2010, *the day of resentencing, defense counsel was ineffective for failing to call witness Dorothy Jones*, known now as Dorothy Kleckley, which was unreasonable under prevailing norms.

Petitioner contends witness would have testified to the impact the Petitioner had and has on other inmates as well as citizens in society. Witness would have testified to the classes the Petitioner facilitated, Pastoral Biblical Studies One, Pastoral Biblical Studies Three, Homiletics, Spiritual Warfare, Biblical Ethics, Family Reconciliation, T.U.M.I (The Urban Ministry Institute) and the degrees the Petitioner had earned, his Doctorate in Theology, Bachelor Religious Education and earning a Master's in Divinity. Petitioner asserts there were classes and programs testified to at the sentencing that the Petitioner participated in; however, no one testified to the classes the Petitioner taught and the effects he has had on other inmates and citizens, Leon Harris, Curtis Fairchild, Winston Wright, Chip Huff, Terry Drake, Ted Miller, and Douglas Howe and many more whom are witnesses who would have testified on Petitioner's behalf, being actual witnesses that these classes have had an effect on. These same men have taken the classes and have now returned back into society, bettering themselves in their family responsibilities, business management, and spiritual growth. witness Dorothy Jones would have testified that the Petitioner already had

7

several job offers upon his release as an editor and typesetter, as well as a place to stay. She would have mentioned his plans to create a non-profit organization to help Youthful Offenders and rehabilitate men and women who need help starting and re-starting life that he has been working towards.

The court and the victim in the alleged crime should have had an opportunity to hear these testimonies to show and prove that prison is a place of rehabilitation, if the individual wants to better himself that the Petitioner should have another chance at freedom to give back to society productively. Evidence should have been presented to show that the Petitioner is not a threat to society, but a moral individual who's able to contribute to those who are lost and struggling.

Petitioner has taught and is now teaching and facilitating these classes. He has and is helping others learn to be productive. Therefore, these same classes that he took before he begun to facilitate, has helped him as an individual as well.

The identity of the prospective witness was known, the witness was and is available to testify, the substance of the witnesses' testimony has been stated and, lastly, the omission of the testimony did prejudice the Petitioner.

Defense counsel was advised of the identity of the witness Dorothy Jones (Kleckley), the substance of her testimony and Petitioner explained how the omission of the testimony prejudiced the outcome of the re-sentencing.

Petitioner contends he was prejudice, because he was neglected the right to present additional evidence that would have encouraged a more lenient sentence. Petitioner has a right to present additional evidence at a de novo resentencing.

The lower court did not attach portions of the record to refute Ground Three. The Petitioner avers that the failure to call a witness goes into trial strategy, which is a matter that cannot be resolved without an evidentiary hearing. Therefore Petitioner 5th, 6th, and 14th Amendment rights under ineffective assistance of counsel and under the United States Constitution and Article 1, Section 9 of the Florida Constitution.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AND EVIDENTIARY HEARING IS REQUESTED***

> **GROUND FOUR**: Counsel Was Ineffective For Failure To Object To The Defective Verdict Form, Depriving The Jury Of Its Pardoning Power, Which Resulted In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On the day of trial the trial court instructed the jury as to the firearm (with or without) as to the crime charged, Attempted Murder in the First Degree and lesser included offenses, which went as follows:

*Now if you find that the Petitioner committed the crime charged or any lesser included offenses, and you find that during the commission of the crime the Petitioner either possessed, discharged or discharged inflicting great bodily harm, with a firearm, you should find the Petitioner guilty of the crime charged or any lesser included offenses as the evidence may justify with the aggravating circumstance **noted on the verdict form.***

*Now if you find only that the Petitioner committed the crime charged or lesser included crime, but did not possess, discharged, or discharged inflicting great bodily harm with a firearm, then you should find Petitioner guilty*

8

*of the crime charged or lesser included as the evidence may justify* (TT. 583-84 also T.T. 598-599) (Emphasis added).

Petitioner contends on the verdict form the jury was not given the option to find that the Petitioner committed the offense of attempted murder without the enhancement provision, denying the jury of its pardoning power (See jury verdict form). The trial judge, the state prosecutor and defense counsel had a lengthy discussion outside the presence of the jury pertaining to the jury making the determination with regards to whether the Petitioner possessed the firearm, discharged it and caused great bodily harm or ***not***. (TT. 497-503).

Despite the long discussion by all parties, it is evident from the face of the record that no option was available on the verdict form to find the Petitioner guilty of attempted first-degree murder without the enhancement provision. (See jury verdict form)

Petitioner contends the jury was deprived a fair opportunity to exercise its inherent "pardon' power by retuning a verdict of guilt as to the charged offense without a firearm.

The record shows the verdict form does not conform to the jury instructions. However, the most egregious error is the omission from the jury verdict form of the option to convict of attempted murder in the first-degree without the enhancement provision in §775.087, Fla. Stat. (1999).

Petitioner avers that the trial court's instructions and verdict form constituted structural error because they precluded the jury from considering attempted murder in the first-degree without the enhancement provision per §775.087, Fla. Stat. (1999).

Counsel was ineffective for not objecting to the defective verdict form, which was prejudicial, because there was a possibility the jury would have found the Petitioner guilty without the enhancement provision. Thus, violating Petitioner's 5th, 6th, and 14th Amendment rights under ineffective assistance of counsel and under the United States Constitution and article 1, section 9 of the Florida Constitution.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AND EVIDENTIARY HEARING IS REQUESTED***

> **GROUND FIVE: Counsel Provided Ineffective Assistance For Failure To Renew Objection To Strike Tainted Jury Panel And Added To The Error When Counsel Bolstered The Prejudicial Statements And Admitted Petitioner's Guilt, Which Was Structural Error And Resulted In A Manifest Injustice Under Ineffective Assistance Of Counsel Violating Petitioner's 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution.**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During voir dire of prospective jurors, Juror Klug gave statements that the Petitioner was guilty of the crime committed, poisoning the entire pool of jurors, which went as follows:

*"Yes you asked about common sense. You want us to bring this into the courtroom. I assume that man is not sitting over there for his health, and common sense tells me that there's guilt involved here.* (TT. 173, Lines 12-17).

9

Defense counsel asked for a side bar conference, and moved to strike the entire panel based on what Mr. Klug said in front of the jury. (TT. 173-175). The Judge denied defense the motion.

The judge never conducted an inquiry to make sure the rest of the venire was not tainted by Mr. Klug. The court did not inquire whether Mr. Klug's statements prejudiced venire against Petitioner. The trial court did question the juror that made the comment, but not each juror individually, which was error, because it was never proven the rest of the venire was not tainted. Also, during defense counsel's opening arguments perspective jurors said that defense counsel had to prove innocence (TT. 188).

Petitioner avers that a venire member's expression of an opinion stated during a voir dire examination, without more, is ordinarily not considered sufficient to taint the remainder of the panel.

However, in Petitioner's case, defense counsel further exacerbated the error when he emphasized that the Petitioner would not be in court if he had done nothing wrong, adding to the juror's prejudicial statements, which went as follows:

*Right now I'm going to deal with something that this gentleman brought up. You know, you're not the only one who thinks that, okay where there's smoke there's fire. He wouldn't be here if he didn't do something wrong.* (TT. 181, Lines 9-13).

Petitioner avers that Defense counsel was ineffective by adding to the already prejudicial statement made by Mr. Klug and by failing to renew objection to strike the polluted jury panel. Counsel accepted the panel without preserving any of the objections, abandoning, for whatever reason, his earlier objection (See T.T. 217-218). Thus, waiving the issue for appellate review, there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved.

Admitting the Petitioner's guilt was a structural error requiring automatic reversal of the conviction because it infected the entire trial process.

Therefore, counsel was ineffective for failing to renew objection to strike tainted panel; and added to the prejudicial ineffectiveness when counsel bolstered the prejudicial statements violating Petitioner's 5th, 6th, and 14th Amendment Rights under ineffective assistance of counsel and the United States constitution, and Article I, Sec. 9 of the Florida constitution.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AND EVIDENTIARY HEARING IS REQUESTED***

> **GROUND SIX: Trial Court Erred In Reclassification And Enhancement Of Petitioner's First Degree Attempted Murder In Count One By Precluding From The Verdict Form The Option To Find The Petitioner Guilty Of The Crime Charged Attempted Murder Or Any Lesser Offense Without The Enhancement Provisions In §775.087, Fla. Stat (1999).**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner contends that the enhancement and reclassification in Count I of Attempted Murder in the first-degree was an illegal enhancement that led to the imposition of an illegal sentence.

The trial court's written and oral instructions to the jury properly included the charged offense of Attempted First-Degree Murder. The court instructed the jury stating:

10

*Before you can find the Petitioner guilty of attempted first degree premeditated murder the state must prove the following elements beyond a reasonable doubt* [.] (emphasis added) (TT. 582).

The Court then proceeded to announce the three elements of attempted first-degree murder as reflected in the standard jury instruction for the crime charged (TT. 582).

The trial court also gave the jury instructions on the option to find the Petitioner committed the crime charged, or any lesser included offense, with a firearm or without a firearm, which findings would subject the Petitioner to an enhanced sentence under §775.087 Fla. Stat (1999), an enhancement from a first-degree felony punishable by a maximum sentence of 30 years, to life felony punishable by life or no less than 25 years (TT. 583-84).

The trial court's instructions as to the firearm (with or without) were as follows:

*Now if you find that the Petitioner committed the crime charged or any lesser included offenses, and you find that during the commission of the crime the Petitioner either possessed, discharged or discharged inflicting great bodily harm, with a firearm, you should find the Petitioner guilty of the crime charged or any lesser included offenses as the evidence may justify with the aggravating circumstance **noted on the verdict form**.*

*Now if you find only that the Petitioner committed the crime charged or lesser included crime, but did not possess, discharged, or discharged inflicting great bodily harm with a firearm, then you should find Petitioner guilty of the crime charged or lesser included as the evidence may justify.* (TT. 583-84).

However, on the verdict form the jury **was not** given the option to find that the Petitioner committed the offense of attempted murder **without** the enhancement provisions.

The trial judge, the state prosecutor and defense counsel had a lengthy discussion outside the presence of the jury pertaining to the jury making the determination with regards to whether the Petitioner possessed the firearm, discharged it and caused great bodily harm (T.T. 497-503).

Despite the long discussion by all parties, it is evident from the face of the record that no option was available on the verdict form to find the Petitioner guilty of attempted first-degree murder without the enhancement provisions under §775.087, Fla. Stat (1999).

The verdict form does not conform to the jury instructions. However, the ***most egregious error is the omission from the jury verdict form of the option to convict of attempted murder in the first-degree without the enhancement provisions pursuant to*** §775.087, Fla. Stat (1999).

Contrary to the jury instruction, the jury could not find Petitioner guilty of attempted first-degree murder **without** the firearm because the verdict form did not contain the without-a-firearm-option. Petitioner was fundamentally denied due process as well as a manifest injustice – especially if you compare Petitioner's case with the cases similarly situated individuals who were granted the very relief the court denied Petitioner. To give relief to one Petitioner but not the other under virtually identical circumstances is a ***manifest injustice***. Trial court's reclassification and enhancement in Count I was illegal. Petitioner's constitutional right under the United States Constitution was violated.

**THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED**

11

**GROUND SEVEN**: The Trial Court Erred In Enhancing And Reclassifying Petitioner's Attempted First-Degree Murder From A First Degree Felony To A Life Felony Do To The Use Of The Firearm And Great Bodily Harm, When The Petitioner Had Already Been Punished For The Firearm's Use And The Bodily Harm In Shooting Into The Occupied Vehicle, Making Petitioner's Enhanced And Reclassified Sentence Illegal And In Violation Of The 5th Amendment Rights Under Double Jeopardy Prohibition.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The reclassification and enhancement in Count I based on the use of the firearm and great bodily harm was error under double jeopardy prohibition and resulted in the imposition of an illegal sentence. Petitioner had already been punished for the firearm's use and the great bodily harm in Count II, shooting into an occupied vehicle.

The Petitioner was charged by way of an information with three Counts, Count I attempted first-degree murder with a firearm, Count II shooting into an occupied vehicle and Count III possession of a firearm by convicted felon. Petitioner avers Count I and Count II alleged that as a result of the shooting great bodily harm was inflected upon Mr. Rodriguez (TT 142-144).

As to Count I the trial judge during jury selection read to the jury that the Petitioner was charged by state by way of charging information that alleged Mr. Kleckley did unlawfully and feloniously, from a premeditated design to effect the death of Miguel Rodriquez with the intent to commit murder in the first degree. <u>And as a result of shooting greatly bodily harm was inflicted upon Mr. Rodriguez.</u> As to Count II trial judge during jury selection read to the jury that Mr. Kleckley did wantonly and maliciously shoot a firearm at, within, or into a vehicle, which was occupied by Miguel Rodriguez. <u>And as a result of said shooting, great bodily harm was inflicted upon Mr. Rodriguez</u> (T.T. 142-144).

Petitioner contends that the trial court's written and oral instructions to the jury regarding Count I properly included the charged offense of Attempted First Degree Murder. The court instructed the jury stating:

*Before you can find the Petitioner guilty of attempted **first degree premeditated murder** the state must prove the following three elements beyond a reasonable doubt* [.] (Emphasis added) (TT.582)

The Court then read the three elements from the standard jury instruction for the crime charged of attempted first-degree murder (TT. 582).

The trial court also gave the jury instructions on the option to find the Petitioner committed the crime charged, with a firearm or without a firearm, or any lesser included offenses, which would subject the Petitioner to an enhanced sentence under §775.087, Fla. Stat (1999) (from a first-degree felony punishable by a maximum sentence of 30 years, to life felony punishable by life or no less than 25 years). The trial court's instructions as to the firearm (with or without) were as follows:

*Now if you find that the Petitioner committed the crime charged or any lesser included offenses, and you find that during the commission of the crime the Petitioner either possessed, discharged or discharged inflicting great bodily harm, with a firearm, you should find the Petitioner guilty of the crime charged or any lesser included offenses as the evidence may justify with the aggravating circumstance noted on the verdict form.*

12

*Now if you find only that the Petitioner committed the crime charged or lesser included crime, but did not possess, discharged, or discharged inflicting great bodily harm with a firearm, then you should find Petitioner guilty of the crime charged or lesser included as the evidence may justify* (TT.583-84).

In Count II the Trial court's written and oral instructions to the jury properly included the charged offense of shooting into an occupied vehicle, the court instructed the jury stating:

*As to Count II, before you can find the Petitioner guilty of shooting at or into an occupied vehicle, the State must prove the following three elements beyond a reasonable doubt.*

*Number one, the Petitioner shot a firearm. Number two, he did so at, within, or into a vehicle of any kind that was being used or occupied by any person. And, number three, the act was done wantonly or maliciously. Wantonly means consciously and intentionally with reckless indifference to the consequences and with the knowledge that **damages is likely to be done to some person**.*

*Maliciously means wrongfully, intentionally without legal justification, or excuse and with the knowledge that **injury or damage will or may be caused to another person** or the property of another person* (TT. 588 Lines 14-25, 589) (Emphasis added).

Each offense contains elements that the other does not; so, the Petitioner can be convicted of both offenses; however, in order to enhance the Attempted First Degree Murder from a first-degree felony punishable by a maximum sentence of 30 years to a life felony punishable by life or no less than 25 years the state must prove the Petitioner used a firearm and that there was bodily harm, under §775.087, Florida Statute (1999).

Likewise, in order to find the Petitioner guilty of shooting at or into an occupied vehicle, the state must have proven the Petitioner shot a firearm and bodily harm resulted from the shooting. These are elements of which the jury must make the factual findings (T.T. 142-144); therefore, upon making the finding that the Petitioner used the firearm and bodily harm resulted from the shooting in Count II, shooting at or into an occupied vehicle, the Petitioner has been punished for the firearm's use and the bodily harm.

The trial judge instructed the jury that they had the power to find the Petitioner guilty as charged in the information (T.T. 696 lines 20-23). The jury found the Petitioner guilty as charged in the information as to count II (T.T. 620 lines 1-8) the information alleged great bodily harm.

The trial court erred when it used the same firearm and great bodily harm in Count II to reclassify Petitioner's attempted first-degree-murder in Count I, from a first degree felony to a life felony and enhanced under the 10-20-life.

Petitioner contends that shooting at or into an occupied vehicle cannot be committed without the use of a firearm; however, attempted First Degree Murder can be committed without a firearm. In addition, there are no distinctions in the firearm and bodily harm used to enhance the first degree attempted murder from a first degree felony punishable by a maximum sentence of 30 years to a life felony punishable by life or no less than 25 years and the firearm and bodily harm elements the jury had to find in order to convict the Petitioner of shooting at or into an occupied vehicle in Count II. Both crimes occurred during the same criminal episode. Petitioner asserts he could not be punished twice for the use of the same firearm and the same bodily harm in both offenses, and by doing so the

13

reclassification and enhancement in (Count I) is illegal in violation of 5th Amendment rights under double jeopardy; therefore, violating Petitioner's constitutional rights.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED***

> **GROUND EIGHT**: Counsel Was Ineffective For Failing To Subpoena And /Or Retain An Expert For Fingerprint Analysis To Examine The Miscellaneous Items Found In The Vehicle, And The Vehicle, When Substance Of Fingerprints Would Have Proven Petitioner's Innocence, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, And 14th, Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State witness Susan Pluncske testified to neglecting "To process the vehicle" used in the crime as well as items found in the vehicle, admitting that she failed to test for fingerprints. She was questioned during cross-examination as follows:

Q. Now, did you process those pictures here, right here for fingerprints (indicating)?

A. No

Q. Did you process any of these papers here for fingerprints (indicating)?

A. No, I only took photographs of those.

Q. But papers can be processed for fingerprints?

A. Yes.

Q. Now, the reason you didn't process it is because nobody asked you to, you do only what they ask you to do, basically?

A. Yes (T.T. 353 lines 22-25 lines, 354 lines 1-14)

Q. Okay. Did you - - you didn't process the windows inside or the wheel or anything like this.

A. No.

Q. Okay. And you weren't requested to do any that of (sic)

A. the car was left for the person that was going to process it when it dried off. Instead of having one person process the interior, one person is going to process the entire care, the inside and out, so there's no confusion.

Q. in other words, when the rain stopped, the car dried up, you could still pick up prints on the exterior?

A. and that one person would be responsible for processing the entire car. (T.T. 355 lines 2-17)

Defense counsel was ineffective for failure to call fingerprint expert to process the vehicle used in the crime and miscellaneous items found in the vehicle for fingerprints.

Petitioner contends the fingerprints expert was significant to Petitioner's trial, because the fingerprints expert would have testified and proven Petitioner was not the perpetrator. The fingerprint expert would have rebutted state witness's testimony who testified that Petitioner committed the offenses.

14

The testimony of a fingerprint analyst would have proven the Petitioner was never in the car, because none of the fingerprints would have matched Petitioner's fingerprints and certainly would have cast doubt on the Petitioner's guilt.

Wherefore, defense counsel was ineffective for failing to call finger print expert to "process" the vehicle used (in the crime) and miscellaneous items (found in the vehicle) for fingerprints. Defense counsel's deficient performance was prejudicial violating Petitioner's 5th, 6th, and 14th Amendment Rights which guarantee due process and the effective assistance of counsel, and constitutional protections guaranteed in the state constitution Article 1, Section 9 of the Florida Constitution.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED***

> **GROUND NINE: Counsel Was Ineffective For Failing To Subpoena Hair Analyst To Examine The Substance Of Hair To Prove Petitioner's Innocence Which Was Prejudice Resulting In A Manifest Injustice Violating Petitioner's 5th, 6th, and 14th Amendment Rights Which Guarantee Due Process And The Effective Assistance Of Counsel, And Constitutional Protections Guaranteed In The State Constitution Article 1, Section 9 Of The Florida Constitution**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial evidence was testified to but not presented that the perpetrator of the alleged crime drove the car and his head hit the windshield and left fibers of hair within the windshield (TT 376-379).

Defense counsel argued at closing argument about a fiber of hair being found in the car (the driver's side windshield) that was not tested which went as follows:

*You do know that a fiver hair was found and you all know because the police told you what our lab can do about one hair. And you read about in the newspapers and it's always in the new.*

*Now, one hair will give us DNA. No testing, right here in our Broward County lab for DNA* (TT 534).

Defense counsel requested a sidebar conference and objected to State's closing arguments about Petitioner being the driver, which was a false allegation the jury heard though it was never testified to at trial (TT 548-550).

Defense counsel rendered ineffective assistance when failed to subpoena and/or retain a hair analyst to prove Petitioner's innocence. Examining the substance of hair that was adduced at trial as evidence, but not presented would have proven Petitioner's innocence.

Defense counsel cut too many corners during the investigation stage and he prepared no defense in Petitioner's behalf of the Petitioner. Defense made unreasonable tactical decisions that highly prejudiced the outcome of the Petitioner's trial.

Defense counsel's errors precluded the opportunity for the trier of fact to be determined, which would have resulted differently than a guilty verdict.

Petitioner avers that proving his innocence through laboratory examination is probative value for defense counsel to have presented before the trial court (T.T. 376-379, 534, 548-550).

Petitioner further contends such evidence would have weakened the case against the Petitioner, and given rise to a reasonable doubt as to his culpability. DNA evidence would have proven that the Petitioner was not perpetrator in the alleged crime.

Thus, trial counsel rendered ineffective assistance by deliberately neglecting to prove Petitioner's innocence by depriving Petitioner of his Florida Constitutional and United States Constitutional Amendment Rights to subpoena a hair analyst for positive determination of the perpetrator, which can be done by DNA testing of hair fiber.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED***

> **GROUND TEN: Lack Of Cause To Arrest Due To Chain Of Custody Violation, Which Was Prejudicial, Resulting In A Manifest Injustice Violating Petitioner Violating Petitioner 5th, 6th, And 14th Amendment Rights Under Ineffective Assistance Of Counsel And Under The United States Constitution And Article 1, Section 9 Of The Florida Constitution**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner contends that there was a lack of probable cause to arrest that predicated upon distinguishable reasons of founded evidence (photo) allegedly found inside of a vehicle (TT 553). The Petitioner avers that the evidence (photo) adduced at trial is tampered evidence. The veracity of the photograph was not reviewed by the individual photographer. The photographer should have been notified to appear at the scene of the collision or trial since detectives for plantation police department agreed to utilize alleged photographs. Petitioner avers failure to do so render a strong distinguishable reason to alleged tampering.

Petitioner avers the accuracy of the photo was not proven, the proximity of time the photo was taken was not proven, and to accuse the Petitioner of existing at the Brick House Club the night of the crime and collision was not adduced at trial.

The Petitioner in furtherance contends that the state officials from its primitive investigation executed misleading suggestion and inaccuracy. Petitioner avers there was cumulative evidence found in the vehicle to support the Petitioner was framed. The detectives from plantation police department never examined relevant substance to confirm the perpetrator, such as hair and blood samples. The Detective using a photo from the county jail did not resolve the case of having a probable cause to arrest the Petitioner. The link of confirming the identity of Petitioner was broken by omitting to examine relevant particularities that would have exonerated the Petitioner from the crime. Neither the lower court nor the proponent ever proved or submitted other evidence that tampering did not occur. Petitioner further avers that relevant physical evidence cannot be admitted when there is evidence of probable tampering.

The Petitioner contends that his substantive and procedural due process rights were violated.

The Petitioner has the right to be presented with procedures ratified by congress and legislative intent for all State and Government Officials to uphold the State of Florida and United States Constitutions. Such a violation will be depriving the Petitioner of this liberty and life to suffer irreparable condition and stress.

Wherefore, the Petitioner avers that his severely constitutional violation warrant reversal for a new trial and/or evidentiary hearing.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED.***

16

**GROUND ELEVEN**: Trial Court Erred In Sentencing The Defendant To An Enhance Sentence Under 775.084 (HFO) Using A Conviction For Delivery Of Cannabis Under Florida Statute 893.13—A Drug Charge "*Relating* To Purchase And Possession Of A Control Substance"—Thereby Breaching The Legislative Intent Under Florida Statute 775.084(1)(A)(3), Resulting In An Illegal Sentence, And Violating The Defendant's Right To Due Process

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On May 27, 2008, the Petitioner filed a Rule 3.800(a) motion to correct an illegal sentence challenging the trial court's illegal imposition of a Habitual Felony Offender (HFO) sentence where the court used five possessions of illegal drugs, under 893.13.

The trial court denied the Rule 3.800(a) motion, and the Petitioner appealed to the Fourth District Court of Appeal. The Fourth District reversed and remanded in part, vacating the Petitioner's sentence, and reversing the denial of Ground II, which challenged the Petitioner's illegal Habitual Felony Offender (HFO) sentence. *Kleckley v. State*, 4 So. 3d 1290 (Fla. 4th DCA 2009).

On February 26, 2010, the trial court conducted a resentencing hearing. The court resentenced the Petitioner to thirty (30) years (HFO) for Count II. During the resentencing hearing, the State introduced five prior convictions to qualify Petitioner as a Habitual Felony Offender (HFO), (1) case number 99-4537CF10A, possession of cocaine on the 13th day of August 1999, (2) case number 96-19260CF10A, delivery of cannabis on the 24th day of January 1997, (3) case number 96-1854CF10A, possession of cocaine on the 24th day of January 1997, (4) case number 94-109175CF10A, possession of cannabis on the 29th day of 1995, and (5) case number 95-21529CF10A, possession, sale, delivery, purchase or manufacturing of cannabis on the 22nd day of January 1996. The State charged the Petitioner under 893.13 with possession, sale, delivery, purchase or manufacturing of cannabis (See Re-sentencing Transcripts at 51-52).

The trial court determined that the Petitioner qualified as a habitual felony offender (HFO) based on the aforementioned convictions (See Re-sentencing Transcripts at 52 lines 5-12). The trial court incorrectly emphasized that at least *one of the prior convictions* were a violation of some statute "*other than*" 893.13 relating to the <u>simple</u> purchase or possession of a controlled substance.[1] "*He has delivery of cannabis for consideration for sure*" (See Re-sentencing Transcripts at 52).

The record clearly reveals that the trial court used five drug charges and all of them are in violation of 893.13.

Florida Statute 893.13 states in part: *Except as authorized by this chapter and chapter 499, a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Id., at subsection (1) (a).*

The State relied on Florida Statute §775.084(1)(a)3 in denying Petitioner's claim. Petitioner avers that the State misquoted Florida Statute §775.084(1)(a)3. In the State's argument the State conveyed the statute as follows: *And, the felony for which the Petitioner is to be sentenced, and one of the two* prior felonies **cannot be for the**

---

[1] The plain language of 775.084 *does not* use the term "simple" when relating to purchase or possession of a controlled substance.

17

*purchase or possession of a controlled substance. §775.084(1)(a)3.* (See State's Response to Petitioner's Amended Motion to Correct Illegal Sentence at 4) (Emphasis added by Petitioner)

Florida Statute §775.084(1)(a)3 is correctly stated as follows "The felony for which the Defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 ***relating*** to the purchase or the possession of a controlled substance."

***Relating*** according to Black Law dictionary means "connected in some way; having relationship to or with something else."

Petitioner avers that nowhere in Florida Statute §775.084(1)(a)3 does it state that the felonies ***cannot be for*** the purchase or possession of a controlled substance. The Statute clearly state's legislative intent that prior felony convictions cannot be a violation of s. 893.13. The State's misuse of the statute is error and contrary to the legislative intent.

The State admitted in its response that delivery of cannibals is a violation of 893.13(1)(a) Fla. Stat. (See State's Response to Petitioner's Amended Motion to Correct Illegal Sentence at 5)

Petitioner avers that from the face of the record, the trial court violated the Petitioner's due process when the trial court nullified the clear legislative intent under 775.084(1)(a)3, which excludes felonies committed pursuant to section 893.13, Florida Statute, *relating* to the purchase or the possession of a controlled substance.

The rule of lenity instructs that when statutory language "is susceptible of different constructions, it shall be construed most favorably to the accused."

It is therefore submitted that it is plain from the face of the record that Petitioner's sentence under the HFO statute was improper and constitute an illegal sentence as to the sentence imposed in Count II.

Furthermore, the Petitioner asserts, under no circumstances could the Petitioner be Habitualized using the five predicate offenses that the state introduced as evidence to Habitualize the Petitioner.

13. If any of the grounds listed in 12A, B, C, D, E, F, and G were not previously presented in any court, state or federal, state *briefly* what ground were not so presented, and give your reasons for not presenting them: <u>All the issues before this court are properly exhausted in the State courts.</u>

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?  Yes [ ] No [X]

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  Yes [ ] No [X]

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   At preliminary hearing:  <u>Dennis Mchugh</u>

   At arraignment and plea:  <u>Dennis Mchugh</u>

   (c) At trial:  <u>Dennis Mchugh</u>

   (d) At sentencing:  <u>Dennis Mchugh</u>

   (e) On appeal:  <u>Joseph R. Chloupek.</u>

   (f) In any post-conviction proceeding:  (Resentencing) <u>Joseph R. Chloupek.</u>

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>Petitioner Pro-se</u>

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [**XX**]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: <u>N/A</u>

(b) Give the date the other sentence was imposed: <u>N/A</u>

(c) Give the length of the other sentence: <u>N/A</u>.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [ ] No [**XX**]

Wherefore, petitioner asks that the Court grant the following relief: Reverse and remand the judgment and sentences for a new trial, a resentencing and/or Evidentiary hearing, or any other relief to which may be appropriate, and to dispose of the matter as law and justice require.

<u>OATH</u>

I declare under penalty of perjury that the foregoing is true and correct. Executed on

<u>11/27/2019</u>
Executed (date).

<u>Robert Klokly</u>
Signature of Petitioner

Robert Kleckley 976678 A4-203L
Southbay Correctional And Rehabilitation Facility
P.O. Box 7171
South Bay, Florida 33493

United States District Court
Southern District
299 E. Broward Blvd. Rm. 108
Fort Lauderdale, Florida 33301

