UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-62972-CV-ALTMAN
MAGISTRATE JUDGE REID

ROBERT KLECKLEY,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER TO SHOW CAUSE 28 U.S.C. § 2254

Petitioner, **Robert Kleckley**, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking a state conviction and sentence in Broward County, **Case No. 99-15141CF10A**. [ECF No. 1]. Thus, it is **ORDERED AND ADJUDGED** as follows:

    1.    Within **one week from the date of this Order**, Respondent shall notify the Court of the name and contact information of the attorney assigned to this matter, and file a notice indicating that Respondent has requested all of the documents from the state courts that are necessary for the resolution of this federal habeas action.

1

2. On or before **forty-five (45) days from the date of this Order**, Respondent shall file a memorandum of fact and law to show cause why this Petition should not be granted. The memorandum shall:

   a) address the issue of whether the limitations period established by 28 U.S.C. § 2244(d) has expired,

   b) address the questions of whether state remedies have been exhausted as to the federal issues raised, and whether any of the claims are procedurally defaulted,

   c) address all claims raised by Petitioner on the merits in the alternative, **even if procedural defenses are also asserted as to some or all claims**,

   d) be accompanied by a comprehensive appendix, which shall include copies of: 1) all relevant state trial and appellate court pleadings; 2) transcripts of the petitioner's trial or plea colloquy; 3) briefs filed on direct appeal; 4) motions seeking relief pursuant to Fla. R. Crim. P. 3.850, including transcripts of collateral evidentiary hearings, and briefs from any ensuing appeal; 5) state habeas corpus applications and briefs from any ensuing appeal, 6) records of any other state collateral proceedings that may be relevant to the federal issues, and

   e) be captioned as a "Response" or "Answer," and **not** as a motion to dismiss.

3. The Court expects the Response to be specific to this habeas proceeding, and not a mere reiteration of Respondent's state court filings. Therefore, the

Response shall refer to the Petitioner as "Petitioner," and not "the defendant" or "appellant," and **under no circumstances shall the Response incorporate by reference any portions of any state-court filings.**

4.  Any statement of facts contained in the Response shall state what occurred at hearings or at trial, including the names of any witness who offered testimony, and not what Respondent contends happened in fact.

5.  The Response shall cite to the primary state-court documents in the appendix in support of any statement of fact, and not to a secondary state-court pleading that merely cites back to other documents (so, for example, to an indictment, and **not** to a state-court pleading that states that Petitioner was charged by indictment).

6.  The appendix shall consist only of individual, sequential documents. **RESPONDENT IS HEREBY ADVISED THAT THE RECORD ON APPEAL AND "APPELLATE COURT RECORDS" ARE NOT DOCUMENTS**, and that the Court will not accept voluminous records containing extraneous documents not relevant to the petition. Rather, each individual document contained in the appendix shall be assigned a specific letter or number, and the appendix shall be accompanied by an index listing all documents.

7. The appendix of exhibits shall be filed separately, **with the index as the primary document and the exhibits themselves attached thereto**. Each scanned volume of the attachments shall indicate with specificity which exhibits are contained therein, and not merely be sequentially numbered volumes (i.e., "Exhibits A-M," and **not** "App. Vol. 1."). **NO SINGLE SCANNED VOLUME OF THE EXHIBITS SHALL EXCEED 300 PAGES.**

8. Transcripts of any plea, trial or post-conviction proceedings shall be filed separately, with a **SINGLE Notice of Filing for all transcripts as the primary document and the transcripts themselves attached**. Each transcript shall be scanned in its entirety as a separate attachment and shall indicate with specificity which hearing or portion of the proceedings are contained therein. If any transcript of jury trial proceedings exceeds the size limitation for attachments, it shall be scanned in separate volumes. In that circumstance, each scanned volume shall state with specificity the page numbers contained in each volume. It shall be no excuse that a particular transcript was not made part of the record on appeal, or that a particular proceeding was not transcribed. In the unlikely event that there is truly no record whatsoever of a particular proceeding, Respondent shall file an appropriate motion.

9. Respondent shall file the Response, the appendix, and any transcripts simultaneously. If Respondent is not able to file the appendix or transcripts simultaneously with the Response, then Respondent shall file a motion for extension of time, explaining in detail the need for the time extension.

10. Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought. <u>Any motion seeking an extension of time on the basis of inability to procure state-court records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received</u>.

11. **Respondent is required to provide Petitioner full and complete copies of all documents filed in support of its Response.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"). *See also Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073 (11th Cir. 2014) ("all documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner.").

12. Petitioner is not required to file a reply, but if Petitioner wishes to do so, the reply shall be due 7 days from the date the Response or Answer is filed by the respondent and shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** at Miami, Florida, this 4th day of December, 2019.

                                           **s/Lisette M. Reid**
                                           UNITED STATES MAGISTRATE JUDGE

cc:    **Robert Kleckley**
       976678
       South Bay Correctional Facility
       Inmate Mail/Parcels
       600 U S Highway 27 South
       South Bay, FL 33493-2233
       *PRO SE*

       **Noticing 2254 SAG Broward and North**
       Email: CrimAppWPB@MyFloridaLegal.com