[✓] 17th Judicial Circuit in and for Broward County
[ ] In the County Court in and for Broward County

**DIVISION:**
[✓] Criminal
[ ] Traffic
[ ] Other

# ORDER

THE STATE OF FLORIDA VS.

**CASE NUMBER NUMBER**

Robert Kleckley   DEFENDANT   99-15141CF10A

~~Attempted Murder~~

CHARGE   Shoot / Throw into vehicle

The defendants shall be returned to DOC to serve sentence at South Bay C.I., DOC# 976098

**DONE AND ORDERED THIS** 17th **DAY OF** December 20 09 , **IN**
**BROWARD COUNTY, FLORIDA.**

NUNC PRO TUNC 12/16/09

_____
JUDGE

COPIES:   BSO - SAO

112-62 BLANK ORDER

000558

17th Judicial Circuit in and ● Broward County
In the County Court in and for Broward County

**CLOCK IN**

Filed In Open Court,
CLERK OF THE CIRCUIT COURT
ON _____ FEB 2 6 2010
BY _____

DIVISION:
[X] Criminal
[ ] Traffic
[ ] Other

# ORDER

THE STATE OF FLORIDA VS.

Robert Kleckley **DEFENDANT**

**CASE NUMBER**

99-15141CF10A

CHARGE I. Attempted Murder 1°
II. Shooting at or into occupied vehicle
III. Poss of firearm by a convicted felon

**IT IS HEREBY ORDERED THAT A PRE-PLEA PRE SENTENCE INVESTIGATION (PSI)**

**BE DONE ON THE ABOVE NAMED DEFENDANT RETURNABLE BY** 3/31/10 .

D.O.B. 10 8 76 RACE Black SEX Male

ADDRESS: _____

In Custody

**WITH JUVENILE RECOMMENDATIONS** _____ **(ONLY IF CHECKED)**

**DONE AND ORDERED THIS** 26 **DAY OF** February , 20 10 ,

**BROWARD COUNTY, FLORIDA**

_____
**JUDGE**

COPIES:

ICC 112-16 ORDER PRE-PLEA SENTENCE INVEST

000559

| [ ] 17th Judicial Circuit in and for Broward County<br>[ ] In the County Court in and for Broward County | | Filed in Open Court,<br>CLERK OF THE CIRCUIT COURT<br>ON APR 09 2010<br>BY _____ |
|---|---|---|
| **DIVISION:**<br>[ ] Criminal<br>[ ] Traffic<br>[ ] Other | # ORDER | |

THE STATE OF FLORIDA VS.

Robert Kleckley **DEFENDANT**

**CASE NUMBER**

99 15141CF10A

CHARGE _II Shoot Throw into Vehicle_

**This court hereby permits the clerk to file the exhibits**

**entered during the** _Re-Sentencing Hearing of above named Defendant_

**hearing in the court file at the conclusion.**

**DONE AND ORDERED THIS** _10_ **DAY OF** _April_ 20 _10_ , **IN**

BROWARD COUNTY, FLORIDA.

_____
**JUDGE**

COPIES: BSO - SAO

112-62 BLANK ORDER

000560

**AFIS Fingerprint Comparison Examination**

☐ State Attorney                                    Date _1/28/10_
☐ Other Agency
☐ Identity Theft Unit

Requester _NEVA KAINFORD-SMITH_ Phone Number _X8417_

CIS Number

Case Number _99-15141CF10A_          PRINTS ROLLED IN
                                     OPEN COURT.

Date of Arrest                                    SENTENCING DATE:

Name _ROBERT KLECKLEY_               FEBRUARY 26, 2010

DOB                                  JUDGE BIDWIN -

AKA'S                                # 6780

**COMPARE TO**

CIS Number

Case Number _99-4537CF10_           KNOWN STANDARDS
                                    ATTACHED
Date of Arrest

Name

DOB

AKA'S

Remarks/Comments _____

====================================================================

**Results to be Completed by the AFIS Unit**

Only those items listed above were examined for this report. The result below represents the opinions and interpretations of the undersigned analyst:

Positive (One and the same person)  ☑   Negative (Not one and the person)  ☐
Inconclusive (insufficient ridge detail)  ☐   No Value  ☐

Remarks/Comments _____

_James Union_ /13936          _2/4/10_
Fingerprint Analyst/CCN                          Date

**End of Official Report**

NOTARY PUBLIC-STATE OF FLORIDA
Alviria Narasimhan
Commission #DD852294
Expires: DEC. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

SWORN TO BEFORE ME THIS _4TH_ DAY OF
_FEBRUARY_ A.D. 20 _10_
_Alviria Narasimhan_
NOTARY PUBLIC STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES

17th Judicial Circuit in and for ~~ward~~ County

**DIVISION:**

**CRIMINAL**

# JUDGEMENT DIV: *FJ*

**CLOCK IN**

**INSTR # 99520642**

**OR BK 29802 PG 1870**

RECORDED 08/31/99 11:03 AM

COMMISSION

BROWARD COUNTY

DEPUTY CLERK 1335 **CASE NUMBER**

**THE STATE OF FLORIDA VS.**

*Robert Kleckley*

**DEFENDANT** | **99-4537** CF/O

☐ **PROBATION VIOLATOR**
(Check if Applicable)

STATE ATTORNEY ___*C. McLeon*___
COURT REPORTER ___*C. Brown*___

The Defendant, ___*Robert Kleckley*___ being personally before this Court
represented by: ___*A. Harmelin*___, his attorney of record, and having:
(Check Applicable Provision)

☐ Been tried and found guilty of the following crimes(s).

☐ Entered a plea of guilty to the following crime(s).

☑ Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|-------|-------|---------------------------|-----------------|----------------------|
| *I* | *Poss Cocaine* | *893032A4* | *3 F* | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)

The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00)pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The Defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).
(Check If Applicable)

☐ The Defendant is further ordered to pay a fine in the sum of $_____ pursuant to F.S. 775.0835. (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

☐ The Court hereby imposed additional court costs in the sum of $_____ .

**Stayed and Withheld Imposition of Sentence** ☑ The Court hereby stays and withholds the imposition of sentence as to count(s) ___*I*___ and places the Defendant on probation for a period of ___*2 + 3 years*___ under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

**Sentence Deferred Until Later Date** (Check if Applicable) ☐ The Court hereby defers imposition of sentence until _____ .
(Date)

☑ Pay $200.00 Trust Fund pursuant to F.S. 27.3455

The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

COUNT(S)_____:_____ DAYS BROWARD COUNTY JAIL W/CREDIT FOR _____DAYS TIMES SERVED

FORM ICC11

PAGE 1 OF 2

*8/13*

**000562**

| DIVISION: CRIMINAL | [ ] ADJUDICATION WITHHELD<br>[✗] **ADJUDICATED GUILTY** | **CASE NUMBER**<br><br>99-4537 CF 10 |

## FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
|  |  |  |  |  |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
|  |  |  |  |  |

Fingerprints taken by:

_____ _Trach_ **Court Deputy**

**Name and Title**

**DONE AND ORDERED** in Open Court at Broward County, Florida this _13_ day of _aug_ A.D., 19 _99_ . I HEREBY CERTIFY that the above and foregoing finger-prints of the Defendant _Robert Kreutler_, and that they were placed theron by said Defendant in my presence in Open Court this date.

_____ **JUDGE**

FORM ICC8                    PAGE 2 OF 2

000563

# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST
AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

EST _____

VAC _____ 0005164

DATE 5-18-00 CASE NO. 99-4537CF10 ARREST NO. PL 99-1339 ROR/⬤SURETY SUMMONS/CASH BOND _____ AGENCY _____

DEFENDANT Robert Kleckey    AKA _____

## COURT STATUS

| | | |
|---|---|---|
| ☐ MAGISTRATE | ☐ TRIAL | ☐ CHANGE OF PLEA |
| ☐ ARRAIGNMENT | ☐ JURY | ☐ PLED GUILTY |
| ☐ SENTENCING | ☐ COURT | ☐ PLED NOLO |
| ☐ PSI | ☐ 1ST V.O. | |
| ☐ PDR | ☑ FINAL V.O. | |

☐ _____   TRUST FUND / HOURS COMM. SERVICE
☑ ADJ. GUILTY 8-13-99 _____ ☐ ASSESSMENT EACH COUNT
☐ WITHHELD _____ VC EACH COUNT
☐ NOLLE PROSEQUI   ☐ DISMISSED   ☐ ACQUITTED
☑ PUBLIC DEFENDER FEE 150   ☑ PUBLIC DEFENDER ASSESSMENT

C. ⬤ I. Poss. Cocaine

found guilty allegation K4, K2
Revoke probation

| COUNT _____ | **DUI USE ONLY** | |
|---|---|---|
| **PROBATION WITH SPECIAL CONDITIONS** | | |
| FINE    CC | 5% | VC |
| CJC    EMTF | CDC | SN1 |
| DUI SCHOOL    EVALUATION | | |
| LICENSE SUSP. _____   DAYS IMMOBILIZATION | WORK PERMIT | |
| COMMUNITY SERVICE HOURS _____ | | |

SENTENCE: I. 5 years FSP w/credit 273 days T/S

| | COUNT(S) | TIME SERVED | | | DAYS | |
|---|---|---|---|---|---|---|
| | $ FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| | $ FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| | $ FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| | $ FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| | PLUS $ | DEFERRAL FEE TO: | | | | |

S/ _____ JUDGE    DISP 4  5/97

BY _____ (DEPUTY CLERK)

FILE COPY

000565

EST _____

VAC _____

# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

DATE 8-13-99  CASE NO. 99004537CF10A  ARREST NO. FL99002830  ROR/IC/SURETY SUMMONS/CASH BOND _____  AGENCY FLFL

DEFENDANT ROBERT KLECKLEY  AKA _____

**COURT STATUS** 200

| | | |
|---|---|---|
| ☐ MAGISTRATE | ☐ TRIAL | ☑ CHANGE OF PLEA |
| ☐ ARRAIGNMENT | ☐ JURY | ☐ PLED GUILTY |
| ☐ SENTENCING | ☐ COURT | ☑ PLED NOLO |
| ☐ R | ☐ 1ST.V.O. | |
| ☐ PD | ☐ FINAL V.O. | |

☑ ADJ. GUILTY  30  VC S  TRUST FUND / HOURS COMM. SERVICE ASSESSMENT EACH COUNT

☐ WITHHELD  VC EACH COUNT

☐ NOLLE PROSEQUI  ☐ DISMISSED  ☐ ACQUITTED

☑ PUBLIC DEFENDER FEE  ☑ PUBLIC DEFENDER ASSESSMENT

CHARGE(S) 001 POSSESSION OF COCAINE

| COUNT | DUI USE ONLY |
|---|---|

PROBATION WITH SPECIAL CONDITIONS

| FINE | CC | 5% | VC |
|---|---|---|---|
| CJC | EMTF | CDC | SN1 |

DUI SCHOOL _____  EVALUATION _____

LICENSE SUSP. _____  DAYS IMMOBILIZATION _____  WORK PERMIT _____

COMMUNITY SERVICE HOURS _____

SENTENCE: 2½ yrs D·o·P (Waive Fee)
no Drugs. Random chemis
Drug Eval + treatment
Waive CUS
2 yr D·L· susp
Waive OTF

Do not release
for TLC tot DN 1st
30 days

| COUNT(S) | | TIME SERVED | | | DAYS | |
|---|---|---|---|---|---|---|
| $ _____ | FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| $ _____ | FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| $ _____ | FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| $ _____ | FINE | COURT COST | 5% | V.C. | CJC | SN1 |
| PLUS $ _____ | DEFERRAL FEE TO: _____ | | | | | |

States Case No. 99 1514 CF 10A

~~Filed APR 09 2010~~
Clerk of the Circuit Court
By



BROWARD COUNTY, FLORIDA
I certify this document to be a true
and correct copy of the original.
WITNESS MY HAND AND SEAL
on ___ JAN 1 9 2010
HOWARD C. FORMAN
Clerk of the Circuit County Courts
BY _____ D.C.

000566

# AFIS Fingerprint Comparison Examination

☐ State Attorney           Date    _1/28/10_
☐ Other Agency
☐ Identity Theft Unit

Requester   _NEVA-RAINFORD Smith_   Phone Number _X 8417_

CIS Number    _____

Case Number    _99-15141CF10A_    PRINTS ROLLED IN OPEN COURT.

Date of Arrest    _____    SENTENCING DATE:

Name    _ROBERT KLECKLEY_    FEBRUARY 26, 2010

DOB    ▮▮▮▮▮▮▮▮    JUDGE BIDWIN - #678

AKA'S    _____

## COMPARE TO

CIS Number    _____    KNOWN STANDARDS

Case Number    _95-21529CF10A_    ATTACHED.

Date of Arrest    _____

Name    _ROBERT KECKLEY_

DOB    _____

AKA'S    _____

Remarks/Comments _____

## Results to be Completed by the AFIS Unit

Only those items listed above were examined for this report. The result below represents the opinions and interpretations of the undersigned analyst:

Positive (One and the same person)    ☑    Negative (Not one and the person)    ☐
Inconclusive (insufficient ridge detail)    ☐    No Value    ☐

Remarks/Comments _____

_Janis Fisher /13854_        _2/4/10_
Fingerprint Analyst/CCN              Date

### End of Official Report

NOTARY PUBLIC-STATE OF FLORIDA
Alviria Narasimhan
Commission #DD852294
Expires: DEC. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

SWORN TO BEFORE ME THIS _4th_ DAY OF
_FEBRUARY_ A.D. 20 _10_
_Alviria Narasimhan_
NOTARY PUBLIC STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES

16

| 17th Judicial Circuit in and ⬤ ⬤ward County | | CLOCK IN | |
|---|---|---|---|
| DIVISION: CRIMINAL | **JUDGEMENT** DIV: FK | 96-049413 T#016 | |
| | | 02-01-96 08:19AM | |

THE STATE OF FLORIDA VS:

Robert Kleckley

| PLAINTIFF | DEFENDANT | **CASE NUMBER** |
|---|---|---|
| | | 95-21520CF10 |

[ ] PROBATION VIOLATOR  STATE ATTORNEY  K Farnsworth
( Check if Applicable )  COURT REPORTER  W Frisch

The Defendant, Robert Kleckley _____ being personally before this Court represented
by: R Dublosk _____, his attorney of record, and having:
(Check Applicable Provision)   [ ] Been tried and found guilty of the following crime(s).
                                [ ] Entered a plea of guilty to the following crime(s).  BK 24441 PG 0955
                                [X] Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|---|---|---|---|---|
| I-II | poss/pur/sell/del man cannabis | 893031CLL | 3F | |
| III | poss cannabis | 8931316 | M | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)
    The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00) pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)   [ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
                         (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

Restitution to State   [ ] The defendant shall make payment of any debt due and owing to the State under section 960.17, 948.03 (1)(9) and 775.089, Florida Statutes. The amount of such debt shall not exceed $10,000 and has already been determined to be $ _____ or if not yet determined shall be determined by the Court at a later date upon final payment by the Crimes Compensation Trust Fund on behalf of the victim(s).

                        [ ] The Court hereby imposed additional court costs in the sum of $ _____

Imposition of Sentence   [ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld      on probation for a period of _____
                         under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred        [ ] The Court hereby defers imposition of sentence until _____
Until Later Date                                                                    (Date)
(Check if Applicable)
                         [ ] Pay $200.00 Trust fund pursuant to F.S.27.3455

    The Defendant in Open Court was advised of his right to appeal from this Judgment by filling notice of appeal with the Clerk of Court within thirty days following
the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said
appeal at the expense of the State upon showing of indigence.

COUNT(S) I-III : 90 DAYS BROWARD COUNTY JAIL W/CREDIT FOR 5 DAYS TIMES SERVED

FORM 180P074 REVISED 10/94              PAGE 1 OF 2              ②

000568

| DIVISION<br>[ ] CRIMINAL | [ ]  **ADJUDICATION WITHHELD**<br>[x]  **ADJUDICATED  GUILTY** | | CASE NUMBER<br><br>05- 21520CF10 |
|---|---|---|---|

*Klechy, Robert*

**FINGERPRINTS OF DEFENDANT**

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:    RECORDED IN THE OFFICIAL RECORDS BOOK
OF BROWARD COUNTY, FLORIDA
COUNTY ADMINISTRATOR

_____ 3622 Court Deputy

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida  this 22 day of Feb

A.D., 19 06 . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the

Defendant  Robert Klechey  , and that they were placed thereon by said  Defendant in

my presence in Open Court this date.

_____

FORM 180P080                                    PAGE 2  OF 2

000569

# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

00570

DATE 1-22-96   CASE NO. 95021529CF10A   ARREST NO. FL95015354   ROR/IC/SURETY _Surel_ SUMMONS/CASH BOND   AGENCY _CLFL_

DEFENDANT __ROBERT KLECKLEY__   AKA __CLINTON, TYRONE__

## COURT STATUS

| | |
|---|---|
| MAGISTRATE | ☐ TRIAL   ☐ CHANGE OF PLEA |
| ARRAIGNMENT | ☐ JURY |
| SENTENCING | ☐ COURT   (☑ PLED GUILTY) |
| PSI | ☐ 1ST. V.O.   (☑ PLED NOLO) |
| PDR | ☐ FINAL V.O. _____ |

☐ _____ _will_   TRUST FUND / HOURS COMM. SERVIC
☐ ADJ. GUILTY _1, 11, 111_ __ vc   ASSESSMENT EACH COUN
☐ WITHHELD _____ VC EACH COUNT
☐ NOLLE PROSEQUI   ☐ DISMISSED   ☐ ACQUITTED

CHARGE(S)   **001 POSS/PUR/SELL/DEL/MAN CANNABIS**
**002 POSS/PUR/SELL/DEL/MAN CANNABIS**
**003 POSSESSION OF CANNABIS**

### DUI USE ONLY

COUNT _____

PROBATION W/SPECIAL CONDITION _____
LICENSE SUSP. _____ HOURS COMM SERVICE _____   WORK PERMI

CASAP/DUI SCHOOL _____   CASAP EVALUATION _____

$ _____ COURT COST _____ 5% _____ V.C. _____ CJC _____ EMTF

JAIL TIME _____
OTHER _____

SENTENCE:   I-II-III conc. 90 days BCJ w/c 5 days Time Service

| COUNT(S) | | TIME SERVED | | | DAYS |
|---|---|---|---|---|---|
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| | | PLUS $ | DEFERRAL FEE TO: | | |

_Kearney For BAKearney_

RICHARD D EADE

SP 3 1/87   JUDGE

BY _____ (DEPUTY CLERK)

FILE COPY

| DIVISION<br>[ ] CRIMINAL | [ ] **ADJUDICATION WITHHELD**<br>☒ **ADJUDICATED GUILTY** | CASE NUMBER<br><br>95- 21520CF10 |
|---|---|---|

*Klechy, Robert*

**FINGERPRINTS OF DEFENDANT**

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:   RECORDED IN THE OFFICIAL RECORDS BOOK
OF BROWARD COUNTY, FLORIDA
COURT ADMINISTRATOR

_____ 3622 Court Deputy

Name and Title

　　DONE AND ORDERED in Open Court at Broward County, Florida this ____ day of ____
A.D., 19 96 . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the
Defendant ___Robert Kleckey___ , and that they were placed thereon by said Defendant in
my presence in Open Court this date.

_____
KAKearney

FORM 180P080                              PAGE 2 OF 2                              000571

17th Judicial Circuit in and for Broward County

**DIVISION:**
**CRIMINAL**                 **JUDGEMENT**     DIV:     FK

CLOCK IN

96-049413     T#016
02-01-96     08:19AM

THE STATE OF FLORIDA VS:

Robert Kleckley

**PLAINTIFF**                          **DEFENDANT**

**CASE NUMBER**

95- 2150 CF 10

[ ] PROBATION VIOLATOR         STATE ATTORNEY ___C Farnsworth___
( Check if Applicable )         COURT REPORTER ___W Frisch___

The Defendant, __Robert Kleckley__ being personally before this Court represented
by: __Childers___ , his attorney of record, and having:
(Check Applicable Provision)   [ ] Been tried and found guilty of the following crime(s).
                               [ ] Entered a plea of guilty to the following crime(s).   BK 2 4 4 4 1 PG 0 9 5 5
                               [X] Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIE IMPOSED |
|-------|-------|--------------------------|-----------------|---------------------|
| I-II | poss/pur/sell/del man cannabis | 893031C4 | 3F | |
| III | poss cannabis | 8931316 | M | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)

The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00)pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)     [ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
                          (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and
                          completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

Restitution to State     [ ] The defendant shall make payment of any debt due and owing to the State under section 960.17, 948.03 (1)(9) and 775.089, Florida
                          Statutes. The amount of such debt shall not exceed $10,000 and has already been determined to be $_____ or if not yet determined
                          shall be determined by the Court at a later date upon final payment by the Crimes Compensation Trust Fund on behalf of the victim(s).

                          [ ] The Court hereby imposed additional court costs in the sum of $_____

Imposition of Sentence   [ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld          on probation for a period of _____
                             under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred        [ ] The Court hereby defers imposition of sentence until _____
Until Later Date
(Check if Applicable)                                                          (Date)

                         [ ] Pay $200.00 Trust fund pursuant to F.S.27.3455

Thr Defendant in Open Court was advised of his right to appeal from this Judgment by filling notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

COUNT(S) I - III : ___90___ DAYS BROWARD COUNTY JAIL W/CREDIT FOR ___15___ DAYS TIMES SERVED

FORM 180P074 REVISED 10/94                          PAGE 1 OF 2

000572

States

Case No: 99 15/4/CE/0A

ID Ex.

Filed APR 0 9 2010

Clerk of the Circuit Court

By _____

BROWARD COUNTY, FLORIDA
I certify this document to be a true
and correct copy of the original.
WITNESS MY HAND AND SEAL
on _Janeeay 6, 2010_
HOWARD C. FORMAN,
Clerk Of the Circuit County Courts
BY _____, D.C.

# AFIS Fingerprint Comparison Examination

☐ State Attorney
☐ Other Agency
☐ Identity Theft Unit

Date _1/28/10_

Requester _NEVA RAINFORD-SMITH_  Phone Number _X8417_

CIS Number _____

Case Number _99-15141CF10A_   PRINTS ROLLED IN OPEN COURT.

Date of Arrest _____

Name _ROBERT KLECKLEY_   SENTENCING DATE:

DOB _____  FEBRUARY 26, 2010

AKA'S _____  JUDGE BIDWIN -
                        # 6780

## COMPARE TO

CIS Number _____

Case Number _94-10975CF10_   KNOWN STANDARDS

Date of Arrest _____  ATTACHED

Name _ROBERT KLECKLEY_

DOB _____

AKA'S _____

Remarks/Comments _____

## Results to be Completed by the AFIS Unit

Only those items listed above were examined for this report. The result below represents the opinions and interpretations of the undersigned analyst:

Positive (One and the same person) ☑   Negative (Not one and the person) ☐
Inconclusive (insufficient ridge detail) ☐   No Value ☐

Remarks/Comments _____

_James Finian_ /13836          _2/4/10_
Fingerprint Analyst/CCN          Date

## End of Official Report

NOTARY PUBLIC-STATE OF FLORIDA
Alviria Narasimhan
Commission # DD852294
Expires:  DEC. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

SWORN TO BEFORE ME THIS _4TH_ DAY OF
_FEBRUARY_ A.D. 20 _10_
_Alviria Narasimhan_
NOTARY PUBLIC STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES

17th Judicial Circuit in and for Broward County

**CLOCK IN**

DIVISION: CRIMINAL

## JUDGEMENT

DIV: FD

95-294916　T#011
07-12-95　07:16AM

THE STATE OF FLORIDA VS:

Robert Kleckley

**CASE NUMBER**

94-10975CF

PLAINTIFF　　　　　　　　DEFENDANT

☒ PROBATION VIOLATOR　　STATE ATTORNEY　G Shayne
( Check if Applicable )　　COURT REPORTER　K Monsey

The Defendant, Robert Kleckley _____ being personally before this Court represented
by: K Castillo _____, his attorney of record, and having:
(Check Applicable Provision)　[ ] Been tried and found guilty of the following crime(s).
　　　　　　　　　　　　　　[ ] Entered a plea of guilty to the following crime(s).
　　　　　　　　　　　　　　[X] Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|---|---|---|---|---|
| I | Poss Cannabis | 893.03(1)C | 3°F | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)

　　The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00) pursuant to F.S. 960.20 (Crimes Comp. Trust Fund) The defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)　　[ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
　　　　　　　　　　　　(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

　　　　　　　　　　　　[ ] The Court hereby imposed additional court costs in the sum of $ _____

Imposition of Sentence　[ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld　　on probation for a period of _____
　　　　　　　　　　　　under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred　　　[ ] The Court hereby defers imposition of sentence until _____
Until Later Date　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Date)
(Check if Applicable)

　　　　　　　　　　　　[ ] Pay $200.00 Trust Fund pursuant to F.S. 27.3455

　　The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.
COUNT(S) I : 90 DAYS BROWARD COUNTY

JAIL W/CREDIT FOR 27 DAYS TIMES SERVED

BK23667PG0714

FORM 180P074 REVISED 10/93　　　　　　　　PAGE 1 OF 2

000575

17th Judicial Circuit in and for Broward County

CLOCK IN

DIVISION:
CRIMINAL

**JUDGEMENT** DIV: FD

95-294916 T#011
07-12-95 07:16AM

THE STATE OF FLORIDA VS:

ROBERT KLECKLEY

**CASE NUMBER**

94-10975CF

PLAINTIFF                          DEFENDANT

☒ PROBATION VIOLATOR
( Check if Applicable )

STATE ATTORNEY  G. Shaune
COURT REPORTER  K. Monsper

The Defendant, Robert Kleckley                          being personally before this Court represented
by: K Castillo                                          , his attorney of record, and having:
(Check Applicable Provision)   [ ] Been tried and found guilty of the following crime(s).
                               [ ] Entered a plea of guilty to the following crime(s).
                               ☒ Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|-------|-------|---------------------------|-----------------|----------------------|
| I | Poss Cannabis | 893.03(1)C | 3°F | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)
The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00)pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)      [ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
                           (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and
                           completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

                           [ ] The Court hereby imposed additional court costs in the sum of $ _____

Imposition of Sentence     [ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld            on probation for a period of _____
                               under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred          [ ] The Court hereby defers imposition of sentence until _____
Until Later Date                                                                                  (Date)
(Check if Applicable)
                           ☒ Pay $200.00 Trust Fund pursuant to F.S.27.3455

    The Defendant in Open Court was advised of his right to appeal from this Judgment by filling notice of appeal with the Clerk of Court within thirty days following
the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said
appeal at the expense of the State upon showing of indigence.
COUNT(S) I : 90 DAYS BROWARD COUNTY

JAIL W/CREDIT FOR 27 DAYS TIMES SERVED

BK23667PG0714

FORM 180P074 REVISED 10/93                          PAGE 1 OF 2

000576

000577

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

DATE 1/29/95   CASE NO. 94-10975CF   ARREST NO. PL95 6010   ROR/IC/SURETY SUMMONS/CASH BOND _____   AGENCY _____

DEFENDANT Robert Kleckley   AKA

## COURT STATUS

| | | | | | |
|---|---|---|---|---|---|
| ☐ MAGISTRATE | ☐ TRIAL | ☐ CHANGE OF PLEA | ☐ | | TRUST FUND / HOURS COMM. SERVICE |
| ☐ ARRAIGNMENT | ☐ JURY | ☐ PLED GUILTY | ☐ ADJ. GUILTY | V.C. | ASSESSMENT EACH COUNT |
| ☐ SENTENCING | ☐ COURT | ☐ PLED NOLO | ☐ WITHHELD | VC EACH COUNT | |
| ☐ PSI | ☑ 1ST. V.O. | | ☐ NOLLE PROSEQUI | ☐ DISMISSED | ☐ ACQUITTED |
| ☐ PDR | ☐ FINAL V.O. | | | | |

CHARGE(S)  Poss Controlled Subst

actul B alleg

Revoke Prob

SENTENCE: New sentence 90 days BCJ w 2nd day

### DUI USE ONLY

COUNT _____

PROBATION W/SPECIAL CONDITION
LICENSE SUSP. _____   HOURS COMM SERVICE _____   WORK PERMIT

CASAP/DUI SCHOOL _____   CASAP EVALUATION _____

$_____ COURT COST _____   5% _____   V.C. _____   CJC _____   EMTF

JAIL TIME _____
OTHER _____

| COUNT(S) | | TIME SERVED | | | DAYS |
|---|---|---|---|---|---|
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |

PLUS $ _____   DEFERRAL FEE TO: _____

_____   JUDGE

BY _____   (DEPUTY CLERK)

P3 7/87

**FILE COPY**

DIVISION
CRIMINAL

| [ ] **ADJUDICATION WITHHELD** | CASE NUMBER |
| [X] **ADJUDICATED GUILTY** | 94-10975CF |

### FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

BK23667PG0715

Fingerprints taken by:

RECORDED IN THE OFFICIAL RECORDS BOOK
OF BROWARD COUNTY, FLORIDA
COUNTY ADMINISTRATOR

_Shirley I. Sarris #512_ Court Deputy

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida this _____ day of **JUN 2 9 1995**
A.D., 19 **95** . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the
Defendant _ROBERT KLECKLEY_ , and that they were placed thereon by said Defendant in
my presence in Open Court this date.

_____
JUDGE

LM 150PC80 Revised 1/93                    PAGE 2 OF 2                    000578

States

Case No: 99 15141 CF10A

ID Ex.

Filed APR 09 2010

Clerk of the Circuit Court

By _____

BROWARD COUNTY, FLORIDA
I certify this document to be a true
and correct copy of the original.
WITNESS MY HAND AND SEAL
on _____ 6, 2010
HOWARD C. FORMAN
Clerk Of the Circuit County Courts
BY _____ D.C.

000579

# AFIS Fingerprint Comparison Examination

☐ State Attorney
☐ Other Agency
☐ Identity Theft Unit

Date _1/28/10_

Requester _NEVA RAINFORD-SMITH_  Phone Number _X8417_

CIS Number _____

Case Number _99-15141CF10A_  PRINTS ROLLED IN OPEN COURT.

Date of Arrest _____

Name _ROBERT KLECKLEY_  SENTENCING DATE:
FEBRUARY 26, 2010

DOB ███████████████  JUDGE BIDWIN -
# 6780

AKA'S _____

## COMPARE TO

CIS Number _____

Case Number _96-18542CF_  KNOWN STANDARDS ATTACHED

Date of Arrest _____

Name _ROBERT KLECKLEY_

DOB _____

AKA'S _____

Remarks/Comments _____

## Results to be Completed by the AFIS Unit

Only those items listed above were examined for this report. The result below represents the opinions and interpretations of the undersigned analyst:

Positive (One and the same person) ☑  Negative (Not one and the person) ☐
Inconclusive (insufficient ridge detail) ☐  No Value ☐

Remarks/Comments _____

_Janis Floron_ / 13856  _2/4/10_
Fingerprint Analyst/CCN  Date

## End of Official Report

NOTARY PUBLIC-STATE OF FLORIDA
Alviria Narasimhan
Commission #DD852294
Expires: DEC. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

SWORN TO BEFORE ME THIS _14th_ DAY OF
_February_ A.D. 20 _10_
_Alviria Narasimhan_
NOTARY PUBLIC STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES

| DIVISION CRIMINAL | [ ] **ADJUDICATION WITHHELD** <br> [X] **ADJUDICATED GUILTY** | CASE NUMBER <br> 96-18542CF |
|---|---|---|

### FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:

_____ Court Deputy

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida this $24$ day of Jan A.D., 19 __97__. I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant _Robert Blockley_ , and that they were placed thereon by said Defendant in my presence in Open Court this date.

_____ JUDGE

RECORDED IN THE OFFICIAL RECORDS BOOK OF BROWARD COUNTY, FLORIDA COUNTY ADMINISTRATOR

FORM 180PO80
REVISED 9/94                    PAGE 2 OF 2

000581

I7th Judicial Circuit in and for Broward County

**DIVISION:**
**CRIMINAL**          **JUDGEMENT**      DIV: FJ

THE STATE OF FLORIDA .VS: Robert Kleckley

97-056459   T#027
02-03-97    11:15AM

**CASE NUMBER**

96-18542CF

**PLAINTIFF**                    **DEFENDANT**

[ ] PROBATION VIOLATOR       STATE ATTORNEY _C. Bechert_
    ( Check if Applicable )    COURT REPORTER _K. Pelceya_

The Defendant, _Robert Kleckley_ being personally before this Court represented
by: _Sean Caspar_ , his attorney of record, and having:
(Check Applicable Provision)   [ ]  Been tried and found guilty of the following crime(s).
                               [X]  Entered a plea of guilty to the following crime(s).
                               [ ]  Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|-------|-------|---------------------------|-----------------|----------------------|
| I | Poss Cocaine | 893.03 2(a)4 | 3F | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of
the above crime(s)
     The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00) pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The defendant is further ordered to pay
the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)       [ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
                                (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and
                                completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

                            [ ] The Court hereby imposed additional court costs in the sum of $ _____

Imposition of Sentence     [ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld            on probation for a period of _____
                               under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred          [ ] The Court hereby defers imposition of sentence until _____
Until Later Date                                                                              (Date)
(Check if Applicable)
                           [ ] Per. $200.00 Sum Plan System per. F.S. 939.0455

     The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following
the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said
appeal at the expense of the State upon showing of indigence.
COUNT(S) _I_ : _365_ DAYS BROWARD COUNTY

JAIL W/CREDIT FOR _23_ DAYS TIMES SERVED

BK25980PG0674          000582
                                                                      (2)

FORM 18DP074  REVISED 10/93          PAGE 1 OF 2

Case 0:19-cv-62073-RKA Document 11-1 Entered on FLSD Docket 02/12/2020 Page 26 of 301

# THE COUNTY CRIMINAL COURT IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

DATE 1/24/97 CASE NO. 96018542CF10A ARREST NO. BS96020597 ROR/IC/SURETY SUMMONS/CASH BOND _____ AGENCY BCBS

00583

DEFENDANT ROBERT KLECKLEY _____ AKA _____

## COURT STATUS

- ☐ MAGISTRATE
- ☐ ARRAIGNMENT
- ☐ SENTENCING
- ☐ PSI
- ☐ PDR

- ☐ TRIAL
- ☐ JURY
- ☐ COURT
- ☐ 1ST. V.O. _____
- ☐ FINAL V.O. _____

- ☒ CHANGE OF PLEA
- ☒ PLED GUILTY
- ☐ PLED NOLO

- ☐
- ☒ ADJ. GUILTY
- ☐ WITHHELD _____ VC EACH COUNT
- ☐ NOLLE PROSEQUI
- ☐ DISMISSED

TRUST FUND / HOURS COMM. SERVICE _____
ASSESSMENT EACH COUNT _____
☐ ACQUITTED

CHARGE(S) 001 POSSESSION OF COCAINE

**DUI USE ONLY**

COUNT _____

PROBATION W/SPECIAL CONDITION _____ HOURS COMM SERVICE _____ WORK PERMIT
LICENSE SUSP. _____
CASAP/DUI SCHOOL _____ CASAP EVALUATION _____

$ _____ COURT COST _____ 5% _____ V.C. _____ CJC _____ EMTF

JAIL TIME _____
OTHER _____

SENTENCE: 365 days BCJ w/c 230 days T/S

conc w/96-19260 CF

| | COUNT(S) | TIME SERVED | | | DAYS |
|---|---|---|---|---|---|
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |

PLUS $ _____ DEFERRAL FEE TO: _____

BARRY E. GOLDSTEIN

JUDGE

BY _____ (DEPUTY CLERK)

FILE COPY

states Case No. 99 15141CF10A

Filed APR 09 2010

Clerk of the Circuit Court

By _____

BROWARD COUNTY, FLORIDA
I certify this document to be a true
and correct copy of the original.
WITNESS MY HAND AND SEAL
on _____
HOWARD C. FORMAN
Clerk Of the Circuit County Courts
BY _____ D.C.

17th
JUDICIAL
CIRCUIT
BROWARD COUNTY

000584

# AFIS Fingerprint Comparison Examination

☐ State Attorney
☐ Other Agency
☐ Identity Theft Unit

Date  1/28/10

Requester  NEVA RAINFORD-SMITH  Phone Number  X8417

CIS Number _____

Case Number  99-15141CF10A   PRINTS ROLLED IN OPEN COURT.

Date of Arrest _____

Name  ROBERT KLECKLEY   SENTENCING DATE: FEBRUARY 26, 2010

DOB  ██████████   JUDGE BIDWIN - # 6780

AKA'S _____

## COMPARE TO

CIS Number _____

Case Number  96-19260OF   KNOWN STANDARDS ATTACHED

Date of Arrest _____

Name  ROBERT KLECKLEY

DOB _____

AKA'S _____

Remarks/Comments _____

## Results to be Completed by the AFIS Unit

Only those items listed above were examined for this report. The result below represents the opinions and interpretations of the undersigned analyst.

Positive (One and the same person) ☑     Negative (Not one and the person) ☐
Inconclusive (insufficient ridge detail) ☐     No Value ☐

Remarks/Comments _____

James Flinn /18936          2/4/10
Fingerprint Analyst/CCN          Date

### End of Official Report

NOTARY PUBLIC-STATE OF FLORIDA
Alviria Narasimhan
Commission # DD852294
Expires:  DEC. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

SWORN TO BEFORE ME THIS  4ᵗʰ  DAY OF
FEBRUARY  A.D. 20 10
_Alviria Narasimhan_
NOTARY PUBLIC STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES

Document Control Number: CLAFIS11
Date:  June 15, 2007

Page 1 of 1

000585

Judicial Circuit in and for ⬤ward County

**CLOCK IN**

**DIVISION:**
**CRIMINAL**

# JUDGEMENT DIV: FI

THE STATE OF FLORIDA VS: Robert Klockley

97-056112   T#004
02-03-97   10:23AM

**CASE NUMBER**

96-19260 0F

**PLAINTIFF**      **DEFENDANT**

[ ] **PROBATION VIOLATOR**    **STATE ATTORNEY** C. Bichert
( Check if Applicable )    **COURT REPORTER** R. Peluso

The Defendant, _Robert Klockley_ being personally before this Court represented
by: _Jean Costa_ , his attorney of record, and having:
(Check Applicable Provision)   [ ] Been tried and found guilty of the following crime(s).
    [X] Entered a plea of guilty to the following crime(s).
    [ ] Entered a plea of nolo contendere to the following crime(s).

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|-------|-------|---------------------------|-----------------|----------------------|
| I | Delivery Cannabis for Consideration | 893.03(1)C | 3F | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)

The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00) pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).

(Check if Applicable)   [ ] The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835.
     (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s).

     [ ] The Court hereby imposed additional court costs in the sum of $ _____

Imposition of Sentence   [ ] The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant
Stayed and Withheld     on probation for a period of _____
     under the supervision of the Department of Corrections (condition of probation set forth in separate order.)

Sentence Deferred   [ ] The Court hereby defers imposition of sentence until _____
Until Later Date
(Check if Applicable)                                       (Date)
     [ ] Pay $200.00 Trust Fund pursuant to F.S. 27.3455

The Defendant in Open Court was advised of his right to appeal from this Judgment by filling notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.
COUNT(S) _I_ : _365_ DAYS BROWARD COUNTY

JAIL W/CREDIT FOR_ _21_ DAYS TIMES SERVED

BK25979PG0956

000586

# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

### FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST
### AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.

000587

DATE 1/24/97   CASE NO. 96019260CF10A   ARREST NO. BS96021382   ROR/IC/SURETY SUMMONS/CASH BOND   AGENCY BCBS

DEFENDANT   ROBERT KLECKLEY   AKA

## COURT STATUS

☐ MAGISTRATE   ☐ TRIAL   ☐ CHANGE OF PLEA   ☐                              TRUST FUND / HOURS COMM. SERVICE
☐ ARRAIGNMENT   ☐ JURY   ☑ PLED GUILTY   ☐ ADJ. GUILTY   WC/VC          ASSESSMENT EACH COUNT
☐ SENTENCING   ☐ COURT   ☐ PLED NOLO   ☐ WITHHELD            VC EACH COUNT
☐ PSI   ☐ 1ST. V.O.   ☐ NOLLE PROSEQUI   ☐ DISMISSED            ☐ ACQUITTED
☐      ☐ FINAL V.O.

CHAR    001 DELIVERY CANNABIS FOR CONSIDER

### DUI USE ONLY

COUNT
PROBATION W/SPECIAL CONDITION
LICENSE SUSP.            HOURS COMM SERVICE            WORK PERMIT
CASAP/DUI SCHOOL            CASAP EVALUATION

$ _____ COURT COST _____ 5% _____ V.C. _____ CJC _____ EMTF

JAIL TIME
OTHER

SENTENCE:  365 days BCJ W/C 21 days TS

$40 Pd app fee

$50 Pd fee

CONC W/96-18542CF

| COUNT(S) | TIME SERVED | | DAYS |
|---|---|---|---|
| $ _____ FINE | COURT COST _____ 5% _____ | V.C. _____ | CJC _____ |
| $ _____ FINE | COURT COST _____ 5% _____ | V.C. _____ | CJC _____ |
| $ _____ FINE | COURT COST _____ 5% _____ | V.C. _____ | CJC _____ |
| $ _____ FINE | COURT COST _____ 5% _____ | V.C. _____ | CJC _____ |
| PLUS $ _____ | DEFERRAL FEE TO: | | |

/S/   BARRY E. GOLDSTEIN   JUDGE

BY _____ (DEPUTY CLERK)

DISP 3  1/87

| DIVISION<br>CRIMINAL | [ ] **ADJUDICATION WITHHELD**<br>[X] **ADJUDICATED GUILTY** | CASE NUMBER<br>96-19260CF |
|---|---|---|

## FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
|  |  |  |  |  |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
|  |  |  |  |  |

Fingerprints taken by:

_____ 2049 Court Deputy

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida, this 24 day of Jan A.D., 19 97. I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant _Robert Kreleiley_ , and that they were placed thereon by said Defendant in my presence in Open Court this date.

_____
JUDGE

RECORDED IN THE OFFICIAL RECORDS BOOK
OF BROWARD COUNTY, FLORIDA
COUNTY ADMINISTRATOR
PAGE 2 OF 2

FORM 180P080
REVISED 9/94

000588

| DIVISION<br>CRIMINAL | [ ] **ADJUDICATION WITHHELD**<br>[X] **ADJUDICATED GUILTY** | CASE NUMBER<br>96-19260CF |
|---|---|---|

## FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:

_____ Court Deputy

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida this 24 day of Jan
A.D., 19 97 . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the
Defendant *Robert Rickley* , and that they were placed thereon by said Defendant in
my presence in Open Court this date.

_____
JUDGE

RECORDED IN THE OFFICIAL RECORDS BOOK
OF BROWARD COUNTY, FLORIDA
COUNTY ADMINISTRATOR
PAGE 2 OF 2

FORM 180P080
REVISED 9/94

000589

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, STATE OF FLORIDA

**THE STATE OF FLORIDA**                    **INFORMATION FOR**

     **vs.**

**ROBERT KLECKLEY**                          **I. DELIVERY OF CANNABIS FOR**
                                             **CONSIDERATION**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

    MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 11th day of October, A.D. 1996,** in the County and State aforesaid, did unlawfully deliver to Detective Greg Speiker for consideration, a controlled substance, to-wit: Cannabis, contrary to F.S. 893.03(1)(c) and F.S. 893.13(1)(a)(2),(L3),

CMK/ejc/10/29/96

**STATE OF FLORIDA vs.**     **ROBERT KLECKLEY**     **INFORMATION, Page 2**
                            IDENTIFYING DATA
                            B/M,

```
                              ⌐⌐⌐   9
                              ⌐⌐⌐   6
                              RECEIVED   O
                              LERK. CIRCUIT COURT   C
                              BROWARD COUNTY.FL.   T
                                                    2
                                                    9

                                                    PM 4: 40
```

COUNTY OF BROWARD
STATE OF FLORIDA                              MARK A. HORN

Personally appeared before me _____, duly
appointed as an Assistant State Attorney of the 17th Judicial Circuit of
Florida by MICHAEL J. SATZ, State Attorney of said Circuit and Prosecuting
Attorney for the State of Florida in the County of Broward, who being first
duly sworn, certifies and says that testimony has been received under oath
from the material witness or witnesses for the offense(s), and the
allegations as set forth in the foregoing Information would constitute the
offense(s) charged, and that this prosecution is instituted in good faith.

_____
Assistant State Attorney, 17th Judicial Circuit of Florida

---

SWORN TO AND SUBSCRIBED before me this 29 day of Oct , A.D. 19__
                    ROBERT E. LOCKWOOD

          . Clerk of the Circuit Court, 17th Judicial Circuit,
            Broward County, Florida

          By _____
               Deputy Clerk

To the within Information, Defendant pleaded _____.

               ROBERT E. LOCKWOOD

               Clerk of the Circuit Court, 17th Judicial Circuit,
               Broward County, Florida

          By _____
               Deputy Clerk

BROWARD COUNTY

ARREST NO.

| FILING AGENT | OFFENSE REPORT |
|---|---|
| BSO | BS96-10-5376 |

| DEFENDANT'S LAST NAME | FIRST | MIDDLE | SUF | ALIAS/STREET NAME | | CITIZENSHIP |
|---|---|---|---|---|---|---|
| KLECKLEY | ROBERT | JR | | | | |

| RC. | SEX | HGT. | EYES | HAIR | WGT. | COMP. | AGE | D.O.B. | BIRTHPLACE | SCARS, MARKS, TT |
|---|---|---|---|---|---|---|---|---|---|---|
| B | M | 5'11 | BRO | BLA | 130 | DK | 20 | | ISLAND, FLA | Gold teeth, TT LT. FOREARM |

| PERMANENT ADDRESS | LOCAL ADDRESS |
|---|---|
| | Same |

| | PLACE OF EMPLOYMENT | LENGTH |
|---|---|---|
| | none | |

| RESIDENCE TYPE: | (✓) CITY | (2) COUNTY | (3) FLORIDA | (4) OUT-OF-STATE |
|---|---|---|---|---|

| HOW LONG DEFENDANT IN BROWARD COUNTY | BREATHALYZER BY/CCN | READING | PLACE OF ARREST | DATE/TIME ARRESTED | ARRESTING OFFICER(S) CCN |
|---|---|---|---|---|---|
| 20 | | | | 10-11-96 / 1130 | T. Brent 4356 |

| OFFICER INJURED | UNIT | ZONE | BEAT | SHIFT | UNIT TRANSPORTING PRISONER | TRANSPORTING OFFICER/CCN | PICK-UP TIME- | DRUG TYPE |
|---|---|---|---|---|---|---|---|---|
| Y ☐ N ☒ | BSO | 595 | - | - | | | TIME ARRIVED AT BSO | M |

| TYPE N-NA A-AMPHETAMINE | B-BARBITURATE C-COCAINE E-HEROIN | H-HALLUCINOGEN M-MARIJUANA O-OPIUM | P-PARAPHERNALIA/ EQUIPMENT S-SYNTHETIC | U-UNKNOWN Z-OTHER | ACTIVITY S | ACTIVITY N-NA P-POSSESS | S-SELL B-BUY T-TRAFFIC | A-SMUGGLE D-DELIVER E-USE | M-MANUFACTURE/ PRODUCE/ CULTIVATE | K-DISPENSE/ DISTRIBUTE | Z-OTHER | INDICATION OF: ALCOHOL INFLUENCE DRUG INFLUENCE | Y ☐ ☐ | N ☐ ☐ | UK ☒ ☒ |

VEHICLE TOWED TO _____

| NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) | ADDRESS | PHONE # |
|---|---|---|
| STATE OF FLA | | |

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRANT # |
|---|---|---|---|
| 1 | Delivery of Marijuana | | 893.13 |
| | | | |
| | | | |
| | | | |

96 OCT 11 PM 2:10

Before me this date personally appeared _T. Brent_ _____ OCT _11_ day _19 96_ at _2131 NW 7G FLD, FLA_ _____ who being first duly sworn deposes and says that on _11_ day _____ 19 _96_ at _2131 NW 7G FLD, FLA_ _____ (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

DET. SPEIKER POSED UNDERCOVER AND MADE CONTACT WITH DEFENDANT AT
ABOVE LOCATION. THE DEFENDANT SOLD ONE BAG OF MARIJUANA TO DET.
SPEIKER IN EXCHANGE FOR $10.00. FOLLOWING THE TRANSACTION THE
DEF WAS ARRESTED. THE MARIJUANA TESTED POSITIVE

* CURRENTLY OUT ON A FELONY BOND. *

I swear the above statement is correct and true to the best of my knowledge and belief

| Tom Brent 4356 | BSO/SCE |
|---|---|
| OFFICER/AFFIANT'S SIGNATURE | OFFICER'S NAME/CCN | OFFICER'S DIVISION |

STATE OF _FLA_ COUNTY OF _Broward_

The foregoing instrument was acknowledged before me this _11_ day of _OCTOBER_ 19 _96_, who is personally known to me or who has produced (ID Type) _license_ as identification, and who _____ take an oath. (DID OR DID NOT)

(SEAL OR STAMP)

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY        TITLE OR RANK/CCN _8/5/3503_

**000592**

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA
BSOOB #2 (Rev. 9/91)

FIRST APPEARANCE / ARREST FORM

SHOULD ADDITIONAL SPACE BE NEEDED, USE PROBABLE CAUSE AFFIDAVIT CONTINUATION.

COURT COPY

Orig. - Court
2nd - State Atty.
3rd - Filing Agency
4th - Arresting Agency

| DIVISION CRIMINAL | [ ] **ADJUDICATION WITHHELD**  [X] **ADJUDICATED GUILTY** | CASE NUMBER  96-19260CF |
|---|---|---|

## FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

BK25079PG0957

Fingerprints taken by:

_____ Court Deputy

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida this 24 day of Jan A.D., 19 97, I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant Robert Rielley , and that they were placed thereon by said Defendant in my presence in Open Court this date.

_____
JUDGE

FORM 180P080
REVISED 9-94

000593

States Case No. 99 / 514 / CF / 0A

Filed APR 0 9 2010
Clerk of the Circuit Court
By

BROWARD COUNTY, FLORIDA
I certify this document to be a true
and correct copy of the original.
WITNESS MY HAND AND SEAL
on January 28, 2010
HOWARD C. FORMAN
Clerk Of the Circuit County Courts
BY

000594

| DIVISION: | [ ] ADJUDICATION WITHHELD | CASE NUMBER |
|---|---|---|
| CRIMINAL | [ ] ADJUDICATED GUILTY | CF 10 |

# FINGERPRINTS OF DEFENDANT

Kleckley, Robert

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4.R. RING | 5.R. LITTLE |
|---|---|---|---|---|
|  |  |  |  |  |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
|  |  |  |  |  |

Fingerprints taken by:

K. Edwards CCV# 15210 Court Deputy

Name & Title

DONE AND ORDERED in Open Court at Broward County, Florida this 28th day of January 2-010.
I HEREBY CERTIFY that the above and foregoing fingerprints are of the Defendant

_____, and that they were placed thereon by said defendant in my
presence

in Open court this date.

_____
JUDGE

ICC 112-57 FINGERPRINTS OF DEFENDANT

000595

states

Case No: 99 15 14 ICF/0A

Filed APR 0 9 2018

Clerk of the Circuit Court

By _____ KN

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy of

_____

the original as filed in my office.

WITNESS my hand and Official Seal at
Fort Lauderdale, FL, this _____ day
of _____

CLERK OF THE CIRCUIT COURT

By_____
Deputy Clerk

ICC 112-57 FINGERPRINTS OF DEFENDANT

000596

[ ] 17th Judicial Circuit in and for Broward County

[ ] In the County Court in and for Broward County

Filed in Open Court
CLERK OF THE CIRCUIT COURT
ON ___APR 0 9 2010___
BY _____

**DIVISION:**
[ ] CRIMINAL
[ ] TRAFFIC
[ ] OTHER

## HEARING PROCEEDING

THE STATE OF FLORIDA VS.

**Robert Kleckley**

PLAINTIFF                    DEFENDANT

**CASE NUMBER**

99 15141CF10A

CHARGE/S _II Shoot/Throw into Vehicle_

DATE    APR 0 9 2010

This case being called for hearing on _Re-sentencing Hrg_,

the Defendant was/was not present in open Court with/without counsel _J. Klepecky Chloupek_,

Esq. The State represented by _Neva Smith_, Esq., Assistant State

Attorney. Court Reporter, _Laquita Chin_ was also present.

The following witnesses were duly sworn and testified in this cause:

| PROSECUTION | DEFENSE |
|---|---|
| K. Edwards | Ava Nelson |
| James Gorman | Ms. Rich |
| Miguel Rodriguez | Kimberly Kleckley |
| | Sheila Major |
| | Robert Kleckley |

After due consideration, this court
GRANTED the Motion/s to _____

DENIED the Motion/s to _____

By: _____
Deputy Clerk

000597

# EXHIBIT

# 47

Case 0:19-cv-62972-RKA Document 12-3 Entered on FLSD Docket 02/20/2020 Page 42 of 301

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA

**STATE OF FLORIDA,**                    **CASE NO. 99-15141CF10A**

Plaintiff,

vs.                                      Judge:  **BIDWILL**

**ROBERT KLECKLEY,**

Defendant.

_____/

## STATE'S RESPONSE TO DEFENDANT'S
## MOTION FOR POST CONVICTION RELIEF

THE STATE OF FLORIDA, by and through the undersigned assistant state attorney, in response to this Court's Order, hereby files this Response to the Defendant's Motion for Post Conviction Relief brought pursuant to Fla.R.Crim.P. 3.850 and provided to prison officials for filing on October 1, 2012, and would show the following:

### Procedural History

The defendant, Robert Kleckley, was charged with, Count I – attempted first degree murder, Count II – shooting into an occupied vehicle, and Count III – possession of a firearm by a convicted felon, all alleged to have occurred on August 20, 1999. (Ex.A, information) Kleckley proceeded to a jury trial on Counts I and II only in May 2000, and was convicted as charged, with the jury making specific

1

findings that the defendant had discharged a firearm and caused great bodily harm. (Ex.B, verdict) The Court sentenced Kleckley to a term of life imprisonment on Count I under the provisions of the "10-20-Life" provisions of §775.087, Fla. Stat. for discharging a firearm and causing great bodily injury, and to 30 years imprisonment as a habitual felony offender (HFO) on Count II for shooting into an occupied vehicle. [1] (Ex.C, sentencing documents)  The state thereafter nol prossed Count III, possession of a firearm by a convicted felon.

After a long series of appeals, including a direct appeal wherein Kleckley's *convictions* were affirmed in 2001,  Kleckley v. State, 787 So. 2d 868 (Fla. 4th DCA 2001), and multiple motions for post conviction relief under Rules 3.850 and 3.800(a), the defendant was eventually re-sentenced on Count II, only, on April 9, 2010, because the state conceded after remand that the priors introduced by the state during the original sentencing hearing did not qualify Kleckley for sentencing as a HFO.  See, Kleckley v. State, 4 So. 3d 1290 (Fla. 4th DCA 2009)(reversing the summary denial of Kleckley's Rule 3.800(a) claim that his HFO sentence imposed for Count II was illegal and remanding for the attachment of record portions conclusively refuting his claim or for resentencing); (Ex.D, Rule 3.800(a) motion

---

[1] In a prior hearing before this court, the undersigned mistakenly stated the defendant had been sentenced as a HFO on Count I as well as Count II, a misstatement the defendant seizes upon in his argument to this Court.  In fact, the sentencing documents show that defendant Kleckley had always been sentenced, on Count I, to life under the 10-20-life provisions of the Florida Statutes and NOT as a HFO.  (Ex.C)

filed May 27, 2008, which was the basis for the remand).  After a new sentencing hearing before this Court, Kleckley was again sentenced to serve 30 years in prison as a HFO on Count II.  (Ex.E, transcript of hearing held on April 9, 2010, page 53) His sentence was summarily affirmed.  Kleckley v. State, 89 So. 3d 1135 (Fla. 4th DCA 2012).

Defendant Kleckley filed his instant motion for post conviction relief, by the "mailbox rule" on October 1, 2012.  This Court ordered the state to respond to such motion and this response follows.

<div align="center">Argument</div>

Defendant Kleckley raises ten (10) numbered grounds for relief, seven (7) of which allege claims of ineffective assistance of counsel.   Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant alleging ineffective assistance of counsel must demonstrate that counsel performed deficiently to such an extent that his or her performance was outside the wide range of professionally competent assistance, **AND** that such deficiency or omission actually prejudiced the defendant to such an extent that the result of the proceeding has been rendered unreliable, or that a reasonable probability of a different result exists, but for the omissions or deficiencies of counsel.  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." Id. at 693, 104 S.Ct. 2052.  The burden is on the defendant to show "that counsel made

<div align="center">3</div>

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. 2052. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. Indeed, "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 792 (2011).  With such standards in mind, the defendant's claims will be addressed.

Ground One:   The defendant claims his counsel, Joseph Chloupek, was ineffective for not advising the court of a conflict of interest.   Apparently Mr. Chloupek, when he was employed by the Public Defender's Office in West Palm Beach, was the appellate counsel responsible for the defendant's direct appeal in 2000.  Following the summary affirmance of his conviction and sentence in 2001, the defendant filed a petition for writ of habeas corpus in the appellate court seeking a belated appeal and claiming ineffective assistance of appellate counsel for failing to order or have transcribed the sentencing transcripts.  See, Kleckley v. State, 810 So. 2d 1081 (Fla. 4th DCA 2002).   In granting relief, the appellate court noted Kleckley had alleged the sentencing court failed to orally pronounce his sentence under 10-20-Life and as a habitual offender.  Id.  Any appeal therefrom was to address sentencing, only.  Id.

It should be noted that it wasn't until the defendant filed his *third* motion under Rule 3.800(a) on May 27, 2008, that he raised, in "Issue Two" of the motion, the

sentencing issue the appellate court ultimately deemed meritorious; that he was sentenced on Count II as a HFO without requisite predicate offenses. (Ex.D, defendant's Rule 3.800(a) motion of May 27, 2008); See, Kleckley v. State, 4 So. 3d 1290 (Fla. 4th DCA 2009)(reversing the summary denial of Kleckley's Rule 3.800(a) claim that the HFO sentence imposed for Count II was illegal and remanding for the attachment of record portions conclusively refuting his claim or for resentencing). By the time the re-sentencing had been assigned to Mr. Chloupek, who by that time was employed by the Public Defender in Broward County, some ten (10) years had passed from the time Mr. Chloupek represented the defendant on direct appeal.

While the defendant correctly notes that the right to effective assistance of counsel encompasses the right to representation free from actual conflict, Strickland v. Washington, and Cuyler v. Sullivan, 446 U.S. 335, 349, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), the Florida Supreme Court has stated in Hunter v. State, 817 So. 2d 786, 791-792 (2002)(emphasis added):

> However, in order to establish an ineffectiveness claim
> premised on an alleged conflict of interest the defendant
> must "establish that an actual conflict of interest
> adversely affected his lawyer's performance." *Cuyler*,
> 446 U.S. at 350, 100 S.Ct. 1708; *see also Quince v. State*,
> 732 So.2d 1059, 1065 (Fla.1999). A lawyer suffers from
> an actual conflict of interest when he or she "actively
> represent[s] conflicting interests." *Cuyler*, 446 U.S. at
> 350. To demonstrate an actual conflict, the defendant
> must identify specific evidence in the record that
> suggests that his or her interests were compromised. *See*

*Herring v. State,* 730 So.2d 1264, 1267 (Fla.1998). A possible, speculative or merely hypothetical conflict is "insufficient to impugn a criminal conviction." *Cuyler,* 446 U.S. at 350, 100 S.Ct. 1708. "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.* **If a defendant successfully demonstrates the existence of an actual conflict, *the defendant must also show that this conflict had an adverse effect upon his lawyer's representation.*** See *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052; *Cuyler,* 446 U.S. at 350, 100 S.Ct. 1708.

The state would assert that Kleckley has not demonstrated an actual conflict of interest in the first instance, or alternatively, if a conflict existed, that the conflict had an adverse effect upon his lawyer's representation.

About ten years had passed between the time Mr. Chloupek represented the defendant on direct appeal and during re-sentencing.[2] Even if one were to assume that Mr. Chloupek remembered the defendant and his claim of ineffective assistance of appellate counsel, the following representation at page 5 of the defendant's motion:

> Counsel for Defendant explained in-part the discussions him and Defendant had during lawyer client visit and that if the Defendant wanted to litigate the case himself he would have to discharge counsel and represent himself pro se. (See R.- T.T. 12, lines 7-13) Defendant stated during resentencing that he did not want to fire his

---

[2]   Undoubtedly, working at the Public Defender's Office appellate office, Mr. Chloupek represented hundreds of defendants and wrote hundreds of briefs. Indeed, a search of Mr. Chloupek's name in Westlaw produces 327 separate opinions.  It is common knowledge that unlike trial attorneys, appellate counsel rarely meet their clients in person, but rather work from trial court records.

counsel.  (R. – T.T. 13, lines 17-20)  Defendant asserts the reason he did not want to fire counsel was because he did not want to represent himself and Defendant believed that was his only option.

*is misleading* to the extent that the defendant offers this as proof that he told Mr. Chloupek of the conflict of interest, and despite such knowledge Mr. Chloupek refused to tell the Court.   This conversation on the record had *nothing* to do with any conflict of interest or any claim of ineffective assistance of appellate counsel. Rather, a close reading of the transcript shows counsel was informing the Court that he had a disagreement with the defendant on whether he could be re-sentenced on Count I as well as Count II.  (Ex.E, pages 7-14)  Mr. Chloupek made it clear it was his professional judgment, given the Fourth District Court of Appeal's opinion, that only sentencing on Count II was involved.[3]  Nevertheless, the claim was preserved for appeal and this Court permitted the defendant to argue the claim. (Ex.E, pages 14-15)

Regardless, the defendant never said a single word about a conflict of interest to the Court before, during, or after re-sentencing.  It is the state's position

---

[3]  It should be noted that the Fourth District Court of Appeals specifically ordered the state to respond *only* to Kleckley's challenge to his HFO sentence on Count 2 as contained in point two of his motion, (Ex.F, Order in 4DCA Case No. 4D08-3706), and further noted in their opinion reversing the summary denial on Count 2, "We affirm the trial court's denial of appellant's other claim.  Kleckley, 4 So. 3d 1290, 1291 (Fla. 4th DCA 2009).  The "other claim" raised by the defendant in his Rule 3.800(a) motion concerned the verdict form which he claimed was defective by not giving the jury the option of finding him guilty without the use of a firearm and therefore concerned his sentence on Count 1.  (Ex.D)

that he cannot hold such a "conflict" in his pocket, wait for the re-sentencing, and if it was not what he desired, to then claim the conflict in an effort to obtain yet another re-sentencing.

Alternatively, the defendant has failed to demonstrate that the "conflict" had an adverse effect upon his lawyer's representation during the re-sentencing hearing. Counsel appropriately called witnesses and argued for a lesser sentence. (Ex.E) That he was unsuccessful does not mean that he performed deficiently. Any suggestion that another attorney would have obtained a different result would be pure speculation and conjecture. Accordingly, for all of the reasons articulated, this ground should be DENIED.

Ground Two:  Defendant Kleckley claims counsel at the resentencing hearing was ineffective for failing to cross examine state's witness Miguel Rodriguez. As acknowledged by the defendant in his motion, Mr. Rodriguez was the victim in the instant case.

Kleckley claims his counsel was ineffective for not cross examining the victim concerning:  (1) his "description of the culprit that committed the crime" when he first spoke to the detective, (2) whether he was influenced when he picked the defendant in the photo line-up, (3) if the defendant was the only person in the photo line-up with braided hair, and (4) if there was a possibility that he was mistaken in identifying the defendant as the person who shot him. (defendant's motion page 9) These are all questions involving the guilt (conviction) phase of the trial and would

have been completely irrelevant and inappropriate for resentencing. After all, the defendant's guilt was not an issue since his convictions had been affirmed many years before.  Kleckley v. State, 787 So. 2d 868 (Fla. 4th DCA 2001). Thus, counsel could not have acted deficiently in failing to question the victim about issues which related to the offenses, not the sentence.

Defendant Kleckley also contends that counsel should have asked the victim: (1) what his "reason for wanting the Defendant to remain in prison for his natural life" was; (2) if he, the victim, felt the defendant showed signs of rehabilitation and (3) if he, the victim, felt the defendant would be able to function in society. (defendant's motion page 9)  With regard to the victim's reasons for wanting the defendant to remain in prison for life, the victim already stated his reasons.  (Ex.D, page 27)  Any further questioning would have been cumulative.

As for questioning whether the defendant could function in society or if he had shown any "signs of rehabilitation," the victim would not have been in any position to know, opine, or speculate on  such matters.  Post conviction relief cannot be predicated upon speculation and conjecture.  Jones v. State, 845 So. 2d 55, 64 (Fla. 2003); Bruno v. State, 807 So. 2d 55, 67 (Fla. 2002); Maharaj v. State, 778 So. 2d 944, 951 (Fla. 2000).   Thus, because neither deficiency nor prejudice has been demonstrated, this ground should be DENIED.

Ground Three:  Defendant Kleckley contends his attorney was ineffective for failing to call Dorothy Kleckley as a witness at his resentencing hearing.  He claims

that such witness would have testified to seeing classes conducted by the defendant, regarding religion and spirituality, and their positive affect on "men that are returning back into society." She also could have testified to the defendant's employment as a typesetter upon release from prison and his plans to create a non-profit organization to "help youthful offenders and rehabilitate men and women that need help starting a life…." (defendant's motion pages 11-12)

Initially, the state notes that the defendant has not alleged that he told his counsel of such witness, what her testimony would have been, and whether she was available to testify. Nevertheless, the state asserts that even if she would have testified as alleged by the defendant, especially considering her relation to the defendant and the cumulative nature of her purported testimony, there is no reasonable probability of a different outcome. (See Ex.E, transcript of re-sentencing hearing held April 9, 2010) Not having demonstrated either deficiency or prejudice, this ground should be DENIED.

Grounds Four, Five, Eight and Nine: In related claims, the defendant contends his *trial counsel* was ineffective for not objecting to an allegedly defective verdict form, for failing to renew objections to striking the jury panel, and for failing to obtain a fingerprint expert and a hair expert to analyze evidence in the vehicle which he claims would have cast doubt on his guilt.

As noted, the defendant was before this Court to be resentenced, on Count II only, as a result of a successful Rule 3.800(a) motion. Kleckley v. State, 4 So. 3d

1290 (Fla. 4th DCA 2009).   Kleckley's *convictions*, however, were final since his direct appeal in 2001.  See, Kleckley v. State, 787 So. 2d 868 (Fla. 4th DCA 2001). Following some procedural issues that are not relevant herein, See, Kleckley v. State, 857 So. 2d 1009 (Fla. 4th DCA 2003), and Kleckley v. State, 815 So. 2d 737 (Fla. 4th DCA 2002),  Kleckley's Rule 3.850 motion filed on January 17, 2003, (Ex.G, motion filed January 17, 2003), and his September 14, 2004, Motion to Supplement his previously filed Rule 3.850 motion for post conviction relief, (Ex.H), were responded to by the state.  The state urged denial of the January 17, 2003, motion *on the merits*, and asserted the grounds raised in the supplemental motion filed in 2004 were time barred.  (Ex.I, state's response filed January 5, 2005, without supporting exhibits)  It should be noted that defendant Kleckley claimed in those pleadings that his *trial counsel* was ineffective.

This Court, in its Order rendered February 1, 2005, denied the defendant's motions and in doing so adopted the state's reasoning from its response.  (Ex.J, Order)  The defendant appealed and this Court's denial of his timely January 17, 2003, Rule 3.850 motion for post conviction relief, and his untimely September 14, 2004, supplement to his motion for post conviction relief, and this Court's denial was summarily affirmed.  Kleckley v. State, 918 So. 2d 306 (Fla. 4th DCA 2005).

Thus, the defendant had the time and opportunity to assert claims of ineffective assistance of *trial counsel*.  He cannot now, after an intervening resentencing as a result of a successful Rule 3.800(a) motion, raise additional claims

of ineffective assistance of *trial counsel*.   In other words, defendant Kleckley's resentencing, which resulted not from his direct appeal but from his successful Rule 3.800 motion, did not toll the two-year time limit for filing a Rule 3.850 motion attacking his conviction and *trial counsel*. See, Gillis v. State, 32 So. 3d 681 (Fla. 2d DCA 2010); See also, Joseph v. State, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003)("The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered. An illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion."); Pierce v. State, 875 So. 2d 726, 727 n.1 (Fla. 4th DCA 2004)(noting the difference between cases "involve[ing] re-sentencing on direct appeal" and cases such involving "re-sentencing following a post-conviction motion").   These grounds are untimely, impermissibly successive, and therefore procedurally barred and should be DENIED on that basis.

Ground Six:  The defendant contends, in a claim related to ground 4, the court erred not by giving the jury defective instructions, but rather by providing them with a verdict form which did not give them the option to find the defendant guilty of the offense, but without possessing or using a firearm.  He claims that such resulted in an illegal enhancement.

This is a claim which could have and therefore should have been brought in a direct appeal or through a timely filed, not successive, motion for post conviction relief. Indeed, as is evidenced by his brief filed in his appeal after his most recent re-sentencing, Kleckley raised the exact issue before the appellate court. (Ex.K, defendant's brief in Case No. 4D10-1593) The state asserted in its answer brief that the issue was barred because it had been previously litigated in a prior appeal, Kleckley v. State, 4 So. 3d 1290 (Fla. 4th DCA 2009), was the law of the case, and not a manifest injustice in any event. (Ex.L, state's brief Case No. 4D10-1593) By summarily affirming this Court's re-sentence of April 9, 2010, without reaching the issues presented in his brief particularly since the state argued the matter had already been litigated before, was the law of the case, and not a manifest injustice, the issue claimed in the instant ground is also barred for the same reasons and should be DENIED.

Grounds 7 and 10:    In related claims attacking his conviction, not the sentence or procedures used in his resentencing of April 2010, the defendant claims principles of double jeopardy were violated by his convictions for attempted murder with a firearm and shooting into an occupied vehicle, and further that there was a lack of probable cause to arrest him. These are both issues which could have and therefore should have been raised on direct appeal or in a timely filed motion for post conviction relief. As stated above in grounds 4, 5, 8, and 9, defendant Kleckley's resentencing, which resulted not from his direct appeal but from his

13

77

successful Rule 3.800 motion, did not toll the two-year time limit for filing a Rule 3.850 motion attacking his conviction.   These claims are therefore procedurally barred from consideration herein and should be DENIED.

WHEREFORE, for the aforementioned reasons, the instant Motion for Post Conviction Relief should **DENIED.**

Respectfully submitted,

MICHAEL J. SATZ
State Attorney

**SUSAN ODZER HUGENTUGLER**
Assistant State Attorney
Fla. Bar No. 378615
Broward County Courthouse
201 S.E. 6th Street, Suite 660A
Fort Lauderdale, Florida 33301
Telephone:  954-831-7913

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response was furnished by U.S. Mail this _13_ day of January, 2016, to: Robert Kleckley, DC# 976678, South Bay Correctional Institution, 600 US Highway 27 South, South Bay, FL, 33493.

SUSAN ODZER HUGENTUGLER
Assistant State Attorney

# EXHIBIT

# A

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, STATE OF FLORIDA

**THE STATE OF FLORIDA**                    **INFORMATION FOR**

    **vs.**

    **ROBERT KLECKLEY**

        **I. ATTEMPT MURDER IN THE FIRST DEGREE**

        **II. SHOOTING AT OR INTO OCCUPIED VEHICLE**

        **III. POSSESSION OF FIREARM BY A CONVICTED FELON**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 20th day of August, A.D. 1999**, in the County and State aforesaid, did unlawfully attempt to commit murder in the first degree in that Robert Kleckley did unlawfully and feloniously and from a premeditated design to effect the death of Miguel Rodriguez, a human being, attempt to kill said Miguel Rodriguez by shooting said Miguel Rodriguez with a firearm, to-wit: a handgun, said firearm being in the possession of Robert Kleckley, and said Robert Kleckley did intend to commit murder in the first degree, and as a result of such shooting, great bodily harm was inflicted upon Miguel Rodriguez, contrary to F.S. 777.04(1) and F.S. 777.04(4), F.S. 782.04(1)(a) and F.S. 775.087(1)(2), (L10),

### COUNT II

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 20th day of August, A.D. 1999**, in the County and State aforesaid, did wantonly and maliciously shoot a firearm at, within or into a vehicle which was then and there occupied by Miguel Rodriguez, and as a result of such shooting, great bodily harm was inflicted upon Miguel Rodriguez, contrary to F.S. 790.19, (L6),

### COUNT III

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 20th day of August, A.D. 1999**, in the County and State aforesaid, having previously been convicted on January 24, 1997, of the felony crime of Delivery of Cannabis, in the Circuit Court of the Seventeenth Judicial Circuit In and For Broward County, Florida, did then and there unlawfully own or have in his care, custody, possession or control a firearm, contrary to F.S. 790.23, (L5),

PFL/mb/ ██████

80

000003

**STATE OF FLORIDA vs. ROBERT KLECKLEY**                    INFORMATION, Page 2
                              **IDENTIFYING DATA**
                                   **B/M,** ████████  ████████

COUNTY OF BROWARD
STATE OF FLORIDA

    Personally appeared before me _____STEVEN P. DE LUCA_____, duly
appointed as an Assistant State Attorney of the 17th Judicial Circuit of
Florida by MICHAEL J. SATZ, State Attorney of said Circuit and Prosecuting
Attorney for the State of Florida in the County of Broward, who being first
duly sworn, certifies and says that testimony has been received under oath
from the material witness or witnesses for the offense(s), and the
allegations as set forth in the foregoing Information would constitute the
offense(s) charged, and that this prosecution is instituted in good faith.

_____
Assistant State Attorney, 17th Judicial Circuit of Florida

    SWORN TO AND SUBSCRIBED before me this __8__ day of __Sep__, A.D. 19_99_.
    ROBERT E. LOCKWOOD

        Clerk of the Circuit Court, 17th Judicial Circuit,
        Broward County, Florida

    By _____
        Deputy Clerk

    To the within Information, Defendant pleaded _____.

        ROBERT E. LOCKWOOD

        Clerk of the Circuit Court, 17th Judicial Circuit,
        Broward County, Florida

    By _____
        Deputy Clerk

81
000004

# EXHIBIT

# B

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 99-15141CF10
JUDGE: JAMES I. COHN

STATE OF FLORIDA,          :

      Plaintiff,          :

vs.          :

ROBERT KLECKLEY,          :

      Defendant.          :

_____ //

**V E R D I C T**

Filed In Open Court,
ROBERT E. LOCKWOOD,
CLERK
ON MAY 1 9 2000
BY _____

**COUNT I**

WE, the Jury find as follows as to the defendant in this case: (check only **one**)

X      a.      The Defendant is guilty of Attempted Murder in the First Degree with a Firearm, as charged in the Information and in the course thereof discharged a firearm inflicting great bodily harm.

_____      b.      The Defendant is guilty of Attempted Murder in the First Degree with a Firearm, as charged in the Information and in the course thereof discharged a firearm.

_____      c.      The Defendant is guilty of Attempted Murder in the First Degree with a Firearm, as charged in the information and in the course thereof possessed a firearm.

_____      d.      The Defendant is guilty of Attempted Murder in the Second Degree, a lesser included offense and in the course thereof discharged a firearm inflicting great bodily harm.

_____      e.      The Defendant is guilty of Attempted Murder in the Second Degree, a lesser included offense and in the course thereof discharged a firearm.

_____      f.      The Defendant is guilty of Attempted Murder in the Second Degree, a lesser included offense and in the course thereof possessed a firearm.

_____      g.      The Defendant is guilty of Attempted Voluntary Manslaughter with a Firearm, a lesser included offense.

Page 2
Verdict
State of Florida vs. Robert Kleckley
Case No. 99-15141CF10
Judge James I. Cohn

_____ h.  The Defendant is guilty of Aggravated Battery with a Firearm, a lesser included offense and in the course thereof discharged a firearm inflicting great bodily harm.

_____ i.  The Defendant is guilty of Aggravated Battery with a Firearm, a lesser included offense and in the course thereof discharged a firearm.

_____ j.  The Defendant is guilty of Aggravated Battery with a Firearm, a lesser included offense and in the course thereof possesses a firearm.

_____ k.  The Defendant is guilty of Aggravated Assault with a Firearm, a lesser included offense and in the course thereof discharged a firearm.

_____ l.  The Defendant is guilty of Aggravated Assault with a Firearm, a lesser included offense and in the course thereof possesses a firearm.

_____ m.  The Defendant is not guilty


So Say We All this _19_ day of May, A.D. 2000, at Fort Lauderdale, Broward County, Florida.


JOHN C. RUSHING          John C Rush
FOREPERSON


84   000057
     00009

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 99-15141CF10

JUDGE: JAMES I. COHN

STATE OF FLORIDA, :

      Plaintiff, :

vs. : **V E R D I C T**

ROBERT KLECKLEY, :

      Defendant. :

Filed In Open Court,
ROBERT E. LOCKWOOD,
CLERK

ON **MAY 19 2000**

BY

**COUNT II**

WE, the Jury find as follows as to the defendant in this case: (check only one)

   **X**    a. The Defendant is guilty of Shooting at or into an Occupied Vehicle, as charged in the Information.

          b. The Defendant is guilty of Attempted Shooting at or into an Occupied Vehicle, a lesser included offense.

          c. The Defendant is guilty of Discharging a Firearm in Public, a lesser included offense.

          d. The Defendant is not guilty.

So Say We All this _19_ day of May, A.D. 2000, at Fort Lauderdale, Broward County, Florida.

JOHN C. RUSHING
**FOREPERSON**

000054

85  00010

# EXHIBIT

# C

**17 th Judicial Circuit in and for Broward County**
**Criminal Division**

# UNIFORM COMMITMENT TO CUSTODY OF DEPARTMENT OF CORRECTIONS

The Circuit Court of BROWARD County in the ~~FALL~~ Term, ~~1999~~ in the case of

Spring   2000

**STATE OF FLORIDA**

**VS.**

Robert Kleckley                    99-15141 CF 10
**(DEFENDANT)**                    **(CASE NUMBER)**

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID STATE, GREETINGS:**

The above named defendant having been duly charged with the offense specified herein in the above styled Court, and having been duly convicted and adjudged guilty of and sentenced for said offense by said Court, as appears from the attached certified copies of indictment/information, Judgment and Sentence, and Felony Disposition and Sentence Data form which are hereby made parts hereof;

Now therefore, this is to command you, the said Sheriff, to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant, together with any pertinent investigation Report prepared in this case, into the custody of the Department of Corrections of the State of Florida; and this is to command you, the said Department of Corrections, by and through your Secretary, Regional Directors, Superintendents, and other officials, to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correction system to which you, the said Department of Corrections, may cause the said defendant to be conveyed to thereafter transferred. And these presents shall be your authority for the same. Herein fail not.



WITNESS the Honorable James I Cohn
Judge of said Court, as also
**ROBERT E. LOCKWOOD, Clerk,** and the
Seal thereof, this 9 day of June , 2000
**ROBERT E. LOCKWOOD, Clerk**

BY
**Deputy Clerk**

FORM ICC2

87

17th Judicial Circuit in and for Broward

DIVISION:
CRIMINAL

DIVISION: FW

## Judgement

THE STATE OF FLORIDA VS.                    CASE NUMBER

Robert Kleckley

DEFENDANT                                   99-15141 CF 10

☐ Probation Violator

State Attorney    Peter Holden
Court Reporter    George Caldwell

The Defendant, Robert Kleckley being personally before this Court represented by

Dennis McHugh, his attorney of record, and having:

(*Check applicable provision*)
☑ Been tried and found guilty of the following crime(s)
☐ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendre to the following crime(s)

INSTR # 100344472

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | ADD'L MONIES IMPOSED |
|---|---|---|---|---|
| I | Attempted murder 1st deg. w/a firearm | 782041 | 1F | |
| II | shoot/throw into vehicle | 790195 | 2F | |
| | | | | |
| | | | | |
| | | | | |

OR BK 30597 PG 0903
RECORDED 06/19/2000 01:14 PM
COMMISSION
BROWARD COUNTY
DEPUTY CLERK 1935

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

The Defendant is hereby ordered to pay the sum of Fifty Dollars ($50.00) pursuant to F.S. 960.20 (Crimes Comp. Trust Fund). The Defendant is further ordered to pay the sum of Five Dollars ($5.00) as court costs pursuant to F.S. 943.25(4).
Fines imposed as part of a sentence pursuant to F.S. 777.083 are to be recorded on the Sentence page(s).

(*Check if applicable*)
Stayed & Withheld    ( )The court hereby stays and withholds the imposition of sentence as to count(s) _____
Imposition of Sentence    and places the Defendant on probation for a period of _____ under the supervision of the Department of Corrections (conditions of probation set forth in a separate order)
Sentence Deferred    ( )The Court hereby defers imposition of sentence until 6-9-00 @ 8:30
Until Later Date                                          (Date)
( )Pay $200.00 Trust Fund pursuant to F.S. 27.3455

Count(s) _____ : _____ DAYS/MONTHS BROWARD COUNTY JAIL W/CREDIT _____ DAYS TIME SERVED.

The Defendant in open court was advised of his right to appeal from this Judgement by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing indigence.

James I. Cohn
JUDGE

I hereby certify that a true and correct copy of the above and foregoing was served on the State Attorney by: ( ) hand delivery ( ) U.S. mail and to the Defense Attorney by: ( ) hand delivery ( ) U.S. mail this 12 day of June , 2000

Deputy Clerk

88
000005

BLECKL                    ROBERT

| DIVISION: CRIMINAL | [ ] **ADJUDICATION WITHHELD** | CASE NUMBER |
|---|---|---|
| | [✓] **ADJUDICATED GUILTY** | 99. 15141 CF 10 |

SS# unknown

## FINGERPRINTS OF DEFENDANT

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|
| | | | | |

| 6. L. THUMB | 7. L. INDEX | 8. L MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|
| | | | | |

**Fingerprints taken by:**

_____ #4175_____ **Court Deputy**

**Name and Title**

   **DONE AND ORDERED in Open Court at Broward County, Florida this** _19_ **day of**
_May_ **A.D., 19_2000_. I HEREBY CERTIFY that the above and foregoing finger-**
**prints of the Defendant** _____Robert Kleckley_____ **, and that**
**they were placed theron by said Defendant in my presence in Open Court this date.**

_James S. Cohn_
**JUDGE**

FORM ICC8          PAGE 2 OF 2

89   000006

| | CLOCK IN |
|---|---|
| [ ] 17th Judicial Circuit in and for Broward County | |

| DIVISION: Criminal | **SENTENCE** | |
|---|---|---|
| | as to Count _____I_____ | |

**THE STATE OF FLORIDA VS.**

Robert Kleckley

**DEFENDANT**

**CASE NUMBER**

99-15141 CF

The Defendant, being personally before this court, accompanied by his attorney, _Dennis McHugh_ and having been adjudicated guilty herein, and the court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

Check One

- [✓] and the Court having on ____5-19-00____ deferred imposition of sentence until this date.
- [ ] and the Court having previously entered a judgment in this case on the defendant now resentences the defendant.
- [ ] and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:
The Defendant pay a fine of $_____, pursuant to F. S. 775.063, plus $_____ at the 5% surcharge required by F. S. 960.25.

- [✓] The Defendant is hereby committed to the custody of the Department of Corrections.
- [ ] The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.
- [ ] The Defendant is hereby sentenced as a youthful offender in accordance with F. S. 958.04.

**TO BE IMPRISONED (check one: unmarked sections are inapplicable)**

- [ ] For a term of Natural Life.
- [✓] For a term of ____Life____ .
- [ ] Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

- [ ] Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

- [ ] However, after serving a period of _____ imprisonment in_____ the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on the State Attorney by: [ ] Hand delivery [ ] U.S. Mail *and to the* Defense Attorney by: [ ] Hand delivery [ ] U.S. Mail this 12th day of June, 2000

FORM ICC7

90

| DIVISION: CRIMINAL | SENTENCE ( AS TO COUNT ___I___ ) | CASE NUMBER |
|---|---|---|
| | | 99 - 15141 CF 10 |

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
### ( As to Count ___I___ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

**FIREARM**

It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

**DRUG TRAFFICKING**

It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

**CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL**

It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

**HABITUAL FELONY OFFENDER**

The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**HABITUAL VIOLENT OFFENDER**

The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in this sentence in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**LAW ENFORCEMENT PROTECTION ACT**

It is further ordered that the Defendant shall serve a minimum of _____ years before release in accordance with Florida Statute 775.0823.

**CAPITOL OFFENSE**

It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

**VIOLENT CAREER CRIMINAL**

The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**PRISON RELEASEE REOFFENDER**

The defendant is sentenced as a prison releasee reoffender and must serve a term of imprisonment of _____ years in accordance with the provisions of Florida Statute 775.082(8)(a)2.

I HEREBY CERTIFY  that a true and correct copy of the above and foregoing was served on the  State Attorney by: [✓] Hand delivery [ ] U.S. Mail  and to the  Defense Attorney by: [✓] Hand delivery [ ] U.S. Mail this _12_ day of _June_, 20 _00_

FORM ICC1

91

| DIVISION: CRIMINAL | SENTENCE<br><br>(AS TO COUNT ___I___) | CASE NUMBER |
|---|---|---|
| | | 99 - 15141 CF 10 |

## OTHER PROVISIONS

**FIREARM/DESTRUCTIVE DEVICE**

☑ It is further ordered that the ___Life___ year mandatory minimum imprisonment provision of Florida Statute 775.087(2) and (3) is hereby imposed for the sentence in this count. (10/20/Life)

**THREE-TIME VIOLENT FELONY OFFENDER**

☐ The Defendant is adjudicated a three-time violent felony offender and has been sentenced to an extended term in accordance with the provisions of Florida Statute 775.084. The requisite findings by the court are set forth in a separate order or as stated on the record in open court.

**SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN**

☐ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL ENTERPRISE**

☐ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

**RETENTION OF JURISDICTION**

☐ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT**

☑ It is further ordered that the defendant shall be allowed a total of ___295___ days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT**

☐ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS**

☐ It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ concurrent with(check one) the sentence set forth in count _____ of this case.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on the State Attorney by [ ] Hand delivery[ ] U.S. Mail and to the Defense Attorney by:[ ] Hand [ U.S. Mail this 12 day of June 20 00

FORM ICC9

92

| | CLOCK IN |
|---|---|
| [ ] **17th Judicial Circuit in and for Broward County** | |

| DIVISION: Criminal | **SENTENCE** as to Count _____ *II* | |
|---|---|---|

**THE STATE OF FLORIDA VS.**

**CASE NUMBER**

Robert Kleckley

**DEFENDANT**

99-15141 CFIC

The Defendant, being personally before this court, accompanied by his attorney, *Dennis McHugh* and having been adjudicated guilty herein, and the court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

[Check One]

[✓] and the Court having on _____ *5-19-00* _____ deferred imposition of sentence until this date.

[ ] and the Court having previously entered a judgment in this case on the defendant now resentences the defendant.

[ ] and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

**IT IS THE SENTENCE OF THE COURT that:**

The Defendant pay a fine of $_____, pursuant to F. S. 775.063, plus $_____ at the 5% surcharge required by F. S. 960.25.

[✓] The Defendant is hereby committed to the custody of the Department of Corrections.

[ ] The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ] The Defendant is hereby sentenced as a youthful offender in accordance with F. S. 958.04.

**TO BE IMPRISONED (check one: unmarked sections are inapplicable)**

[ ] For a term of Natural Life.

[✓] For a term of _____ *30 years* _____.

[ ] Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

[ ] Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

[ ] However, after serving a period of _____ imprisonment in_____ the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on the State Attorney by: [✓] Hand delivery [ ] U.S. Mail *and to the* Defense Attorney by: [✓] Hand delivery [ ] U.S. Mail this *12* day of *June*, 20 *00*

93

FORM ICC7

| DIVISION: CRIMINAL | SENTENCE ( AS TO COUNT ___II___ ) | CASE NUMBER 99-15141 CF 10 |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant be- gins service of the supervision terms.

## SPECIAL PROVISIONS
### ( As to Count_____ )

By appropriate notation, the following provisions apply to the sentence imposed:

### MANDATORY/MINIMUM PROVISIONS:

**FIREARM**

It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

**DRUG TRAFFICKING**

It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

**CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL**

It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

**HABITUAL FELONY OFFENDER**

[✓] The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**HABITUAL VIOLENT OFFENDER**

The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in this sentence in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**LAW ENFORCEMENT PROTECTION ACT**

It is further ordered that the Defendant shall serve a minimum of _____ years before release in accordance with Florida Statute 775.0823.

**CAPITOL OFFENSE**

It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

**VIOLENT CAREER CRIMINAL**

The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**PRISON RELEASEE REOFFENDER**

The defendant is sentenced as a prison releasee reoffender and must serve a term of impris- onment of _____ years in accordance with the provisions of Florida Statute 775.082(8)(a)2.

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served on the State Attorney by: [✓ ] Hand delivery [ ] U.S. Mail and to the Defense Attorney by: [✓ ] Hand delivery [ ] U.S. Mail this 12 day of June 20 00

FORM ICC1

94

| DIVISION: CRIMINAL | SENTENCE ( AS TO COUNT ___II___ ) | CASE NUMBER 99 - 15141 CF 10 |
|---|---|---|

## OTHER PROVISIONS

FIREARM/DESTRUCTIVE DEVICE  [ ]  It is further ordered that the _____ year mandatory minimum imprisonment provision of Florida Statute 775.087(2) and (3) is hereby imposed for the sentence specified in this count.

THREE-TIME VIOLENT FELONY OFFENDER  [ ]  The Defendant is adjudicated a three-time violent felony offender and has been sentenced to an extended term in accordance with the provisions of Florida Statute 775.084. The requisite findings by the court are set forth in a separate order or as stated on the record in open court.

SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN  [ ]  It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this count.

CONTINUING CRIMINAL ENTERPRISE  [ ]  It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

RETENTION OF JURISDICTION  [ ]  The court retains jurisdiction over the defendant pursuant to Florida Statues 947.16 (3).

JAIL CREDIT  [✓]  It is further ordered that the defendant shall be allowed a total of _295_ days as credit for time incarcerated prior to imposition of this sentence.

PRISON CREDIT  [ ]  It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to re-sentencing.

CONSECUTIVE CONCURRENT AS TO OTHER COUNTS  [✓]  It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ ✓ concurrent with (check one) the sentence set forth in count __I__ of this case.

CONSECUTIVE CONCURRENT AS TO OTHER CONVICTIONS  [ ]  It is further ordered that the composite term of all sentences imposed for the courts specified in this order shall run
_____ consecutive to _____ concurrent with (check one) the following:
_____ Any active sentence being served.
_____ Specific sentences: _____

_____

_____

PSI ORDERED        YES [✓]    NO [ ]

In the event the above the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends _____

DONE AND ORDERED in Open Court at Broward County, Florida, this _9_ day of _June_, 20_00_

_____
JUDGE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing, was served on the State Attorney by hand delivery, [ ] or U.S. Mail [ ] this _12_ day of June 20_00_    Defense atty by hand delivery

_____
Deputy Clerk

FORM 108

95

# EXHIBIT

# D

PROVIDED TO HOLMES CI ON

MAY 21 2008
RK
FOR MAILING

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

**STATE OF FLORIDA,**
        **Plaintiff,**

**v.**                                      **CASE NO.: 99-15141-CF-10A**

**ROBERT KLECKLEY,**
        **Defendant.**
_____/

## MOTION TO CORRECT ILLEGAL SENTENCE

COMES NOW THE DEFENDANT, Robert Kleckley, *pro se,* pursuant *to Florida Rules of Criminal Procedure* 3.800(a), and moves this Court for an order correcting his illegal sentences. As grounds for this motion, the Defendant states as follows:

## JURISDICTION

Pursuant to *Florida Rules of Criminal Procedure Rule* 3.800(a), this Court has jurisdiction to correct an illegal sentence at anytime. Issue   One set forth below was previously raised on a motion to correct illegal sentence and denied on the merits.   However, the Supreme Court of Florida determined that a successive rule 3.800(a) motion should not be barred, based on collateral estoppel or law of the case doctrine, when a Defendant

97

can show that allowing a prior decision to stand "would result in a manifest injustice." *See State vs. McBride,* 848 So.2d 287, 292 (Fla. 2003); *See also Bell vs. State,* 876 So.2d 712 (Fla. App. 4 Dist. 2004)

Issue Two has also been previously raised on a motion to correct an illegal sentence; however, this issue was denied as facially insufficient. As such, presenting this claim on a subsequent rule 3.800(a) motion does not constitute a successive motion. *See Norman v. State,* 809 So.2d 893 (Fla. 2nd DCA 2002)

## **STATEMENT OF FACTS**

Sentencing in this case occurred on June 9, 2000.[1]   Prior to the imposition of sentence, the State presented evidence purported to qualify Defendant under §775.084 for sentencing as an habitual felony offender ("hereafter "HFO").   The sentencing transcript shows that the convictions relied on to establish qualification for HFO sentencing were <u>all</u> convictions under §893.13, Fla. Statutes, involving possession of illegal substances. (Exhibit A, TT p. 3-6)[2]

The trial court imposed the following sentences as to Count I, and II, to wit:

---

[1] Defendant was sentenced on multiple counts; however, the claims set forth in this motion are limited to the sentences imposed in Count I & II.
[2] References to the transcript will be denoted by "TT" and followed by the appropriate page number(s).

2

98

This Court as to Count I, the Court having adjudged the Defendant guilty of attempted murder in the first degree, with a firearm, and in the course thereof the jury found that the Defendant discharged a firearm inflicting great bodily harm, under Florida Statute 775.087, the Ten Twenty Life Statute, the Defendant is hereby ordered committed to custody of Department of Corrections to serve a term of life imprisonment.

Now alternatively as to Count I, in the event that that statute is later declared to be unconstitutional, this Court finds by a preponderance of the evidence number one, that a Presentence Investigation was conducted by Department of Corrections, copies of the report have been furnished to the Defendant and his counsel.

Number two, written notice was served on the Defendant and the Defendant's attorney a sufficient time prior to imposition of sentence. Number three, all evidence was presented in open Court, subject to full rights of confrontation, cross examination, and representation by counsel.

Number four, the Defendant has previously been convicted of two or more felonies in this state. Number five, the felonies for which the Defendant is to be sentenced, *again this Habitual Offender finding applies to both Count I and II,* the primary felony for which the Defendant is to be sentenced, that is attempted murder in the first degree with a firearm, and shooting or throwing into a vehicle, were each committed within 5 years of the date of the conviction of the last prior felony.

Number six, the Defendant has not received a pardon for any felony that is necessary for the

99

operation of this section.  Number seven, a conviction of a felony necessary to operation of the section has not been set aside in any post-conviction proceeding.

Based on the aforementioned findings the Court identifies and adjudges Robert Kleckley to be a Habitual Felony Offender.  As such, ***alternatively as to Count I,*** as a Habitual Felony Offender, the Defendant is hereby ordered committed to custody of Department of Corrections to serve a term of life imprisonment.

***As to Count II,*** the Defendant is hereby ordered committed to custody of Department of Corrections to serve a term of 30 years imprisonment, with credit for all timed served. That sentence shall run concurrently with Count I. (emphasis added)

(Exhibit B, TT p. 10, line 7 through p. 12, line 10)

100

## ISSUE ONE[3]

Trial court Erred In Reclassification And Enhancement Of Defendant's First Degree Attempted Murder In Count I By Precluding From The Verdict Form The Option To Find The Defendant Guilty Of The Crime Charged Attempted Murder Or Any Lesser Offense Without The Enhancement Provisions in §775.087.

A challenge to reclassification of a felony based on a possession of a weapon or firearm pursuant to §775.087 *Florida Statutes* may appropriately be raised on a motion to correct illegal sentence, rather than only on direct appeal. *White vs. State,* 688 So.2d 1005 (Fla. App. 2 Dist. 1997)

The Defendant contends that the enhancement and reclassification in Count I of Attempted Murder in the first-degree was an illegal enhancement that led to the imposition of an illegal sentence. The trial court's written and oral instructions to the jury properly included the charged offense of Attempted First Degree Murder. The Court instructed the jury stating:

> Before you can find the Defendant guilty of attempted ***first degree premeditated murder*** the state must prove the following three elements beyond a reasonable doubt[.] (emphasis added)

(TT p. 582)[4]

---

[3] As noted above, Defendant was given two sentences in Count I, a primary sentence under §775.087, Fla. Statutes (10-20-Life Statute), and an alternative sentence under § 775.084, Fla. Statutes, as an HFO. This ground is an attack on the primary sentence under §775.087.

5

101

The Court then proceeded to announce the three elements as reflected in the standard jury instruction for the crime charged of attempted first-degree murder. (*Id.* p. 582)

The trial court also gave the jury instructions on the option to find the Defendant committed the crime charged, or any lesser included offenses, with a firearm or without a firearm, which findings would subject the Defendant to an enhanced sentence under §775.087, an enhancement from a first-degree felony punishable by a maximum sentence of 30 years, to a life felony punishable by life or no less than 25 years. The trial court's instructions as to the firearm (with or without) were as follows:

> Now if you find that the Defendant committed the crime charged or any lesser included offenses, and you find that during the commission of the crime the Defendant either possessed, discharged or discharged, inflicting great bodily harm, with a firearm, you should find the Defendant guilty of the crime charged or any lesser included offense as the evidence may justify with the aggravating circumstance noted on the verdict form.

> Now if you find only that the Defendant committed the crime charged or any lesser included crime, but did not possess, discharge, or discharge inflicting great bodily harm with a firearm, then you should

---

[4] References to the trial transcript will be denoted by "TT" followed by the appropriate page number.

> find the Defendant guilty of the crime charged or lesser included crime as the evidence may justify.

(*Id.* p. 583-84)

However, on the verdict form the jury was not given the option to find that the Defendant committed the offense of attempted murder without the enhancement provisions. (Exhibit C)   It is evident from the face of the record that no option was available on the verdict form to find the Defendant guilty of attempted first-degree murder without the enhancement provisions.

Consequently, Defendant contends that the record shows the verdict form does not conform to the jury instructions.   However, the most egregious error is the omission from the jury verdict form of the option to convict of attempted murder in the first-degree without the enhancement provisions in §775.087. (*Id.*)

In *Robertson vs. State,* 532 So.2d 90, 91 (Fla. 4th DCA 1988), the appellate Court held, to wit:

> Nowhere on the verdict form was a provision made for the jury to find appellant guilty of second-degree murder without the enhancement provided in §775.087(1), *Florida Statutes* (1987). Such a verdict would be a step down from second degree murder with a firearm and appellant was entitled to have that consideration.

7

103

The Court held in *Robertson, supra,* that the most grievous oversight, however, was the omission from the verdict form of the option to convict of second-degree murder without the enhancement provided for in § 775.087(1).

Defendant's claim is analogous to *Robertson.* The exact same error occurred in the case at bar, a fact that makes Defendant's sentence illegal. As in *Robertson,* the Court deprived the jury its inherit pardoning power to convict without the enhance provision.

In *Davis vs. State,* 486 So.2d 45, 46 (Fla. App. 5 Dist. 1986), the appellate Court concluded that the jury found the Defendant "guilty of attempted second degree murder ***with a firearm*"** *rather than the alternative* choice of guilty of attempted second-degree murder *without a firearm*; therefore, his enhanced sentence should stand. (emphasis added) *Davis* is instructive because the jury in that case was offered a choice not offered to the jury in this case. There simply was no alternative verdict choice for the jury to consider without the enhancement provision; therefore, as in *Robertson*, the Defendant's enhanced sentence cannot stand.

Consequently, the Defendant has shown on the face of the record that the trial court's reclassification and enhancement of Count I was illegal.

In denying this issue in Defendant's prior rule 3.800(a) motion, the lower Court misconstrued the claim presented.[5]  Although the lower Court correctly pointed out that Defendant was charged with Attempted First Degree Murder, not Felony Murder, the lower Court held that, because there was no "underlying felony," there was no error in reclassification.  Clearly, the lower Court missed the thrust of the issue.  It is Defendant's contention that the firearm used to reclassify the offense in Count I to a Life Felony was made an essential element of the Attempted First Degree Murder charge when the lower Court utilized a verdict form that did not allow the jury to find Defendant guilty of the offense *without a firearm*, thereby prohibiting the jury from exercising its inherent pardoning power.  *See Robertson vs. State*, 532 So.2d 90 (Fla. 4th DCA 1988)

In *State v. McBride*, 848 So.2d 287 (Fla. 2003), the Supreme Court held that when a defendant could demonstrate on the face of the record that his sentence is illegal, and allowing that sentence to stand would constitute a manifest injustice, a prior adverse determination of the issue would not prevent re-litigation of the claim in a subsequent motion to correct illegal sentence.  *See also Ranes v. State*, 913 So.2d 742 (Fla. 4th DCA 2005); *Hunt v. State*, 922 So.2d 452 (Fla. 4th DCA 2006) Therefore, Defendant submits

---

[5] Again, the lower Court specifically adopted the State's response relative to this issue.

the Court has the jurisdiction and obligation to revisit and reconsider the claim herein presented as Issue One.

## ISSUE TWO[6]

> The Trial Court Erred By Imposing An Habitual Felony Offender (HFO) Sentence Where Defendant Did Not Have The Required Two Prior Felony Convictions.

Under §775.084, to qualify for HFO sentencing a Defendant must have two prior felonies convictions, "one of the two prior felonies convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance." (*Id.* subsection (1) (a) 3.)

The record in this case shows conclusively that Defendant's prior felony convictions, of which there were five (5), were <u>all</u> convictions for possession of illegal drugs, under § 893.13.[7]  It is therefore submitted that it

---

[6] As noted above, Defendant was given two sentences in Count I, a primary sentence under §775.087, Fla. Statutes (10-20-Life Statute), and an alternative sentence under §775.084, Fla. Statutes, as an HFO.  This ground is an attack on the alternative sentence as an HFO in Count I, <u>and</u> the HFO sentence imposed in Count II.

[7] The record reflects Defendant's prior convictions consist of possession with intent to sell both marijuana and cocaine.  However, possession with intent to sell a controlled substance does not qualify for predicate offense under HFO statute.  *See Burgess v. State*, 854 So.2d 754 (Fla. 2nd DCA 2003)

is plain on the face of the record that Defendant's sentences under the HFO statute were improper and constitute illegal sentences as to the alternative sentence in Count I,[8] and the sentence imposed in Count II. *See Johnson v. State*, 885 So.2d 443 (Fla. 4th DCA 2004); *Tucker v. State*, 864 So.2d 580 (Fla. 2nd DCA 2004).

Furthermore, the Defendant asserts, under no circumstances could the Defendant be Habitualized using the five predicate offences that the state introduced as evidence to Habitualize the Defendant.

Pursuant to *Mitchell v. State*, 780 So.2d 282, 283 (Fla. 4th DCA 2001), when the State fails to submit sufficient evidence of qualifying convictions for purposes of habitual offender sentencing, the sentence must be reversed for re-sentencing. *See also Mincey v. State*, 964 So.2d 254 (Fla. 4th DCA 2007)

When Defendant originally presented this claim in his prior rule 3.800 (a) motion, the lower Court denied this claim because it was facially insufficient.[9] Accordingly, this claim was not denied on the merits. Thus,

---

[8] The other alternative sentence under the 10-20-Life statute in Count I is the subject of the attack in Issue I above.

[9] The lower Court adopted the State's response. *See* State's Response, p. 1-2, citing *Macaluso v. State*, 912 So.2d 694 (Fla. 2nd DCA 2005)

11

presenting this issue again would not amount to a successive pleading. *See*

*Norman v. State*, 809 So.2d 893 (Fla. 2nd DCA 2002)

108

## CONCLUSION

WHEREFORE, for all the foregoing reasons and for good cause shown, Defendant respectfully requests the Court correct the illegal sentences in this case.

Respectfully submitted,

Robert Kleckley
Defendant, *pro se*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was provided to prison to authorities for mailing to:

State Attorney
660 Broward County Courthouse
201 SE 6th Street
Ft. Lauderdale, Florida 33301;

on this the 21 day of May 2008.

Robert Kleckley
DC #976678
Holmes C.I.
3142 Thomas Drive
Bonifay, Florida 32425

13

109

# Exhibit "A"

Exh.bit A

3

```
1        Investigation?
2              MR. MCHUGH:  Yes, sir.  I received it
3        yesterday.
4              MR. HOLDEN:  Yes.
5              THE COURT:  Are there any objections
6        thereto?
7              MR. MCHUGH:  No.
8              MR. HOLDEN:  No.
9              THE COURT:  State wish to offer any evidence
10       in support of its notice?  Or, is there a
11       stipulation as to the requisite offenses
12       necessary for the operation of Habitual Felony
13       Offender Statute?
14             MR. MCHUGH:  I would like to have State
15       recite them, but have him acknowledge they are
16       same person.
17             MR. HOLDEN:  Judge, Ms. Elvira Fair from
18       Broward Sheriff's Office would testify before
19       this Court, to be a expert in field of
20       fingerprint comparison and identification, that
21       she compared certified copies of conviction in
22       the instant case for sentencing, to fingerprints
23       for known certified copies of conviction in
24       94-10975CF10A, where person known as Robert
25       Kleckley was convicted of possession of cannabis
```

111
Exhibit A

Exhibit A

4

1    back on June 29, 1995, sentenced to 90 days

2    Broward County Jail.  Those were compared, found

3    to be one and the same by Ms. Elvira Fair.

4         THE COURT:  Is that possession of cannabis

5    in excess of 20 grams?

6         MR. HOLDEN:  Yes, sir.  Felony.  Date was

7    June 29, 1995.

8         THE COURT:  Do you acknowledge that

9    conviction, Mr. Kleckley?

10        THE DEFENDANT:  Yes.

11        THE COURT:  All right.

12        MR. HOLDEN:  Also same comparison done by

13   Ms. Elvira Fair on 95-10299CF10A, where Mr.

14   Kleckley again was convicted of possession of

15   cannabis with intent to deliver, a third degree

16   felony here in State of Florida, on July 10,

17   1995, sentenced to 6 months Broward County Jail,

18   in front of Honorable Paul Backman.

19   95-21529CF10A, person known as Robert Kleckley --

20        THE COURT:  I'm sorry.  Mr. Kleckley, do you

21   acknowledge that July 10, 1995 conviction?

22        THE DEFENDANT:  Yes.

23        MR. HOLDEN:  Case 95-212529CF10A, Mr. Robert

24   Kleckley was convicted for the offenses of

25   possession, purchase or sale of cannabis, third

ESQUIRE DEPOSITION SERVICES    954-463-9505

112

Exhibit A

Exhibit A

5

1    degree felony, and possession of cannabis, a

2    misdemeanor, back on January 22, 1996, in front

3    of Honorable Richard Eade, received 90 days

4    Broward County Jail.  Do you want his

5    acknowledgement on that one?

6         THE COURT:  I am looking for a State Prison

7    term.  That's where my mind is.  Mr. Kleckley, do

8    you acknowledge that conviction?

9         THE DEFENDANT:  Yes.

10        MR. HOLDEN:  Judge, also same person

11   compared by Ms. Elvira Fair came back one and the

12   same on 96-18542CF10A, Robert Kleckley, convicted

13   of possession of cocaine, received 365 days

14   Broward County Jail, on January 24 of 1997.  That

15   was in front of Barry Goldstein.

16        THE COURT:  Do you acknowledge that

17   conviction, Mr. Kleckley?

18        THE DEFENDANT:  Yes.

19        MR. HOLDEN:  And, Judge, we would like to

20   introduce those four copies of certified

21   convictions at this time.

22        THE COURT:  Any objections to admission of

23   those copies?

24        MR. MCHUGH:  No, sir.

25        THE COURT:  All right.  That will be

        ESQUIRE DEPOSITION SERVICES    954-463-9505

113



Exhibit A

1    received as State's Exhibit Number 1.  Any

2    additional evidence, Mr. Holden?

3         MR. HOLDEN:  Yes, sir.  I believe also from

4    Office of Executive Clemency, Janet H. Keels

5    (Phonetic), Coordinator of that office, we have a

6    document under seal stating that Mr. Robert

7    Kleckley has never received any clemency or

8    pardon from the Governor of State of Florida for

9    following convictions --

10        THE COURT:  Any objection?

11        MR. MCHUGH:  No, sir.

12        THE COURT:  That will be received as State's

13   Exhibit 2.  Any additional evidence, Mr. Holden?

14        MR. HOLDEN:  No, sir.  But I am covering

15   this for Mr. Rebollo.  He has a note here the

16   victim would be present this morning.  Mr. Miguel

17   Rodriguez (Phonetic) is not here yet.  He left a

18   big note highlighting that.  I would just like

19   Court to note that at this time.

20        THE COURT:  All right.  Any evidence on

21   behalf of Mr. Kleckley?

22        MR. MCHUGH:  Judge, we have two motions.  We

23   have Motion for New Trial and that verdict is

24   contrary to the law, contrary to the evidence.

25   That Court did not grant Defense Motion for

Exhibit A

# Exhibit "B"

Exhibit B

1          MR. HOLDEN:  Sure.  Our position, so it is

2     clear on the record, is he can be sentenced both

3     as Habitual Felony Offender and Ten Twenty Life

4     Bill to the same sentence which we are asking for

5     here, which is a life sentence.  That will be our

6     position.

7          THE COURT:  All right.  This Court as to

8     Count I, the Court having adjudged the Defendant

9     guilty of attempted murder in first degree, with

10    a firearm, and in the course thereof the jury

11    found that the Defendant discharged a firearm

12    inflicting great bodily harm, under Florida

13    Statute 775.087, the Ten Twenty Life Statute, the

14    Defendant is hereby ordered committed to custody

15    of Department of Corrections to serve a term of

16    life imprisonment.

17         Now alternatively as to Count I, in the

18    event that that statute is later declared to be

19    unconstitutional, this Court finds by a

20    preponderance of the evidence number one, that a

21    Presentence Investigation was conducted by

22    Department of Corrections, and copies of the

23    report have been furnished to the Defendant and

24    his counsel.

25         Number two, written notice was served on the

ESQUIRE DEPOSITION SERVICES    954-463-9505

116

Exhibit B

Exhibit B

1       Defendant and the Defendant's attorney a

2       sufficient time prior to imposition of sentence.

3       Number three, all evidence was presented in open

4       court, subject to full rights of confrontation,

5       cross examination, and representation by counsel.

6              Number four, the Defendant has previously

7       been convicted of two or more felonies in this

8       state.  Number five, the felonies for which the

9       Defendant is to be sentenced, again this Habitual

10      Offender finding applies to both Count I and II,

11      the primary felony for which the Defendant is to

12      be sentenced, that is attempted murder in first

13      degree with a firearm, and shooting or throwing

14      into a vehicle, were each committed within 5

15      years of the date of the conviction of the last

16      prior felony.

17             Number six, the Defendant has not received a

18      pardon for any felony that is necessary for the

19      operation of this section.  Number seven, a

20      conviction of a felony necessary to operation of

21      the section has not been set aside in any

22      post-conviction proceeding.

23             Based on the aforementioned findings the

24      Court identifies and adjudges Robert Kleckley to

25      be a Habitual Felony Offender.  As such,

ESQUIRE DEPOSITION SERVICES     954-463-9505

117

Exhibit B

Exhibit B

12

1    alternatively as to Count I, as a Habitual Felony
2    Offender, the Defendant is hereby ordered
3    committed to custody of Department of Corrections
4    to serve a term of life imprisonment.
5         As to Count II, the Defendant is hereby
6    ordered committed to custody of Department of
7    Corrections to serve a term of 30 years
8    imprisonment, with credit for all timed served.
9    That sentence shall be run concurrently with
10   Count I.  In addition, the Court will assess a
11   $1600 Public Defender fee, and $305 in Court
12   costs.  According to the P-S-I there is
13   restitution that is being sought, I believe.
14        MR. HOLDEN:  $7,396.
15        THE COURT:  Is there agreement as to a civil
16   restitution lien order in said amount?
17        MR. MCHUGH:  What, Judge?
18        THE COURT:  Is there an agreement to civil
19   restitution lien order in amount of $7,396?
20        MR. MCHUGH:  Yes, Judge.
21        THE COURT:  Is that correct, Mr. Kleckley?
22        THE DEFENDANT:  Yes.
23        THE COURT:  All right.  Mr. Caldwell, did I
24   ask whether there was legal cause?  Is there
25   legal cause why sentence should not be imposed?

ESQUIRE DEPOSITION SERVICES    954-463-9505


Exhibit B

# Exhibit "C"

Exhibit C

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:  99-15141CF10
JUDGE:   JAMES I. COHN

STATE OF FLORIDA,                        :

     Plaintiff,                          :

vs.                                      :           **V E R D I C T**

                                         :       Filed In Open Court,
ROBERT KLECKLEY,                                         ROBERT E. LOCKWOOD,
                                                                        CLERK
     Defendant.                          :       ON  MAY 19 2000

                                                         BY

_____ //

**COUNT I**

WE, the Jury find as follows as to the defendant in this case: (check only __one__)

__X__   a.   The Defendant is guilty of Attempted Murder in the First Degree
             with a Firearm, as charged in the Information and in the course
             thereof discharged a firearm inflicting great bodily harm.

_____   b.   The Defendant is guilty of Attempted Murder in the First Degree
             with a Firearm, as charged in the Information and in the course
             thereof discharged a firearm.

_____   c.   The Defendant is guilty of Attempted Murder in the First Degree
             with a  Firearm, as charged in the information and in the course
             thereof possessed a firearm.

_____   d.   The Defendant is guilty of Attempted Murder in the Second Degree,
             a lesser included offense and in the course thereof discharged a
             firearm inflicting great bodily harm.

_____   e.   The Defendant is guilty of Attempted Murder in the Second Degree,
             a lesser included offense and in the course thereof discharged a
             firearm.

_____   f.   The Defendant is guilty of Attempted Murder in the Second Degree,
             a lesser included offense and in the course thereof possessed a
             firearm.

_____   g.   The Defendant is guilty of Attempted Voluntary Manslaughter with
             a Firearm, a lesser included offense.

120

Exhibit C

**Page 2**
**Verdict**
**State of Florida vs. Robert Kleckley**
**Case No. 99-15141CF10**
**Judge James I. Cohn**

_____ h.    The Defendant is guilty of Aggravated Battery with a Firearm, a
                lesser included offense and in the course thereof discharged a
                firearm inflicting great bodily harm.

_____ i.    The Defendant is guilty of Aggravated Battery with a Firearm, a
                lesser included offense and in the course thereof discharged a
                firearm.

_____ j.    The Defendant is guilty of Aggravated Battery with a Firearm, a
                lesser included offense and in the course thereof possesses a
                firearm.

_____ k.    The Defendant is guilty of Aggravated Assault with a Firearm, a
                lesser included offense and in the course thereof discharged a
                firearm.

_____ l.    The Defendant is guilty of Aggravated Assault with a Firearm, a
                lesser included offense and in the course thereof possesses a
                firearm.

_____ m.    The Defendant is not guilty

    So Say We All this __19__ day of May,  A.D. 2000, at Fort Lauderdale, Broward
County, Florida.

JOHN C. RUSHING
**FOREPERSON**

121

*resentence*

**CLOCK IN**

[✓] **17th Judicial Circuit in and for Broward County**

**DIVISION:**
**Criminal**
FW

**SENTENCE**

as to Count _____ II

**THE STATE OF FLORIDA VS.**

Robert Kleckley

**CASE NUMBER**

99-15141    CF/C

**DEFENDANT**

The Defendant, being personally before this court, accompanied by his attorney, J. Chloupek
and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be
heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law,
and cause shown,

| Check One |  |  |
|---|---|---|

☐ and the Court having on _____ deferred imposition of sentence until
this date.

☒ and the Court having previously entered a judgment in this case on the defendant now
resentences the defendant.

☐ and the Court having placed the Defendant on Probation/Community Control and having
subsequently revoked the Defendant's Probation/Community Control.

**IT IS THE SENTENCE OF THE COURT that:**
The Defendant pay a fine of $_____ , pursuant to F.S. 775.063, plus $_____ at the 5% sur-
charge required by F.S. 960.25.

☒ The Defendant is hereby committed to the custody of the Department of Corrections.

☐ The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

☐ The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

**TO BE IMPRISONED (check one: unmarked sections are inapplicable)**

☐ For a term of Natural Life.

☒ For a term of_____ 30 yrs FSP _____.

☐ Said SENTENCE IS SUSPENDED for a period of_____ subject to conditions set
forth in this Order.

If "split" sentence,
complete either
paragraph.

☐ Followed by a period of_____ on Probation/Community Control
under the supervision of the Department of Correction according to the terms and
conditions of supervision set forth in separate order entered herein.

☐ However, after serving a period of_____
imprisonment in _____
the balance of such sentence shall be suspended and the defendant shall be placed on
Probation/Community Control for a period of _____
under supervision of the Department of Corrections according to the terms and
conditions of the Probation/ Community Control set forth in a separate order entered herein.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on the State Attorney by: [ ] Hand delivery
[ ] U.S. Mail *and to the* Defense Attorney by: [ ] Hand delivery  [ ] U.S. Mail this_____ day of _____, 20____.

122

112-82 SENTENCE PG. 1

| DIVISION: CRIMINAL | SENTENCE (AS TO COUNT _____ ) | CASE NUMBER |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision term.

## SPECIAL PROVISIONS
### (As to Count _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

**MANDATORY/MINIMUM PROVISIONS:**

BATTERY ON THE ELDERLY ☐ It is further ordered that the three (3) year mandatory minimum imprisonment provisions of F.S. 784.08(1) are hereby imposed for the sentence specified in this court.

DRUG TRAFFICKING ☐ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL ☐ It is further ordered that the three (3) year minimum imprisonment provision of Florida Statute 893.13(1)(e)1, are hereby imposed for the sentence specified in this court.

HABITUAL FELONY OFFENDER ☒ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT OFFENDER ☐ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in this sentence in accordance to the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

LAW ENFORCEMENT PROTECTION ACT ☐ It is further ordered that the Defendant shall serve a minimum of _____ years before release in accordance with Florida Statute 775.0823.

CAPITOL OFFENSE ☐ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

VIOLENT CARRER CRIMINAL ☐ The defendant is adjudicated a violent career criminal offender and has been sentenced to a term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

PRISON RELEASEE REOFFENDER ☐ The defendant is sentenced as a prison releasee reoffender and must serve a term of imprisonment of _____ years in accordance with the provisions of Florida Statute 775.082(8)(a)2.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on the State Attorney by: [ ] Hand delivery [ ] U.S. Mail  and to the  Defense Attorney by: [ ] Hand delivery [ ] U.S. Mail this_____ day of_____ , 20___.

112-83 SENTENCE BATTERY

123

Resentence

| **DIVISION:** | **SENTENCE** | **CASE NUMBER** |
|---|---|---|
| **CRIMINAL**<br>FW | ( AS TO COUNT _____ II _____ ) | 99 15141 CF/G |

## OTHER PROVISIONS

| | | |
|---|---|---|
| FIREARM/DESTRUCTIVE DEVICE | [  ] | It is further ordered that the _____ year mandatory minimum imprisonme provision of Florida Statute 775.087(2) and (3) is hereby imposed for the senten specified in this count |
| THREE-TIME VIOLENT FELONY OFFENDER | [  ] | The Defendant is adjudicated a three-time violent felony offender and has been sentence to an extended term in accordance with the provisions of Florida Statute 775.084. Th requisite findings by the court are set forth in a separate order or as stated on the recor in open court. |
| SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN | [  ] | It is further ordered that the five-year minimum provisions of Florida Statute 790.22( are hereby imposed for the sentence specified in this count. |
| CONTINUING CRIMINAL ENTERPRISE | [  ] | It is further ordered that the 25 year mandatory minimum senten provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in th count. |
| RETENTION OF JURISDICTION | [  ] | The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16 (3) |
| JAIL CREDIT | [X] | It is further ordered that the defendant shall be allowed a total of _446_ days as credit for time incarcerated prior to imposition of this sentence. |
| PRISON CREDIT | [X] | It is further ordered that the defendant be allowed credit for all time previously served o this count in the Department of Corrections prior to re-sentencing. |
| CONSECUTIVE CONCURRENT AS TO OTHER COUNTS | [X] | It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ concurrent with (check one) the sentence set forth in count _____ I _____ of this case. |
| CONSECUTIVE CONCURRENT AS TO OTHER CONVICTIONS | [  ] | It is further ordered that the composite term of all sentences imposed for the courts specified in this order shall run _____ consecutive to _____ concurrent with (check one) the following: _____ Any active sentence being served. _____ Specific Sentences: _____ |

**PSI ORDERED**        **YES** [X]   **NO** [  ]

In the event the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the court further recommends _____

**DONE AND ORDERED** in Open Court at Broward County, Florida, this _____ 9 ___ day of _April_ 20 _10_

_____
**JUDGE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on the State Attorney by: [  ] Hand Delivery [  ] U.S. Mail and to the Defense Attorney by: [  ] Hand Delivery [  ] U.S. Mail this _____ day of _____, 20___

ICC 112-78 Criminal Sentence

124

# EXHIBIT

# E



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

CRIMINAL DIVISION

CASE NO. 99015141CF10A


STATE OF FLORIDA,

        Plaintiff,

vs.

ROBERT KLECKLEY

        Defendant.

---------------------------/


    The above-entitled cause came on for HEARING

before the Honorable Judge Martin J. Bidwill,

Circuit Court Judge, Broward County Courthouse, Fort

Lauderdale, Florida 33301, held on April 9th, 2010.


APPEARANCES:

        BY:  MS. NEVA SMITH, ESQ.,
        ASSISTANT STATE ATTORNEY
        201 SE 6th Street
        Fort Lauderdale, Florida 33301
        On behalf of the State.

        BY: MR. JOSEPH CHLOUPEK, ESQ.,
        ASSISTANT PUBLIC DEFENDER
        201 SE 6th Street
        Fort Lauderdale, Florida 33301
        On behalf of the Defendant.



Page 2

```
 1                    * * * I N D E X * * *

 2    WITNESS

 3    Deputy Kendrick Edwards

 4    Direct Examination by Ms. Smith              16

 5    James Florian

 6    Direct Examination by Ms. Smith              18

 7    Miguel Rodriguez

 8    Direct Examination by Ms. Smith              26

 9    Alva Nelson

10    Direct Examination by Mr. Chloupek           28

11    Cross Examination by Ms. Smith               32

12    Ventry Rich

13    Direct Examination by Ms. Smith              33

14    Cross Examination by Mr. Chloupek            36

15    Kimberly Kleckley

16    Direct Examination by Mr. Chloupek           37

17    Shelia Major

18    Direct Examination by Mr. Chloupek           41

19    Robert Kleckley

20    Direct Examination by Mr. Chloupek           45

21

22

23

24

25
```

```
 1                  * * * EXHIBITS * * *

 2

 3    State's A (1 )                              17

 4    State's B  (2 )                             21

 5    State's C  ( 3 )                            21

 6    State's D  (4 )                             22

 7    State's E  (5 )                             23

 8    State's F  (6 )                             23

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 4

```
 1              (Thereupon, the following proceedings were

 2         held.)

 3              THE COURT:  So this is a matter in which the

 4         defendant is sentenced to life.  And that was

 5         affirmed on appeal.  And there was motion to correct

 6         illegal sentence that was filed.  Looks like I denied

 7         that.  An appeal was taken to the Fourth District.

 8         The Fourth District reversed that order denying that

 9         on one claim that is that his habitual sentence

10         imposed for Count Two is illegal.

11              Am I on the right order here?

12              MR. CHLOUPEK:  Yes, you are, Judge.

13              THE COURT:  And remand for attachment record

14         portion refuting this claim or resentencing they

15         affirmed the denial of appellant's other claim.  That

16         was an opinion that was entered on April 1st, 2009 by

17         the Fourth District Court of Appeal.  I then entered

18         an order on April 29th of 2009 directing the state

19         attorney to file a supplemental response attaching

20         portions of the record refuting his claim, or

21         conceding the need for resentencing.  The state

22         attorney then filed a response conceding the need for

23         resentencing.

24              And Mr. Kleckley was transported back here to

25         this jurisdiction.  He was appointed counsel.
```

Page 5

1       Mr. Chloupek is here from the public defender's

2    office.  And I am here for a resentencing.

3          Now, if I am reading this right, though, the

4    resentencing is only on Count Two.

5          MS. SMITH:  That is correct, Judge.

6          THE COURT:  Okay.

7          MR. CHLOUPEK:  That is correct, Judge.  The last

8    time we were in court, which was February 26th, 2010,

9    an issue did arise where we talked about as to Count

10   One whether there need be, or could be, resentencing

11   on that.  And there are two aspects to that.

12         One is the issue that Mr. Kleckley got any

13   sentencing hearing on, namely, the habitual offender

14   designation on Count Two is incorrect because of

15   insufficient predicate offenses would apply as to

16   Count One.  Because on Count One Mr. Kleckley was

17   sentenced to life in prison both under the 10/20/Life

18   statute, and under the habitual offender statute.

19   And there were some discussion in court about the

20   opinion being inconsistent due to that and for other

21   reasons.

22         But let me just tell the Court I have done some

23   legal research on it.  And, first of all, I think I

24   figured out why the DCA didn't talk about the

25   habitual felony offender aspect of Count One even

Page 6

1    though he was sentenced to that also along with

2    10/20/Life.  Mr. Kleckley's motion to correct

3    sentence issue number one, page five of the motion,

4    footnote three.

5         THE COURT:  Let me catch up to you.

6         MR. CHLOUPEK:  It's the motion filed May 21st,

7    2008.  Page five, issue one, footnote number three.

8         THE COURT:  I've got a motion to correct May

9    27th, 2008.

10        MR. CHLOUPEK:  That's it.

11        THE COURT:  Okay.  Actually, Judge Gardiner

12   denied that.  I denied that.  And page five you say?

13        MR. CHLOUPEK:  Yes.  Page five, footnote three,

14   issue one.  Mr. Kleckley notes that he got two

15   designations in terms of his sentencing as to Count

16   One of life imprisonment under section 775.077, the

17   10/20/Life statute.  And under section 775.084, the

18   habitual felony offender statute.  And he says on the

19   last sentence of that footnote that grounds isn't

20   attacked on primary sentence under section 775.07.

21        Now, if you go forward to issue number two of

22   this motion to correct sentence, page number ten,

23   footnote number six, you will see Mr. Kleckley says

24   again the defendant was given two sentences, Count

25   One, a primary sentence under 10/20/Life, and the

Page 7

1    alternative sentence under habitual felony offender.

2    And the next line here says this ground is attacked

3    on alternative sentence as habitual felony offender,

4    Count One, and habitual felony offender sentencing

5    portion, Count Two.

6         So in other words, on one footnote he is saying

7    I am not challenging habitual felony offender aspect

8    on Count One, but then on later part of the same

9    motion he says, well, yes, I am.

10        So my guess is that the appellate court saw that

11   and determined that either he is waiving issue as

12   habitual felony offender, Count One, or somehow some

13   procedural default because of the way he had

14   alternative inconsistent footnote.  So that's my best

15   guess about why the court didn't address it.

16        THE COURT:  But it was denied by this Court.

17   And maybe they affirmed.  Maybe they affirmed that

18   because it wouldn't be legal.

19        MR. CHLOUPEK:  That's possible too.  I don't

20   know why they did it.  I'm speculating this is one

21   possible source of inconsistency.

22        THE COURT:  But in any event, it would appear

23   to me -- unless I am missing something -- Count One

24   is not in play here.

25        MR. CHLOUPEK:  It's not.  Let me go to step two

Page 8

1       of what I want to put on the record.  There was some

2       discussion back on February 26th about even though

3       the appellate court didn't say we could re-exam

4       sentence, number one, and, in fact, they said we

5       affirm trial court's denial of Mr. Kleckley's other

6       claim which is as to Count One.  There was some

7       discussion about whether you could re-examine that

8       anyway.  And you had asked -- when we left court that

9       day -- you asked myself and State to give two memos

10      on that issue.

11          And what I did is subsequent to that I did some

12      legal research and I discovered different cases both

13      from the Fourth DCA and even Florida Supreme Court

14      that in my professional opinion appear to say that we

15      cannot look at Count One definitely because the

16      appellate court's decision did not say that

17      resentencing as to Count One also.  Just said as to

18      Count Two.

19          And in order for the Court to resentence, it has

20      to be a specific mechanism to allow that.  You can't

21      just do it just because you want to.  There has got

22      to be things vacated.  There has got to be a set

23      aside on appeal motion to correct sentence that been

24      accepted.  Something along those lines which doesn't

25      apply here.  So.  And I want to put these cases on

Page 9

1    the record just so everything is clear.

2         THE COURT:  Go ahead.

3         MR. CHLOUPEK:  K-E-N-N-Y.  Kenny versus State,

4    916 So.2nd 38.  Fourth DCA case 2005.  The next case

5    is G-O-R-D-O-N.  Gordon versus State.  Citation 635

6    So.2d 1017.  That first DCA case is from 1994.  Next

7    case is Martinez-Yanez -- M-A-R-T-I-N-E-Z-Y-A-N-E-Z

8    versus state.  And citation there is 779 So.2d 588.

9    That is second DCA case from 2001.

10        And I think those cases are based on Florida

11   Supreme Court case called F-A-S-E-M-E-Y-E-R.

12   Fasemeyer versus State.  And the citation for that

13   case is 457 So.2d 1361.  1984 Florida Supreme Court

14   case.

15        All cases say sentence that is not disturbed by

16   appellate court you can't resentence on that when the

17   case comes back for remand nor resentencing on other

18   counts.  That's the long and short of what those

19   cases say.

20        And based on that it was my professional opinion

21   that unfortunately for Mr. Kleckley that we cannot

22   ask you to resentence him on Count One.  You would

23   not have jurisdiction to do that.  And I've informed

24   Ms. Hugentugler, who handled the case from appellate

25   aspect from the state attorney's office.  And asked

1  her to inform the State that's handling the case

2  right now to let her know that's what I was doing.

3  And I let her know also yesterday and today what I

4  was doing so that we would understand why I didn't

5  file the memo. And why I am not proceeding on that

6  case.

7      It's not that I didn't want to, and that

8  Mr. Kleckley doesn't want to. Believe me, he still

9  does want to get resentenced on Count One.

10 Unfortunately, today we have no mechanism to do that.

11     Now having said all that I will say that I also

12 sent a letter to Mr. Kleckley explaining all of this,

13 and gave him copies of the cases I've cited. And

14 giving my full legal explanation I am giving you

15 about why I was not going to ask for him to be

16 resentenced on one even though he wanted, and

17 obviously would like that to happen.

18     In talking to him he indicated that he felt in

19 his own mind, legally speaking, looking at the cases

20 and other case law, that he felt like we still could

21 make the argument that you could resentence him on

22 one. And what I told him was that because I don't

23 believe in my professional opinion that that's

24 correct, I can't make that claim for him because it

25 would violate the rules of Florida Bar Ethical Rules

Page 11

1    to make what I, in my professional opinion, believe

2    is a legally nonviable claim.

3        And, second, unfortunately again for him, he is

4    not allowed what's called hybrid representation.

5    Meaning he was court appointed attorneys, but he can

6    still litigate things himself by filing motions and

7    making arguments in court.

8        So, I informed him of that.  He did indicate

9    that he still wanted to put on the record his

10   argument and case law citations on this subject.  So

11   if the Court's willing to do that, then you certainly

12   can do that.  It's your courtroom.

13       But I did inform the State and Mr. Kleckley of

14   my view of the situation.  That I cannot make his

15   argument for him because I don't believe it's legally

16   viable.  So I'm not doing that.  That's where we are

17   at now.  And, so, in other words, we are here

18   strictly for resentencing on two.  And I do have

19   witnesses.  Four witnesses.  And Mr. Kleckley on my

20   behalf.  Or on his behalf.

21       THE COURT:  Okay.

22       MS. SMITH:  Judge, with regard to the defendant

23   making his own arguments as to resentencing as to

24   Count One, the State would object.  It is hybrid

25   representation.  There is no legal authority to that.

Page 12

1          THE COURT:  Well, what he can do, though he

2      always has the right to represent himself, which

3      means I then have Faretta hearing if he wants to

4      waive counsel.  I'd have to give him time to do all

5      of that.  I'd do it.  On the other hand, I can let

6      him put it on the record.

7          MR. CHLOUPEK:  Judge, I did discuss that with

8      him, and in the jail when I saw him.  And I

9      explained, right, if he wanted to actually litigate

10     the case himself and go ahead and argue it his way,

11     he would have to discharge us.  But that, you know,

12     you would have to make Nelson inquiry to see if I am

13     incompetent in my position.

14         THE COURT:  He can announce a desire for self

15     representation.  Irrespective of his position maybe

16     he thinks that a Nelson hearing is warranted.  I

17     don't know.  You can talk to him about it.  But

18     irrespective of that, he always has the right to say,

19     listen, I want to represent myself and make an

20     argument that my lawyer whom eloquently setout he has

21     professional reasons why he cannot do that.  I want

22     to make my record he has had a right to do that if he

23     wants to.

24         MR. CHLOUPEK:  No, I did discuss Faretta with

25     him and Nelson.  I gave him his options.  He can keep

Page 13

1    me, I make the argument, and then he can file a

2    motion to correct sentence based on his position

3    later that's not going to be raised.  Florida Supreme

4    Court has said that under Rule 3800 in the McBride

5    case.  Or, B, he can assert I am incompetent and

6    Nelson inquiry would ensue.  And obviously I don't

7    believe I am incompetent.

8         So if I weren't found incompetent, he would have

9    either, then, under Faretta, fire PD's office and do

10   it pro se.  Or hire his own lawyer.  Or, three, if

11   you found me incompetent, you agreed with him,

12   discharge PD and appoint Regional Conflict Counsel,

13   or somebody from court appointed list.  I've covered

14   it with him.

15        THE COURT:  What do you want to do,

16   Mr. Kleckley?

17        MR. KLECKLEY:  The only thing I want to do, Your

18   Honor, no disrespect to you or counsel, put it on the

19   record.  I don't want to fire my counsel.  I want to

20   make sure I put this on the record.

21        THE COURT:  Okay.  Well.

22        MR. KLECKLEY:  If it's all right.

23        THE COURT:  I am going to note State's

24   objection.  I am going over it.  He has a right to

25   allocute.  I will let you put that on the record.

Page 14

1          MR. CHLOUPEK:  Go ahead.

2          THE COURT:  You are not asking me to represent

3     yourself, right?

4          MR. KLECKLEY:  No.  The Court set forth request

5     if the defendant challenge more than one count of

6     charge dealing with an illegal sentence against him

7     and one issue, of his motion to correct illegal

8     sentenced in district court reverse that issue it

9     would both count implicated can adjudge on remand

10    notify reconstruct or change sentence that was not

11    specifically raised on appeal, but was raised on

12    appeal within the issue of district court reverse.

13         Kenneth versus State.  Martinez-Yanez versus

14    State.  Gordon versus State.  All these cases are in

15    opposite of my case but important fact that that you

16    have jurisdiction, Your Honor.  And these cases

17    couldn't happen because the trial court was trying to

18    reconstruct and or change sentences to counts not

19    implicated in their motion and not reversed by the

20    district court in my case it is different.  The

21    district court reversed issue two with Count One.

22    And footnote six implicated about habitual being

23    illegal in Count One.  And I said I was challenge

24    Count One habitual and Count Two habitual.  It was

25    implicated in issue two.

139000635

Page 15

1      You even said yourself during the proceeding on

2   February 26th that it was unclear to how the district

3   court reversed issue two.  Upon you saying that, the

4   State asked you to strike habitual life in Count One

5   which was implicated in issue two of my motion to

6   correct illegal sentence which district court

7   reversed.  This gives you jurisdiction to Count One

8   because I challenged it in issue two and district

9   court reversed issue two because I put it in footnote

10   I am challenging habitual on Count Two and habitual

11   in Count One.

12          THE COURT:  Okay.

13          MR. KLECKLEY:  And that give jurisdiction to go

14   into Count One.

15          THE COURT:  All right.  Anything else.

16          MR. KLECKLEY:  No, sir.

17          THE COURT:  Okay.  All right.  Thank you,

18   Mr. Kleckley.  At this point, as I indicated earlier,

19   I've read the opinion, I've read the mandate, I've

20   reviewed this matter, and I am going to resentence

21   him on Count Two.  Everything else, from my

22   prospective, stays the way it was based upon the

23   order affirming by the Fourth DCA the motion -- or

24   that order -- I don't remember what I said on

25   February 26th.  And I would trust Mr. Kleckley and

Page 16

1    the lawyers' memory are better than mine.  I probably

2    had a lot of cases that day.  So I don't disagree and

3    doubt that I may have said there was some question

4    into in my mind about it.

5         I think as I am briefly looking again here this

6    morning it was probably a product of the State not

7    attaching anything in response to show that he

8    qualified as a habitual offender.

9         In any event, it came back and then said, you

10   know, they came back and they said, you know, priors

11   introduced didn't qualify him.  So the order which

12   said I need to resentence him on Count Two which is

13   before me.

14        And as I've said, I am going to leave sentence

15   on Count One unchanged, because I don't think that's

16   before me today mandate from Fourth District Court of

17   Appeals.  So is there any legal cause to show why I

18   shouldn't sentence him?

19        MR. CHLOUPEK:  No.

20        THE COURT:  All right.  And State's offering

21   evidence?

22        MS. SMITH:  Yes, Judge.  I have witnesses too.

23        THE COURT:  Call your first witness.

24        MS. SMITH:  The State calls Deputy Edwards.

25        THE COURT:  Raise your right hand.

Page 17

```
 1    THEREUPON:

 2              DEPUTY KENDRICK EDWARDS

 3    a witness, having been duly sworn to testify in the above-

 4    entitled cause, testified under oath as follows:

 5              THE CLERK:  Please state your full name and

 6        spell your last name for the record.

 7              THE WITNESS:  Kendrick Edwards.

 8              THE COURT:  Go ahead.

 9                   DIRECT EXAMINATION

10    BY MS. SMITH:

11        Q    Deputy Edwards, where do you work?

12        A    Broward Sheriff's.

13        Q    How long?

14        A    Three years.

15        Q    And what do you do there?

16        A    I am a court deputy.

17        Q    As a court deputy, are you called upon to roll

18    prints in open court?

19        A    Yes, I am.

20        Q    Okay.  I'm showing you what's been marked as

21    State's A for Identification.  Do you recognize it?

22        A    Yes, I do.

23        Q    And how do you recognize it?

24        A    It's a fingerprint sheet that we have to

25    fingerprint the defendants that's in court.
```

Page 18

1    Q    What is the name of the defendant that's

2  reflected on those prints?

3    A    It's Robert Kleckley.

4    Q    What is the case number assigned?

5    A    Case number 9915141C F10A.

6    Q    When were those prints rolled?

7    A    These prints were rolled January 28th, 2010.

8    Q    And who rolled those prints?

9    A    I did.

10    Q    Do you see the defendant whose prints you rolled

11  on January 28th, 2010 in the courtroom today?

12    A    Yes, I do.

13    Q    Can you identify him?

14    A    The gentleman to my left.  Red jumper, far left

15  corner.

16         MS. SMITH:  May the record reflect in-court

17    identification of the defendant.  At this time the

18    State moves State's A in as State's 1.

19         THE COURT:  Any objection?

20         MR. CHLOUPEK:  No objection.

21         THE COURT:  State's 1 is received into evidence.

22         (Thereupon, State's Exhibit A marked for

23         Identification becomes State's Exhibit No. 1

24         entered into evidence.)

25         THE COURT:  Any cross?

000639

```
 1          MR. CHLOUPEK:  No.

 2          THE COURT:  Any further questions?

 3          THE CLERK:  Please raise your right hand.

 4  THEREUPON:

 5               JAMES FLORIAN

 6  a witness, having been duly sworn to testify in the above-

 7  entitled cause, testified under oath as follows:

 8          THE CLERK:  Please state your full name and

 9     spell your last name for the record.

10          THE WITNESS:  James Florian.  F-L-O-R-I-A-N.

11               DIRECT EXAMINATION

12  BY MS. SMITH:

13     Q    Mr. Florian, where do you work?

14     A    Broward County Sheriff's Office.

15     Q    How long have you worked there?

16     A    Three and a half years.

17     Q    And what do you do there?

18     A    Fingerprint analyst.

19     Q    As a fingerprint analyst, what training did you

20  receive?

21     A    I received seven months in-house training with a

22  supervisor.  Forty hours basic fingerprint class.  And

23  forty hour advanced fingerprint class.

24     Q    You've successfully completed all of the

25  training that you've just referenced?
```

Page 20

1    A    Yes, ma'am.

2    Q    Approximately what percentage of your daily

3  course of employment is dedicated to comparing prints?

4    A    About ninety percent.

5    Q    Ninety percent.  Okay.  In comparing a set of

6  prints, what specifically do you do?

7    A    I look at the prints for quality of the prints,

8  and then look for the classification of print, and

9  identification within the print.

10    Q    What tools do you use to perform your duty?

11    A    Magnifying glass and computer.

12    Q    Is your work reviewed at all?

13    A    Yes, it is.

14    Q    Who reviews your work?

15    A    Another co-worker.

16    Q    In the three years working in the Broward

17  Sheriff's Office with your work being reviewed, has it

18  ever been rejected?

19    A    No, ma'am.

20    Q    Okay.  Approximately how many prints do you

21  compare in a given week?

22    A    Approximately one hundred prints per day.

23    Q    One hundred per day?

24    A    Correct.

25    Q    And for three years approximately how many would

Page 21

```
 1    you say you have compared?

 2        A     Thousands.

 3        Q     Thousands?

 4        A     Uh-huh.

 5             MS. SMITH:  Your Honor, I tender the witness.

 6             THE COURT:  Cross.

 7             MR. CHLOUPEK:  No cross.

 8             THE COURT:  Voir dire.  Do you want to voir

 9        dire?

10             MR. CHLOUPEK:  No.  I accept his expertise.

11             THE COURT:  All right.  Go ahead.

12    BY MS. SMITH:

13        Q     Mr. Florian, I am showing you what's been

14    entered as State's 1.  Did you receive State's 1?

15        A     Yes, ma'am.

16        Q     When did you receive it?

17        A     February 4th.

18        Q     And for what purposes did you receive it?

19        A     To make comparisons.

20        Q     And did you have an occasion to compare State's

21    1 to certified copies of conviction?

22        A     Yes.

23        Q     I am showing you what's marked as State's B for

24    Identification.  Do you recognize?

25        A     Yes, I do.
```

Page 22

1    Q    What do you recognize it to be?

2    A    This is certified conviction card prints.

3    Q    When did you receive them?

4    A    February 4th.

5    Q    Who is the defendant named?

6    A    Robert Kleckley.

7    Q    You compared State's 1 to State's B to see if it

8    was one in the same?

9    A    Yes.

10   Q    What is your opinion?

11   A    Positive.  They are one in the same.

12   Q    I am showing you what's been marked as State's C

13   for Identification.  Do you recognize it?

14   A    Yes.

15   Q    What do you recognize it to be?

16   A    Certified.

17   Q    When did you receive it?

18   A    February 4th.

19   Q    For what purpose did you receive it?

20   A    To make comparison.

21   Q    Did you have occasion to compare State's 1 to

22   State's C?

23   A    Yes.

24   Q    And what is your opinion?

25   A    They are one in the same.

Page 23

1      Q     I am also showing you what's been marked as

2   State's D.

3            THE COURT:  The last one is B or C?

4            MS. SMITH:  The last one was B.  Sorry.  C.

5            THE WITNESS:  Okay.  The last one was C.

6            THE COURT:  So right now you have A is 1.  B, C,

7      and now D.

8            MS. SMITH:  Correct.

9   BY MS. SMITH:

10     Q     State's D for Identification.  Do you recognize

11  it?

12     A     Yes.

13     Q     What do you recognize it to be?

14     A     Certified convictions.

15     Q     For whom?

16     A     Robert Kleckley.

17     Q     And when did you receive them?

18     A     February 4th.

19     Q     And for what purpose?

20     A     To make comparison.

21     Q     You compared State's 1 with what's been marked

22  as State's D for identification?

23     A     Yes.

24     Q     And what is your opinion?

25     A     They are one in the same.

Page 24

```
 1       Q    Okay.  I am showing you State's E for
 2   Identification.  Do you recognize it?
 3       A    Yes.
 4       Q    And what do you recognize it to be?
 5       A    Certified conviction prints.
 6       Q    And when did you receive those?
 7       A    February 4th.
 8       Q    And for what purpose?
 9       A    To make comparison.
10       Q    Did you compare what's been entered in as
11   State's 1 to State's D?
12       A    Yes.
13       Q    And what is your expert opinion?
14       A    They are one in the same.
15       Q    Sorry.  To State's E?
16       A    One in the same.
17       Q    Showing you State's F for Identification.  Do
18   you recognize it?
19       A    Yes.
20       Q    And what is it?
21       A    Certified conviction prints.
22       Q    For whom?
23       A    Robert Kleckley.
24       Q    And when did you receive them?
25       A    February 4th.
```

Page 25

1    Q    And for what purpose?

2    A    To make comparison.

3    Q    Did you have occasion to compare what's been

4    entered as State's 1 to State's F?

5    A    Yes.

6    Q    And what is your opinion?

7    A    They are one in the same.

8         MS. SMITH:  Your Honor, at this time State would

9    move State's 1 -- sorry State's B through F into

10   evidence as State's 2 through 6.

11        THE COURT:  Any objection?

12        MR. CHLOUPEK:  One second, Judge.

13        THE COURT:  Yes, sir.

14        MR. CHLOUPEK:  No objection, Judge.

15        THE COURT:  State's 2, 3, 4, 5, and 6 are

16   received without objection.

17        (Thereupon, State's Exhibits B, C, D, E, F

18   marked for Identification becomes State's

19   Exhibits 2, 3, 4, 5, 6 entered into evidence.)

20        THE COURT:  Further examination?

21        MS. SMITH:  No.

22        THE COURT:  Cross.

23        MR. CHLOUPEK:  No.

24        THE COURT:  You may step down.

25        (Thereupon, the witness is excused.)

150000646

Page 26

1          THE COURT:  Next witness.

2          MS. SMITH:  State calls Miguel Rodriguez.

3          THE COURT:  Obviously I've ruled Count One is no

4     longer in play here.

5          MS. SMITH:  Correct.

6          THE COURT:  Which is the life sentence, right?

7          MS. SMITH:  Yes.  That is correct.

8          THE COURT:  Raise your right hand.

9     THEREUPON:

10                    MIGUEL RODRIGUEZ

11    a witness, having been duly sworn to testify in the above-

12    entitled cause, testified under oath as follows:

13         THE CLERK:  Please state your full name and

14    spell your last name for the record.

15         THE WITNESS:  Miguel Rodriguez.

16         THE COURT:  Spell Rodriguez for the court

17    reporter.

18         THE WITNESS:  R-O-D-R-I-G-U-E-Z.

19         THE COURT:  Okay.  You may inquire.

20                    DIRECT EXAMINATION

21    BY MS. SMITH:

22         Q    Good morning, Mr. Rodriguez.  You've heard the

23    previous proceedings you've sat through, and you've heard

24    that Mr. Kleckley has a life sentence on Count One,

25    correct?

151000647

1        A    Yes.

2        Q    And he is to be sentenced on Count Two.

3   Mr. Rodriguez, what are your wishes with regards to

4   resentencing as Count Two only?  What would you like to

5   see happen in this case?

6        A    I wish that the sentence stay as a life sentence

7   because of what I've been through.  This whole situation

8   really changed my life.  Even looking at thinking about

9   that night how cold hearted and how disregard for life he

10  had just to try to kill me because of a miscommunication.

11  I just don't see a type of person like that having any

12  value for life.  And at this moment I strongly feel in my

13  heart because of everything I've been through and what was

14  decided in Court that the sentence stay and he keep a life

15  sentence.

16        MS. SMITH:  Thank you, Judge.  I have nothing

17    further.

18        THE COURT:  Do you want to ask him anything?

19        MR. CHLOUPEK:  No, Judge.

20        THE COURT:  Mr. Rodriguez, thank you.  Thank you

21    for being here.  You can step down.

22        (Thereupon, the witness was excused.)

23        THE COURT:  Your next witness.

24        MS. SMITH:  State rests.

25        THE COURT:  State rests.  Any evidence from the

Page 28

1    defense?

2            MR. CHLOUPEK:  Yes, we do, Judge.  First we

3    would like to call Alva Nelson.

4            THE CLERK:  Please raise your right hand.

5    THEREUPON:

6                        ALVA NELSON

7    a witness, having been duly sworn to testify in the above-

8    entitled cause, testified under oath as follows:

9            THE COURT:  Tell us your full name when you get

10   situated there.

11           THE WITNESS:  Alva Marie Nelson.  A-L-V-A.

12                    DIRECT EXAMINATION

13   BY MR. CHLOUPEK:

14       Q    Ms. Nelson, how do you know Robert Kleckley, the

15   defendant?

16       A    I know him ever since he was growing up with my

17   son.  He was like a mentor to my son that I had.  And he

18   used to live with me.

19       Q    You all lived in the same neighborhood?

20       A    Yes.

21       Q    And when was this?

22       A    This was back in 1976.

23       Q    Sorry, I don't mean to date all of us here with

24   that.  I shouldn't have asked that question.

25            Did you eventually become his godmother?  When I

Page 29

1    say him, I mean Robert.

2        A    Yes.

3        Q    Tell the judge the circumstances on how that

4    happened.

5        A    Well, him and my son came close friends.  And he

6    was like a brother to my son.  And so he came to live with

7    me.  And he was under my care.  And he was like a mentor

8    to my son.

9        Q    And what was Robert doing at that time, was he

10   in school or working?

11       A    He was working.

12       Q    He was?

13       A    Yes.

14       Q    Do you know where he was working at?

15       A    It's been so long ago.

16       Q    Okay.  I couldn't remember either.

17       A    I'm sorry.

18       Q    Now, Robert was arrested in 1999 in this case.

19   Have you had any personal contact with him since that

20   time?

21       A    Yes.

22       Q    And what was the nature of those contacts?

23       A    I used to go visit him to the prisons and stuff

24   like that.

25       Q    You did?

1       A       Yes.

2       Q       Okay.  Now, in visiting him in the prison, what

3    did you notice about his demeanor and his attitude?

4       A       Totally changed.

5       Q       In what way?

6       A       He gave his life to Christ.  And I could see it

7    in him because I am also in Christ.  And he was a totally

8    different person.  And it was just like -- Because he was

9    always quiet when he was around me.  When he was living

10   with me.  And it was just like a total change to him when

11   he turned his life over to Christ.  And I was asking him.

12   He said I gave my life to Christ, and I made better of

13   myself.  And he was like totally different.  His attitude

14   was different.  His talk was different and everything.

15      Q       Now, had he been active in the church before

16   that time while he was living with you or not?

17      A       He probably came with me a couple times, but not

18   that much.

19      Q       Was that something you all talked about

20   frequently or not?

21      A       Yes.  We always talked about church.  Yes.

22      Q       Now, what other activities are you aware of that

23   he was engaging in in the prison system?

24      A       Well, he was studying law and singing in the

25   choir.  And, you know, he was just playing instruments and

Page 31

1    stuff in the jail.

2         Q    Now, as you have heard, I am sure today, that we

3    are not here on Count One, which is the life sentence

4    still outstanding, obviously.  Now, as to Count Two, if

5    Robert's sentence was reduced, and if he were released on

6    Count One at some point in the future, what would you do

7    to help him reintegrate himself into life, into society?

8         A    Well, he could come and live with me.  I belong

9    to a church, and I'm active in my church, in my

10   neighborhood and stuff.

11        Q    Is that in Broward County, ma'am?

12        A    Yes, it is.

13        Q    Okay.

14        A    And I would look for him, you know, helping to

15   find him a job to better himself, to get his life back on

16   track.

17        Q    And how many relatives of Robert's live in

18   Broward County, ma'am?

19        A    Well, his family is back there.  His mother and

20   his sisters.  And his brothers is back there.  Them the

21   only ones that I know of.

22        Q    But he has other family besides yourself in

23   Broward County, in other words?

24        A    Yes.

25             MR. CHLOUPEK:  No further questions, Judge.

Page 32

1      Thank you.

2                    CROSS EXAMINATION

3    BY MS. SMITH:

4         Q    Ms. Nelson, was Mr. Kleckley living with you

5    August 20th, 1999?

6         A    No, he wasn't living with me at that particular

7    time.

8         Q    You had contact with him?

9         A    Yes.

10        Q    Your influence did not stop him from attempting

11   to kill Mr. Rodriguez then, did it?

12        A    Well, I have no idea what happened that night.

13             MS. SMITH:  Nothing further, Judge.

14             THE COURT:  Anything else?

15             MR. CHLOUPEK:  No, Judge.  Thank you.

16             THE COURT:  Ms. Nelson, thank you.  You can step

17   down.

18             (Thereupon, the witness was excused.)

19             MR. CHLOUPEK:  Judge, before I call my next

20   witness, I actually forgot to do this, Mr. Kleckley's

21   mother is here, and two other nieces who are not

22   going to testify.  I just wanted the Court to know

23   they are here.  Over here on the right side.  Left

24   side.

25             THE COURT:  Good morning.  Thank you for being

1          here.

2                  MR. CHLOUPEK:  I apologize to Mr. Kleckley.  I

3          forgot to mention that.

4                  THE CLERK:  Please raise your right hand.

5      THEREUPON:

6                          VENTRY RICH

7      a witness, having been duly sworn to testify in the above-

8      entitled cause, testified under oath as follows:

9                  THE CLERK:  Please state your full name and

10         spell your last name.

11                 THE WITNESS:  First name, V-E-N-T-R-Y.

12                 THE COURT:  You may inquire.

13                       DIRECT EXAMINATION

14     BY MR. CHLOUPEK:

15         Q    Ms. Rich, how do you know Robert Kleckley?

16         A    I met Robert through my granddaughter.

17         Q    Sorry?

18         A    I met him through my granddaughter.  By my

19     granddaughter.

20         Q    And what relationship did Robert have with your

21     granddaughter?

22         A    He was dating my granddaughter at one time.

23         Q    When was this?

24         A    I can't remember the year, but it's been at

25     least maybe twelve years ago.

Page 34

1      Q    Okay.  And so your contacts with Robert was

2  through your daughter then?

3      A    Yes.  My granddaughter.

4      Q    And what was his demeanor like at that time?

5  What kind of person was he?

6      A    When I met Robert he was very -- he was a nice

7  person.  You know.  He was quiet.  I never heard him say

8  anything out of the way.  He just seemed to be a good

9  person.

10     Q    Now, was he working any job that you are aware

11  of at the time, or was he in school?

12     A    He was working, but I don't remember where he

13  was working at.

14     Q    Okay.  When was the last time you had actual,

15  physical contact with Robert, or seeing him or being in

16  his presence before today?

17     A    Well, I haven't been in his presence, but it's

18  always been a letter every week, or it was a phone call.

19     Q    Sorry.  So you have communicated with him by

20  letter or phone?

21     A    Yes.

22     Q    And when did that begin?

23     A    It began ever since he's been locked up.  It's

24  been that phone call or a letter.

25     Q    In those letters, what did you all talk about in

Page 35

1    the letters?

2         A    In those letters it was like, you know, I come

3    to be a grandmother to him, because he was just like my

4    grandson.  As one of my children.  It was always pleasant

5    letters.  He was telling me how his life was going while

6    he is locked up.

7         Q    Did he indicate some of the activities in the

8    prison system?

9         A    Yes.  He took a lot of courses since he's been

10   there.  He have finished his high school education.  He

11   have won several certificates since he been there.

12        Q    Now, Ms. Rich, you live in Broward County,

13   correct?

14        A    Right.

15        Q    Now, if Robert were to be released from prison

16   at some point in the case, not today, at some point in the

17   future, would you be able to provide him material or

18   emotional support for his reintegration into society?

19        A    I would treat Robert just like he was my

20   grandson.  That's how much I love Robert.  I would provide

21   him with any means.  Whatever it took for him to be back

22   in society as a person.

23             MR. CHLOUPEK:  All right.  Thank you, Ms. Rich.

24        No more questions.

25                      CROSS-EXAMINATION

160   000656

1    BY MS. SMITH:

2        Q    Ms. Rich, you've indicated that you knew Robert

3    through your granddaughter.  Were you aware of his

4    criminal history?

5        A    No.

6        Q    Were you aware of his drug use?

7        A    No.

8        Q    Okay.

9        A    I never saw any of that as part of him.

10       Q    But you would agree that since he's been locked

11   up he's done a lot for himself in terms of what he's

12   accomplished, correct?

13       A    Yes.

14            MS. SMITH:  Nothing further.

15            MR. CHLOUPEK:  No further questions.

16            THE COURT:  Ms. Rich, thank you for being here.

17            (Thereupon, the witness is excused.)

18            THE COURT:  Your next witness.

19            MS. CHLOUPEK:  My next witness is Kimberly.

20            THE CLERK:  Please raise your right hand.

21   THEREUPON:

22                 KIMBERLY KLECKLEY

23   a witness, having been duly sworn to testify in the above-

24   entitled cause, testified under oath as follows:

25            THE CLERK:  Please state your full name for the

Page 37

```
 1          record and spell your last name.

 2                  THE WITNESS:  Kimberly.

 3                  THE COURT:  Tell us your full name.

 4                  THE WITNESS:  Kleckley.  Kimberly Denise

 5          Kleckley.

 6                       DIRECT EXAMINATION

 7     BY MS. CHLOUPEK:

 8          Q    How do you know the defendant, Robert Kleckley?

 9          A    He is my brother.

10          Q    Prior to his being arrested in this case, Ms.

11     Kleckley, what employment did he have, and where was he

12     staying at?

13          A    Um, prior to whatever happened, he was working

14     at, like, a laundry mat.  And he also was doing, like,

15     side work.  Like, um, lawn service.  My brother is, like,

16     he was, like, the provider for our family.  For me.  My

17     mom.  I had a daughter at age of three when he went to

18     jail.

19          Q    And this is prior to 1999, correct?

20          A    Yes.  My mom was going through some issues with

21     cancer.  And she still going through it now.  My brother

22     took me, my daughter, my sisters, and my brothers in, and

23     in his apartment, which was one bedroom.  He took care of

24     us.  No matter what we needed, or what we wanted, he made

25     sure that we got it by any means necessary.  My brother
```

Page 38

1    worked hard for whatever that we needed.

2              Since my brother been in jail, I kind of lost my

3    mind because that's my favorite brother.  Since he been in

4    jail, he made me turn my life around.  I was had done got

5    out of control when he went to jail.

6              Since I been talking to him, he help me got my

7    GED.  I have my billing and coding license.  I am now

8    temporary in school to get my MA license.

9              He let me see that the life that we had in the

10   past is the past.  That the future is going to be better,

11   and he is going to help me make it better.  And he been

12   doing that.  Even though he been in jail, he still been

13   having me focus like he was when he was out.

14   Q    So Robert and family have kept strong contact,

15   even during his incarceration you continue to communicate?

16   A    Yes.  My family keeps in contact with him

17   strongly.  But since he been incarcerated, my family is

18   not a family without him.  He is like the wolf of the

19   family.  He holds the family together.  Without him my

20   family is tearing apart.  And I really need for him to

21   come home.

22   Q    Now, if he were released from prison at some

23   point, Ms. Kleckley, where would he be staying?

24   A    He have everywhere to stay.  Every family member

25   will welcome him into their home.  Me, personally, I would

Page 39

1   welcome him into my home.   I will give him my home.   I

2   will put myself on the street, and let him have my home.

3   That's how I feel about my brother.

4        Q    That's here in Broward County?

5        A    Yes.

6        Q    Now, obviously you have had communication with

7   him since he's been incarcerated.   Have you visited him in

8   the prison system also?

9        A    Since he been close.   But when they moved him so

10  far, I wasn't able to.   But I did keep in contact with

11  him.

12       Q    So when he was in Belle Glade, you could see

13  him?

14       A    Yes.

15       Q    At that time when you saw him in the prison

16  system, have you noticed any change in his demeanor or his

17  actions towards others?

18       A    Yes, sir.

19       Q    What did you see?

20       A    We always was in church when we were younger,

21  but it kind of fell off a little as we were growing up.

22  But we always went to church.   But when we were younger,

23  we went every Sunday.   As we were growing up, we went,

24  like, two or three Sundays out of a month.   Since my

25  brother been incarcerated, he totally changed.   Like I can

Page 40

1   say a cuss word, and he will like flip.  Don't do that.

2   Don't do this.  Don't address yourself like that.  You are

3   a lady.  Be more professional.  Be more presentable about

4   yourself.  He is like --

5        Q    Would you say he's shown more self control since

6   that time?

7        A    Yes.  And he is, like, totally changed.  He has

8   accomplished so much for himself until he make me want to

9   accomplish something for myself.  He give me that, like, I

10  don't know, like, what he doing.  If he could do it, I

11  know that I can do it.  And he is showing me that.  He

12  giving me that authority to let me know that nothing can't

13  stop me.  That I can do whatever I want to do.  And

14  without him letting me know that, and showing me that, I

15  would have probably been lost from the world at that time.

16  I wouldn't even be the type of person that I am right now

17  today, because I was totally lost when my brother went to

18  jail.

19            MS. CHLOUPEK:  No further questions.  Thank you.

20            MS. SMITH:  Nothing from the State.

21            THE COURT:  Thank you very much.

22            (Thereupon, the witness was excused.)

23            THE COURT:  Any more witnesses?

24            MR. CHLOUPEK:  Judge, yes, the next witness is

25        Sheila Major.

Page 41

1          THE COURT:  Okay.

2              THE CLERK:  Please raise your right hand.

3     THEREUPON:

4                          SHEILA MAJOR

5     a witness, having been duly sworn to testify in the above-

6     entitled cause, testified under oath as follows:

7              THE CLERK:  Please state your full name and

8     spell your last name for the record.

9              THE WITNESS:  Shelia Major.  S-H-E-L-I-A.  Last

10    name, M-A-J-O-R.

11             THE COURT:  You may inquire.

12                      DIRECT EXAMINATION

13    BY MR. CHLOUPEK:

14        Q    Ms. Major, how do you know or are related to

15    Robert Kleckley?

16        A    I know Robert from dating my daughter.

17        Q    When was that?

18        A    Back in the late '90s.

19        Q    And what other contacts did you have with Robert

20    prior to his arrest in 1999?

21        A    Prior to his arrest, I know that he was

22    concerned about his family.  That he took care of his

23    family.  That they lived down in Lauderhill.  And I knew

24    him from just going to their house.  But then I got to

25    know him later even more.

Page 42

1        Q       Now subsequent to his arrest and his prison

2    sentence, did you maintain contact with Robert?

3        A       Yes.  I am an ordained minister.  Since I been

4    ordained, I been kind of spiritually guiding Robert.  God

5    is a God of second chances.  Robert has changed.  Robert

6    wasn't in Christ when I knew him.  Neither was my

7    daughter.

8        Q       Is your ministry located here in Broward County?

9        A       Broward County.  Yes.

10       Q       Okay.  What have you noticed about Robert's

11   demeanor since he's been in prison?

12       A       I know Robert has changed.  Just recently Robert

13   wrote me a letter.  And in the midst of the letter he said

14   something even though he made a choice in life that wasn't

15   right, and he did something that he knew was wrong, but

16   yet he knew right now as he looked back on it he made a

17   mistake.  If he could have changed something in life, he

18   would have.  We all make mistakes some times we can't

19   change.  And we have to go forward with those decisions

20   that we make.

21             When I read Robert's letter, I do believe in my

22   heart if he could change what happened that night, he

23   would have.  I do believe in my heart that he has remorse

24   of what he done.  But I also believe this with all my

25   heart that God has say so.  And final say so what happens

Page 43

1    with Robert in Robert's life.  And Robert has come to

2    accept that.  And we all heard say Robert's in Christ.

3    But I do believe that.  Okay.  Not because I am ordained,

4    but just saying what he saying.

5         Q     Now, have you had any personal contact with him

6    in the prison, or has it been strictly --

7         A     Strictly by letter or over the phone.

8         Q     You've exchanged, he sends to you and you send

9    to him?

10        A     If Robert want me to come, I will come.

11   Whatever he need.  Because I know as a mother -- I have

12   three sons myself.  Okay.  So as a mother you reach out to

13   him.  Because right now you think his mother is here, my

14   mother is here.  That's three generations of mothers.  My

15   daughter is a mother.  So that's four generations of

16   mothers.  And, again, if you look around the courtroom,

17   there are more mothers in here than there are sons.  So.

18   We are here for Robert.

19        Q     So if Robert is released from prison, at some

20   point in the future, you are telling Judge Bidwill you

21   would be there to support him one hundred percent?

22        A     One hundred percent.  Even financially I am able

23   to do it because of the job I have outside of the

24   ministry.  I work for the federal government.  I am able

25   to financially support Robert.

Page 44

1           It's not just to say give Robert a job.  But
2    it's, you know, being a convicted felon it's hard to get
3    back into the work environment, so therefore he has to be
4    in an environment he has to be his own boss.  I believe
5    that's able to happen.  I know it's able to happen.
6           This young man has changed.  He has changed.  He
7    is not even my son, but I love him.  I love him with all
8    of my heart.  I love him.  I want you to know that Robert.
9    I love you.  There is nothing I won't do for you.  There
10   is nothing I won't do for you accept commit a crime.  But
11   I love you.  I want you to know that.
12          Even Mr. Rodriguez, I understand what he did to
13   you.  Like you said, it took something away from you.  You
14   thought he had no meaning for life, but I do believe that
15   he has changed.  You know.  He has changed.  In order to
16   see that a person's changed, you have to feel that in your
17   heart to know that person has changed.
18          Everybody can make mistakes.  And what he did to
19   you, I am not saying that's right, because that's wrong.
20   I wouldn't want no one to do that to me.  But yet and
21   still he has changed.  He has changed.  And I believe
22   right now if he could tell you right now if he could take
23   it back he would.  But we know he can't go back to 1999.
24   We can't go back there.  The only thing we can do is move
25   forward and that's it.  And that's all we can do is move

Page 45

1    forward and have compassion and get this together because

2    we all have made mistakes in the courthouse.  All of us.

3    There is no one here perfect.  None of us.

4              MR. CHLOUPEK:  Thank you.  No further questions.

5              MS. SMITH:  Nothing from the State.

6              THE COURT:  Thank you very much, ma'am.

7              (Thereupon, the witness is excused.)

8              THE COURT:  Your next witness.

9         MR. CHLOUPEK:  Thank you.

10             THE COURT:  Does Mr. Kleckley wish to allocute?

11             MR. CHLOUPEK:  I do want to call Robert Kleckley

12        at this time.  If I could have him come up here.

13             THE CLERK:  Please raise your right hand.

14   THEREUPON:

15                      ROBERT KLECKLEY

16   a witness, having been duly sworn to testify in the above-

17   entitled cause, testified under oath as follows:

18             THE CLERK:  Please state your full name for the

19        record and spell your last name.

20             THE WITNESS:  Robert Kleckley.

21             THE COURT:  Okay.

22                      DIRECT EXAMINATION

23   BY MR. CHLOUPEK:

24        Q    Mr. Kleckley, since you've been incarcerated in

25   this case in Florida Department of Corrections, tell Judge

Page 46

1   Bidwill what programs and things you have done to better

2   yourself in life.

3       A    Um, I got my GED in 2001.  I got in the law

4   clerk training program to be a paralegal in 2006.  I got

5   college courses in 2007.  I got other college courses

6   throughout 2003 to 2010.  I took substance abuse class.

7   Life skills classes.

8       Q    Now, you've made contact with numerous family

9   members and other relatives and friends in Broward County

10  throughout that time, correct?

11      A    Yes.

12      Q    Maintained.  If you are released from prison at

13  some point, Mr. Kleckley, what would your plans be?  Where

14  would you stay, and what would you try and do?

15      A    There are many stable places for me to stay, but

16  my first concern would be to get a job.  Because when you

17  have -- you are financially stable with a job.  And, like,

18  you know, further my education so I can do more for my

19  family.  And, like, I will try to do, like, speak at,

20  like, youthful, like, schools or programs for, like,

21  battered kids or troubled kids so they won't make the same

22  mistakes I made.

23      Q    Now, before you were arrested, who were you

24  supporting in your family or elsewhere?

25      A    I was supporting my whole family.

1      Q     What kind of jobs were you working at that time?

2      A     I was doing lawn service, construction, and

3  laundry on 441.

4      Q     Mr. Kleckley, I know this is an awkward

5  situation here, but is there anything you'd like to say to

6  Mr. Rodriguez at this time?

7      A     I sympathize with what you went through, and I

8  apologize for the grief you had to go through and your

9  suffering with you and your family.  But if a person

10  rehabilitate they self in prison and they don't have a

11  chance to exercise that in society, what is the sense of

12  being rehabilitated?

13            MR. CHLOUPEK:  Thank you, Mr. Kleckley.  No

14  further questions.

15            THE COURT:  Any questions?

16            MS. SMITH:  Nothing.

17            THE COURT:  Mr. Kleckley, thank you.  You can

18  step down.  Take your time.  Any further witnesses?

19            MR. CHLOUPEK:  No, Your Honor.

20            THE COURT:  Allocution on behalf of defense.

21            MR. CHLOUPEK:  Yes.

22            THE COURT:  Let the State allocute.

23            MS. SMITH:  At the time that Mr. Kleckley

24  committed the offense before this Court, he was on

25  probation for possession of cocaine.  You have heard

1       from the victim, the impact it's had on his life, the

2       manner in which the crime was committed.  He was shot

3       multiple times.  Not once, but three times.  The

4       defendant kept shooting as he left.  As he left.  The

5       State is asking that the life sentence that was

6       initially imposed on Count Two be kept in place.

7              THE COURT:  Well, now you are confusing -- The

8       life sentence was on Count One which is not before

9       me.  The life sentence I am not touching.  The second

10      count is thirty year habitual offender sentence.

11             MS. SMITH:  That's correct.

12             THE COURT:  Right?

13             MS. SMITH:  The sentence on Count Two, which is

14      before this Court, State is asking that that be kept

15      in place.  The prior Court that heard the testimony

16      of the trial felt he deserved that sentence.  There

17      has been nothing additional that's been presented to

18      this Court for the Court to reduce that sentence.  So

19      in light of all the foregoing, we are asking that

20      that sentence be kept in place as habitual offender.

21             THE COURT:  Okay.  Thank you.  Mr. Chloupek on

22      behalf of the defendant.

23             MR. CHLOUPEK:  Yes, Judge.  Obviously the

24      defense in this case is not in any way, shape, or

25      form minimizing the damage to Mr. Rodriguez that

Page 49

1    happened in this case.  And obviously a substantial

2    prison sentence is appropriate for that charge.  And

3    you still have the life sentence on Count One that is

4    not involved in this situation today.

5         However, you have heard testimony from various

6    witnesses, including Mr. Kleckley himself, that he

7    has made a concentrated effort to change himself, to

8    change his attitude, to change his capacities in way

9    of viewing life.

10        And if you look at the prison record, you will

11   see that, in fact, everything that he says is true.

12   If you look in the PSI it shows the different things

13   he's done since he's been in there.  He's made strong

14   effort to change himself, to make himself a better

15   man, and to not be tempted to engage in the kind of

16   activities that have gotten him in trouble in the

17   past.

18        So what I am asking the Court to do at this time

19   is to look at both what happened in the past, which

20   is definitely bad and deserves substantial amount of

21   punishment, but also look at the man that

22   Mr. Kleckley is now, and acknowledge that change and

23   give him some credit for that in terms of reducing

24   the sentence on Count Two somewhere under thirty

25   years other than thirty years.  I think that would be

Page 50

1   appropriate to reduce the sentence to some extent.

2        Count One will remain.  Obviously that may be

3   subject to attack later.  That may come up later

4   again in the courtroom or elsewhere.  Who knows.  But

5   at least as to what we are here for today, Count Two,

6   I ask you to give Robert credit for the effort he

7   made to change himself, and to reduce his sentence on

8   Count Two to, I will say if we have years, let's use

9   that number, that substantial sentence he would still

10  be incarcerated for a little bit longer on that

11  sentence.

12       So it would not minimize the damage that

13  occurred to Mr. Rodriguez, but it would give him some

14  credit for the efforts he has made which I think he

15  deserves some credit for that.  Thank you.

16       THE COURT:  All right.  Thank you.  All right.

17  The Court at this point would make the -- Where is

18  the notice?  No legal cause having been shown, the

19  Court having reviewed pre-sentence investigation

20  report and disclosed that to the parties, having

21  listened to everything here today, I am prepared to

22  impose sentence on Count Two again.

23       As I've clearly stated earlier today, the life

24  sentence on Count One is not before the Court today.

25  That was my prior ruling in the matter.  The State

1    filed a notice of intent to have the defendant

2    sentenced as habitual felony offender on 23rd

3    September 1999.  That notice appears to be in the

4    court file.  The defendant obviously has had notice

5    of State's intent as he was previously sentenced as

6    habitual felony offender.

7         The State, I find, has proved to the Court by

8    the greater weight of the evidence the following:

9    That the defendant was previously convicted in case

10   number 994537CF10A of the offense of possession of

11   cocaine on the 13th day of August of 1999.  I find

12   the State has proved to the Court the defendant was

13   convicted in case number 9619260CF10A felony offense

14   of delivery of cannabis back on January 24th of 1997.

15        I find State has proved to the Court that the

16   defendant was convicted in case number 9618542CF10A

17   of the offense of possession of cocaine.  That was

18   January 24th of 1997.

19        I find the State has proved to the Court that

20   the defendant was convicted in case number 94109175

21   CF10A, the offense of possession of cannabis.  And

22   that was on June 29th of 1995.

23        I find the State has proved the defendant was

24   convicted in case number 9521529CF10A of the offense

25   of it's either possession, sell, deliver, purchase or

Page 52

1     manufacture of cannabis.  It doesn't clearly say what

2     it is on that one.  On 22nd January of 1996.  But

3     it's a violation of 893.03 (1(c )for third degree

4     felony it says on judgment.

5          So I find based upon this evidence of the State

6     that the defendant has, in fact, been convicted.

7     Prior to convicted of at least two felony offenses at

8     least two of them were subsequently imposed.  At

9     least one of them is violation of some statute other

10    than 893.13 relating to the simple purchase or

11    possession of a controlled substance.  He has

12    delivery of cannabis for consideration for sure.

13         I find that he committed the offense for which I

14    am sentencing him today on the 20th day of

15    August 1999.  He committed the offense within five

16    years of his last date of conviction.  I've

17    considered PSI.  There is no evidence before me that

18    any of prior convictions have been set aside by any

19    post-conviction proceeding, appeal, or governor.

20         Do you have you such evidence, Mr. Chloupek?

21         MR. CHLOUPEK:  I do not.

22         THE COURT:  Mr. Kleckley, do you have any such

23    evidence?

24         MR. KLECKLEY:  No.

25         THE COURT:  I find it has not been set aside.  I

find it necessary to sentence the defendant for protection of the public as habitual felony offender. I've reviewed the facts of the case. I've listened. I do appreciate the input of not only Mr. Rodriguez, but of Mr. Kleckley's family and friends. He is very blessed to have such a wonderful group of people on his side.

However, having considered everything, under all of the circumstances, I am not convinced that the sentence that was previously imposed by Judge Khan should be changed.

As result, it is there for the judgment of this Court, and sentence of the law, Count Two, offense of shooting in an occupied vehicle, the defendant is hereby committed to the custody of the Department of Corrections to be imprisoned to the term of thirty years as habitual felony offender. Receive credit for all time served. Not only county jail, but also Florida state prison.

I order that that sentence on Count One, or Count Two, I should say, is to run concurrent with the life sentence that he's currently serving on Count One in this regard. Is there any other aspect of sentence that needs to be imposed on Count Two?

MS. SMITH: No.

Page 54

1          THE COURT:  Mr. Chloupek?

2          MR. CHLOUPEK:  No.

3          THE COURT:  Mr. Kleckley, you have thirty days

4    within which to appeal judgment and sentence of the

5    Court.  Your failure to file notice of appeal within

6    that time frame would effectively waive your appeal.

7    If you are without funds to appeal and you would like

8    to appeal I would appoint a lawyer to represent you

9    on appeal.  Do you understand that?

10          MR. KLECKLEY:  Yes, sir.

11          THE COURT:  And it would be direct appeal from

12    the sentencing, right?

13          MR. CHLOUPEK:  So --

14          THE COURT:  He's probably entitled to counsel

15    on that.  And I am going to waive any PD fee in light

16    of the sentence that he is serving.  And, Mr.

17    Kleckley, good luck to you, sir.  Mr. Rodriguez, good

18    luck to you.  And everybody else, good luck to all of

19    you as well.

20          MR. CHLOUPEK:  Thank you, Judge.

21          THE COURT:  Thank you.

22          (Thereupon, the following proceedings were

23          concluded.)

24

25

1    STATE OF FLORIDA

2    COUNTY OF BROWARD

3

4            I, LaQueeta Chinn, Court Reporter, certify that I

5    was authorized to and did stenographically report the

6    foregoing proceedings.  And that this transcript is a true

7    and complete record of my stenographic notes.

8            Dated this 28th day of May 2010.

9

10

11

12            LAQUEETA T. CHINN
              Court Reporter
13            Commission#DD621444
              Expires December 11th, 2010
14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT

# F

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401

October 23, 2008

**CASE NO.: 4D08-3706**
L.T. No. : 99-15141 CF10A

ROBERT KLECKLEY                    v.        STATE OF FLORIDA

Appellant / Petitioner(s),                              Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

ORDERED that appellee, State of Florida, is directed to file with this Court within twenty (20) days and show cause why the trial court's order denying appellant's motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), should not be reversed; further

ORDERED FURTHER, that appellee shall solely consider appellant's challenge to his habitual offender sentence, point two, as he appears to be serving a habitual offender term of thirty years on Count II. *Bover v. State*, 797 So. 2d 1246 (Fla. 2001).

ORDERED that appellant may reply to said response within ten (10) days thereafter

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Robert Kleckley                 Attorney General-W.P.B.

al

*Marilyn Beuttenmuller*
**MARILYN BEUTTENMULLER, Clerk**
**Fourth District Court of Appeal**

SC 11/12/08

OCT 24 2008
CRIMINAL DIVISION
WEST PALM BEACH

182

# EXHIBIT

# G

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

**A TRUE COPY**
Circuit Court Seal

Robert Kleckley,

    Defendant,        Case No: 99-15141CF10A

Vs.                     Judge: James I. Cohn

State of Florida

    Plaintiff.

_____/

## SECOND MOTION FOR POST CONVICTION RELIEF

COMES NOW, the defendant, Robert Kleckley, pro se pursuant to rule 3.850 Florida Criminal Procedure. The defendant would state the following in support of his motion:

### FACTS

1. The defendant was charged by way of states information with Count I Attempted First Degree Murder and Count II Shooting into an occupied dwelling.

2. The defendant proceeded to trial by jury after pleading not guilty to all charges.

3. On May 19, 2000 the defendant was convicted on both counts as charged in the information in the 17th Judicial Circuit, In and for Broward County Florida.

4. On May 19, 2000 the defendant was sentenced to Life on Count I and on Count II 30-years.

STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on record and file in the office of the Circuit Court Clerk of Broward County, Florida.
WITNESS my hand and Official Seal at Fort Lauderdale Florida, this the 14 day of June 17 A.D. 20 05
Howard C. Forman, Clerk
Deputy Clerk

5. The defendant did not testify at trial or at any pretrial hearings.

6. The defendant filed a timely notice of appeal and his judgment and sentence was affirmed by the Fourth District Court of Appeals on May 16 2001, without an opinion.

7. The defendant filed one previous motion for post conviction relief in which he raised the ground of ineffective assistance of trial counsel. That motion was denied on February 12, 2002 with a certificate of service addressed to another inmate addressing grounds that the defendant never raised. The defendant never had an evidentiary hearing.

8. The defendant also filed a petition for habeas corpus alleging ineffective assistance of appellate counsel in the Fourth District Court of Appeals.

9. That motion was also denied without an evidentiary hearing on March 20, 2002 See: **Kleckley -v- State** 810 So.2d 1081 (4th D.C.A. 2002)

10. The defendant was represented by Assistant Public Defender Dennis Mc Hugh at arraignment, trial and sentencing. On direct appeal the defendant was represented by Assistant Public Defender Joseph R. Chloupek of the 15 Judicial Circuit in and for Palm Beach County.

11. The defendant has filed all of his post conviction motions pro se, but the defendant doesn't have any other motions pending at this time.

12. The defendant previously filed this same post conviction motion on May 20, 2002 but the motion was lost by prison authorities or the Broward County Clerk of the Court. The defendant has written several notice of inquires only to be told on December 26, 2002 that the clerk never received the motion.

<u>GROUND I</u>

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

ISSUE ONE

COUNSEL WAS INEFFECTIVE FOR FAILING TO SUPPRESS IMPERMISSIBLY SUGGESTIVE PHOTO LINE UP WHERE DEFENDANT WAS THE ONLY PERSON WHO APPEARED IN THE PHOTO LINE UP WITH A BRAIDED HAIRSTYLE. SEE: MEMORANDUM OF LAW FOR FURTHER ARGUMENT.

ISSUE TWO

COUNSEL FAILED TO OBJECT TO ERRONEOUS AND MISLEADING JURY INSTRUCTIONS. SEE MEMORANDUM OF LAW FOR FURTHER ARGUMENT.

WHEREFORE, the defendant respectfully requested that this court grant him a new trial or an evidentiary hearing to determine the merit of this motion.

## UNNOTARIZED OATH

Under the penalties of perjury the defendant swears that the above-mentioned facts are true and correct.

*Robert Kleckley*
Robert Kleckley #976678

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished to: Michael J. Satz, State Attorney, Broward County Courthouse 201 S.E. 6th Street, Fort Lauderdale, FL 33301 via the U.S. Mail on this 14 day of January 2002.

*Robert Kleckley*
Robert Kleckley #976678

4

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Robert Kleckley,

    Defendant,               Case No: 99-15141CF10A

Vs.

State of Florida

    Plaintiff.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR POST CONVICTION RELIEF**

### ISSUE I

**DEFENSE COUNSEL WAS INEFFECTIVE FOR
FAILING TO FILE A PRETRIAL MOTION TO
SUPPRESS PHOTO LINEUP**

Defense counsel was ineffective for failing to suppress the suggestive photo line up conducted by Detective Mike Jasinski. The facts of the case at bar will show that a shooting occurred at a club formerly known as the Brickhouse. According to all police reports and statements given by the victim Miguel Rodriguez the alleged shooter wore a braided hairstyle. This hairstyle is very commonly seen worn by black professional athletes and rappers. Therefore it's a popular trend among black youths everywhere.

When the defendant was arrested he had braids in his hair and the investigating officers took a picture of him

5

188

with his braids and entered that picture in a photo array along with five other photos. Defense counsel should have filed a motion to suppress the defendant's identification because of the fact that the defendant was the only person who appeared in the lineup with a braided hairstyle. Surely the police could have found photos of other young black males with braided hairstyles just as they would find six blonde males for a white suspect with blond hair. The shooting occurred at approximately 3:15 a.m. in a dark parking lot. There were three suspects; two were arrested immediately after the shooting, after a short chase by the police. Neither of the two suspects arrested was the defendant. Yet once the police decided to conduct a photo lineup, the defendant was the only suspect with a braided hairstyle placed in the photo array. The police also informed the victim that they had arrested a suspect and all he had to do was pick him out of a lineup. These suggestive procedures violated the defendant's right to due process of law and the right to a fair trial. There was a substantial likelihood that the defendant could and was misidentified because of the fact that he was the only defendant with braids in his hair in the photo lineup. There are numerous statements in the record that shows that the victim emphasized his description of the suspects

6

189

having braided hair. Therefore defense counsel should have filed a motion to suppress the lineup. Therefore the defendant's case should be remanded for a new trial or an evidentiary hearing.

### ISSUE II

**DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO MISLEADING JURY INSTRUCTIONS.**

Defense counsel was ineffective for failing to object to jury instructions that lacked elements of the state's information, lessening the state's burden to prove the charge beyond a reasonable doubt. The defendant was charged by states information with Count I Attempted Murder in the First Degree. The information alleged that: Robert Kleckley did unlawfully and feloniously and from a premeditated design to effect the death of Miguel Rodriguez, a human being, attempt to kill said Miguel Rodriguez by shooting said Miguel Rodriguez with a firearm, to-wit: a handgun, said firearm being in the possession of Robert Kleckley, and said Robert Kleckley did intend to commit murder in the first degree, and as a result of such shooting, **great bodily harm was inflicted upon Miguel Rodriguez.** See: Exhibit A

In Count II of the state's information the defendant was charged with shooting at or into an occupied vehicle.

7

190

The information alleged that: Robert Kleckley did wantonly and maliciously shoot a firearm at, within or into a vehicle, which was then and there occupied by Miguel Rodriguez, and as a result of such shooting, **great bodily harm was inflicted upon Miguel Rodriguez.** See: Exhibit B

During the defendant's trial the state did present evidence through the victim Miguel Rodriguez's testimony that he was shot in the leg during an alleged altercation. Evidence was presented that the one and only shot to hit the victim did inflict great bodily harm as alleged in the information.

The defendant was also charged with shooting into an occupied vehicle inflicting great bodily harm and convicted before a jury. There was never any evidence presented during trial that any subsequent shots fired at the victim caused any **great bodily harm.**

The jury instructions for count II and lesser-included offenses went as follows:

A) The defendant is guilty of shooting at or into an occupied vehicle as charged in the information.

B) The defendant is guilty of attempted shooting at or into an occupied vehicle, as lesser-included offense.

C) The defendant is guilty of discharging a firearm in public, a lesser-included offense.

D) The defendant is not guilty.

Never was the jury instructed on the element of **great bodily harm.** See: Exhibit C

This caused the jury instructions to be misleading, confusing and it denied the defendant his right to a fair trial. The entire panel of prospective jurors was told by the court that the defendant was being charged with count I Attempted Murder in the first degree... And, as a result of said shooting, great bodily harm was inflicted upon Mr. Rodriguez, as to count II Shooting into an occupied vehicle the panel of prospective jurors were informed that the defendant shot a firearm into a vehicle occupied by Miguel Rodriguez, and as a result of said shooting, great bodily harm was inflicted upon Mr. Rodriguez contrary to the applicable Florida Statute. See Trial Transcripts pages 143-144 and Exhibit A.

Under count I Attempted Murder in the first degree the jury was instructed on great bodily harm on these three occasions. See: Exhibit D Verdict Form

A) The defendant is guilty of attempted murder in the first degree with a firearm, as charged in the information and in the course thereof discharged a firearm inflicting great bodily harm.

9

192

B) The defendant is guilty of aggravated battery with a firearm, a lesser-included offense and in the course thereof discharged a firearm inflicting great bodily harm.

Although, "great bodily harm" was not an element of count II jury instructions the statement "as charged in the information" gave the jury another option as to when the victim was actually shot. So as it stands the defendant was convicted of inflicting great bodily harm under dual theories. Not one of the arresting officers ever reported that any bodily harm was charged in the commission of count II. Yet the state introduced sworn information that great bodily harm was caused in count II of the information.

Therefore it is impossible to determine when the jury believed that the victim was shot. During the course of the attempted murder or during the shooting of the occupied vehicle.

In Meeks-v-State, 667 So.2d 1002 (Fla. 3rd DCA 1996) The court ruled that where it is impossible to determine whether the jury used premeditated or felony murder theory to convict on charge of attempted-first degree and facts could support a guilty verdict on either theory, attempting murder conviction must be vacated and case returned for

retrial on charge of first degree premeditated murder. Also

see: <u>Thompson -v- State</u>, 667 So.2d 470 (Fla. 3rd DCA 1996).

Therefore the defendant's case should be remanded for

a new trial or an evidentiary hearing.

<div align="center"><u>STANDARD OF REVIEW</u></div>

In <u>Strickland -v- Washington</u>, 466 U.S. 668, 104 S.Ct.

2052, 80 L.Ed 2d 674 (1984), the United States Supreme

Court set forth the standard for review of ineffective

assistance of counsel claims. There, the Supreme Court

noted: "The benchmark for judging any claim of

ineffectiveness must be whether counsel's conduct so

undermined the proper functioning of the adversarial

process that the trial cannot be relief upon as having

produced a just result.' See <u>Strickland</u>, 466 U.S. at 686,

104 S.Ct. at 2064.

To prevail on an ineffective assistance of counsel

claim a defendant must show two components. "First, the

defendant must show that counsel's performance was

deficient. This requires showing that counsel made errors

so serious that counsel was not functioning as the

"counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient

performance prejudiced the defense. This requires showing

that counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose result is reliable". Id. 466 U.S. at 687, 104 S.Ct. at 2064.

In sum, " The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome". Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

This " reasonable probability" of a different result is simply a probability sufficient to undermine confidence in the outcome of the case, a standard less than proof by a preponderance of the evidence. Id. At 466 U.S. at 694, 104 S.Ct. at 2068.

The standard enunciated by the Supreme Court in Strickland supra, has been adopted by Florida jurisprudence Downs-v- Wainright, 476 So.2d 654, 656 (Fla. 1985) expressly for the adjudication of state constitutional claims of ineffective assistance of counsel under Article I, section 16 (a), of the Florida Constitution.

12

195

## RELIEF REQUESTED

Defendant seeks the entry of an order vacating his convictions and sentence and remand for a new trial or evidentiary hearing.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the forgoing has been furnished to: Michael J. Satz, State Attorney, Broward County Courthouse 201 S.E. 6th Street, Fort Lauderdale, FL 33301 via the U.S. Mail on this 14 day of January 2002.

_Robert Kleckley_

Robert Kleckley #976678
Everglades Correctional Institution
P.O. Box 949000
Miami, Florida 33194-9000

13

196

## UNNOTARIZED OATH

Under the penalties of perjury and under the authority of Florida Statutes 92.525 I swear that the above-mentioned facts are true and correct.

_Robert Kleckley_
**Robert Kleckley #976678**

# EXHIBIT A

198

# EXHIBIT   B

199

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, STATE OF FLORIDA**

| THE STATE OF FLORIDA | **INFORMATION FOR** |
| --- | --- |

vs.

ROBERT KLECKLEY

**I. ATTEMPT MURDER IN THE FIRST
DEGREE**

**II. SHOOTING AT OR INTO
OCCUPIED VEHICLE**

**III. POSSESSION OF FIREARM BY
A CONVICTED FELON**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 20th day of August, A.D. 1999**, in the County and State aforesaid, did unlawfully attempt to commit murder in the first degree in that Robert Kleckley did unlawfully and feloniously and from a premeditated design to effect the death of Miguel Rodriguez, a human being, attempt to kill said Miguel Rodriguez by shooting said Miguel Rodriguez with a firearm, to-wit: a handgun, said firearm being in the possession of Robert Kleckley, and said Robert Kleckley did intend to commit murder in the first degree, and as a result of such shooting, great bodily harm was inflicted upon Miguel Rodriguez, contrary to F.S. 777.04(1) and F.S. 777.04(4), F.S. 782.04(1)(a) and F.S. 775.087(1)(2), (L10),

## COUNT II

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 20th day of August, A.D. 1999**, in the County and State aforesaid, did wantonly and maliciously shoot a firearm at, within or into a vehicle which was then and there occupied by Miguel Rodriguez, and as a result of such shooting, great bodily harm was inflicted upon Miguel Rodriguez, contrary to F.S. 790.19, (L6),

## COUNT III

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT KLECKLEY on the 20th day of August, A.D. 1999**, in the County and State aforesaid, having previously been convicted on January 24, 1997, of the felony crime of Delivery of Cannabis, in the Circuit Court of the Seventeenth Judicial Circuit In and For Broward County, Florida, did then and there unlawfully own or have in his care, custody, possession or control a firearm, contrary to F.S. 790.23, (L5),

PFL/mb/

**IN THE DISTRICT COURT OF APPEAL**
**FOURTH DISTRICT**
**WEST PALM BEACH, FLORIDA**

---

**3.850**
**RECORD ON APPEAL FROM THE CIRCUIT**
**COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN**
**AND FOR BROWARD COUNTY, FLORIDA**
**CRIMINAL DIVISION**

---

**ROBERT KLECKLEY**                    **CASE NUMBER:**
**APPELLANT**                          **99-15141 CF10A**
    **Vs.**

**STATE OF FLORIDA**
**APPELLEE**

_____
_____


**VOLUME 2**

# 3.850 SUMMARY RECORD ON APPEAL


**HEARING:  NO HEARING WAS HELD**

**TRANSCRIPTS: NO TRANSCRIPTS WERE ORDERED**

**DATE PREPARED:  April 6, 2016**




                                                **CELESTE THOMAS**
                                                **DEPUTY CLERK**

**COPIES FURNISHED:**
**ATTORNEY GENERAL, WEST PALM BEACH**

**STATE OF FLORIDA vs. ROBERT KLECKLEY**
IDENTIFYING DATA
B/M, ██████ ████████

INFORMATION, Page 2

COUNTY OF BROWARD
STATE OF FLORIDA

Personally appeared before me _____ STEVEN·P. DE LUCA _____, duly appointed as an Assistant State Attorney of the 17th Judicial Circuit of Florida by MICHAEL J. SATZ, State Attorney of said Circuit and Prosecuting Attorney for the State of Florida in the County of Broward, who being first duly sworn, certifies and says that testimony has been received under oath from the material witness or witnesses for the offense(s), and the allegations as set forth in the foregoing Information would constitute the offense(s) charged, and that this prosecution is instituted in good faith.

_____
Assistant State Attorney, 17th Judicial Circuit of Florida

SWORN TO AND SUBSCRIBED before me this __8__ day of __Sep__, A.D. 19_99_.
ROBERT E. LOCKWOOD

Clerk of the Circuit Court, 17th Judicial Circuit,
Broward County, Florida

By _____
Deputy Clerk

To the within Information, Defendant pleaded _____

ROBERT E. LOCKWOOD

Clerk of the Circuit Court, 17th Judicial Circuit,
Broward County, Florida

By _____
Deputy Clerk

201
00004

# EXHIBIT C

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 99-15141CF10

JUDGE: JAMES I. COHN

STATE OF FLORIDA,                    :

      Plaintiff,                    :

vs.                                  :          **V E R D I C T**

ROBERT KLECKLEY,                     :

      Defendant.                    :

_____

Filed In Open Court,
ROBERT E. LOCKWOOD,
CLERK
ON **MAY 1 9 2000**
BY _____

**COUNT II**

WE, the Jury find as follows as to the defendant in this case: (check only <u>one</u>)

X       a.   The Defendant is guilty of Shooting at or into an Occupied Vehicle, as charged in the Information.

_____   b.   The Defendant is guilty of Attempted Shooting at or into an Occupied Vehicle, a lesser included offense.

_____   c.   The Defendant is guilty of Discharging a Firearm in Public, a lesser included offense.

_____   d.   The Defendant is not guilty.

So Say We All this __19__ day of May, A.D. 2000, at Fort Lauderdale, Broward County, Florida.

JOHN C. RUSHING   *John C. Rushing*
FOREPERSON

203 00010

# EXHIBIT   D

204

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 99-15141CF10
JUDGE:   JAMES I. COHN

STATE OF FLORIDA,                    :

     Plaintiff,                    :

vs.                                  :          **V E R D I C T**

ROBERT KLECKLEY,                     :          Filed In Open Court,
                                                ROBERT E. LOCKWOOD,
     Defendant.                    :                          CLERK

_____ //   ON MAY __ 2000
                                     BY _____

## COUNT I

WE, the Jury find as follows as to the defendant in this case:  (check only one)

__X__    a.    The Defendant is guilty of Attempted Murder in the First Degree with a Firearm, as charged in the Information and in the course thereof discharged a firearm inflicting great bodily harm.

_____    b.    The Defendant is guilty of Attempted Murder in the First Degree with a Firearm, as charged in the Information and in the course thereof discharged a firearm.

_____    c.    The Defendant is guilty of Attempted Murder in the First Degree with a Firearm, as charged in the information and in the course thereof possessed a firearm.

_____    d.    The Defendant is guilty of Attempted Murder in the Second Degree, a lesser included offense and in the course thereof discharged a firearm inflicting great bodily harm.

_____    e.    The Defendant is guilty of Attempted Murder in the Second Degree, a lesser included offense and in the course thereof discharged a firearm.

_____    f.    The Defendant is guilty of Attempted Murder in the Second Degree, a lesser included offense and in the course thereof possessed a firearm.

_____    g.    The Defendant is guilty of Attempted Voluntary Manslaughter with a Firearm, a lesser included offense.

Page 2
Verdict
State of Florida vs. Robert Kleckley
Case No. 99-15141CF10
Judge James I. Cohn

_____  h.  The Defendant is guilty of Aggravated Battery with a Firearm, a lesser included offense and in the course thereof discharged a firearm inflicting great bodily harm.

_____  i.  The Defendant is guilty of Aggravated Battery with a Firearm, a lesser included offense and in the course thereof discharged a firearm.

_____  j.  The Defendant is guilty of Aggravated Battery with a Firearm, a lesser included offense and in the course thereof possesses a firearm.

_____  k.  The Defendant is guilty of Aggravated Assault with a Firearm, a lesser included offense and in the course thereof discharged a firearm.

_____  l.  The Defendant is guilty of Aggravated Assault with a Firearm, a lesser included offense and in the course thereof possesses a firearm.

_____  m.  The Defendant is not guilty

So Say We All this  _19_  day of May,  A.D. 2000, at Fort Lauderdale, Broward County, Florida.

JOHN L. RUSHING
FOREPERSON

206   00009

# EXHIBIT

# H

In The Circuit Court Of The 17th Judicial Circuit In and For Broward County, Florida

Robert Kleckley
                        Defendant

Vs.

State Of Florida
                        Plaintiff

Case No: 99-15141CF10A

Judge: James I. Cohn

FELONY   2005 SEP 14   12:02   CLERK ... COURT

Motion To Supplement Defendants Previously Filed Post Conviction Relief 3.850 Motion

Comes now the defendant, Robert Kleckley, pro-se, and humbly requests that this court grant this motion to supplement the record. As grounds for such, the defendant states the following:

1) On December 17, 2001 filed his first 3.850 Post conviction Relief Motion to the courts. On May 1, 2002 the motion was denied, because it wasn't in compliance with 3.987. Defendant had (30) thirty days to resubmit the motion.

(1)

2) On May 20, 2002 the defendant resubmitted the same 3.850 Post Conviction Relief Motion in compliance with 3.987. This motion was lost by the prison authority or clerk of Courts.

3) On October 22, 2002 the defendant filed a notice of Inquiry. On December 6, 2002 the defendant filed another notice of Inquiry, which the courts answered on December 23, 2002 stating they never recieved the May 20, 2002 Motion, (3.850).

4) On January 15, 2003 the defendant resubmitted the same Post Conviction Relief Motion. On May 29, 2003 this motion was denied as being untimely. The defendant had (30) thirty days to appeal.

5) The defendant in the instant case filed a Notice Of Appeal to the Fourth District Court Of Appeal ON the 20th day of June, 2003.

6) The defendant filed "A Discretionary Initial Brief" to the Fourth District Court Of Appeal on the 27th day of June 2003.

(2)

7). The District Court Of Appeal Of The State Of Florida Fourth District, filed a order to trial court, a order to show cause why defendants case shouldn't be remanded. This was ordered the 6th day of August 2003.

8.) The state filed a Show Cause own the 5th day of September 2003.

9.) The defendant filed a response to the show cause on the 15th day of September, 2003.

10.) The District Court, Fourth District remanded the defendants case back to the trial court for am evidentiary hearing on the timeliness, on the 5th day of November, 2003.

11.) The defendants Motion was granted as being timely on the 27th day of August, 2004.

12.) On August 27th, 2004 the Courts gave state (30) thirty days to respond to the 3.850 Motion. (On the merits)

13.) To day, there has been no response from the state on the merits or a ruling from the court.

(3)

210

14.) The defendant was charged by way of states information with count I Attempted Murder In the First Degree, And Count II Shooting into an occupied vehicle.

15.) The defendant proceeded to trial by jury after pleading not guilty to all charges.

16) On May 19, 2000 the defendant was convicted on both counts as charged in the information in the 17th Judicial Circuit, In and For Broward County Florida.

17.) On June 12, 2000 the defendant was sentenced to life to count I and (30) thirty years to count II.

18.) The defendant did not testify at trial or at any pre-trial hearings.

19.) The defendant filed a timely notice of Appeal and his judgement and sentence was affirmed by the Fourth District Court of Appeals on May 16, 2001, without an opinion.

20.) The defendant now files this supplement motion.

(4.)

DEFENDANT IS ADDING
THIS ISSUE TO GROUND
(I) ONE IN HIS PREVIOUS
FILED                3.850 MOTION.


ISSUE III

COUNSEL WAS INEFFECTIVE
FOR FAILING TO SUBPOENA
HAIR ANALYST:


The defendant contends that counselor rendered ineffective for failing to subpoena the hair analyst to examine the substance of hair that was adduced as trial evidence, but not presented. The defendant avers that trial counselor has minimize the process of the initiating a compulsive process of investigation and preparing a defense in behalf of the defendant. ( See U.S. C.A. No. 6). Trial counselor has under-minded the integrity of his professionalism and made unreasonable tactical decisions that highly prejudiced the out come of the defendants trial. ( See Strickland V. Washington, 466 U.S. 668, 104 S. Ct. 2064, 80 L. ed. 2d 674 (1984). The defendant further contends that reason being of trial unprofessional errors precluded the opportunity for the trier of fact to be determined, which would have resulted diffrent then a guilty verdict. ( See Fla. Jur. 2d. Sect. 406). The defendant avers that proving his innocence through laboratory examination is probative value for defense attorney to have presented before the

(5.)

212

Honorable Court. (See Trial Transcript) where the detective alleged confiscation of hair samples from the front windshield after a crash collision. The hair sample from the front windshield after a crash collision. The hair sample is alleged to have been the perpetrator of an infamous crime. The defendant avers that his trial counselor have deliberately neglected to simply prove his innocence by depriving the defendant of his Fla. Constitutional and United States Constitutional Amendment Rights to subpoena the hair analyst for positive determination of the perpetrator. (See Trial Transcript) The standard enunciated by the supreme court in Strickland has been adopted by Florida Jurisprudence, (See Downs V. Wainright 476 So. 2d. 654, 656 (Fla. 1985) Expressly for the adjudication of state constitutional claims of ineffective assistance of counsel under Article I sect. 16 (A) of the Fla. constitutions. Wherefore, the defendant avers that predicate upon this plausible issue of determining innocence that has been undermined by trial counselor warrants an evidentiary hearing or a new trial.

ALLSO DEFENDANT IS ADDING A SECOND GROUND TO THE PREVIOUS 3.850 MOTION

# GROUND II ISSUE I
## LACK OF PROBABLE CAUSE
## TO ARREST DUE TO CHAIN
## OF CUSTODY VIOLATION

The defendant contends that there was lack of probable cause to arrest predicate upon distinguishable reasons of founded evidence photo inside of a vehicle. The defendant avers that the evidence photo adduced at trial is tampered evidence. The veracity of the photograph was not reviewed by the individual photographer. The photographer should have been notified to appear at the scene of the collision or trial since the detectives for plantation police department agreed to utilized alleged photograph renders a strong distinguishable reason to allege tampering. See Toplis Vs. State, 703 So. 2d 453, 454 Fla. 1997; See Jordan Vs. State, 707 So. 2d 816, 818 Fla. 5th D.C.A. 1998. The accuracy of the photo wasn't proven, the proximity of time wasn't proven and to accuse the defendant of existing at the Brick house club the night of the crime and collision was not adduced at trial. The defendant infurtherance contends that the state officials from it's primitive investigation executed misleading suggestion and inaccuracy. See Fla. R. Evid. Sect. 901.3 2002; See Mccormick on Evid. Vol. 2, p. 14. There was cumulative evidence found in the vehicle to support the defendant as being framed. The detectives from plantation police department never examined relevant substance to confirm the perpetrator, such as hair samples and blood.

(7.)

214

Detective using a photo from the county jail does not resolve the case of having a probable cause to arrest the defendant. The link of confirming the identity of defendant was broken by omitting to examining relevent particularities that would have exonerated the defendant from such heinous acts. Thus, the jurisprudence of the law requies equal protection of laws to render illegatities to be nullified, in all do respect before this honorable court to consent reversal for new trial and, or deems necessary for an evidentiary hearing. The defendant contends that his substantive and procedural due process rights were violated. See; U.S.C.A No. 14; See; Fla. Const. Art. 1 sect. 9; The defendant has the right to be protected from excessive force, fabrications and tampering of evidence. The defendant has the right to be presented with procedures ratified by congress and legislative intent for all state and government officials to uphold the State Of Fla. and United States Constitutions. Such a violation will be depriving the defendant of his liberty and life to suffer irreparable conditions and stress. Where fore, the defendant avers that this severely constitutional violation warrant reversal for a new trial and or evidentiary hearing.

(8)

## UNNOTARIZED OATH OF AFFIRMATION

Under penalties of perjury, I declare that I have read the foregoing motion to Supplement, and that the facts contained therein are true and correct.

Robert Kleckley

Robert Kleckley 500410/67

Broward County Main Jail

P.O. Box 9356

Fort Lauderdale, Fla.

33310

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished to the Clerk of Courts, 201 S.E. 6th St., Fort Lauderdale, Florida 33301; And the office of the State Attorney, 201 S.E. 6th St, Fort Lauderdale, Florida 33301 by the Sherrif's Office in House Legal Mail delivery service this 6th day of September 2004.

Robert Kleckley

Robert Kleckley 500410/67

Broward County Main Jail

P.O. Box 9356

Fort Lauderdale, Fla.

33310

(9.)

216

# EXHIBIT

# I

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,       :

     Plaintiff,       :      CASE NO.   99-15141CF10

vs.              :

ROBERT KLECKLEY,     :      JUDGE:   **GARDINER**

     Defendant.     :

_____

## STATE'S RESPONSE TO THE DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

**THE STATE OF FLORIDA**, through the undersigned Assistant State Attorney, files this Response to the aforementioned pleading pursuant to Rule 3.850, Florida Rules of Criminal Procedure. As grounds for his Motion, Kleckley argues his former trial counsel provided ineffective assistance by failing to object to a suggestive photo line-up and misleading jury instructions. In a supplemental filing, the Defendant complains his counsel failed to obtain a hair analysis and challenge the legality of the Defendant's arrest. For the reasons expressed herein, these claims fail to establish a basis for collateral relief.

## SUMMARY OF THE RELEVANT FACTS

In the early morning hours of August 20, 1999, Miguel Rodriguez was at a nightclub called "The Brickhouse" with his friend Jamie Cobb. *Exhibit A, p. 244-245; Exhibit B, p. 309-310.* While seated in his truck in the parking lot of the club, Rodriguez waved to two female

1

acquaintances walking past, wished them a "good night", and told them to "drive safely." *Exhibit A, p. 248.* Kleckley, who apparently thought Rodriguez was speaking to someone else, approached Rodriguez and told him, "you don't have to saying 'good night' [and] 'drive safe' to my woman." *Id. at 249.* An argument ensued as Rodriguez attempted to explain he was not talking to the woman in Kleckley's company. *Id. at 249-251; Exhibit B, p. 309-311.*

The Defendant called Rodriguez a "fuck ass cracker" told him to stop "disrespecting" him by speaking to his woman. *Exhibit A, p. 250-251.* Cobb, meanwhile, was trying to calm the situation by aiding Rodriguez's explanation that the incident was a misunderstanding. *Id. at 251; Exhibit B, p. 310-312.* Several friends of Rodriguez apparently observed the confrontation and approached Rodriguez's truck which led to Kleckley's withdrawal from the argument. *Exhibit A, 251-252.* However, the Defendant remarked, "oh, this is not going to end like this" and "it ain't over" as he drove away. *Id. at 252; Exhibit B, p. 313.*

About twenty minutes later, Rodriguez notices three men "trying to sneak up" on him including Kleckley. *Exhibit A, p. 253.* The Defendant and his two friends reinitiated the argument which immediately escalated into violence. *Id. at 253-254; Exhibit B, p. 313.* Kleckley identified Rodriguez as "the one" who had disrespected him earlier and rejected Rodriguez's attempt to apologize from any misunderstanding stating, "fuck that fuck ass, I don't want to hear that." *Exhibit A, p. 254.* Again, Cobb attempted to be a peacemaker until one of the Defendant's cohorts remarked, "shit, we've come this far; we didn't come this far not to do nothing [sic]." *Id.; Exhibit B, p. 314-316.*

Kleckley responded by pulling a firearm from his waistband and attempting to shoot Rodriguez. *Exhibit A, p. 254-255; Exhibit B, p. 316.* There was a brief "tussle" as Rodriguez tried to "fend off" the gun and shoots were fired. *Exhibit A, p. 255; Exhibit B, p. 316.*

2

Rodriguez was shot in the leg and looked up to see Kleckley "messing" with the gun as if it had jammed. *Exhibit A, p. 255.* Rodriguez took the "opportunity" to drive away just as the Defendant began to fire additional shots. *Id.* Cobb also saw Kleckley fire shots at Rodriguez's truck but then ducked down out of a concern for his own safety. *Exhibit B, p. 318.*

Plantation Police Officer Humberto Pacini heard the shots fired and observed people pointing at a green Oldsmobile leaving the scene. *Exhibit C, p. 398-400.* Pacini pursued the vehicle and turned on his emergency lights in an attempt to initiate a traffic stop. *Id. at 402-403.* The Oldsmobile immediately took flight and a chase followed until the suspect vehicle crashed into a Ford truck. *Id. at 402-406.* Of the three occupants in the Oldsmobile, one fled on foot while Pacini detained the other two. *Id. at 406-407.* Cobb was brought to the scene of the accident and identified the two men being detained as the same two men who were with Kleckley at the time of the shooting. *Exhibit B, p. 323-324.*

Investigation revealed the Oldsmobile had been registered by Christine Bray and Tamara McCall for the Defendant. *Exhibit D, p. 450-452.* Inside the vehicle's glove box, police found a letter from Florida Power and Light addressed to Robert Kleckley. *Exhibit E, p. 438-442.* Police also found two photographs underneath the driver's seat of the car. *Exhibit F, p. 426-428.* The photographs depict Kleckley, Kleckley's girlfriend, and another gentleman who was with Kleckley at the time of shooting. Both Rodriguez and Cobb identified the Defendant, the girlfriend, and the other male from the photographs. *Exhibit A, p. 271-274; Exhibit B, p. 328.* Rodriguez and Cobb also identified Kleckley from a separate photographic line-ups conducted by police. *Exhibit A, p. 261-263, 274; Exhibit B, p. 326-327.*

The jury found Kleckley guilty of Attempted Murder in the First Degree as charged in Count I of the Information and specifically noted the Defendant had discharged a firearm and

caused great bodily harm. *Exhibit G.* The jury also found Kleckley guilty of Shooting at or into an Occupied Vehicle as charged in Count II. *Exhibit H.* The Court sentenced the Defendant to a term of life imprisonment on Count I under the "10-20-Life" provisions of F.S. 775.087 for discharging the firearm and causing great bodily harm. *Exhibit I.* The Court imposed a 30-year term as a Habitual Felony Offender [HFO] on Count II. *Id.*

## SUMMARY OF THE APPLICABLE LAW

To establish a legally viable claim of ineffective assistance, Kleckley must demonstrate a both a deficiency in his counsel's performance and prejudice resulting from the alleged deficiency. **Coney v. State**, 845 So. 2d 120, 127-128 (Fla. 2003); **Moore v. State**, 820 So. 2d 199, 207-208 (Fla. 2002); **Carroll v. State**, 815 So. 2d 601, 610 (Fla. 2002); **Cherry v. State**, 781 So. 2d 1040, 1048 (Fla. 2001). The burden of proof as to each of these issues rests squarely with the Defendant. **State v. Duncan**, 29 Fla. L. Weekly S719 (Fla. November 24, 2004). *And see* **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052 (1984).

For counsel's conduct to be considered 'deficient', he must have "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." **Coney**, at 127; **Moore**, at 208; **Carroll**, at 610 *each quoting* **Strickland**, at 687. This constitutional guarantee requires only "reasonably effective counsel, not perfect or error-free counsel." **Bruno v. State**, 807 So. 2d 55, 67 (Fla. 2002); **Teffeteller v. State**, 734 So. 2d 1009, 1022 n.14 (Fla. 1999); **Jennings v. State**, 583 So. 2d 316, 321 (Fla. 1991); **Coleman v. State**, 718 So. 2d 827, 829 (Fla. 4th DCA 1998). Therefore, the "proper measure of [counsel's] performance remains simply reasonableness under prevailing professional norms." **Coney**, at 128 n.8; **Cherry**, at 1048; **Strickland**, *supra*.

4

221

Where facts are alleged establishing deficient conduct, Kleckley must next establish a "reasonable probability" the outcome of his trial would have been different but for the identified errors of his attorney. **Coney**, at 128 n.9; **Moore**, at 207-208; **Carroll**, at 610; **Cherry**, at 1048. "It is not enough for the defendant to show that [counsel's] errors had some conceivable effect on the outcome of the proceeding." **Coney**, at 128 n.9 *quoting from* **Strickland**, at 698; **Bowman v. State**, 748 So. 2d 1082, 1085 (Fla. 4th DCA 2000). The prejudice required is that which is "sufficient to undermine confidence in the outcome" of the trial. **Coney**, at 128 n.9; **Carroll**, at 610; **Cherry**, at 1048. *And see* **Strickland**, at 694.

The Defendant's Motion is legally insufficient unless it sets forth specific allegations and facts which establish both a deficiency and prejudice in accord with the above-cited authority. **State v. Williams**, 797 So. 2d 1235, 1237-1238 (Fla. 2001); **Freeman v. State**, 761 So. 2d 1055, 1061 (Fla. 2000); **LeCroy v. Dugger**, 727 So. 2d 236 (Fla. 1999); **Ragsdale v. State**, 720 So. 2d 203 (Fla. 1998). Moreover, the specific allegations must be presented within two years of the date the judgment and sentence become final. **Hamilton v. State**, 852 So. 2d 329 (Fla. 4th DCA 2003); **Smith v. State**, 828 So. 2d 409 (Fla. 4th DCA 2002); **Martin v. State**, 789 So. 2d 1032 (Fla. 4th DCA 2001).

## SUMMARY OF THE CLAIMS PRESENTED

In **Claim I**, Kleckley argues his counsel was ineffective in failing to seek suppression of the photographic line-up through which Rodriguez and Cobb identified the Defendant. To obtain suppression of the line-up and its resulting identification, Kleckley must first show the use of a suggestive police procedure. **Rimmer v. State**, 825 So. 2d 304, 316 (Fla. 2002); **State v. Francois**, 863 So. 2d 1288, 1289 (Fla. 4th DCA 2004). Generally, photographic line-

ups will be upheld "if the suspect's picture does not stand out more than those of the others and the people depicted all exhibit similar facial characteristics." **Francois**, at 1289-1290.  Copies of the line-ups shown to both Rodriguez and Cobb reflect this standard is met despite Kleckley's claim that his hairstyle is unique among those in the array.  *See Exhibits J & K.*

Even if close examination of the actual photographs in the line-up were to lend credence to the Defendant's claim of a suggestive procedure, Kleckley has made no effort to establish the additional requirement of a "substantial likelihood of misidentification" resulting from the line-up.  **Rimmer**, at 316; **Francois**, at 1289.  As previously noted, the Defendant was involved in two separate confrontations with both Rodriguez and Cobb giving each witness an extended opportunity to view the Defendant at the time of the crime and ensure both the accuracy as well as the certainty of their identifications.  Under these circumstances, there is little to support a substantial likelihood of misidentification.  **Rimmer** at 316 *quoting from* **Grant v. State**, 390 So. 2d 341, 343 (Fla. 1980).

Thus, there is neither a showing of a suggestive police procedure nor a substantial likelihood of misidentification resulting from the line-up.  This renders any potential motion to suppress legally insufficient and refutes Kleckley's claim that his counsel was deficient in a manner that prejudiced the case.  **Coney**, at 128 n. 8 & 9; **Moore**, at 207-208; **Carroll**, at 610.

In **Claim II**, Kleckley asserts his counsel was ineffective in failing to challenge or correct misleading jury instructions regarding the element of "great bodily harm" as charged in the Information.  As to the Attempted Murder charged in Count I, the record reflects this Court properly instructed the jury on the need to consider the issue of "great bodily harm" in rendering their verdict. *Exhibit L, p. 583-584, 598-599.*  Consistent with these instructions, the jury expressly found Kleckley had caused such harm through the discharge of his firearm. *See*

6

223

*again Exhibit G.*  The Defendant's argument that there was insufficient evidence to support the jury's finding is both refuted by the record and otherwise barred as matter proper for direct appeal. *Exhibit A, p. 254-257;* **Allen v. State**, 854 So. 2d 1255, 1258 n. 4 (Fla. 2003); **Thomas v. State**, 838 So. 2d 535, 539 n. 5 (Fla. 2003) *citing* **Rule 3.850(c)(6)**.

As to Count II, which charged Kleckley with Shooting at or into an Occupied Vehicle, there was no requirement to prove "great bodily harm" because a firearm was used. **F.S. 790.19** [the act of "shooting" is sufficient; the need for proof of "great bodily harm" refers the throwing a "missile", "stone or other hard object"]. *See also* **§ 10.13, Fla. Stand. Jury Inst. (2004)** [defining the required elements under F.S. 790.19].  The use of the phrase "great bodily harm" in the charging document was mere surplusage and does not affect the validity of the judgment. **Rule 3.140(i)** ["an unnecessary allegation may be disregarded as surplusage"].

In September 2004, Kleckley submitted a supplemental pleading alleging two additional grounds.  The record reveals the Defendant's judgment and sentence became final in 2001. **Kleckley v. State**, 787 So. 2d 868 (Fla. 4th DCA 2001).  The Defendant then submitted an insufficient 3.850 petition. **Kleckley v. State**, 815 So. 2d 737 (Fla. 4th DCA 2002).  Kleckley corrected this error in a petition which appeared untimely but was sent back to this Court for evidentiary review of the date it was sent. **Kleckley v. State**, 857 So. 2d 1009 (Fla. 4th DCA 2003).  After this Court determined the corrected Motion had been timely filed and ordered a Response from the State, the Defendant filed this supplemental Motion.  The claims presented therein are time-barred as they are filed beyond the two-year time limit set by Rule 3.850(b). **Hamilton**, *supra*; **Smith**, *supra*; **Martin**, *supra*; **Lee v. State**, 754 So. 2d 74 (Fla. 4th DCA 2000); **Romahn v. State**, 743 So. 2d 104 (Fla. 5th DCA 1999); **Powell v. State**, 729 So. 2d 983 (Fla. 4th DCA 1999).

## CONCLUSION

Based on the foregoing, Kleckley's request for relief should be respectfully **DENIED**.


    **I HEREBY CERTIFY** that a copy of the foregoing Response was furnished this 4th day of January, 2005 to Robert Kleckley, Inmate No. 976678, Florida State Prison, 3142 Thomas Drive, Bonifay, Florida 32425, and former collateral counsel Robert Buschel, at 1225 SE 2nd Avenue, Fort Lauderdale, Florida 33316.


J. SCOTT RAFT
Assistant State Attorney
Florida Bar No. 559441
660 Broward County Courthouse
201 Southeast Sixth Street
Fort Lauderdale, Florida 33301

8

# EXHIBIT

# J

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:   99-15141 CF10A

STATE OF FLORIDA,

    Plaintiff,

vs.

DIVISION:   FW

JUDGE:   ANA I. GARDINER

ROBERT KLECKLEY,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

THIS CAUSE having come before this Court upon the Defendant's Motion for Post Conviction Relief, pursuant to Fla.R.Crim.P. 3.850, and the Court having fully familiarized itself with the Defendant's motion, the State's Response to Defendant's motion, and being fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED that the Defendant's Motion for Post Conviction Relief is hereby **denied** for the reasons stated in the State's Response, a copy of which is attached, hereto, and made a part hereof.

Defendant has thirty (30) days to appeal from the date of this Order.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 SE Sixth Street, Fort Lauderdale, Broward County, Florida, 33301, dated this 27 day of January, 2005.

ANA I. GARDINER, Circuit Court Judge

Copies furnished:

J. Scott Raft, Assistant State Attorney, Appeals Unit
Robert Kleckley, Inmate #976678, Florida State Prison, 3142 Thomas Drive, Bonifay, FL  33316

227

000202

# EXHIBIT

# K

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA,

## FOURTH DISTRICT

| | | |
|---|---|---|
| ROBERT KLECKLEY, | ) | CASE NO. **4D10-1593** |
| | ) | L.T.C. NO. 99-15141CF10A |
| Defendant-Appellant, | ) | |
| | ) | (Judge Martin J. Bidwill) |
| vs. | ) | |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Plaintiff-Appellee. | ) | |
| | ) | |
| _____ | ) | |

## INITIAL BRIEF OF APPELLANT

On Appeal from the Circuit Court of the 17th Judicial Circuit,
In and For Broward County, Florida
[Criminal Division].

CAREY HAUGHWOUT
Public Defender

ALAN T. LIPSON
Assistant Public Defender
15th Judicial Circuit of Florida
421 Third Street/6[th] Floor
West Palm Beach, Florida 33401
(561) 355-7600, appeals@pd15.state.fl.us

Attorney for Robert Kleckley

AB DUE 5/16/11

229

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF CONTENTS ....................................................................... i

TABLE OF CITATIONS ...................................................................... ii

INTRODUCTION ................................................................................ 1

STATEMENT OF THE CASE AND FACTS ...................................... 2

SUMMARY OF ARGUMENT............................................................ 4

ARGUMENT ...................................................................................... 5

## <u>I</u>.

**THE TRIAL COURT REVERSIBLY ERRED IN SUMMARILY DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF ON THE GROUND THAT THE JURY VERDICT FORM WAS ERRONEOUS IN THAT THE FORM DID NOT GIVE THE JURY THE OPTION TO FIND THE DEFENDAT GUIILTY OF COUNT I WITHOUT THE FIREARM ENHANCEMENT ALTHOUGH SO INSTRUCTED BY THE COURT** ..................................................... 5


CONCLUSION ..................................................................................... 9

CERTIFICATE OF SERVICE.............................................................. 10

CERTIFICATE OF COMPLIANCE ................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

Reaves v. State, 836 So. 2d  932 (Fla. 2002). ...........................................................5

Robertson v. State, 532 So. 2d 90 (Fla. 4th DCA 1988)............................................6

State v. McBride, 848 So. 2d 287 (Fla. 2003)...........................................................8

Smiddy v. State, 468 So. 2d 466 (Fla. 4th DCA 1985)...............................................7

# **INTRODUCTION**

Pursuant to Fla. R. App. P. 9.210(a) and (b), Defendant-Appellant, ROBERT KLECKLEY, files this Initial Brief.  Appellant will be referred to throughout this brief as defendant or appellant and the State of Florida will be referred to as the state or prosecution.  All emphasis has been added unless otherwise indicated.  The following symbols will be used:

      "R"  - Pleadings filed as of record

      "T"  - Transcript of Testimony of Sentencing Hearing of 4/9/10

## **STATEMENT OF THE CASE AND FACTS**

Following a jury trial, defendant was convicted of attempted first degree murder with a firearm (Count I) and shooting into an occupied vehicle (Count II). (R 5-6, 54-57)  He was sentenced to life on Count I under the 10-20-life provision of Section 775.087 (2)(a), Fla. Stat. (or alternatively as a habitual offender) and 30 years concurrent on Count II as a habitual felony offender.  (R  230-35)

Defendant filed his third pro se Motion to Correct Sentencing Error pursuant to Fla. R. Crim. P. 3.800(a) on May 27, 2008.  (R 517-41)  He argued therein that the trial court erred in determining that he qualified as a habitual offender and imposing habitual offender sentences on both counts I & II.  He further argued that the verdict form was erroneous in that the jury was not given the option to exercise its pardon power and convict him on Count I of attempted first degree murder *without a firearm* even though the court had instructed the juror with respect to that option.  (R  521-26)  The trial court summarily denied his motion for the reason that all the issues raised had already been considered and rejected in his previous motion to correct sentencing error.  (R 542)  On appeal, this Honorable Court by opinion dated April 1, 2009 reversed the summary denial of defendant's claim that his habitual sentence for count II was illegal and remanded for a resentencing. Kleckley v. State, 4 So. 3d 1290 (Fla. 4th DCA 2009).

2

233

A resentencing hearing was held on April 9, 2010.  (R 622, T 1-54) At the conclusion of the hearing, the trial court determined that, based upon the evidence presented by the state, defendant qualified as a habitual felony offender and re-imposed the 30 year habitual felony offender sentence on Count II.  (R 673-74, T 52-53, R 599-601)  A timely notice of appeal was filed.  (R 608)

3

## SUMMARY OF THE ARGUMENT

With respect to Count I, attempted first degree murder, the jury was instructed on the charged offense and lesser included offenses without the firearm enhancement, but was not given that option on the verdict form. Although defendant for the first time raised the defective verdict issue in his most recent motion to correct sentencing error, the trial court summarily denied the motion on the grounds that the issue had already been considered by the court in defendant's previous motion to correct sentencing error. This court reversed the summary denial and remanded for a hearing on other grounds. Kleckley v. State, 4 So. 3d 1290 (Fla. 4th DCA 2009). In order to prevent a manifest injustice, this Honorable Court should remand the cause to the trial court for further proceedings on the defective verdict issue.

4

## ARGUMENT

### POINT I.

**THE TRIAL COURT REVERSIBLY ERRED IN SUMMARILY DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF ON THE GROUND THAT THE JURY VERDICT FORM WAS ERRONEOUS IN THAT THE FORM DID NOT GIVE THE JURY THE OPTION TO FIND THE DEFENDAT GUIILTY OF COUNT I WITHOUT THE FIREARM ENHANCEMENT ALTHOUGH SO INSTRUCTED BY THE COURT.**

**Standard of Review**

A defendant is entitled to an evidentiary hearing on a **postconviction relief motion** unless (1) the **motion**, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the **motion** or a particular claim is legally insufficient.  Moreover, in cases where there has been no evidentiary hearing, the factual allegations must be accepted as true to the extent they are not refuted by the record.  <u>Reaves v. State</u>, 836 So. 2d  932, 937-38 (Fla. 2002).

**Argument**

In his Motion to Correct Sentencing Error filed on May 27, 2008, defendant. argued as one of his grounds that the verdict form was erroneous in that the jury was not given the option to exercise its pardon power and convict him on Count I of attempted first degree murder *without a firearm* even though the court had

5

236

instructed the jurors with respect to that option.  (R  521-26)  The trial court erred

in summarily denying the motion on ground that this issue had previously been

raised by the defendant and rejected on the merits.  Defendant's previous Motion

to Correct Sentencing Error filed May 1, 2007, to which the court was referring,

only challenged the imposition of habitual sentences and clearly did not contain the

above referenced argument.    (R  464-81)    Moreover,  the  record  supports

defendant's argument which was raised for the first time in his May 27, 2008

motion.  The trial court instructed the jury as follows:

> Now, if you find that the defendant committed the crime
> charged, or any lesser offenses, and you also find that during the
> commission of the crime the defendant either possessed, discharged or
> discharged, inflicting great bodily harm, with a firearm, you should
> find the defendant guilty of the crime charged or any lesser included
> offense  as  the  evidence  may  justify  with  the  aggravating
> circumstances noted on the verdict form.
> Now, if you find only that the defendant committed the crime
> charged or any lesser included crime, *but did not possess, discharge,
> or discharge inflicting great bodily harm with  a firearm*, then you
> should find the defendant guilty only of the crime charges or the lesser
> included crime as the evidence may justify.  (R 398-99)

Nevertheless, the verdict form did not allow the jury to exercise its pardon power

and find defendant guilty of the crime charged or any lesser included offenses

without the use of a firearm.  (R 540-41)  (See attached Appendix)

In <u>Robertson v. State</u>, 532 So. 2d 90 (Fla. 4th DCA 1988), this Honorable

Court was presented with a similar issue.  Defendant was charged with second

6

237

degree murder with a firearm.  She requested as a lesser included offense that the jury be instructed on second degree murder without a firearm.  That request was denied.  The jury verdict form read as follows:

> A. The Defendant is guilty of Murder in the Second Degree, with a firearm, as charged in the Information.
>
> B. The Defendant is guilty of Attempted Murder in the Second Degree, with a firearm, a lesser included offense.
>
> C. The Defendant is guilty of Manslaughter with a firearm, a lesser included offense.
>
> D. The Defendant is guilty of Aggravated Battery with a firearm, a lesser included offense.
>
> E. The Defendant is guilty of Aggravated Assault with a firearm, a lesser included offense.
>
> F. The Defendant is guilty of Battery, a lesser included offense.
>
> G. The Defendant is not guilty.  532 So. 2d  at 90-91.

Relying upon Smiddy v. State, 468 So. 2d 466 (Fla. 4th DCA 1985),   this Honorable Court found it was reversible error to omit from the jury verdict form the option to convict of second degree murder without the firearm enhancement:

> However, nowhere on the verdict form was a provision made for the jury to find appellant guilty of second-degree murder without the enhancement provided in section 775.087(1), Florida Statutes (1987). Such a verdict would be a step down from second degree murder with a firearm and appellant was entitled to have that considered.

7

238

The error in the instant case is even more egregious inasmuch as the jury was instructed on both the charged and lesser included offenses without the firearm enhancement, but was not given the option on the verdict form of finding defendant guilty without the firearm enhancement.   The defective verdict form clearly deprived defendant of a fair trial.

In State v. McBride, 848 So. 2d 287, 292-92 (Fla. 2003) the Supreme Court of Florida held that the doctrine of *res judicata* and/or *collateral estoppel* "will not be invoked to bar relief where its application would result in a manifest injustice or defeat the ends of justice."  The face of the record reflects that the trial court erred in summarily denying defendant's motion to correct sentencing error on the grounds that the defective verdict issue had been raised and decided in defendant's previous motion to correct sentencing error.  In addition, the record and case law also supports the argument.  Defendant should not be deprived of being heard on the merits issue with respect to this issue.

8

## **CONCLUSION**

Based on the foregoing arguments and the authorities cited therein, defendant-appellant, ROBERT KLECKLEY, respectfully requests this Honorable Court to enter an order remanding this cause to the trial court for a hearing on the defective verdict issue.

Respectfully submitted,

CAREY HAUGHWOUT
Public Defender
15th Judicial Circuit of Florida
Criminal Justice Building
421 Third Street/6th Floor
West Palm Beach, Florida 33401
(561) 355-7600

ALAN T. LIPSON
Assistant Public Defender
Florida Bar No. 0151810

9

240

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing INITIAL BRIEF has been furnished by courier to the Office of the Attorney General, 1515 North Flagler Drive, Ninth Floor, West Palm Beach, Florida 33401, this 21st day of April, 2011.

ALAN T. LIPSON

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing INITIAL BRIEF complies with the font requirements of Fla. R. App. 9.210(a)(2).

ALAN T. LIPSON

# EXHIBIT

# L

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

CASE NO.4D10-1593

ROBERT KLECKLEY,

Appellant,

vs.

STATE OF FLORIDA,

Appellee.



**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

ON APPEAL FROM THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA
CRIMINAL DIVISION

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER BRIEF OF APPELLEE**

**PAMELA JO BONDI**

**Attorney General**
**Tallahassee, Florida**

**MITCHELL A. EGBER**
**Assistant Attorney General**
**Florida Bar No.35619**
**1515 North Flagler Drive**
**Ninth Floor**
**West Palm Beach, FL. 33401-2299**
**Telephone: (561)837-5000**
                    **(561)837-5099 fax**

**Counsel for Appellee**

## TABLE OF CONTENTS

                                                               Page

TABLE OF AUTHORITIES...........................................ii

PRELIMINARY STATEMENT .........................................1

STATEMENT OF THE CASE AND FACTS ..............................2

SUMMARY OF THE ARGUMENT.......................................3

   ARGUMENT..................................................4-10

**THIS ISSUE IS NOT PRESERVED FOR APPEAL AND IS SUBJECT TO THE LAW OF THE CASE AND COLLATERAL ESTOPPEL;THE TRIAL COURT DID NOT ABUSE IT'S DISCRETION SUMMARILY DENYING APPELLANT'S 3.800 MOTION AS APPELLANT HAS NOT PRESENTED MANIFEST INJUSTICE(Restated)**

Conclusion...................................................11

Certificate of Service.......................................12

Certificate of Font Size.....................................12

# TABLE OF AUTHORITIES

## CASES

**STATE CASES**                                                         **Page**

<u>Allen v. State</u>, 989 So.2d 731 (Fla. 4th DCA 2008)  . . . . . . . . 9

<u>Brinson v. State</u>, 995 So.2d 1047 (Fla. 2nd DCA 2008)   . . . . . 9

<u>Department of Health & Rehabilitative Services v. B.J.M.</u>, 656 So.2d
906 (Fla.1995). . . . . . . . . . . . . . . . . . . . . .8

<u>Florida Dep't of Transp. v. Juliano</u>, 801 So.2d 101 (Fla.2001). .7

<u>Kelly v. State</u>, 739 So.2d 1164(Fla. 5th DCA 1999). . . . . . . .7

<u>Kleckley v. State</u>, 4 So. 3rd 1290 (Fla. 4th DCA 2009)   . . . 3,5,6

<u>Kleckley v. State</u>,967 So.2d 314(Fla. 4th DCA 2007)   . . . . . . 4

<u>Kleckley v. State</u>, 932 So. 2d 209 (Fla. 4th DCA 2006). . . . . . 4

<u>McLendon v. State</u>, 58 So.3d 387 (Fla. 5th DCA 2011). . . . . . . 6

<u>Perez v. State</u>, 959 So.2d 408 (Fla. 3rd DCA 2007). . . . . . . 6

<u>Price v. State</u>, 692 So.2d 971 (Fla. 2d DCA 1997). . . . . . . . 8

<u>State v. McBride</u>, 848 So.2d 287 . . . . . . . . . . . . . . . 9

<u>Wright v. State</u>, 23 So. 3rd 781 (Fla. 4th DCA 2009). . . . . . .5,7


**FLORIDA RULES OF CRIMINAL PROCEDURE**

Fla. R. Crim. P. Rule 3.800(a). . . . . . . . . . . .   3,4,5,7,10

## PRELIMINARY STATEMENT

Appellant was the Defendant and Appellee was the Prosecution in the Criminal Division of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.  In this brief, the parties shall be referred to as they appear before this Honorable Court of Appeal except that Appellee may also be referred as the State or prosecution.

In this brief, the symbol "R" will be used to denote the record below. "IB" will be used to denote Appellant's initial brief.

1

246

## <u>STATEMENT OF THE CASE AND FACTS</u>

The State accepts Appellant's statement of the case and facts to the extent that it represents an accurate non-argumentative recitation of the procedural history and facts of this case, subject to the additions, corrections, clarifications and or modifications contained in the body of this brief.

2

## SUMMARY OF THE ARGUMENT

The issue before this Court has previously been litigated in Kleckley v. State, 4 So. 3rd 1290 (Fla. 4th DCA 2009) wherein this Court remanded the case for re-sentencing. This issue is not properly before this Court and has not been preserved for review. Moreover, the issue raised is not cognizable under Fla. R. Crim. P. 3.800(a). Further, this issue has already been subject to an appellate analysis and is therefore, is not cognizable again on appeal due to law of the case.

Even if preserved for review, Appellant is collaterally estopped from raising this issue on appeal as he has not shown manifest injustice.

3

248

## ARGUMENT

> **THIS ISSUE IS NOT PRESERVED FOR APPEAL AND IS SUBJECT TO THE LAW OF THE CASE AND COLLATERAL ESTOPPEL PRINCIPLES; THE TRIAL COURT DID NOT ABUSE IT'S DISCRETION SUMMARILY DENYING APPELLANT'S 3.800 MOTION AS APPELLANT HAS NOT PRESENTED MANIFEST INJUSTICE (Restated)**

Appellant contends the trial court erred summarily denying his Fla. R. Crim. P. 3.800(a) motion. He further maintains that this Court should consider his argument due to manifest justice. Appellant's original motion to correct premised on Fla. R. Crim. P. Rule 3.800(a) was summarily denied on February 23, 2006 (R 434-436, 450). Appellant appealed that summary denial (R 457) This Court affirmed the trial court in Kleckley v. State, 932 So. 2d 209 (Fla. 4th DCA 2006). Appellant filed another motion pursuant to 3.800(a) on May 1, 2007 (R 464-481). That motion was summarily denied on June 26, 2007 (R 511). That decision was appealed and this Court affirmed the trial court on September 26, 2007 in Kleckley v. State, 967 So.2d 314 (Fla. 4th DCA 2007). As Appellant notes the trial court summarily denied his third Fla. R. Crim. P. 3.800(a) motion filed on May 27, 2008. He raised the specific issue regarding the jury verdict form he raises in the instant appeal. Appellant appealed that summary denial and this Court remanded specifically to correct the habitual sentencing error as summarily

4

denied by the trial court and remanded for either record portions or resentencing. This Court further stated: "We affirm the trial court's denial of appellant's other claim". <u>Kleckley v. State</u>, 4 So.3d 1290, 1291 (Fla. 4th DCA 2009). The "other" claim referred to by this Court is the one raised once again and being relitigated in the present appeal after resentencing was held.

At the outset Appellee contends this Court lacks jurisdiction to hear this matter for several reasons. This is an appeal from the re-sentencing. The issue raised on appeal is not properly before this Court. This Court specifically reversed the summary denial in the April 1, 2009 decision as to the habitual sentence imposed on Count II remanding for attachment of record portions which were conclusive in refuting the claim or for resentencing as to Count II(R 550).

Second, the issue Appellant raises as to an improper or omission on the jury verdict form was an issue which should have been raised on direct appeal as fundamental error, if not preserved. Rule 3.800(a) is not applicable to this issue and not cognizable on appeal as that rule states, in relevant part:

> A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court

5

records demonstrate on their face an
entitlement to that relief ....

See McLendon v. State, 58 So.3d 387 (Fla. 5th DCA 2011)(held

defendant's claim that consecutive sentencing violated terms of

plea agreement was not cognizable in motion to correct illegal

sentence, as breach of a plea agreement did not make the sentence

illegal); Perez v. State, 959 So.2d 408 (Fla. 3rd DCA 2007)(held

defendant's claims, that trial court erred in failing to conduct a

Frye hearing on the admissibility of novel scientific evidence, and

by failing to enter a judgment of acquittal after the State failed

to meet its burden of proof, could have raised on direct appeal

and, therefore, were not cognizable under rules governing motions

to correct sentences and postconviction motions, and were

procedurally barred).

Moreover, this Court considered and ruled on this issue in

Kleckley v. State, 4 So. 3rd 1290 (Fla. 4th DCA 2009). It is

important to note that Appellant argued to the trial court that a

manifest injustice had occurred in his motion filed May 27, 2008 (R

517-529). Accordingly, in affirming the trial court on this point,

this Court has found no manifest injustice. In effect, rather than

following the appropriate route before mandate issued in Kleckley

by filing a motion for rehearing on this issue, Appellant is

attempting to re-litigate an argument already litigated before this

6

251

Court. In this regard the law of the case applies. That doctrine requires that "questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." <u>Florida Dep't of Transp. v. Juliano</u>, 801 So.2d 101, 105 (Fla.2001) (emphasis added). <u>See also Kelly v. State</u>, 739 So.2d 1164, 1164 (Fla. 5th DCA 1999) (holding that "[s]uccessive 3.800(a) motions re-addressing issues previously considered and rejected on the merits and reviewed on appeal are barred by the doctrine of law of the case").

This Court in <u>Wright v. State</u>, 23 So. 3rd 781, 782 (Fla. 4th DCA 2009) articulated the principle of collateral estoppel as applied to circumstances such as here:

> While res judicata does not apply to a rule 3.800 motion, collateral estoppel does. <u>See State v. McBride</u>, 848 So.2d 287, 290 (Fla.2003). It applies when the same issue has already been litigated and precludes a defendant from rearguing a successive issue that was argued in a prior motion. <u>Id</u>. at 290-91. The law of the case doctrine also applies to postconviction motions. <u>See id</u>. at 291. If a motion is successive and there is no manifest injustice, then it cannot be brought again. <u>Id</u>. at 291-92.

Appellant raised this jury verdict form issue in his 3.800 (a) motion filed on May 1, 2007 (R 475-476). Accordingly, the principal of collateral estoppel applies as this issue was previously litigated. "Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same

7

252

issues that have already been decided." <u>Department of Health &</u>
<u>Rehabilitative Services v. B.J.M.</u>, 656 So.2d 906, 910 (Fla.1995)
<u>Price v. State</u>, 692 So.2d 971, 971 (Fla. 2d DCA 1997) (noting that
rule 3.800 "contains no proscription against the filing of
successive motions" but that "a defendant is not entitled to
successive review of a specific issue which has already been
decided against him").

Appellant suggests that this Court can consider this matter as
manifest injustice would result. He contends that "the face of the
record reflects that the trial court erred in summarily denying
defendant's motion to correct sentencing error on the grounds that
the defective verdict issue had been raised and decided in
defendant's previous motion to correct sentencing error"(IB 8).
Yet, Appellant offers this Court no further specifics or factual
basis as to how a manifest injustice would result in this case.
Again, Appellee reiterates, that the extraordinary factual finding
of manifest injustice based on the face of the record was raised
below and was previously litigated by this Court which made a
specific finding affirming the trial court.

Cases where this and other Courts have found manifest
injustice on successive claims, not raised previously, involve
sentencing issues. In <u>Allen v. State</u>, 989 So.2d 731 (Fla. 4th DCA
2008) this Court held that the trial court consider the merits of

defendant's motion to correct sentence seeking additional jail time credit, even if the claim was raised in a previous motion the denial of which was not appealed, where manifest injustice would occur if motion was not entertained on its merits, as the State did not dispute defendant's entitlement to the jail credit claimed. See Brinson v. State, 995 So.2d 1047 (Fla. 2nd DCA 2008) (held neither law of the case nor collateral estoppel precluded consideration of successive postconviction motion challenging violent career criminal (VCC) sentence, given manifest injustice that would result from defendant serving sentence far exceeding what he would be subject to absent the improper enhancement). However, in State v. McBride, 848 So.2d 287 the Florida Supreme Court held application of collateral estoppel to bar defendant's successive motion to correct illegal sentence did not result in manifest injustice, where defendant was sentenced as habitual offender to concurrent 30-year terms of imprisonment on each of three felonies, only one of which sentences, that for life felony of attempted first-degree murder, was illegal, and where re-sentencing defendant for life felony had potential to increase his prison term. Again, all of the aforementioned cases were clear from the face of the record regarding sentencing issues. Such is not the case here.

In summary, Appellant's issue on appeal fails due to the fact it is not an issue on appeal from the last re-sentencing, which is

9

254

the applicable final trial court order in this case; is not an issue cognizable in a 3.800(a) motion in which the summary denial was not error; has been litigated previously on appeal and the law of the case is applicable; is estopped from raising due to collateral estoppel; and, Appellant has not shown manifest injustice on the face of the record.

10

## CONCLUSION

Wherefore, based on the foregoing arguments and the authorities cited therein, Appellee respectfully requests this Court DISMISS this case for lack of jurisdiction or, in the alternative, affirm that portion of the trial courts order summarily denying Appellant's 3.800 (a) motion regarding the jury verdict form issue.

Respectfully submitted,

PAMELA JO BONDI
Attorney General
Tallahassee, Florida

MITCHELL A. EGBER
Assistant Attorney General
Florida Bar No. 35619
1515 North Flagler Drive
Ninth Floor
West Palm Beach, FL 33401-2299
(561) 837-5000
(561) 837-5099 fax

Counsel for Appellee

11

256

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing "Answer Brief of Appellee" has been forwarded to: Alan Lipson, **ASSISTANT PUBLIC DEFENDER**, 15TH Judicial Circuit of Florida, Criminal Justice Building, 421 Third Street/6th Floor, West Palm Beach, Fl. 33401 on September 4, 2011.

## Certificate of Font Size

This brief was typed in Courier New 12 type.

_____
Of Counsel

12

257

# EXHIBIT

# 48

THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

|  |  |  |
|---|---|---|
| STATE OF FLORIDA, | : | CASE NO.: 99-015141CF10A |
|  | : | JUDGE: MARTIN J. BIDWILL |
| Plaintiffs, | : |  |
| VS. | : |  |
| ROBERT KLECKLEY, | : |  |
| Defendant, | : |  |

_____/

<u>ORDER DENYING</u>
<u>MOTION FOR POST CONVICTION RELIEF</u>

THIS CAUSE has come before the Court upon the defendant's Motion for Post Conviction Relief filed October 17, 2012, pursuant to Rule 3.850, Fla. R. Crim. P. The State filed a Response on January 13, 2016.

Accordingly, having considered the motion, the Response and the record, it is hereby ORDERED and ADJUDGED that the defendant's Motion for Post Conviction Relief pursuant to Rule 3.850 is DENIED for the reasons articulated in the State's Response, a copy of which is attached. The defendant has thirty (30) days within which to appeal this order.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 20ᵀᴴ day of ___January___, 2016.

MARTIN J. BIDWILL
CIRCUIT JUDGE

cc:    Robert Kleckley DC# 976678    Susan Hugentugler, SAO, Appeals
       South Bay Correctional Institution
       P. O. Box 7171
       South Bay, FL 33493

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,
          Plaintiff,

V.                                        Case No. 99-1514CF10A
                                        Judge: Bidwill

ROBERT KLECKLEY,
          Defendant.
_____/

PROVIDED TO
SOUTH BAY CORRECTIONAL FACILITY
ON ___2-3-16___ FOR MAILING

## MOTION FOR REHEARING

COMES NOW, the Defendant ROBERT KLECKLEY, and respectfully moves this Honorable Court to reconsider its ruling of January 20, 2016, and hear the merits of the Defendant's Rule 3.850, Motion for Post Conviction Relief.

In support of this motion, the Defendant states as follows:

## TIME FOR FILING

Pursuant to Rule 3.850(j), the Defendant may seek rehearing.

On January 20, 2016, the Court denied the Defendant's Rule 3.850, Motion for Post Conviction Relief. The Order was filed with the Clerk of Court on January 25, 2016 (*See* Exhibit A). Defendant received the Order of order of denial on January 27, 2016, from South Bay Correctional Facility mailroom. The 15-day time limitation for filing this motion is triggered on January 25, 2016, the date in which the Clerk of Court mailed the order to defendant. Therefore, the Defendant has until February 9, 2016, in which to timely file this motion for hearing.

## GROUNDS FOR MOTION

GROUND ONE:

In Ground One Defendant argues that Counsel was ineffective for (1) not advising trial court of the conflict of interest between counsel and the defendant and (2) operating under such prejudicial continued conflict of interest at resentencing. The Defendant demonstrates that such conflict of interest is prejudicial and results in a manifest injustice that violates the Defendant's Fifth, Sixth and Fourteenth Amendment Rights which guarantee due process and the ineffective assistance of counsel. These same constitutional protections are also guaranteed in the State Constitution Article 1, Section 9 Florida Constitution (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 4-7).

The State argues that Kleckley has not demonstrated an actual conflict of interest, or alternatively, that if a conflict does exist, that the conflict has not had an adverse effect upon defense counsel representation. The State further argues that about ten years passed between the time Mr. Chloupek represented the Defendant on direct appeal and the time Mr. Chloupek represented the Defendant resentencing. Even if one were to assume that Mr. Chloupek remembered the Defendant in the claim of ineffective assistance of appellate counsel, the State argues, the representation on page 5 Defendant's motion is misleading to the extent that the Defendant offers this as proof that he told Mr. Chloupek of the conflict of interest, and despite such knowledge, Mr. Chloupek refused to tell the Court. State argues that the conversation had nothing to do with the conflict of interest or any claim of ineffective assistance of appellate counsel. The State argued that a close reading of the transcripts shows counsel was informing the court that he had a disagreement with the Defendant on whether he could be resentenced on Count I as well Count II (Ex. E page 7-14). Regardless, Defendant never said a single word

about a conflict of interest to the Court before, during, or after resentencing. It is the State's position that the Defendant cannot hold such a "conflict in his pocket, wait for the resentencing, and if it was not what he desired, to then claim conflict in an effort to obtain yet another re-sentencing (*See* State's Response to Defendant's Motion for Post Conviction Relief at 6-8). The State further argues that, alternatively, the defendant has failed to demonstrate that the "conflict" had an adverse effect upon his lawyer's representation during the re-sentencing hearing. Counsel appropriately called witness and argued for a lesser sentence (Ex E). The State makes several statements: That the Defendant was unsuccessful does not mean that he performed deficiently. Any suggestion that another attorney would have obtained a different result would be pure speculation and conjecture. Accordingly, for all of the reasons articulated, this ground should be DENIED (*See* State's Response to Defendant's Motion for Post Conviction Relief at 8).

The Court relied on State's response in denying Defendant's Rule 3.850, Motion for Post Conviction Relief with Memorandum of Law. Defendant avers that the Court overlooked or misinterpreted essential and controlling points of law in regard to Ground One of Defendant's 3.850 Motion.

First, the Court over-looks the fact that the Defendant did demonstrate an actual conflict of interest. An imputed conflict with the public defender's office may be enough to constitute actual conflict where counsel is aware that the office represents or has represented a client. See *Bouie v. State*, 559 So. 2d 1113, 1115 (Fla. 1090) the Florida Supreme Court held:

> An imputed conflict with a public defender's office may be enough
> to constitute an "actual conflict" where trial counsel is aware that
> the office represented, or has represented, state witnesses.

Defendant avers the same legal analysis applies to Defendant's case where Mr. Chloupek represented defendant in his direct appeal. The Fourth District in *Keyes v. State*, 95 So. 3d 280

(Fla. 4th DCA 2012), relying on *Quince v. State*, 732 So. 2d 1059, 1065 (Fla. 1999), held that "a lawyer suffers from an actual conflict of interest when he or she actively represent[s] conflicting interests."

Second, The Court overlooks or misinterprets the fact that Defendant showed that this conflict did have an adverse effect upon the lawyer's representation. *Cuyler v. Sullivan*, 466 U.S. 335, 350, 1005 S. Ct. 1708, 64 L. Ed. 2d 333 (1980) *See Ground Two and Ground Three* of Defendant's Motion for Post Conviction Relief, and Ground Two and Three of the motion for rehearing. Counsel failed to call witnesses, counsel failed to cross examine the State witness (victim), and counsel failed to obtain a waiver of conflict, which compromised Defendant's interests and Sixth Amendment under conflict of interest violating Defendant's guaranteed right to the effective assistance of counsel.

Third, the Court overlooks the fact that the State was mistakenly under the assumption that just because a period of time passed between Mr. Chloupek representing Defendant on Direct appeal and Mr. Chloupek representing Defendant during the 2010 resentencing there is no conflict of interest. (*See* State's Response to Defendant's Motion for Post Conviction Relief at 6). The Defendant avers the Court overlooked the fact that the time frame has no bearing in determining if there was a conflict of interest or rather the conflict adversely affected the lawyer's performance. The United States Supreme Court has set fourth standards in-which the Defendant is to allege. Accordingly Defendant is required to allege that trial counsel "actively represented conflicting interest' and that' an actual conflict of interest adversely affected his lawyers performance. *Quince v. State*, 732 So. 2d 1059, 1064 (Fla. 1999), quoting *Strickland v. Washington*, 466 U.S. at 692 quoting *Cuyler*, 446 U.S. at 350. The timeframe of Mr. Chloupek representing Defendant on direct appeal has no bearing in demonstrating an actual conflict when

4

262

specific evidence in the record that suggested that Defendant's interest was compromised. *Cuyler supra.*

      Fourth, the Court overlooked the fact the state mistakenly interpreted that Defendant used 2010 resentencing page 13-14, which is page 5 of Defendant motion, as a bases that he told Mr. Chloupek of the conflict.

      Defendant avers that the 2010 resentencing page 13-14 proves that the Defendant and Mr. Chloupek had a *counsel client interview* and Defendant avers during this interview he told Mr. Chloupek about the *conflict* and Mr. Chloupek advised Defendant that he would have to represent himself if Mr. Chloupek was removed from his case. This was the same thing the judge said to Defendant during the resentencing (*See* Sentencing Transcript at 13-14). The Court overlooked the fact that the state did not prove or attach any portions of the record establishing that counsel did not know of the conflict of interest. *Lee v. State*, 690 So. 2d 664, 667 (Fla. 1st DCA 1997) citing *Larzelere v. State*, 676 So. 2d 394, 403 (Fla. 1996) the Florida Supreme Court listed three requirements which must be independently proven before a conflict can be waived (1) the defendant must be made aware of the conflict of interest (2) the defendant must understand that the conflict could affect his defense and (3) the defendant must be informed of the right to obtain other counsel. Defendant was never informed he could obtain other counsel, but was informed he would have to represent himself. (*See* Sentencing Transcript at 13-14).

      Defendant further avers that an evidentiary hearing is to be held to determine if counsel provided ineffective assistance due to a conflict of interest. *Westbrook v. Zant*, 575 F. Supp. 186 (11th Cir. 1983)

      The court erred in denying Ground One of Defendant's 3.850 Motion for Post Conviction Relief. The Court overlooked that the state's factual finding were not supported by competent,

substantial evidence, nor supported by record attachments. Therefore, Defendant avers that the conclusion is well reasoned and should stand in light of the Courts review during rehearing. The position the Court used in denying the Defendant's 3.850 motion for post conviction relief in Ground One without an evidentiary hearing should be reconsidered under the facts stated above.

GROUND TWO:

Defendant raised in his original 3.850 motion for post conviction relief with memorandum of law in Ground Two that counsel was ineffective for failing to cross examine state witness, which was prejudicial, resulting in a manifest injustice violating Defendant's Fifth, Sixth, and Fourteenth Amendment Rights under Ineffective Assistance of counsel and under the United Sates Constitution and Article 1, Section 9 of the Florida Constitution. (See 3.850 Motion for Post Conviction Relief with Memorandum of Law at 8-10)

The Defendant also alleges the questions that counsel should have asked were within the purview of direct examination and the Defendant demonstrates why it was important to ask such questions (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 9-10) .

The State argues that questioning whether the defendant could function in society or if he had shown any signs of rehabilitation, the victim would not have been in any position to know, opine, or speculate on such matters (See State's Response to Defendant's Motion for Post Conviction Relief at 9). The State further argues that the other questions the Defendant claimed counsel was ineffective for not asking the witness are all questions involving the guilt (conviction) phase of the trial and would have been completely irrelevant and inappropriate for resentencing. After all, the state argues, the Defendant's guilt was not an issue since his conviction had been affirmed many years before; thus, counsel could not have acted deficiently

in failing to question the victim about issues which related to the offenses, not the sentence (*See*
State's Response to Defendant's Motion for Post Conviction Relief at 8-9).

The Court relies on State's response in denying Defendant 3.850 Motion for Post
Conviction Relief with Memorandum of Law. Defendant avers that the Court overlooks or
misinterprets essential and controlling points of law in regard to Ground Two of Defendant's
Rule 3.850 Motion.

The Court overlooked the fact that during direct examination by state prosecutor Ms.
Smith, questioned the victim Miguel Rodriguez who opined and speculated that during the time
of the offense the Defendant was *cold hearted*, *disregarded life*, and had *no value for life*. (*See*
Sentencing transcripts at 27). The Court also overlooks the fact the victim, Miguel Rodriguez,
stated that he wanted the Defendant's sentence to stay at a life sentence.[1] (*See* Sentencing
transcripts at 27). In *Gosciminski v. State*, 132 So. 3d 678 (Fla. 2013) the Florida Supreme Court
held:

> The State opened the door to this line of questioning in its direct
> examination by asking Thomas about her motivation for moving
> back with Gosciminski and thus it fell within the scope of cross-
> examination permitted by section 90.612.

Also See *Florida Statute 90.612(2)* which stated:

> Cross-examination of a witness is limited to the subject matter of
> the *direct examination* and matters affecting the credibility of the
> witness. The court may, in its discretion, permit inquiry into
> *additional* matters. (emphasis added).

The Defendant avers the Court overlooked the fact that the prosecution (Ms. Smith)
opened the door enabling Defense Counsel the opportunity to cross-examine the victim (Miguel

---

[1] The State in its response admitted the victim (Miguel Rodriguez) stated reasons for wanting the
defendant to remain in prison (See Sentencing transcripts at 27).

Rodriguez) as to why he felt the Defendant's sentence should stay a life sentence and why he still felt Defendant is cold hearted, has a disregard for life, and has no value for life.[2] What the State seeks to pass over is that (1) the above said testimony was introduced at re-sentencing and (2) counsel's failure to cross-examine victim was in fact deficient performance that had a prejudicial outcome. Cross-examination is the principle means by which the believability of a witness and the truth of his testimony are tested. *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 39 L. Ed 2d 347 (1974)

Defendant avers that the Court overlooked that the questions, Defendant required Defense Counsel to ask, rely on specific facts developed by the direct examination that do not have to be confined to the identical details testified to in chief.

Defendant further avers the Court overlooked the Florida Supreme Court ruling in *Lindsey v. State*, which held that "when the direct examination opens a general subject, the cross-examination may go into any phase, and may ***not be restricted to more parts…. Or specific facts developed by the direct examination.***" *See Lindsey v. State, 14 So. 3d 211 (Fla. 2009)* The Florida Supreme Court further held that cross-examination is not confined to the ***identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify supplement, contradict, rebut or make clearer the facts testified to in chief.*** *See Zerquera v. State, 549 So. 2d 189, 192 (Fla. 1989) (quoting Coxwell v. State, 361 So. 2d 148, 151 (Fla. 1978).*

The Court overlooks the fact that the Defendant has a constitutional right to pursue a full cross-examination to expose a witness's bias or improper motive in testifying against the Defendant, even when the questioning goes outside the scope of the prosecutor's direct

---

[2] (See 3.850 Motion for Post Conviction Relief with Memorandum of Law at 11-12)

examination. *Blue v. State*, 8 So. 3d 454 (Fla. 1st DCA 2009) relying on *Olden v. Kentucky*, 488

U.S. 227 109 S. Ct. 480, 102 L. Ed. 2d 513 (1988), *Davis v. Alaska*, 415 U.S. 308, 94 S. Ct.

1150, 39 L. Ed. 2d 347 (1974), and *Washington v. State*, 737 So. 2d 1208 (Fla. 1st DCA 1999).

      Lastly, the Court overlooks the point that an evidentiary hearing is required in order to

determine whether counsel's failure to cross-examine state witness Miguel Rodriguez was a

strategy. *Sireci v. State*, 469 So. 2d 119 (Fla. 1985) and *Asay v. State*, 769 So. 2d 974, 984 (Fla.

2000).

      The Court overlooks that the State's factual finding were not supported by competent,

substantial evidence. Defendant avers that no competent counsel would neglect to cross-examine

a witness under the circumstances of Defendant's case. Defendant contends that counsel was

ineffective for failing to cross-examine the State's key witness, which prejudiced Defendant and

resulted in a manifest injustice that violate Defendant's Fifth, Sixth and Fourteenth Amendment

which guarantee due process and effective assistance of counsel. These same constitutional

protections are also guaranteed in the State Constitution Article 1, Section 9 of the Florida

Constitution.

      Therefore, Defendant avers that Defendant's conclusion is well-reasoned and should

stand in light of the Courts review during rehearing. The position the Court used in denying the

Defendant's 3.850 motion for post conviction relief in Ground Two without an evidentiary

hearing should be reconsidered under the facts stated above.

GROUND THREE:

      Defendant raised in his original Rule 3.850, motion for post conviction relief with

memorandum of law in Ground Three that counsel was ineffective for failing to call witness

Dorothy Jones, which resulted in a manifest injustice violating Defendant's Fifth, Sixth, and Fourteenth Amendment Rights which guarantee due process and the effective assistance of counsel. These protections are guaranteed in the State Constitution and Article 1, Section 9 and 12 of the Florida Constitution. (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 11-13)

State argues that Defendant has not alleged that he told his counsel of such witness, what her testimony would have been, and whether she was available to testify. The State further asserts that even if she would have testified as alleged by the Defendant, especially considering her relation to the defendant and the cumulative nature of the purported testimony, there is no reasonable probability of a different outcome. (*See* Ex. E, transcripts of re-sentencing hearing held April 9, 2010) The State further argues that since the Defendant has not demonstrated either deficiency or prejudice, this ground should be DENIED (*See* State's Response to Defendant's Motion for Post Conviction Relief at 8-9).

Defendant avers that the Court overlooks or misinterprets essential and controlling points of law in regard to Ground Three of Defendant's Rule 3.850 Motion when the Court relied on State's response to deny Defendant's 3.850 Motion.

The Court overlooks the Florida Supreme Court ruling in *Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004), which held "that a facially sufficient postconviction motion alleging ineffective assistance of counsel for failure to call witnesses at trial must set forth *only* (1) the identity of the prospective witness, (2) the substance of the witness' testimony and an explanation as to how the omission of the testimony prejudiced the outcome of the trial."

10

Defendant avers the court overlooked that the Defendant alleged the identity of the victim Dorothy Kleckley, the substance of the witness testimony[3] and gave an explanation as to how the omission of the testimony prejudiced the outcome of the re-sentencing.[4]

Defendant contends that the Court overlooked the fact the records the State attached do not prove a cumulative nature of the purported testimony of the witness. *Ferrer v. State*, 2 So. 3d 111 (Fla. 4th DCA 2009) The Fourth District held:

> Sufficiently-pleaded claim of ineffective assistance for failure to call exculpatory witness requires evidentiary hearing in absence of record attachments conclusively refuting claim.

As argued in Defendant's 3.850 Motion, no witness during the resentencing testified to the classes the Defendant taught, the affect they had, and are having, on other inmates and citizens in society, and job opportunities available upon Defendant's release. (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 11-12)

If the State is claiming that Defendant's motion is not sufficient, which is not the case, the Court should afford the Defendant an opportunity to amend his Rule 3.850 Motion. See *Spera v. State*, 971 So 2d 754 (Fla. 2007).

Finally, Defendant avers the Court overlooks that the Fourth District Court has held in *Glover v. State*, 996 So.2d 885 (Fla. 4th DCA 2008) that failure to call witness goes into trial strategy, which is a matter that cannot be resolved without an evidentiary hearing. Also see *Banks v. State*, 825 So. 2d 478 (Fla. 4th DCA 2002)

---

[3] (See 3.850 Motion for Post Conviction Relief with Memorandum of Law at 11-12)
[3] (See 3.850 Motion for Post Conviction Relief with Memorandum of Law at 13)

11

GROUNDS FOUR, FIVE, EIGHT, AND NINE:

In Ground Four Defendant argues that Counsel was ineffective for failing to object to the defective verdict form, depriving the jury of its pardoning power. (See 3.850 Motion for Post Conviction Relief with Memorandum of Law at 13-15) In Ground Five Defendant argues that Counsel provided ineffective assistance when he failed to renew an objection to strike tainted jury panel and when he added to the error by bolstered the prejudicial statements. (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 16-21). In Ground Eight Defendant argues that Counsel was ineffective for failing to subpoena and/or retain an expert for fingerprint analysis to examine the miscellaneous items found in the vehicle, when substance of fingerprints would have proven Defendant's innocence. (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 33-35). In Ground Nine Defendant argues that Counsel was ineffective for failing to subpoena and/or retain a hair analyst to examine the substance of hair to prove defendant's innocence (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 36-39) Grounds Four, Five, Eight and Nine all demonstrate a manifest injustice, that is errors violating Defendant's Fifth, Sixth, and Fourteenth Amendment Rights under Ineffective Assistance of counsel. These protections are guaranteed in the State Constitution as well as Article 1, Section 9 and 12 Florida Constitution.

The State argues that Defendant was before this Court to be resentenced (on Count II only), as a result of a successful Rule 3.800(a) motion (*See* State's Response to Defendant's Motion for Post Conviction Relief at 10). The State argues that Kleckley's convictions were final since his direct appeal became final in 2001. The State then gives a short history of Defendant's motions (*See* State's Response to Defendant's Motion for Post Conviction Relief at 11). The state further argues that Defendant had the time and opportunity to assert claims of ineffective

assistance of trial counsel and asserts that Kleckley cannot now, after intervening resentencing raise additional claims of ineffective assistance of trial counsel. In other words, Defendant Kleckley's resentencing, which resulted not from his direct appeal but from his successful Rule 3.800 motion, did not toll the two-year time limit for filing a Rule 3.850 motion attacking his conviction and trial counsel. According to the State, an illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion. Relying on *Gillis v. State*, 32 So.3d 681 (Fla. 2nd DCA 2010); *Joseph v. State*, 835 So.2d 1221, 1222 n.3 (Fla. 5th DCA 2003) and *Pierce v. State*, 875 So.2d 726 (Fla. 4th DCA 2004). The State concludes that the grounds are untimely, impermissibly successive, and procedurally barred and they should be DENIED on that basis (*See* State's Response to Defendant's Motion for Post Conviction Relief at 11-12)

Defendant avers that the Court overlooked or misinterpreted essential and controlling points of law in regard to Grounds Four, Five, Eight and Nine of Defendant's Rule 3.850 Motion when the Court relied on State's response in denying the Motion.

Specifically, Defendant avers the Court overlooked the fact that on April 12, 2010, Defendant filed a timely notice of appeal (*See* State's Response to Defendant's Motion for Post Conviction Relief, Ex. K). On April 21, 2011, Appellant Counsel Mr. Alan T. Lipson filed an Initial Brief challenging the Defendant's judgment (conviction) and sentence in Count I. (*See* State's Response to Defendant's Motion for Post Conviction Relief, Ex. K) The Fourth District Court accepted jurisdiction and issued a show cause order. On September 4, 2011, Appellee Mitchell A. Egber filed an Answer Brief addressing Defendant's judgment (conviction) and

sentence in Count I (*See* State's Response to Defendant's Motion for Post Conviction Relief, Ex. L), thus, allowing the Defendant to challenge his judgment and sentence.

      The Court overlooked the fact that the Fourth District Court did address the merits of Defendant's Initial Brief, because the District Court determined if a manifest injustice standard applied to Defendant's issue.  The Court overlooked the fact that Fourth District Court had to have looked at the merits of Defendant's Brief to determine if it was previously litigated and if a manifest injustice acceptation applied. (*See* State's Response to Defendant's Motion for Post Conviction Relief at 13) Defendant's 2011 Appeal did not become final until May of 2012.

      As to Ground Four, the Defendant avers the Court overlooked the fact the State addressed the sentence in Count I. The State struck the habitual portion of Defendant's sentence and had a lengthy discussion addressing the 10/20/Life. (*See* resentencing hearing, February 26, 2010 at 5 and May 28, 2010), which thereby opened the door for the Defendant to challenge Count I illegal sentence that was addressed during the resentencing hearing.

      As to Ground Five, the Defendant avers that the Court overlooks the fact that when a manifest injustice claim demonstrates that a court's refusal to strike a prejudicial influenced venire, the conviction should be reversed. *See Brower v. State*, 727 So. 2d 1026, 1027 (Fla. 4th DCA 1999) (citing *United States v. York*, 933 F.2d 1343 (7th Cir. 1991)).

      As to Grounds Eight and Nine, Defendant avers that the Court overlooks that upon direct review the Defendant's sentence was not final.[5] (*See Kleckley v. State*, 810 So. 2d 1081 (Fla. 4th DCA 2002)), The Fourth District's opinion states "On remand, the trial court may appoint appellate counsel to assist Kleckley with preparing the record on appeal and his initial brief. The

---

[5] State argues that such issues are not relevant, but Defendant avers the issues are vitally relevant because they dictate the time frame the Defendant's judgment and sentence actually became final.

appeal is to address sentencing only." Therefore, Defendant judgment *and sentence* was not final until after March 20, 2002. *See Pierce supra* which holds "No other motion shall be filed or considered pursuant to this rule if filed more than *2 years after the judgment and sentence* become unless it alleges that …."

Therefore, Defendant's supplemental grounds raised in Defendant's 3.850 Motion were timely.

Contrary to the Sate's claim regarding the successive nature of the claims, the Court overlooked that the Second District Court in *Blackwell v. State*, 65 So.3d 1211 (Fla. 2nd DCA 2011) relying on *State v McBride*, 848 So2d 287, 291 (Fla. 2003) holds that "the *only* way the claim in the instant motion could truly *be successive* is if it had been *raised and denied on the merits on a prior occasion*." The Court overlooks that the issues raised in Grounds Eight and Nine were never denied on the merits.

*Judicial Notice*:

Pursuant to Fla. R. Crim. P. 90.201 and 90.202, the Defendant moves the Court to take judicial notice of the definition of "conviction and sentence" as defined by the United States Supreme Court *Magwood v. Patterson*, 561 U.S. 320, 347, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) See Also (11th Cir.) *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003) and *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007). These cases coincide with the plain language of Fla. R. Crim. P. 3.850(b) which state: "*Time Limitations* A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than *2 years after the judgment and sentence* become final in a noncapital case…." [Emphasis added].

Defendant avers that the rule does not state the two year starts after the conviction is final, but after the **_judgment and sentence_** is final. Nor does the rule state that it is only applied to a sentence reversed on direct review, but after **_the judgment and sentence_** become final in a none capital case. The Rule is clear that a Defendant has two years upon his judgment and sentence becoming final.

The Fourth District has held a Defendant's two year time does not start running until the **_judgment and sentence_** become final in a noncapital case. *See Pierce* which explains the view in *Lindsey*. *Lindsey* holds that the two-year period for filing a rule 3.850 motion commences from the date a conviction became final, rather than the date that both conviction and sentence became final. *Id* 727 However, *Pierce* rejects *Lindsey* and quotes the plain language of Rule 3.850(b) which held "No other motion shall be filed or considered pursuant to this rule if filed more than **_2 years after the judgment and sentence_** become final in a noncapital case…"

The Court overlooks the fact that upon the Defendant receiving a resentence the judgment and sentence did not become final until after his direct review upon appealing the new judgment and sentence, which was affirmed May, 23, 2012. Defendant avers that the October 1, 2010, Rule 3.850 Motion was Defendant's first 3.850 Motion challenging his new judgment and sentence. *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1284 (11th Cir. 2014) the Eleventh Circuit held "challenge to a new judgment is not second or successive."

Therefore, the issues the Defendant raises in Grounds Four, Five, Eight and Nine are not untimely or impermissibly successive, neither are they and therefore are not procedurally barred and should be reconsidered and addressed on the merits. Defendant avers that his conclusion in Grounds Four, Five, Eight, and Nine is well reasoned and should stand in light of the Courts review during rehearing.

16

274

GROUND SIX

In Ground Six the Defendant argues that the trial court erred in reclassifying and enhancing Defendant's first degree attempted murder in Count I by excluding from the verdict form the option to find the Defendant guilty of attempted murder or any lesser offense *without* the enhancement provisions provided for in Fla. Stat. 775.087. (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 21-26)

The State argues that this could and should have been brought in a direct appeal or through a timely filed, not successive, motion for post conviction relief. Indeed, as is evidenced by his brief after his most recent re-sentencing, Kleckley raised the exact issue before the appellate court (Ex. E, defendant's brief in Case No. 4D10-1593).   The State asserted in its answer brief that the issue was barred because it had been previously litigated in a prior appeal, *Kleckley v. State*, 4 So. 3d 1290 (Fla. 4th DCA 2009), established the law of the case, and that there was no manifest injustice (Ex. L, state's brief Case No. 4D10-1593).

The State further argues that when the Court summarily affirmed this Court's resentence of April 9, 2010, without reaching the issues presented in his brief, the ground is also barred for the same reasons and should be DENIED (*See* State's Response to Defendant's Motion for Post Conviction Relief at 13).

Defendant avers he first raised this claim in a 3.800(a) motion, *Kleckley v. State*, 4 So. 3d 1290 (Fla. 4th DCA 2009).   The motion was denied alleging that it should have been raised on direct appeal.   After a resentencing, during direct review Defendant raised the same claim and the Fourth District Court denied the claim stating it had already been litigated before and was law of the case.   Defendant avers the Court violates judicial estoppel.   *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed. 2d 968 (2001) (quoting *Davis v. Wakelee*, 156 U.S.

680, 689, 15 S.Ct. 555, 39 L.Ed. 2d 578 (1995) which held the purpose of judicial estoppel is to protect the integrity of the judicial process).

The Court also overlooks the fact that others with the same issue received relief. E.g., *Robinson v. State*, 532 So. 2d 90, 91 (Fla. 4th DCA 1988) the Fourth District Court held:

> Nowhere on the verdict form was a provision made for the jury to find appellant guilty of second-degree murder without the enhancement provided in 775.087(1), Florida Statutes (1987). Such a verdict would be a step down from second murder with a firearm and appellant was entitled to have that consideration.

The Fourth District Court held in *Robinson*, *supra*, that the most grievous oversight, however, was the omission from the verdict form the option to convict of second-degree murder without the enhancement provided for in 775.087(1), Florida Statutes.

Defendant once again bring to the Court's attention that he *has* suffered a ***manifest injustice*** compared to others who have obtained relief on this exact claim. To give relief to one Defendant but not the other under virtually identical circumstances is a ***manifest injustice***. *Hagger v. State*, 36 So. 3d 883 (Fla. 2nd DCA 2010), relying on *Stephens v. State*, 974 So. 3d 455, 457 (Fla. 2nd DCA 2008). The Court overlooks the fact the State never refuted the claim in Ground Six. Not giving the Defendant relief in Ground Six would result in a manifest injustice.

Therefore, Defendant avers that the Defendant's conclusion is well reasoned and should stand in light of the Courts review during rehearing. The position the Court used in denying the Defendant's 3.850 motion for post conviction relief in Ground Six without an evidentiary hearing should be reconsidered in light of the above cited facts and authority.

GROUND SEVEN AND TEN

In Ground Seven Defendant argues that the Trial Court erred in enhancing and reclassifying Defendant's Attempted First-Degree Murder form a first degree felony to a life

18

276

felony do to the use of the firearm and great bodily harm, and that Defendant had already been punished for the firearm's use and the bodily harm in shooting into the occupied vehicle, making Defendant's enhanced and reclassified sentence illegal and an violation of the double jeopardy prohibition (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 26-32). In Ground Ten Defendant argues that there was lack of cause to arrest due to chain of custody violation, resulting in a manifest injustice violating Defendant's Fifth, Sixth, and Fourteenth Amendment Rights which guarantee due process and the effective assistance of counsel. These protections are guaranteed in the State Constitution, Article 1, Section 9 and 12 of the Florida Constitution (*See* 3.850 Motion for Post Conviction Relief with Memorandum of Law at 39-42).

The State's argument against Grounds Seven and Ten is that the Defendant is attacking his conviction, not the sentence or procedures used in his resentencing on April 9, 2010. The State further argues that these are both issues which could and should have been raised on direct appeal or in a timely filed motion for postconviction relief. The State argues Defendant Kleckley's resentencing, which resulted not from his direct appeal but from his successful Rule 3.800(a) Motion, did not toll the two-year limit for filing a Rule 3.850 Motion attacking his conviction. The State concludes, therefore, that these claims should be procedurally barred from consideration herein and should be DENIED (*See* State's Response to Defendant's Motion for Post Conviction Relief at 13-14).

The Court relies on the State's Response in denying Defendant's Rule 3.850, Motion for Post Conviction Relief with Memorandum of Law. Defendant avers that the Court overlooks or misinterprets essential and controlling points of law in regard to Ground Seven.

As to Ground Seven, the Defendant avers the Court overlooks the fact that Defendant challenged his sentence not his conviction. Defendant conceded that he could be convicted to

both offenses. "*Defendant concedes upon examination of the statutory elements in Count I and Count II reveal that each offense contains elements that the other does not; therefore, the defendant can be convicted of both offenses*" (*See* Defendant's 3.850 Motion at 30). The Defendant challenges the fact that his sentence was illegally enhanced and reclassified from a first degree felony to a life felony due to the use of the firearm and great bodily harm.  *State v. Brown*, 633 So.2d 1059 (Fla. 1994); and *Reardon v. State*, 763 So.2d 418 at 425 (Fla. App. 5th DCA 2000).

The Court overlooks the fact the Defendant can raise a claim attacking his illegal sentence in a timely Rule 3.850 Motion. *See Fla. R. Crim. P. 3.850(b)* which states: "A Motion to vacate a sentence that exceeds the limits provided by law may be filed at any time."

Therefore, Defendant avers that the Defendant's conclusion is well reasoned and should stand in light of the Court's review during rehearing. The position the Court used in denying the Defendant's 3.850 motion for post conviction relief in Ground Seven should be reconsidered under the facts stated above.

As for Ground Ten, Defendant aver the court overlooked the fact the application is timely, not whether the individual claims within the application are timely.  *Magwood v. Patterson*, 561 U.S. 320, 347, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

*Judicial Notice*:

Pursuant to Fla. R. Crim. P. 90.201 and 90.202, the Defendant moves the Court to take judicial notice of the definition of "conviction and sentence" as defined by the United States Supreme Court *Magwood v. Patterson*, 561 U.S. 320, 347, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) See Also (11th Cir.) *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003) and *Ferreira v.*

*Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007). These cases coincide with the plain language of Fla. R. Crim. P. 3.850(b) which state: "*Time Limitations* A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than *2 years after the judgment and sentence* become final in a noncapital case...."

The Florida Supreme Court wrote the procedural rules which cannot be read any other way without departing from their plain meaning of the words of the rule. The United States Supreme Court held it is not the providence of the court to rewrite the rules to accommodate them. *Magwood, supra.*

Therefore, Defendant avers that the Defendant's conclusion is well reasoned and should stand in light of the Courts review during rehearing. The position the Court used in denying the Defendant's 3.850 motion for post conviction relief in Grounds Seven and Ten should be reconsidered in light of the above cited facts and authority.

## CONCLUSION

**WHEREFORE,** for all the foregoing reasons and for good cause shown, Defendant respectfully requests this court to rehear the decision previously relied upon as it rests in opposition to standing authority, correct error by vacating Defendant's sentence and conviction and reverse the case for a new trial, resentencing, or an evidentiary hearing.

<u>OATH</u>

**I DECLARE UNDER THE PENALTIES OF PERJURY** that I Robert Kleckley, have

read the foregoing Motion for Rehearing, and that I am the Defendant in the above styled cause,

and have personal knowledge of the facts and matters alleged, and that all of the facts and

matters are true.

Accord *State v. Shearer*, 628 So. 2d 1102 (Fla. 1994).

Executed this __3__ day of February, 2016, by the undersigned.


Respectfully Submitted,

Robert Kleckley, DC#976678
South Bay Corr. Facility
P. O. Box 7171
South Bay, Florida 33493


<u>CERTIFICATE OF MAILING</u>

I, **Robert Kleckley**, certify that I placed this **Motion for Rehearing** in the hands of

South Bay Correctional Facility officials for mailing to: Clerk of the Circuit Court, 201 S.E. 6th

St., Fort Lauderdale, FL 33301; and Office of State Attorney, Michael Satz, 201 S.E. 6th St.,

Fort Lauderdale, FL 33301 on this __3__ of February 2016.


Robert Kleckley, DC#976678
South Bay Corr. Facility
P. O. Box 7171
South Bay, Florida 33493

22

# EXHIBIT - "A"



# HOWARD C. FORMAN

### CLERK OF CIRCUIT AND COUNTY COURT

### 17TH JUDICIAL CIRCUIT

201 Southeast 6th Street
Broward County Courthouse
Fort Lauderdale, FL 33301

Case Number: 99-015141-CF10A

State of Florida

vs

Robert Kleckley

### Certificate of Clerk pursuant to Florida Rules of Court 3.850(i)

I, Howard C. Forman, Clerk of the Courts, Broward County, Florida hereby certify that a copy of the Order Denying Post Conviction Relief has been mailed to the defendant at the address below, to wit:

Robert Kleckley, DC# 976678

South Bay Correctional Institution

600 US Highway 27

South Bay, Florida 33493

Date: January 25, 2016

Howard C. Forman, Clerk
Circuit and County Court

by: _M Therrell_

Maureen Therrell, Deputy Clerk

Certificate of Service Denying Post Conviction

Robert Kiechley #766241
Southbay Correctional Facility
P.O. Box 7171
South Bay, Florida 33493

Clerk of Court
201 S.E. 6th St.
Fort Lauderdal, FC
3330

THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:   99-015141CF10A

STATE OF FLORIDA,

JUDGE:     MARTIN J. BIDWILL

    Plaintiffs,

VS.

ROBERT KLECKLEY,

    Defendant,

_____/

## ORDER

This Cause has come before the Court upon the Defendant's Motion For Rehearing.

Accordingly, having considered the motion and the record, it is hereby ORDERED

and ADJUDGED that the Defendant's Motion For Rehearing is DENIED.  The defendant

has thirty(30) days within which to appeal this order.

Done and Ordered in Fort Lauderdale, Broward County, Florida on this _17th_ day

of __February__ , 2016.

MARTIN J. BIDWILL
CIRCUIT JUDGE

cc:   Robert Kleckley DC# 976678      Susan Hugentugler, SAO, Appeals
      South Bay Correctional Institution
      P. O. Box 7171
      South Bay, FL 33493

284

# EXHIBIT

# 49

2016 WL 3751181
Unpublished Disposition
Only the Westlaw citation is currently available.
NOT FINAL UNTIL DISPOSITON OF TIMELY FILED MOTION FOR REHEARING.
District Court of Appeal of Florida,
Fourth District.

Robert KLECKLEY, Appellant,
v.
STATE of Florida, Appellee.

No. 4D16–1149.
|
July 14, 2016.

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwell, Judge; L.T. Case No. 99–15141 CF10A.

**Attorneys and Law Firms**

Robert Kleckley, South Bay, pro se.

No brief filed for appellee.

**Opinion**

PER CURIAM.

**\*1**  *Affirmed.*

CIKLIN, C.J., TAYLOR and CONNER, JJ., concur.

**All Citations**

Slip Copy, 2016 WL 3751181 (Table)

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

---

# EXHIBIT

# 50

# IN THE DISTRICT COURT OF APPEAL
# FOURTH DISTRICT OF FLORIDA

**ROBERT KLECKLEY,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

/

**PROVIDED TO**
**SOUTH BAY CORRECTIONAL FACILITY**
**ON  7-29-16   FOR MAILING**

**Case No.:** DC416-1149
L.T. Case No.: 99-15141-CF-104

## MOTION FOR REHEARING AND CLARIFICATION

COMES NOW the Appellant, Robert Kleckley, pursuant to Rule 9.330 of

the Florida Rules of Appellate Procedure, and respectfully moves this Honorable

Court to clarify the court's order and rehear judgment imposed against him in the

above captioned case to reflect the fact:

## Clarification

On July 14, 2016, this Honorable Court *per curiam* affirmed Appellant's

appeal from an order denying a rule 3.850[1] motion.

On July 14, 2016, the Clerk of this Honorable Court filed an Order of the

Court which stated:  On July 14, 2016, the Fourth District Court of Appeal per

curiam affirmed Appellant's appeal.  Appellant is warned against the filing of

---

[1] The Rule 3.850 Motion for Post Conviction Relief was timely filed after
resentencing.

successive challenges to his convictions and sentences in Broward County Case Number 99-15141-CF-10A and also cautioned that abusive, repetitive, malicious, and/or frivolous filing may result in sanctions, such as a bar on pro se filing in this Court and referral to prison officials for disciplinary procedures, relying on *State v. Spencer*, 751 So. 2d 47 (Fla. 1999); § 944.279(1), Fla. Stat. (2016).    Appellant, represented by Public Defender Joseph R. Chloupek, filed a direct appeal, which was affirmed on May 16, 2001.

On November 19, 2001, Appellant filed a ***pro se*** Petition for Writ of Habeas Corpus alleging ineffective assistance of appellate counsel, which was **granted in part,** denied in part.

On May 20, 2002, Appellant filed his first pro se Rule 3.850 motion which was lost by the prison authorities or the Broward County Clerk of Court.  The trial court filed an order for Appellant to refile his first pro se rule 3.850 motion.

Appellant resubmitted his first pro se rule 3.850 Motion for Post Conviction Relief, which was denied by the lower court, but **reversed for an evidentiary hearing** by the Fourth District Court of Appeal.  Appellant reappealed his 3.850 motion in which this court filed a show cause order, proving Appellant's Brief was meritorious however the appeal was affirmed.

On May 1, 2007, Appellant filed his first pro se Rule 3.800(a) Motion to Correct Illegal Sentence which was denied by the lower court.  Appellant appealed the denial, and it was affirmed on appeal December 12, 2007.

On May 27, 2008, Appellant filed his second pro se 3.800(a) Motion to Correct Illegal Sentence, which was denied in the lower court.  However, the Fourth District Court of Appeal **reversed in part**, denied in part.

On February 26, 2010, represented by Public Defender Joseph R. Chloupek, the Appellant was resentenced.

On April 12, 2010, represented by Public Defender Joseph R. Chloupek, Appellant filed a Notice of Appeal.  On appeal Appellant was appointed counsel and Public Defender Alan T. Lipson who filed an Initial Brief (Case No. 4D10-1593).  This Court affirmed the decision of the lower tribunal.

On April 30, 2012, Appellant filed a pro se Motion for Rehearing and Rehearing En Banc, which the court denied on May 23, 2012.

On October 1, 2012, Appellant filed his second pro se rule 3.850 motion for post conviction relief.  However, it was Appellant's first rule 3.850 motion challenging his new sentence and judgment.  The lower court issued a show cause order giving the State 60 days to refute Appellant's claims.  The State filed numerous extensions of time.  Not until three years later, after Appellant filed a writ of mandamus with the Fourth District Court, did the state attorney's office

3

respond (January 20, 2016).  The lower court denied the rule 3.850 motion for post conviction relief, which challenged Appellant's new judgment and sentence.

On February 3, 2016, Appellant filed a pro se motion for rehearing which was denied.

On March 15, 2016, Appellant filed a timely pro se Notice of Appeal.  On April 12, 2016, Appellant filed a timely pro se Initial Brief.

On July 14, 2016, the Fourth District Court of Appeal per curiam affirmed Appellant's appeal.  The Clerk of the Fourth District Court also filed an Order of the Court warning the Appellant against the filing of successive challenges to his convictions and sentences in Broward County Case Number 99-15141-CF-10A and also cautioned that abusive, repetitive, malicious, and/or frivolous filing may result in sanctions, such as a bar on pro se filing in this Court and referral to prison officials for disciplinary procedures, relying on *State v. Spencer*, 751 So. 2d 47 (Fla. 1999); § 944.279(1), Fla. Stat. (2016).

The record reflects Appellant filed seven motions challenging his conviction or sentence over sixteen years:  Two by the Public Defender's Office which were affirmed, three by Appellant which were reversed for either an evidentiary hearing or resentencing.  Two appeals were denied including Appellant's recent affirmance (4D16-1149).  In other words, **only** the filings made by the Public Defender's

Office **did not receive any relief at all**. All of Appellant's pro se filings received a show cause order, a reversal, or a resentencing.

Appellant asks this Honorable Court to clarify why the court warns Appellant about a continuous pattern of "filing successive challenges, abusive, repetitive, malicious, and/or other meritless pro se request or filings for relief that warrants such warnings of future sanctions and/or referral to prison officials." Not a single document in the record shows that any of Appellant's filings were denied or affirmed do to the necessary requirements needed to cause such warning.

The court records demonstrate on their face an entitlement to vacate the Order of the Court warning Appellant of future sanctions and/or referral to prison officials do to pro se filings.

In light of the point that all of Appellant's pro se submissions have been legally and procedurally sound. Appellant now turns to address the merits of the present appeal and the matters which have been overlooked or misapprehended.

## **REHEARING**

### **Ground One**

The court overlooked or misinterpreted essential and controlling points of law. Appellant presented a conflict of interest/ineffective assistance of counsel claim: The same lawyer against whom Appellant lodged a successful ineffective assistance claim is he who represented Appellant at resentencing after the fact.

5

This caused a conflict according to _United States v. Davis_, 239 F.3d 283 (2nd Cir. 2001) (holding "same attorney representing a Defendant after Defendant filed ineffective assistance of counsel claim on same counsel was actual conflict of interest").

The court overlooked the fact the State in its response admitted that this conflict took place. "_Apparently, Mr. Chloupek, when he was employed by the Public Defender's Office I n West Palm Beach, was the appellate counsel responsible for the Defendant's direct appeal in 2000._" (See State's Response to Defendant's Motion for Post-Conviction Relief , at 4).

The court also overlooked the point that the State did not prove counsel did not know of the conflict of interest. However, the record proves that counsel failed to advise the court promptly of the conflict. _Cuyler v. Sullivan_, 446 U.S. 335, 350, 100 S.Ct. 1780, 64 L.Ed.2d 333 (1980) (holding "Defense counsel has an ethical obligation to avoid conflict of interest arises during the course of a trial"). The court further overlooked that the Eleventh Circuit Court of Appeal held that an evidentiary hearing is to be held to determine if counsel provided ineffective assistance due to a conflict of interest. _Westbrook v. Zant_, 575 F.Supp. 186 (11th Cir. 1983). Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

**Ground Two:**

The court overlooked or misinterpreted essential and controlling points of law. Appellant argued that counsel failed to cross-examine state witness who is the alleged victim in the case. The record is clear that counsel failed to cross-examine this witness and this failure violated Appellant's constitutionally protected right of cross-examination. (See Resentencing Transcripts at 26-27). The United States Supreme Court held in *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), "the Sixth Amendment guarantees the right of an accused to attack a witness' credibility by means of cross-examination." The court in *Davis* further held, "failure to cross examine witness is constitutional error of the first magnitude and no amount of showing of want prejudice would cure it."

The State did not prove counsel's failure to cross-examine state witness (victim) was a strategy. Thus an evidentiary hearing is required. *Sireci v. State*, 469 So. 2d 119 (Fla. 1985) and *Aray v. State*, 769 So. 2d 974, 984 (Fla. 2000).

Finally, the court overlooked the fact, the State admitted counsel never cross-examined witness. However, the State never proved by record evidence why counsel failed to cross-examine witness which violated Appellant's constitutionally protected right of cross examination, (see State's Response to Defendant's Motion for Post-Conviction Relief at 8-9).

## **Ground Three**

The court overlooked or misinterpreted essential and controlling points of law in regard to Ground Three.   Appellant raised the issue that counsel was ineffective for failing to call witness Dorothy Jones, and this prejudiced Appellant because Appellant was denied the right to present additional evidence at a de novo resentencing.[2]   The court overlooked the fact at the resentencing, Appellant was allowed to present new evidence.   *Jordan v. State,* 143 So. 3d 335, 339-40 (Fla. 2014) (" resentencing is a completely new proceeding"); *Hartley v. State,* 375 So. 3d 757, 761 (Fla. 2015) ("trial court not obligated to make the same finding at resentencing"); *Pepper v. United States,* 562 U.S. ____, 131 S.Ct. ____, 179 L.Ed.2d 196, 214 (2011) ("The court may consider evidence of the defendant's rehabilitation since his prior sentencing..").   The court overlooked the fact the Appellant met every prong the Florida Supreme Court established in *Nelson v. State,* 875 So. 2d 579, 583 (Fla. 2004).   The court overlooked the fact the Appellant clearly stated in his rule 3.850 motion and initial brief: (1) the identity of the witness, (2) the substance of the witness testimony and (3) gave a clear explanation as to how the omission of the testimony prejudiced the outcome of the resentencing (See Rule 3.850 Motion for Post-Conviction Relief with Memorandum of Lat at 11-13, and Initial brief at 20-21).

---

[2] *Galindez v. State,* 955 So. 2d 517, 525 (Fla. 2007), citing *Mann v. State,* 453 So. 2d 784, 786 (Fla. 1984).

The court overlooked the fact the United States Supreme Court in *Skipper v. South Carolina*, 476 U.S. 1, 90 L.Ed.2d 1, 106 S.Ct. 1669 (1986) held that "cumulative testimony is not a basis for denial."

The court also overlooked the fact that failure to call witness is a matter of strategy,[3] which cannot be resolved without an evidentiary hearing. *Midgette v. State*, 152 So. 3d 767, 770 (Fla. 5th DCA 2014); Also see *Glover v. State*, 996 So. 2d 885, 888 (Fla. 4th DCA 2008), where this Court reversed and remanded, holding, "The state argues that O'Neal's testimony would have been 'problematic' and that the decision not to call him, 'was not unreasonable.' However, this argument goes to trial strategy, which is a matter that cannot be resolved without an evidentiary hearing."

Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

**Ground Four**

The Court overlooked and misinterpreted essential and controlling points of law. The court overlooked the fact that the trial court and this Court's decision is contrary to and an unreasonable application of the United States Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592

---

[3] In Appellant's case, the State did not prove counsel's failure to call witnesses was a strategy at resentencing.

(2010) and the Eleventh Circuit Court of Appeal, *Patterson v. Sec'y Fla. Dept. of Corr.*, 25 Fla. L. Weekly C1983 (11th Cir. January 29th, 2016). The Eleventh Circuit in *Patterson*, relying on *Magwood* held "where the state court corrects a legal error in an initial sentence, and imposes a new sentence that is substantially different than the one originally imposed, there is a new judgment under *Magwood* and *Insignares*."

On April 1, 2009, Appellant's sentence was vacated and reversed to the trial court for resentencing. *Kleckley v. State*, 4 So. 3d 1290 (Fla. 4th DCA 2009). A new resentencing hearing was held on April 9, 2010. Appellant was again sentenced to 30 years in prison as a HFO on Count II. (See State's Response to Defendant's Motion for Post-Conviction Relief at 3). The court overlooked the legal point Appellant received a new "judgment" when the court reversed and vacated Appellant's sentence and held a de novo resentencing. *Patterson* and *Magwood supra*. Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

## Ground Five

The court overlooked and misinterpreted essential and controlling points of law. The court overlooked the fact Appellant brought forth a claim under manifest injustice, because Appellant's constitutional rights to trial by an impartial jury was violated when juror Klug made statements that the Appellant was guilty of the

10

crimes committed, poisoning the entire pool of jurors (see Rule 3.850 Motion for Post-Conviction Relief at 18-20 and Initial Brief at 30-31). The court also overlooked that trial counsel emphasized and admitted Appellant's guilt (T.T. 181, lines 9-13). This Court and the federal courts have held that a court should reverse if it is shown that a manifest injustice resulted from the trial court's refusal to strike the venire, e.g., _Brower v. State_, 727 So. 2d 1026, 1027 (Fla. 4th DCA 1999); _United States v. York_, 933 F.2d 1343 (7th Cir. 1991). There is nothing fair and impartial when defense counsel and a jury member tell the other jurors that the defendant is guilty.

The court also overlooked the District Court's decision in _Adams v. State_, 957 So. 2d 1183, 1188 (Fla. 3rd DCA 2006) which holds that "the state suggests that the rule 3.850 motion was time barred. Although the State is technically correct, whereas here, the court finds that a manifest injustice has occurred, it is the responsibility of the court to correct the injustice if it can." Also see _Prince v. State_, 98 So. 2d 768, 769 (Fla. 4th DCA 2012).

Appellant avers it is the Court's responsibility to correct this manifest injustice. The conclusion is well reasoned and should stand in light of the court's review during rehearing.

**Ground Six**

The court overlooked that the challenge to an illegal sentence may be brought in a timely rule 3.850 Motion for Post-Conviction Relief. *Colombo v. State*, 917 So. 2d 307, 308 (Fla. 1st DCA 2005) "A claim of illegal sentence may be raised at any time, including in a Fla.R.Crim.P. 3.850 motion." The lower court mistakenly assumed Appellant raised the illegal sentence enhancement on a successive rule 3.850 motion for post-conviction relief (see State's Response to Defendant's Motion for Post-Conviction Relief at 13). The Court overlooked or misinterpreted that Appellant's rule 3.850 motion was timely.

The lower court also held that the Appellant already raised the issue. However, the court overlooked the Florida Supreme Court's holding in *Bedford v. State*, 633 So. 2d 13, 14 (Fla. 1994), which holds "The district court denied relief on the rationale that we had previously affirmed that sentence and because law of the case precluded review. Judge Anstead dissented urging that an illegal sentence may be corrected at any time. We agree with the dissent of judge Anstead, and for the reasons expressed therein, we hold that an illegal sentence may be corrected even after it has been erroneously affirmed."

Appellant's sentence should be reversed and corrected. Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

**Ground Seven**

The court overlooked and misinterpreted essential and controlling points of law in regard to Ground Seven.  The State denied Appellant's claim under the assumption Appellant was challenging his conviction and not the sentence or procedures used in his resentencing of April 2010.  (see State's Response to Defendant's Motion for Post-Conviction Relief at 13).

First the Court overlooked that Appellant challenged his sentence not his conviction.  Appellant argued that it was illegal to enhance and reclassify his sentence in Count One, relying on both the firearm **and** great bodily harm; when Appellant had already been punished for the firearm's use and great bodily harm in Count Two (see Rule 3.850 Motion for Post-Conviction Relief at 27-32 and Initial Brief at 38-40).

The Court also overlooked the fact the Appellant admitted he could be convicted of Count One and Count Two, because he was not challenging his conviction.  (see Rule 3.850 Motion for Post-Conviction Relief at 30 and Initial Brief at 39).

The Court overlooked the Fifth District Court of Appeal and the Florida Supreme Court's concurring opinion by Justice McDonald which held: "The use of the firearm enhanced the degree of the robbery conviction, and hence, Brown has been punished for its use.  Certainly, the elements of attempted murder and robbery

13

are sufficiently different to pass the *Blockburger* test.  Even so, the court would not permit the same underlying "element," use of a firearm, present in both offenses to be punished twice." *State v. Reardon*, 763 So. 2d 418, 420 (Fla. 5th DCA 2000); *State v. Brown*, 633 So. 2d 1059 (Fla. 1994).

Appellant's sentence should be reversed and corrected.  Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

## Ground Eight

The Court overlooked the fact Appellant argued in Ground Eight that due to counsel's neglect to call fingerprint expert evidence was not presented that would have proven Appellant's actual innocence (See Rule 3.850 Motion Post-Conviction Relief at 34-35 and Initial Brief at 42-44).

The court overlooked that the Eleventh Circuit Court of Appeal held in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) "Actual innocence if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar...or...expiration of the statute of limitations."

The court overlooked that the Appellant had a constitutional right to fingerprint expert to be called at trial because Appellant's identity was a factor at trial. *United States v. Torres-Colon*, 2013 U.S. Dist. Lexis 114071 (1st Cir. P.R.

2013) relying on *United States v. Thomas*, 216 F.3d 1089 (10th Cir. 2000) "Appellant's constitutional right to have a fingerprint expert thus only arises upon a threshold showing that proof of the perpetrator's identity through fingerprint evidence is likely to be significantly factor at trial."

Counsel's ineffectiveness resulted in a manifest injustice and/or miscarriage of justice, because such witness (fingerprint expert) would have proven Appellant's innocence, by proving Appellant was not the perpetrator.

The court overlooked the fact that the trial court and this Court's decision is contrary to and an unreasonable application of the United States Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) and the Eleventh Circuit Court of Appeal, *Patterson v. Sec'y Fla. Dept. of Corr.*, 25 Fla. L. Weekly C1983 (11th Cir. January 29th, 2016). The Eleventh Circuit in *Patterson*, relying on *Magwood* held "where the state court corrects a legal error in an initial sentence, and imposes a new sentence that is substantially different than the one originally imposed, there is a new judgment under *Magwood* and *Insignares*."

Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

**Ground Nine**

The court overlooked and misinterpreted essential and controlling points of law in Ground Nine.

The court overlooked Appellant argued that his constitutional rights were violated due to counsel's ineffectiveness for failing to subpoena hair analyst to examine the substance of hair to prove Appellant's innocence (See Rule 3.850 Motion for Post-Conviction Relief at 36-39, and Initial Brief at 46).

The court also overlooked the fact that the Appellant demonstrated a substantial likelihood of success on the merits of the substance of hair (DNA) being tested would prove his innocence.

The court also overlooked Appellant's rule 3.850 motion was timely.  The court overlooked the fact that the trial court and this Court's decision is contrary to and an unreasonable application of the United States Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) and the Eleventh Circuit Court of Appeal, *Patterson v. Sec'y Fla, Dept. of Corr.*, 25 Fla. L. Weekly C1983 (11th Cir. January 29th, 2016).  The Eleventh Circuit in *Patterson*, relying on *Magwood* held "where the state court corrects a legal error in an initial sentence, and imposes a new sentence that is substantially different than the one originally imposed, there is a new judgment under *Magwood* and *Insignares*."

16

Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

## Ground Ten

Appellant avers the court overlooked the fact one Appellant produced evidence of probable tampering, the burden shifts to the proponent of the evidence to establish a proper chain of custody or submit other evidence that tampering did not occur. *Taylor v. State*, 855 So. 2d 1, 25 (Fla. 2003).

The court overlooked the trial court nor the proponent ever proved nor submitted other evidence that tampering did not occur. The court also overlooked Appellant's rule 3.850 motion was timely filed.

The court overlooked the fact that the trial court and this Court's decision is contrary to and an unreasonable application of the United States Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) and the Eleventh Circuit Court of Appeal, *Patterson v. Sec'y Fla. Dept. of Corr.*, 25 Fla. L. Weekly C1983 (11th Cir. January 29th, 2016). The Eleventh Circuit in *Patterson*, relying on *Magwood* held "where the state court corrects a legal error in an initial sentence, and imposes a new sentence that is substantially different than the one originally imposed, there is a new judgment under *Magwood* and *Insignares*."

17

Appellant avers his conclusion is well reasoned and should stand in light of the court's review during rehearing.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons and for good cause shown, Appellant respectfully requests this court to rehear the decision previously relied upon as it rests in opposition to standing authority, correct error by vacating Appellant's sentence and conviction and reverse the case for a new trial, resentencing, or an evidentiary hearing.

Respectfully Submitted,

s\ *Robert Kleckley*

Robert Kleckley, DC# 976678
South Bay Correctional Facility
P. O. Box 7171
South Bay, FL 33493

## CERTIFICATE OF SERVICE

I Hereby Certify that I have placed this document in the hands of  South Bay Correctional mailroom official for mailing to the: Clerk Of Court of the Fourth District Court of Appeal, 1525 Palm Beach Lakes Blvd., West Palm Beach, FL 33401 and Regional Office of the Attorney General 1515 North Flagler Drive, Suite 900 West Palm Beach, FL. 33401 on this 29 day of July 2016.

s\ Robert Kleckley

Robert Kleckley, DC# 976678
South Bay Correctional Facility
P. O. Box 7171
South Bay, FL 33493

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL  33401**

August 25, 2016

**CASE NO.:  4D16-1149**

L.T. No.:     99-15141 CF10A

ROBERT KLECKLEY                    v.    STATE OF FLORIDA

Appellant / Petitioner(s)                    Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that the appellant's August 4, 2016 motion for rehearing and clarification is denied.

Served:

cc:   Attorney General-W. P. B.      Robert Kleckley *w*

ms



**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

# EXHIBIT

# 51

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL  33401

July 14, 2016

**CASE NO.:  4D16-1149**

L.T. No.:     99-15141 CF10A

ROBERT KLECKLEY                           v.     STATE OF FLORIDA

Appellant / Petitioner(s)                              Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that appellant is warned against the filing of successive challenges to his convictions and sentences in Broward County case number 99-15141CF10A.  Appellant is cautioned that abusive, repetitive, malicious, and/or other frivolous filing may result in sanctions, such as a bar on *pro se* filing in this Court, and/or referral to prison officials for disciplinary procedures.  *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999); § 944.279(1), Fla. Stat. (2016).

Served:

cc:  Attorney General-W. P. B.      Robert Kleckley

lc

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



# **EXHIBIT**

# **52**

# M A N D A T E

### from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Cory J. Ciklin, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:**              September 16, 2016

**CASE NO.:**          **16-1149**

**COUNTY OF ORIGIN:**  **Broward**

**T.C. CASE NO.:**     **99-15141 CF10A**

**STYLE:    ROBERT KLECKLEY          v.     STATE OF FLORIDA**

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

Served:

cc:  Attorney General-W. P. B.      Robert Kleckley *w*          State Attorney-Broward
     Clerk Broward

ll

# EXHIBIT

# 53

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**STATE OF FLORIDA,**
    **Plaintiff,**

**vs.**                           **Case No: 99-15141-CF10A**

**ROBERT KLECKLEY,**
    **Defendant.**

_____/

### AMENED
### MOTION TO CORRECT ILLEGAL SENTENCE

**COMES NOW,** the Defendant **ROBERT KLECKLEY**, proceeding pro se and pursuant to

Rule 3.800(a), Florida Rules of Criminal Procedure (2016) and moves this Honorable Court to

correct his illegal sentence. As grounds for relief, the defendant would show as follows:

### PROCEDURAL HISTORY

1. The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida
   entered judgment and sentence in the above case.

2. The defendant was charged with count one, Attempted First Degree Murder with a
   Firearm; Count two with Shooting into an Occupied Vehicle, and Count 3, Possession of
   a Firearm by a Convicted Felon.

3. Kleckley proceeded to trial and was found guilty on the 19th of May, 2000.

4. The trial court sentenced the Defendant on June 12th, 2000 as to count one, the Attempted
   First Degree Murder with a Firearm to a term of Life in prison; as to count two, he was
   sentenced to a term of thirty (30) years as a habitual offender; and as to count three was
   nollo processed.

1

1

5. Kleckley proceeded to resentencing in this case on the 26th day if February, 2010. At this

   resentencing the state presented evidence in which it relied on that the Defendant qualified

   as a habitual felony offender, pursuant to section 775.084, Florida Statutes.

6. The state presented evidence purporting that Kleckley qualified as a habitual offender by

   using prior convictions that were obtained pursuant to section 893.13. Florida Statutes.

   (See Exhibit ___, re-sentencing transcripts, pages 51-52)

7. When the trial court resentenced the Defendant, the court stated as follows:

> However, having considering everything, under all the
> circumstances, I am not convinced that the sentence that was
> previously imposed by Judge Kahn should be changed.
> As a result, it is therefore the judgment of this court, and sentence
> of the law, count two, offense of shooting in an occupied vehicle,
> the defendant is hereby committed to the custody Department of
> Corrections to be imprisoned to a term of 30 years as an habitual
> felony offender. Receive credit for all time served. Not only
> County jail, but also Florida State prison.
> In order that that (sic) sentence on count one, or count two, I should
> say, is to run concurrent with the life sentence that he's currently
> serving on count one in this regard.
> *(Re-sentencing transcripts at page 53, lines 8 through 23)*

## ISSUE ONE

**THE TRIAL COURT ERRED IN SENTENCING THE
DEFENDANT TO AN ENHANCED SENTENCE UNDER SECTION
775.084, FLORIDA STATUTES, FLORIDA'S FELONY HABITUAL
OFFENDER STATUTE, USING A CONVICTION FOR DELIVERY
OF CANNABIS UNDER FLORIDA STATUTE 893 13 – A DRUG
CHARGE "RELATING TO POSSESSION OF A CONTROLLED
SUBSTANCE" THEREBY BREACHING LEGISLATIVE INTENT
UNDER FLORIDA STATUTE 775.0 84(1)(A)(3), RESULTING IN
AN ILLEGAL SENTENCE, AND VIOLATING THE DEFENDANT
RIGHT TO DUE PROCESS**

7. On May 27, 2008, the defendant filed a previous rule 3.800(a), motion to correct illegal

   sentence challenging the trial court's illegal imposition of a habitual felony offender

2

2a2d7db8bb2a25e9

sentence, where the court used five possession of illegal drugs offenses, which were charged under 893.13, Florida Statutes to a habitualize Kleckley. (See Exhibit A)

8. The trial court denied the Defendant's Rule 3.80(a) motion to correct an illegal sentence, and the defendant appealed to the Fourth District Court of Appeal. The District Court reversed and remanded in part, vacating the defendant's sentence and reversing the case on ground two which challenge the defendant's illegal habitual offender sentence, Kleckley vs. State, 4 So. 2d. 1290 (Fla. App. 4th Dist. 2009).

9. On February 26, 2010, the trial court conducted a resentencing hearing, where the trial court resentenced the Defendant to thirty (30) years and a Habitual Felony Offender as to count two. During the resentencing hearing the state introduce five prior convictions in which it argued that Kleckley was a habitual offender. The state use case number 99-4537CF10A, possession of cocaine on the 13th day of August 1999, the second conviction the state use was case number 96-19260CF10A, a possession of cocaine on the 24th day of January 1997, the third case, case number 96-1854CF10, possession of cocaine on the 24th day of January 1997, the fourth case, case number 94-109175CF10A, possession of cannabis on the 29th day of January 1995, and fifth case, case number 95-21529CF10A, possession cell delivery purchase or manufacture of cannabis on the 22nd day of January 1996. The state charges the defendant under 893.13 with possession, sale, delivery, purchase, or manufacture of cannabis.

10. The trial court determines that the defendant qualified as a habitual felony offender based on the aforementioned convictions. The trial court reasoned incorrectly, by emphasizing that at least one of the convictions were a violation of some statute other than 893.13

3

3

relating to the simple purchase or possession of a controlled substance. Yet the delivery of cannabis for consideration for sure.

11. The record clearly reveals that the trial court used the five drug charges in violation of section 893.13 Florida Statutes to sentence this defendant as a habitual offender.

12. Section 893.13 of the Florida Statute reads as follows, "except as authorized by this chapter and chapter 499, a person may not sell, manufacture, or deliver, or possess with the intent to sell, manufacture, or deliver, a controlled substance." *Id.*, at subsection (1)(a).

13. The use of the term "*or*" when referring to possession or delivery makes possession and delivery the same offense. See *Ramos vs. State*, 629 So. 2d. 607 (Fla. App. 2nd Dist. 1988) relying on *Gordon vs. State*, 528 So. 2d. 910 (Fla. App. 2nd Dist. 1988), wherein the Second District held:

> The "or" when referring to possession or delivery becomes necessary by virtue of our decision in this case that possession and delivery of cocaine or the same offense for the purpose of double jeopardy and Ramos may be punished one or the other offense but not both.

14. *Stokes vs. Warden Willie Johnson*, LEXIS 8157 (U.S. Dist. 1997), the United States District Court of the Southern District of Alabama, Southern Division held: "The legislature did not intend the habitual felony offender act to apply to felony drug offenses."

15. Defendant Avers that from the face of the record, the trial court violated the defendant's due process when the trial court nullified clear legislative intent under section 775.084(1)(a)3, which excluded felonies committed pursuant to section 893.13, Florida Statute, *relating* to the purchase or the possession of a controlled substance.

4

4

16. It is therefore submitted that it is plain from the face of the record that defendant's sentence under Florida's habitual offender statute was improper and constitutes an illegal sentence as to the sentence imposed in Count two.

17. Furthermore, the defendant asserts, under no circumstances could he be habitualized using the five-predicate offenses that the state introduces as evident to habitualize the defendant.

18. Pursuant to *Mitchell vs. State*, 780 So. 2d. 254 (Fla. App. 4th Dist. 2001), when the state failed to submit sufficient evidence qualifying convictions for the purpose of habitual offender sentencing, this sentence must be reversed for resentencing. See also *Mincy vs. State*, 964 So. 2d. 254 (Fla, App. 4th Dist. 2007).

19. Therefore, defendant's due process rights were violated and the sentence is illegal, exceeding the maximum authorized by law.

### ISSUE TWO

### THE TRIAL COURT ERRED BY RE-SENTENCING THE DEFENDANT TO A HABITUAL FELONY OFFENDER (HFO) SENTENCE WHERE DEFENDANT DID NOT HAVE THE REQUIRED TWO PRIOR FELONY CONVICTIONS.

20. Under section 775.084 Florida statutes, to qualify for a habitual offender sentence, a defendant must have two prior **felony** conviction, "one of the two prior **felony** convictions, is not a violation of section 893 13 relating to the purchase or the possession of a controlled substance." (*id*. Subsection (1)(a)3).

21. Defendant Avers that the statute under section 775.084 is clear that the prior convictions must be a **felony**. That means that a misdemeanor cannot be used to habitualize the defendant.

5

22. The record in this case shows that the defendant's prior felony conviction, of which were

five (5), were for convictions for possession of illegal substance and one for delivery of

cannabis, under 893.13.

23. The court relied on the delivery of cannabis, 96-19260-CF-10A as its the basis for

habitualizing the defendant, which went as follows:

> So, I find based upon the evidence of the state that the defendant has
> in fact, being convicted. Prior to convicted of at least two felony
> offenses at least two of them were subsequently imposed. At least
> one of them is a violation of some statute other than 893.13 relating
> to the simple purchase or possession of a controlled substance. **He
> has delivery of cannabis for consideration for sure**.
> (Re-sentencing transcripts at 52, lines 5-12) Emphasis added.

24. Defendant Avers that the trial court erred labeling the offense as a felony, (*Id*. 51) because

when he pled to the offense on January 24, 1997, the quantity of the evidence presented

was less than 20 grams.

> Florida Statutes, Section 893.13(3), states in part:

> A person who delivers, without consideration, 20 g or less of
> cannabis, as defined in this chapter, commits a misdemeanor
> of the first degree, punishable in Section 775.0 82 or section
> 775.0 83.

25. Defendant avers, the *nonqualifying offense*, a first-degree misdemeanor delivery of

cannabis, under section 893.13(3), may not be used as a prior predicate for the imposition

of a habitual offender sentence.

26. Defendant asserts under no circumstances could the defendant be sentenced as a habitual

offender. The state has *failed* to submit sufficient evidence of any qualifying convictions

for the purpose of a habitual offender sentencing. Therefore, the sentence must be

reversed for resentencing pursuant to the guidelines.

6

## CONCLUSION

**WHEREFORE,** the Defendant respectfully requests this Honorable Court to reverse and

vacate Defendant's sentence as it relates to Count two and resentencing Kleckley without the

Habitual Offender designation, thereby sentencing the Defendant pursuant to the Guidelines, and

any other relief this Honorable Court deems just and proper.

Respectfully Submitted,

Robert Kleckley

Robert Kleckley, pro se.,
DC# 976678
South Bay Correctional Facility
Post Office Box 7171
South Bay, Florida 33493

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been
furnished to the Office of the State Attorney for Broward County at
courtdocs@sao17.state.fl.us this ____ day of December, 2016.

Robert Kleckley

Robert Kleckley, pro se.,
DC# 976678

7

7

# EXHIBIT

# 54

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA

**STATE OF FLORIDA**,                    **CASE NO. 99-15141CF10A**

     Plaintiff,

vs.                                      Judge: **BOBER**

**ROBERT KLECKLEY,**

     Defendant.

_____/

## STATE'S RESPONSE TO DEFENDANT'S
## AMENDED MOTION TO CORRECT ILLEGAL SENTENCE

THE STATE OF FLORIDA, by and through the undersigned assistant state attorney, in response to this Court's Order of March 31, 2017, hereby files this Response to the Defendant's "Amended Motion to Correct Illegal Sentence" brought pursuant to Fla.R.Crim.P. 3.800(a) and filed on January 9, 2017, and would show the following:

### Procedural History

The defendant, Robert Kleckley, was charged with, Count I – attempted first degree murder with a firearm, Count II – shooting into an occupied vehicle, and Count III – possession of a firearm by a convicted felon, all alleged to have occurred on August 20, 1999. (Ex.A, information) Kleckley proceeded to a jury trial on Counts I and II only in May 2000, and was convicted as charged, with the jury

1

9

making specific findings that the defendant had discharged a firearm and caused great bodily harm. (Ex.B, verdict) The Court sentenced Kleckley to a term of life imprisonment on Count I under the provisions of the "10-20-Life" provisions of §775.087, Fla. Stat. for discharging a firearm and causing great bodily injury, and to 30 years imprisonment as a habitual felony offender (HFO) on Count II for shooting into an occupied vehicle. (Ex.C, sentencing documents) The state thereafter nol prossed Count III, possession of a firearm by a convicted felon.

After a long series of appeals, including a direct appeal wherein Kleckley's *convictions* were affirmed in 2001, Kleckley v. State, 787 So. 2d 868 (Fla. 4th DCA 2001), and multiple motions for post conviction relief under Rules 3.850 and 3.800(a), the defendant was eventually **re-sentenced on Count II, only, on April 9, 2010,** because the state conceded after remand that the priors introduced by the state during the original sentencing hearing did not qualify Kleckley for sentencing as a HFO. See, Kleckley v. State, 4 So. 3d 1290 (Fla. 4th DCA 2009)(reversing the summary denial of Kleckley's Rule 3.800(a) claim that his HFO sentence imposed for Count II was illegal and remanding for the attachment of record portions conclusively refuting his claim or for resentencing). After a new sentencing hearing before this Court, Kleckley was again sentenced to serve 30 years in prison as a HFO on Count II. (Ex.D, sentencing documents; Ex.E, excerpt from transcript of hearing held on April 9, 2010, page 53)   His sentence was summarily affirmed. Kleckley v. State, 89 So. 3d 1135 (Fla. 4th DCA 2012).

10