

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERT KLECKLEY,
  Petitioner,

v.  Case Number: 19-CV-62972-ALTMAN
  Magistrate Judge Reid

STATE OF FLORIDA
  Respondent.

REPLY TO RESPONDENT'S RESPONSE

Comes Now the Petitioner, Robert Kleckley, *pro se* files this Reply To Respondent's Response and states the following:

**GROUND ONE:** Counsel Was Ineffective For Not Advising Trial Court Of The Conflict Of Interest At Resentencing (See Petition for Writ Of Habeas Corpus at 5-6).

Respondent adopted and incorporated both the argument and factual substance of the State's response (See Response to Order to Show Cause at 16-23).

Respondent's argument and the State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. It is without dispute that there was a conflict. The Second Circuit Court in *United States v. Davis*, 239 F.3d 283 at 286 (2d Cir. 2001) held that the same attorney representing a Petitioner after Petitioner filed ineffective assistance counsel claim on same counsel is an actual conflict of interest.

The actual conflict affected counsel's representation. Counsel failed to call witnesses, failed to cross examine the witness (victim), and failed to obtain a waiver of conflict. All which compromised Petitioner's interests and Sixth Amendment under conflict of interest, violating

1

Petitioner's guaranteed right to the effective assistance of counsel. ***The sentencing judge made it clear that he based his decision on the testimony he heard that day*** (Sentencing Transcripts at 50). No attorney would deny his client additional evidence for a lesser sentence. The Respondent and the State court also overlooked <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 342, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), that "prejudice is presumed only if the Petitioner demonstrates that counsel actively represented conflicting interests and that 'an actual conflict of interest adversely affected his lawyer's performance."

Petitioner did not want to proceed with counsel, but contrary to Respondent's argument, Petitioner did not have a choice. Petitioner was never informed he could obtain other counsel, but was informed he would have to represent himself. (*See* Sentencing Transcript at 13-14). As a Layman in law Petitioner was afraid and unqualified to represent himself. An evidentiary hearing is to be held to determine if counsel provided ineffective assistance due to an actual conflict of interest. <u>Westbrook v. Zant</u>, 575 F. Supp. 186 (11th Cir. 1983)

**GROUND TWO:** Counsel Was Ineffective For Failing To Cross Examine State Witness. (See Petition for Writ Of Habeas Corpus at 6-7)

Counsel should have examined the victim at the resentencing to expose facts that clearly bring into issue the validity of the conviction, as the same was both fair game given statements of the prosecution and for consideration to impose a habitual offender sentence. See: <u>Roberts v. United States</u>, 445 U.S. 552, 100 S. Ct. 1358, 63 L. Ed. 2d 622 (1980) "the punishment should fit the offender and not merely the crime." <u>Williams v New York</u>, 337 US 241, 247, 93 L Ed 1337, 69 S Ct 1079 (1949); see <u>United States v Grayson</u>, 438 US 41, 45-50, 57 L Ed 2d 582, 98 S Ct 2610 (1978). Two Terms ago, we reaffirmed the "fundamental sentencing principle" that" 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' " Id. at 50, 57 L Ed

2

2d 582, 98 S Ct 2610, quoting *United States v Tucker*, 404 US 443, 446, 30 L Ed 2d 592, 92 S Ct 589 (1972).

This deficient performance denied consideration of the crucial evidence to determine if Petitioner was a danger to society. This deficient performance also denied the opportunity per the Sixth Amendment guarantee to reveal possible biases or ulterior motives of the witness as they may relate to the case at hand *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974) Therefore, Adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

**GROUND THREE:** Counsel Was Ineffective For Failing To Call Witness Dorothy Jones.

In Florida a facially sufficient post conviction motion alleging ineffective assistance of counsel for failure to call witnesses at trial must set forth ***only*** (1) the identity of the prospective witness, (2) the substance of the witness' testimony and (3) an explanation as to how the omission of the testimony prejudiced the outcome of the trial. *Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004). Contrary to the Respondent's argument Petitioner told counsel about the witness Jones and asked him to call her to testify. Petitioner met all three prongs (See Petition for Writ Of Habeas Corpus at 7-8)

The witness testimony was corroborative but not cumulative, even though the testimony may have been duplicate in some aspects of some testimony during Petitioner's resentencing. However, the United States Supreme Court in *Skipper v South Carolina*, 476 U.S. 1, 90 L. Ed. 2d 1, 106 S. Ct. 1669 (1986) held that cumulative testimony is not a bases for denial.

The State trial court did not attach portions of the record to refute Ground Three, contrary to the Fourth District Court of Appeal. See *Glover v. State*, 996 So.2d 885 (Fla. 4th DCA 2008)

failure to call witness goes into trial strategy, which is a matter that cannot be resolved without an evidentiary hearing. Accord *Banks v. State*, 825 So. 2d 478 (Fla. 4th DCA 2002)

**TIMELINESS-GROUNDS FOUR, FIVE, EIGHT AND NINE**

***Contrary to Federal Law of the Supreme Court of the United States:***

*Magwood v. Patterson*, 561 U. S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) *Patterson v. Sec'y Fla. Dep't of Corr.*, 812 F.3d 885 (11th Cir. January 29th, 2016). See also e.g., *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F. 3d 1273, 1281 n. 9 (11th Cir. 2014). citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (*"Final judgment in a criminal case means sentence. The sentence is the judgment."*)). *Patterson v. Sec'y Fla. Dep't of Corr.*, id. *supra*

***State Court Did Not Clearly and Expressly State That It Relied On a Procedural Bar***:

Following Supreme Court precedent, it must be presumed merits adjudication in three contexts. *Harris v. Reed* requires presumption of merits adjudication where the basis of a state court's order denying a federal claim is ambiguous. 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (requiring the state court to "clearly and expressly" state that it relied on a procedural bar) (internal quotation marks omitted). *Richter* instructs that "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied. [the reviewing court] may presume that the state court adjudicated the claim on the merits." 131 S. Ct. at 784-85 (citing *Harris*, 489 U.S. at 265); accord *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011) ("[AEDPA deference] applies even where there has been a summary denial."). And, in *Johnson v. Williams*, the Supreme Court extended the *Richter* presumption to cases in which the state habeas court addresses only some of a petitioner's claims in its denial order without addressing the federal claim in question. 133 S. Ct. 1088, 1091, 185 L. Ed. 2d 105 (2013) ("[T]he federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits.").

***It Is Not a Regularly Followed State Procedural Rule***:

4

> *President v. State*, 197 So. 3d 1151 (Fla. 4th DCA 2016) The Fourth District held:
>
> After resentencing, President filed another rule 3.850 motion, alleging that resentencing counsel was ineffective. In response, the State argued that the motion was procedurally barred as successive to President's previous rule 3.850 motion. The trial court summarily denied the motion, adopting the State's response. President appeals.
> We conclude that the trial court erred in finding that President's motion was impermissibly successive. President clearly could not have included his current claims in his prior motion, because that motion was filed before resentencing. *See* Fla. R. Crim. P. 3.850(h)(2).

The State court gave Petitioner 30 days to appeal the judgment and sentence. (Sentencing Tran. at 54) Ground 4, 5, 8, and 9 are exhausted and entitled to a review on the merits.

**GROUND FOUR**: Counsel Was Ineffective For Failing To Object To The Defective Verdict Form, Depriving The Jury Of Its Pardoning Power (See Petition for writ of habeas corpus at 8-9).

The Respondent adopted the procedural history and argument in the state's response (See Response to Order to Show Cause at 27-37).

Respondent's argument and the State court's decision is based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The trial court instructed the jury as to the firearm (with or without) as to the crime charged, Attempted Murder in the First Degree and lesser included offenses. On the verdict form the jury *was not given* the option to find that the Petitioner committed the offense of attempted murder without the enhancement provision, denying the jury of its pardoning power. Therefore, the verdict form does not conform to the jury instructions. However, the most egregious error is the omission from the jury verdict form of the option to convict of attempted murder in the first-degree without the enhancement provision in §775.087, Fla. Stat. (1999). *Robertson v. State*, 532 So. 2d 90, 91 (Fla. 4th DCA 1988) and *Wilson v. State*, 566 So. 2d 36 (Fla. 4th DCA1990)

The verdict form was not conformed to the jury instruction neither did it comply with state law. This is a Sixth Amendment structural error. Therefore, Petitioner's trial counsel was

5

ineffective for failure to challenge it. Petitioner was not given the option to receive a lesser sentence, which is his constitutional right.

**GROUND FIVE**: Counsel Was Ineffective For Failure To Renew Objection To Strike Tainted Jury Panel And Added To The Error When Counsel Bolstered The Prejudicial Statements And Admitted Petitioner's Guilt (See Petition for Writ Of Habeas Corpus at 9-10).

Respondent adopted and incorporated the State unequivocal procedural bar argument. Respondent also address the merits (See Response to Order to Show Cause at 37-40).

Petitioner avers that contrary to the Respondent's argument, reviewing counsel's voir dire in full context as regards the juror's statement and Petitioner's guilt, counsel made it clear that others felt the same way and Petitioner would not be here if he had did nothing wrong (T.T. 181). Counsel was ineffective for adding to the already prejudicial statement made by (juror Mr. Klug) and his failure to renew objection to strike the polluted jury panel. *Neither the Respondent nor the State court refuted that the perspective juror and counsel made prejudicial statements in the presence of the jury panel.* United States v. York, 933 F. 2d 1343 (7th Cir. 1991) See also Irwin v. Dowd, 366 U.S. 717, 723, 6 L. Ed. 2d 751, 81 S. Ct. 1639 (1961), wherein the court declined to dismiss the venire, *but polled its members individually to determine if they had overheard the comment, and if they had, to determine whether they could still be impartial.* (Emphasis added)

The State court misapplied *Strickland* by failing to conduct an evidentiary hearing where the facts are clearly meritorious as evidence by *Irvin v Dowd*, 366 US, at 722, 6 L Ed 2d 751, 81 S Ct 1639. "The constitutional standard of fairness requires that a Petitioner have "a panel of impartial, 'indifferent' jurors."

**GROUND SIX**: Trial Court Erred In Reclassifying And Enhancing Petitioner's First Degree Attempted Murder In Count I By Excluding From The Verdict Form The Option To Find The Petitioner Guilty Of Attempted Murder Or Any Lesser Offense Without The Enhancement Provisions Provided For In Fla. Stat. 775.087. (See Petition for writ of habeas corpus at 10-11)

6

Respondent disregards that the State court record demonstrates that Petitioner presented the following issue on a timely 3.850 and on his initial plenary direct appeal (See Respondent's Exhibit 47, State's response) Respondent also disregards that although the State court did mention a procedural bar, it also addressed the merits of the Petitioner's claim. The United States Supreme Court has held that "to properly exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456-59 (11th Cir. 2015).

Petitioner has suffered a *manifest injustice* compared to others who have obtained relief on this exact claim. The omission from the jury verdict form of the option to convict of attempted murder in the first-degree without the enhancement provision in §775.087, Fla. Stat. (1999), does indeed constitute a manifest injustice. *Robertson v. State*, 532 So. 2d 90, 91 (Fla. 4th DCA 1988).

**GROUND SEVEN**: Double Jeopardy Enhancement Reclassifying Attempted First-Degree Murder From First Degree To A Life Felony Do To The Use Of The Firearm And Great Bodily Harm.

Petitioner had already been punished for the firearm's use and the bodily harm in shooting into the occupied vehicle. Petitioner's enhanced and reclassified sentence is illegal and a violation of the double jeopardy prohibition. Respondent argued that the claim should have been raised on direct appeal. Respondent further argued that the double jeopardy principles were not violated because one requires an element the other does not (See Response to Order to Show Cause at 44-45).

The State court and the Respondent overlooked a crucial point of the Petitioner's argument. Petitioner conceded that he could be convicted to both offenses. (*See* 3.850 Motion For Post Conviction Relief at 30; Motion for Rehearing at 20; Initial Brief 44).

However, it was improper for the trial court to use the same firearm and great bodily harm in Count II to reclassify Petitioner's attempted first-murder in Count I, from a first degree felony to a life felony and enhance Petitioner's sentence under the 10-20-life.[1] *State v. Reardon*, 763 So. 2d 418, 420 (Fla. 5th DCA 2000) relying on *State v. Brown*, 633 So. 2d 1059 (Fla. 1994) Concurring opinion by Justice McDonald in support of Petitioner's argument, which states:

> The use of the firearm enhanced the degree of the robbery conviction and, hence, Brown has been punished for its use." Certainly, the elements of attempted murder and robbery are sufficiently different to pass the *Blockburger* test. Even so, the court would not permit the same underlying "element," use of a firearm, present in both offenses to be punished twice.
> State court's adjudication resulted in a decision that was contrary to and involved an

unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**GROUND EIGHT:** Counsel Was Ineffective For Failing To Subpoena And/Or Retain An Expert For Fingerprint Analysis To Examine The Miscellaneous Items Found In The Vehicle, When Substance Of Fingerprints Would Have Proven Petitioner's Innocence.

Petitioner relies on the timeliness argument above. Petitioner met both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) Defense counsel, knew the police neglected to process the vehicle (TT 353 Lines 22-25; 354 Lines 1-14; 355 Lines 2-17). Such evidence would exonerate the accused. The finger prints expert would have proven Petitioner was never in the car, thus casting doubt on the Petitioner's guilt. *Johnston v. State*, 63 So. 3d 730, 739 (Fla. 201) citing *Morris v. State*, 931 So. 2d 821, 830 (Fla. 2006)

---

[1] In Florida, a sentence that exceeds the maximum authorized by law may be raised on a 3.850 motion. (3.850 (a)(4)

8

*Also See* <u>Baker v. State</u>, 826 So. 2d 524 (Fla. 4th DCA 2002) and <u>Ward v State</u>, 861 So 2d 107 (Fla. 1st DCA 2003)

**GROUND NINE:** Counsel Was Ineffective For Failing To Subpoena And/Or Retain A Hair Analyst To Examine The Substance Of Hair To Prove Petitioner's Innocence.

Counsel deliberately neglected to simply prove Petitioner's innocence by depriving Petitioner of his Florida and United States Constitutional Rights to subpoena the hair analyst for positive determination of the perpetrator. Evidence was testified to but not presented that the perpetrator that drove the car head hit the windshield and left fibers of hair within the windshield. (TT 376-379) Defense counsel argued at closing argument about a fiber of hair being found in the car (the driver's side windshield) that was not tested (TT 534).

Counsel's error precluded the opportunity for the trier of fact to be determined, which would have resulted differently than a guilty verdict. See <u>Smith v. State</u>, 28 So. 3d 838 (Fla. 2009) and <u>Hitchock v. State</u>, 991 So. 2d 337, 351 (Fla. 2008). Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the state court.

**GROUND TEN** Lack Of Cause To Arrest Due To Chain Of Custody Violation.

This issue is not procedurally barred. See <u>Castillo v State of Florida</u>, 630 Fed. Appx. 1001 (11th Cir. 2015) relying on <u>Cone v. Bell</u>, 556 U.S. 449, 467, 129 S. Ct. 1769, 1781, 173 L. Ed. 2d 701 (2009) ("A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration-not when the claim has been presented more than once."

Contrary to Respondent, a lack of probable cause to arrest existed predicated upon evidence (photo), allegedly found inside of a vehicle, as it was tampered (TT 553) The veracity of the photograph was not reviewed by the individual photographer. The photographer should have been notified to appear at the scene of the collision or trial, since detectives for plantation

police department agreed to utilize alleged photographs. The photograph was obtained from the Petitioner's apartment not the car. Petitioner avers that failure to do so renders a strong distinguishable reason to alleged tampering.

**GROUND ELEVEN:** Error In Enhancing Sentence Under Section 775.084, Using A Delivery Of Cannabis For Consideration.

Florida Statutes 775.084(1)(a)(3), (1999), does not permit habitualization for a felony "*relating* to the purchase or the possession of a controlled substance." *See Jones v. State*, 988 So. 2d 15 (Fla. 2d DCA2008); *Harris v. State*, 695 So. 2d 742 (Fla. 1st DCA1996) and *Stokes v. Johnson*, 1997 U.S. Dist. LEXIS 8157 (U.S. Dist. S.D.Ala. 1997) "The legislature did not intend the Habitual Felony Offender Act to apply to felony drug offenses." Florida Statute 775.084(1)(a)(3), clearly state's legislative intent that prior felony convictions cannot be a violation of s. 893.13. The State's misuse of the statute is error and contrary to the legislative intent. The rule of lenity instructs that when statutory language "is susceptible of different constructions, it shall be construed most favorably to the accused." *United States v. Santos*, 553 U.S. 507, 514, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008) "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them."

Respectfully Submitted

*/s/ Robert Kleckley*

**CERTIFICATE OF MAILING**
I certify that I, Robert Kleckley, DC# 976678, placed this Reply to Response to Order to Show Cause in the hands of South Bay Correctional Facility prison officials for mailing to: United States District Court, Southern District of Florida Office of the Clerk Room 8N09, 400 N. Miami Avenue, Miami, Florida 33128-7716, and A Moody at West Palm Beach 1515 N. Flagler Dr. Ste. 900, West Palm beach 33401, on this 29th day of February 2020.

*/s/ Robert Kleckley*
Robert Kleckley, DC# 976678
South Bay Correctional and R. Facility
P.O. Box 7171 South Bay, Florida 33493

Robert Kleckley 976678 A4-205C
Southbay Florida
Correctional And Rehabilitation Facility
P.O. Box 7171
South Bay, Florida 33493

WEST PALM BCH FL 334
02 MAR 2020 PM 1 L

Legal Mail

United States District Court
Southern District of Florida
400 N. Miami Avenue Room 8N09
Miami, Florida 33128-7716

33128-180549



USMS
INSPECTED
RECEIVED
MAR 05 2020
12:06 PM