UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62972-CIV-ALTMAN

**ROBERT KLECKLEY**,

    *Petitioner*,

v.

**STATE OF FLORIDA**,

    *Respondent.*

_____/

## ORDER

Robert Kleckley, a prisoner in the custody of the Florida Department of Corrections, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court conviction and sentence for (1) attempted first-degree murder with a firearm (Count 1) and (2) shooting into an occupied vehicle (Count 2). *See* Petition [ECF No. 1]. We referred the Petition to Magistrate Judge Lisette M. Reid, *see* Order Referring Case [ECF No. 18], whose Report and Recommendation (the "R&R") suggested that we dismiss Claims 4, 5, 6, 7, 8, 9, and 10 as time-barred, *see* R&R [ECF No. 19] at 7 ("[A]ny claims related to [Kleckley's] conviction, or otherwise unrelated to the resentencing on Count II, are time-barred. Claims 4, 5, 6, 7, 8, 9, and 10 all relate to [Kleckley's] conviction or trial errors, [and] are all time-barred."), and that we deny the remaining claims—Claims 1, 2, 3, and 11—on the merits, *see id.* at 17 ("Based on the above, it is recommended that . . . Petitioner's Federal Habeas Petition be denied."). Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* Objections to the R&R were thus due on July 11, 2022. But neither party filed an objection.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (cleaned up). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we can find no clear error on the face of the R&R as it relates to the disposition of Claims 1, 2, 3, and 11. We also find that Magistrate Judge Reid's conclusion that the remaining claims are time-barred is essentially correct. Still, we find it appropriate to explain why. As Magistrate Judge Reid explained, two different limitations periods apply to the two sets of claims in the Petition. *See Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (en banc) ("Accordingly, we hold that the statute of limitations in AEPDA applies on a claim-by-claim basis in a multiple trigger date case."). The first limitations period began to run on May 16, 2001, when Kleckley's convictions on Count 1 and 2 became final. *See* R&R at 6 ("Petitioner's conviction became final on May 16, 2001, ninety days after his conviction was affirmed by the Fourth DCA."); *see also* 28 U.S.C. § 2244(d)(1) ("[A one-year limitations period] shall run from . . . the date on which the judgment became final by conclusion of direct review[.]"). Needless to say, this limitations period has long

expired. *See* R&R at 7 ("[On December 7, 2007,] Petitioner had only one day in which to file a federal habeas petition. He did not do so. In fact, this petition was not filed until November 27, 2019.").

We also agree that a second limitations period began to run on April 18, 2012: the date Kleckley's *new sentence* on Count 2 became final. *See* R&R at 8 ("Petitioner's resentencing became final on April 18, 2012, after the Fourth DCA affirmed Petitioner's [sic] on appeal." (citing *Kleckley v. State*, 86 So. 3d 1135, 1135 (Fla. 4th DCA 2012))). This limitations period traces its origins to a "Motion to Correct Illegal Sentence" Kleckley filed in the state trial court under FLA. R. CRIM. P. 3.800(a) (the "3.800(a) Motion")—alleging that his thirty-year sentence on Count 2, enhanced because he was deemed to be a "habitual felony offender,"[1] was illegal. *See* 3.800(a) Motion [ECF No. 12-2] at 147–49. Although the state trial court initially denied the 3.800(a) Motion, *see* Order Denying 3.800(a) Motion [ECF No. 12-2] at 167, the Fourth DCA reversed "the summary denial of appellant's claim that his habitual sentence imposed for count two is illegal and remand[ed] for attachment of record portions conclusively refuting his claim or for resentencing," *Kleckley v. State*, 4 So. 3d 1290, 1291 (Fla. 4th DCA 2009).

The state trial court ultimately conducted a resentencing, which took place on April 9, 2010. And Claims 1, 2, 3, and 11 of the Petition all concern errors that (allegedly) occurred at that resentencing. *See generally* R&R at 11–16. Obviously, the factual predicate for these claims didn't exist when Kleckley's sentence became final on May 16, 2001—which is why these resentencing claims trigger a different limitations period. *See, e.g.*, *Hutchinson v. Milyard*, 325 F. App'x 674, 675 (10th Cir. 2009) (applying the limitations period of § 2244(d)(1)(D) to errors that "did not arise until

---

[1] When Kleckley was sentenced, Florida law defined a "habitual felony offender" as "a defendant for whom the court may impose an extended term of imprisonment" if: (1) "[t]he defendant has previously been convicted of any combination of two or more felonies in this state"; (2) the defendant's newest felony conviction occurred "while the defendant was serving a prison sentence" or "within 5 years of the date of the conviction of the defendant's last prior felony"; and (3) "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions is not [related] to the possession of a controlled substance." FLA. STAT. § 775.084(1)(a) (1999).

3

Hutchinson's August 22, 2005, resentencing became final, on October 7, 2005"); *Vargas v. Robertson*, 2022 WL 222522, at *2 (E.D. Cal. Jan. 25, 2022) ("[T]he petition concerns the superior court's refusal to recall Petitioner's sentence and the process that is due for recall and resentencing proceedings. Therefore, it appears that § 2244(d)(1)(D) is applicable.").

Which brings us to a part of this analysis that didn't appear in the R&R: the Eleventh Circuit's decisions in *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286 (11th Cir. 2007), and *Insignares v. Secretary, Florida Department of Corrections*, 755 F.3d 1273 (11th Cir. 2014). Both cases concerned the effect of a resentencing on § 2254's limitations period. In *Ferreira*, the Eleventh Circuit concluded that the statute of limitations "is triggered by the date the judgment . . . becomes final[.]" 494 F.3d at 1292–93. As a result of *Ferreira*, a resentencing that imposes a *new judgment* has the effect of "resetting" the limitations period. *Ibid.*

*Insignares*'s holding dealt with a slightly different question—*viz.*, the effect of a resentencing on a habeas petition's status as a "second or successive" petition. Still, its reasoning flowed naturally from *Ferreira*. As the court there explained: "[W]hen a habeas petition is the first to challenge a *new judgment*, it is not 'second or successive,' regardless of whether its claims challenge *the sentence or the underlying conviction*." *Insignares*, 755 F.3d at 1281 (emphasis added).

All of this is important to us because, under *Ferreira*, a resentencing that results in a "new" judgment would reset *all* of Kleckley's claims—not just the ones that challenge errors that occurred at the resentencing. *See Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 505 (11th Cir. 2015) ("Thus, when Thompson filed his 2013 § 2254 petition, he was in state custody pursuant to the new 2011 judgment entered upon his resentencing. The new 2011 judgment *triggered a new statute of limitations period*, which began to run when the 2011 judgment became final." (emphasis added)). Still, we adopt the R&R because Kleckley's resentencing *did not* result in a new judgment. The Eleventh Circuit has clarified that "not every action that alters a sentence necessarily constitutes a new judgment." *Osbourne*

4

*v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1265 (11th Cir. 2020). In fact, the court of appeals has expressly rejected the argument that "any order that alters a sentence necessarily constitutes a new judgment." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc). And we're satisfied that Kleckley's resentencing didn't trigger a new judgment.

Kleckley was originally sentenced (on June 12, 2000) to life imprisonment on Count 1 and, because he was determined to be a "habitual felony offender," to thirty years for Count 2. *See* Original Sentencing Orders [ECF No. 12-1] at 18–23. The state trial court issued its judgment later that day. *See* Judgment [ECF No. 12-1] at 17. Almost ten years later, on April 9, 2010, the state court held a resentencing hearing on Count 2 because "the habitual offender designation on Count [2] is incorrect[.]" Resentencing Hr'g Tr. [ECF No. 13-2] at 5. During that resentencing hearing, the State submitted Kleckley's certified prior convictions, which showed that Kleckley had been "convicted of at least two felony offenses . . . . At least one of them is [a] violation of some statute other than [FLA. STAT. §] 893.13 related to the simple purchase or possession of a controlled substance." *Id.* at 52. Based on this evidence, the state court *again* determined that Kleckley was a habitual felony offender and *again* sentenced him to thirty years on Count 2. *See id.* at 53 ("[T]he defendant is hereby committed to the custody of the Department of Corrections to be imprisoned to the term of thirty years as a habitual felony offender."). The state trial court then signed a new *sentencing order* as to Count 2—but (notably) *did not* issue a new judgment. *See* New Sentencing Order [ECF No. 12-2] at 229–31; *see also* State Court Docket [ECF No. 12-1] at 2–5 (showing only *one* judgment on the state-court docket).

The long and the short of it is that Kleckley's resentencing didn't "reset" the limitations period for *all his claims* because the state court never superseded his original judgment (from June 12, 2000) with a new judgment. *See* Judgment [ECF No. 12-1] at 17. Since Kleckley "[is] still in custody pursuant to his original [June 12, 2000] judgment," any errors stemming from his original trial, conviction, and sentence are time-barred under the first limitations period. *Osbourne*, 968 F.3d at 1266. Conversely, any

5

errors stemming from the *resentencing hearing* itself are subject to the more permissive limitations period of § 2244(d)(1)(D), which began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"—*i.e.*, the date on which Kleckley's new sentence for Count 2 became final. 28 U.S.C. § 2244(d)(1)(D).[2] To make a somewhat long story short, then, we adopt Magistrate Judge Reid's conclusion that some of the claims in the Petition are time-barred. But we do so only because we're satisfied that there's been no intervening judgment since the state court issued its original judgment on June 12, 2000.[3]

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 19] is **ACCEPTED and ADOPTED**.

2. Kleckley's Petition [ECF No. 1] is **DISMISSED in part** as untimely as to Claims 4, 5, 6, 7, 8, 9, and 10. The Petition is **DENIED in part** as to all other claims.

3. Any requests for an evidentiary hearing or for a certificate of appealability are **DENIED**.

---

[2] We are somewhat skeptical of the view that the § 2244(d)(1)(D) limitations period began to run on the day Kleckley's resentencing became final (rather than on the day of the resentencing itself). *See Burgess v. Inch*, 2021 WL 2433958, at *4 (S.D. Fla. June 15, 2021) (Altman, J.) (opining that ineffective-assistance claims based on a resentencing error would begin to toll from the day of the resentencing "because they're premised on facts that have been available to the Petitioner since the day of his resentencing"). We needn't concern ourselves with this issue, though, because the Respondent has unambiguously waived its timeliness objections as to Kleckley's resentencing claims. *See* Response to Order to Show Cause [ECF No. 11] at 11 ("Accordingly, as to Count [2], this petition appears timely."); *see also Day v. McDonough*, 547 U.S. 198, 210 n. 11 (2006) ("[S]hould a state intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice.").

[3] Magistrate Judge Reid also determined that we're "not required to hold an evidentiary hearing," and that we shouldn't issue a certificate of appealability ("COA"), because Kleckley has failed show "that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" R&R at 16–17 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Kleckley had the opportunity to object to this conclusion. *See id.* at 17 ("Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the District Judge in objections."). He chose not to. Because we find no clear error in Magistrate Judge Reid's reasoning, we deny any request for an evidentiary hearing or a COA. *See Thomas*, 474 U.S. at 150.

4. Any other pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 28th day of July 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Robert Kleckley, *pro se*
counsel of record