UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62972-CIV-ALTMAN

**ROBERT KLECKLEY**,

    *Petitioner*,

v.

**STATE OF FLORIDA**,

    *Respondent.*

_____/

## ORDER

Pursuant to FED. R. CIV. P. 59(e), Robert Kleckley has filed a Motion to "alter or amend judgment rendered on July 28, 2022, denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." Rule 59(e) Motion [ECF No. 22] at 1. In that July 28, 2022 Order, we adopted Magistrate Judge Reid's Report and Recommendation (the "R&R") and denied or dismissed all the claims Kleckley asserted in his § 2254 habeas petition. *See* Order Adopting R&R [ECF No. 20] at 6.

Kleckley now says that he never received a copy of Magistrate Judge Reid's R&R and that, "[c]onsequently, he was deprived of an opportunity to lodge objections to the Report." Rule 59(e) Motion [ECF No. 22] at 2. To substantiate this allegation, Kleckley has included a mail log from South Bay Correctional Facility, which indicates that he received no legal mail before our July 28, 2022 Order went out. *See id.* at 8–24. Kleckley thus asks us to "withdraw [our] order disposing of his petition and afford him a new (14) fourteen day time limit to file objections to the Report." *Id.* at 3. The Respondent doesn't object to this relief and, in fact, concedes that Kleckley likely never received the R&R. *See* Response to Rule 59(e) Motion [ECF No. 24] at 2 ("According to the facility, Petitioner did not receive any incoming mail in June or July 2022. Therefore, Respondent has no good faith basis to contest his assertion that he did not receive the report and recommendation.").

Given Kleckley's arguments and the Respondent's concession, we agree that Kleckley should get another chance to object to *some of* Magistrate Judge Reid's R&R. And this is consistent with what other courts in our Circuit do when, as here, a *pro se* habeas petitioner doesn't receive a copy of the magistrate judge's R&R. *See, e.g.*, *Simmons v. Williams*, 2015 WL 4410804, at *1 (S.D. Ga. July 17, 2015) (Hall, J.) ("On June 11, 2015, the Clerk of Court docketed a letter from Plaintiff stating that he received a copy of the Court's June 1, 2015 Order adopting the R & R but that he never received a copy of the R & R. Consequently, in an abundance of caution, the Court vacated its Order adopting the R & R and provided Plaintiff with an additional fourteen days to file any objections to the R & R." (cleaned up)); *Reed v. Thomas*, 2015 WL 3887784, at *1 (N.D. Ala. June 23, 2015) (Kallon, J.) (vacating a previous order adopting an R&R because the petitioner's "legal mail had been held from March 18, 2015, to May 27, 2015").

But we won't give Kleckley *carte blanche* to object to *all* of Magistrate Judge Reid's R&R. In adopting the R&R, we disposed of Kleckley's claims in two different ways. *First*, we found "no clear error on the face of the R&R as it relates to the disposition of Claims 1, 2, 3, and 11." Order Adopting R&R [ECF No. 20] at 2. Since we didn't conduct a comprehensive review of *these* four claims, we'll allow Kleckley to object to Magistrate Judge Reid's disposition of those claims. *Second*, we conducted our own *de novo* review of Claims 4–10 and concluded that all of these claims were untimely. *See generally id.* at 2–6. If Kleckley *had* objected to the timeliness of these claims, in other words, we would have conducted the same *de novo* review and reached the same conclusion—*viz.*, that Claims 4–10 are time-barred. So, we see no reason to let him object to Magistrate Judge Reid's recommendation on these claims now. *Cf. Lawston v. United States*, 605 F. App'x 785, 787–88 (11th Cir. 2015) ("This Court applies a harmless error standard to claims that the district court did not provide sufficient time to object to an R&R denying habeas relief. . . . Even if we were to assume that the district court did not give

Lawston the proper opportunity to object, that error was harmless." (citing *Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981))).

We also advise Kleckley that, if he once again fails to file timely objections to Magistrate Judge Reid's R&R, we will re-adopt the R&R under the clear-error standard—thus precluding Kleckley from "challeng[ing] on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11TH CIR. R. 3-1.

\* \* \*

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. Kleckley's Motion to Amend or Alter Judgment [ECF No. 22] is **GRANTED in part** and **DENIED in part**. Kleckley may file objections to Magistrate Judge Reid's recommended disposition of Claims 1, 2, 3, and 11 by **September 16, 2022**.

2. We **VACATE in part** our Order Adopting Magistrate Judge Reid's R&R [ECF No. 20]. We continue to adopt Magistrate Judge Reid's R&R insofar as it relates to Claims 4–10. The Order is vacated in all other respects.

3. The Clerk is directed to **REOPEN** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of September 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Robert Kleckley, *pro se*
    counsel of record