IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

ROBERT KLECKLEY,
    Petitioner,

v.

    Case Number: 19-cv-62972-ALTMAN/REID-

STATE OF FLORIDA
    Respondent.
_____/

Provided to South Bay Corr. and Rehab. Facility on 9-13-22 RK for mailing.

FILED BY MC D.C.
SEP 21 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## OBJECTION TO MAGISTRATE REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS

    COMES NOW, the Petitioner, Robert Kleckley, (hereinafter "Petitioner"), in *pro se* fashion and pursuant to Federal Rule of Civil Procedure 72 (b), Title 28 United State Code § 636 (b)(1) respectfully submits the following objection to the magistrate's report and recommendation on the petition for writ of habeas corpus filed pursuant to Title 28 United State Code § 2254.

    Petitioner maintains that he is entitled to redress on habeas corpus on the following grounds, which substantially shows that he suffers from a deprivation of his federal constitutional rights.

### THE PETITION IS NOT PROCEDURALLY BARRED.

*TIMELY PETITION*:

    The Magistrate Judge L.M. Reid conceded that the Petitioner's habeas petition is timely and not time barred (See R & R at 1-6). Therefore the Petitioner's Petition For Writ of Habeas Corpus is timely.

**CLAIM ONE:**

    Petitioner argued that counsel was ineffective for not advising trial court of the conflict of interest at resentencing (See Petition for Writ of Habeas Corpus at 5-6).

1

The Respondent argued that the Court is at a lost to understand how counsel's prior representation of the same individual can constitute a conflict of interest (See R & R at 12).

The Petitioner objects to the Magistrate Judge's argument in her Report and Recommendation concerning Claim One.

The Respondent overlooked that on November 19, 2001, Petitioner filed a state habeas corpus alleging ineffective assistance of counsel on Petitioner counsel, assistant public defender Joseph R. Chloupek. Despite the state habeas corpus being granted finding Mr. Chloupek ineffective, he was reassigned years later to Petitioner's case concerning a sentencing matter. The United States District Court in <u>United States v. Davis</u>, 239 F.3d 283 at 286 (2d Cir. 2001), held that the same attorney representing a Petitioner after Petitioner filed an ineffective assistance of counsel claim on same counsel is an actual conflict of interest.

The Respondent also overlooked that the habitual sentence is discretionary not mandatory. And the sentencing judge made it clear that he based his decision on the testimony he heard that day (Sentencing Transcripts at 50).*1 Petitioner alleged areas where counsel was deficient do to the actual conflict (See R & R at 1-2)

The Respondent also overlooked the United States Supreme Court's holding in <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 342, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), which held "prejudice is presumed only if the Petitioner demonstrates that counsel actively represented conflicting interests and that 'an actual conflict of interest adversely affected his lawyer's performance."

Prejudice is presumed and the Petitioner's constitutional right to conflict free counsel was violated. Petitioner objects to the Magistrate Judge's recommendation that Claim One should be

---

[1] The resentencing transcript is contained in the Appendix page(s) 622-676.

denied, because reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.

**CLAIM TWO:**

Petitioner argued that counsel was ineffective for failing to cross examine state witness (See Petition for Writ of Habeas Corpus at 6-7).

The Report and recommendation determines that the State Court determination was correct (See R & R at. 13). Respondent further argued that Petitioner misconstrue the limits of the resentencing hearing. It was not an opportunity for the Petitioner to retry his case (See R & R at 14). The sentencing court would have rejected any attempt by counsel to do so. Thus, Petitioner cannot be prejudiced by his counsel's choice not to have cross-examined the witness regarding facts related to Petitioner's guilt or innocence as if they were at trial, or for questions the victim would have no knowledge of, such as whether Petitioner would function in society. Therefore, the allegations in Claim 2 do not constitute ineffective assistance of counsel (R & R at 14).

The Petitioner objects to the Magistrate Judge's argument in her Report and Recommendation concerning Claim Two.

The Respondent overlooked that the deficient performance denied consideration of the crucial evidence to determine if Petitioner was a danger to society. This deficient performance also denied the opportunity per the Sixth Amendment guarantee to reveal possible biases or ulterior motives of the witness as they may relate to the case and sentence at hand *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).

The questions asked were to expose facts that clearly bring into issue the validity of the conviction, as the same was both fair game given statements of the prosecution and for

consideration to impose a habitual offender sentence (Appendix at 622-676).2. See: *Roberts v. United States*, 445 U.S. 552, 100 S. Ct. 1358, 63 L. Ed. 2d 622 (1980) "the punishment should fit the offender and not merely the crime." *Williams v New York*, 337 US 241, 247, 93 L Ed 1337, 69 S Ct 1079 (1949); see *United States v Grayson*, 438 US 41, 45-50, 57 L Ed 2d 582, 98 S Ct 2610 (1978).

The adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Therefore, based on the legal argument and case law, Petitioner objects to the Magistrate Judge's argument to Claim Two.

**CLAIM THREE:**

Petitioner argued that counsel was ineffective for failing to call witness Dorothy Jones (See Petition for Writ of Habeas Corpus at 7-8).

The Report and recommendation determines there is no bases from which this Court can conclude that Petitioner was prejudiced by the absence of Ms. Jones' testimony. The resentencing court heard from Petitioner's other family and friends (See R & R at 15). The Report further finds that the evidence in the underlying case, the severity of the crime, and Petitioner's extensive prior history, there is no indication in the record – rather, there is clear evidence to the contrary – any additional testimony would have changed the outcome of the resentencing hearing. Accordingly, Plaintiff cannot be said to have been prejudiced by counsel's failure to call Ms. Jones (R & R at 15).

---

2 The Record is clear that during direct examination by state prosecutor Ms. Smith, the victim Miguel Rodriguez opined and speculated that during the time of the offense the Petitioner was ***cold hearted, disregarded life***, and had ***no value for life*** (Sentencing Transcripts pg(s) 27). The witness Miguel Rodriguez, further stated that he wanted the Petitioner's sentence to stay at a life sentence (Sentencing Transcripts pg(s) 27).

4

The Petitioner objects to the Magistrate Judge's argument in her Report and Recommendation concerning Claim Three.

In the case at bar the Petitioner set forth (1) the identity of the prospective witness, (2) the substance of the witness' testimony and (3) an explanation as to how the omission of the testimony prejudiced the outcome of the trial. *Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004). Petitioner also told counsel about witness Jones and asked him to call her to testify (See Petition for Writ Of Habeas Corpus at 7-8)

Contrary to Respondent's argument the witness's testimony was corroborative but not cumulative, even though the testimony may have been duplicate in some aspects of some testimony during Petitioner's resentencing. However, the United States Supreme Court in *Skipper v South Carolina,* 476 U.S. 1, 90 L. Ed. 2d 1, 106 S. Ct. 1669 (1986) held that cumulative testimony is not a bases for denial.

Respondent as well as the lower court speculates as to why counsel did not call an available witness that was essential to Petitioner's resentencing hearing. Failure to call witness goes into strategy, which is a matter that cannot be resolved without evidentiary hearing. See *Glover v. State*, 996 So.2d 885 (Fla. 4th DCA 2008); and *Banks v. State*, 825 So. 2d 478 (Fla. 4th DCA 2002)

The State trial court did not attach portions of the record to refute Claim Three. Petitioner avers that do to a habitual sentence being optional he has demonstrated that there is a reasonable *probability,* beyond mere speculation, that he would have received a lesser sentence, but for counsel's alleged errors.

**CLAIM ELEVEN:**

Error in enhancing sentence under Section 775.084, using a delivery of cannabis for consideration

The Report and Recommendation determines that this claim is not cognizable in a federal petition as it is grounded on an interpretation of state law and/or procedure relating to sentencing R & R at 15). The and Recommendation Report finds that the Respondent is correct that it is impermissible for a federal court to address the merits of a petitioner's claim where there is no allegation of a violation of establish federal law, but rather only state law regarding sentencing guidelines and procedure R & R at 15-16). The Report further finds that Petitioner does not allege any constitutional violation or incongruities with federal law& R at 16).

The Petitioner objects to the Magistrate Judge's argument in her Report and Recommendation concerning Claim Three.

On February 26, 2010, the trial court conducted a resentencing hearing. The court resentenced the Petitioner to thirty (30) years (HFO) for Count II. During the resentencing hearing, the State introduced five prior convictions to qualify Petitioner as a Habitual Felony Offender (HFO) (See Re-sentencing Transcripts at 51-52; Appendix at 622-676).

The trial court determined that the Petitioner qualified as a habitual felony offender (HFO) based on the aforementioned convictions (See Re-sentencing Transcripts at 52 lines 5-12). The trial court incorrectly emphasized that at least *one of the prior convictions* were a violation of some statute "*other than*" 893.13 relating to the *simple* purchase or possession of a

controlled substance.[3] *"He has delivery of cannabis for consideration for sure"* (See Re-sentencing Transcripts at 52; Appendix 622-676).

The record clearly reveals that the trial court used five drug charges and all of them are in violation of 893.13.

Many Florida Courts and United States District Courts have held that delivery, possession and possession with intent to sale cannabis/cocaine charges are in violation of 893.13. See *Williams v. State*, 946 So. 2d 622, 623 (Fla. 2nd DCA 2007); *Cameron v. United States*, 2017 U.S. Dist. LEXIS 38853 (S.D. Fla., Mar. 31, 2017); See *Angoma v. United States*, 2014 U.S. Dist. LEXIS 149785 (S.D. Fla., October 22, 2014); *Cameron v. United States*, 2017 U.S. Dist. LEXIS 38853 (S.D. Fla., Mar. 31, 2017), *Angoma v. United States*, 2014 U.S. Dist. LEXIS 149785 (S.D. Fla., October 22, 2014),

Each one of these cases makes it clear that unlawful sale or delivery, or possession with intent to sell or possession of cocaine or cannabis" is a violation of Fla. Stat. 893.13.

Petitioner brings forth a federal constitutional claim that was properly raised. The decisions of the trial court and the Fourth District Court of Appeal are entitled to deference under AEDPA.

Petitioner sentence exceeds the maximum authorized by law, therefore making him illegal detained. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27, 115 L. Ed. 2d 1109 (1991). Petitioner's habitual felony offender sentence does violate the United States Constitution.

---

[3] The plain language of 775.084 *does not* use the term "simple" when relating to purchase or possession of a controlled substance.

Petitioner is not entitled to relief on Claim Eleven, because the state courts' decisions was contrary to clearly established federal law, involve an unreasonable application of clearly established federal law *Cameron v. United States*, *Angoma v. United States*, *Cameron v. United States*, and *Angoma v. United States*, and was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

***Do Not Waive Right To Objection***:

Petitioner brings to the Honorable Court's attention that he does not waive his right to object to claims 4,5,6,7,8,9, and 10 (See contemporaneous 59(e) motion).

## CONCLUSION

Based on the objections set forth herein, as well as the arguments and authorities presented in the Petitioner's prior filings with this Honorable Court, the Petitioner respectfully request that this Court reject the Magistrate's Report and Recommendation, grant the Petitioner's petition for writ of habeas corpus under section 2254 affording petitioner a new trial, or an evidentiary hearing on this motion if this court deem necessary.

## CERTIFICATE OF MAILING

I certify that I, Robert Kleckley, DC# 976678, placed this Reply to Response to Order to Show Cause in the hands of South Bay Correctional Facility prison officials for mailing to: United States District Court, Southern District of Florida Office of the Clerk Room 8N09, 400 N. Miami Avenue, Miami, Florida 33128-7716, and A. Moody at West Palm Beach 1515 N. Flagler Dr. Ste. 900, West Palm beach, Florida 33401, on this 13th day of September 2022.

*Robert Kleckley*
Robert Kleckley, DC# 976678
South Bay Correctional Facility
P.O. Box 7171
South Bay, Florida 33493

Robert Kleckley 976678 A4.205L
Southbay Correctional and Rehabilitation Facility
P.O. Box 7171
South Bay, Florida 33493

Legal Mail

WEST PALM BCH FL 334
14 SEP 2022 PM 1 L

United States District Court
Southern District of Florida
Office of the Clerk Room 8N09
400 N. Miami Ave.
Miami, Florida 33128-7716